UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-21113-JAL

WILLIE STANLEY,

     Plaintiff,

v.

LOOMIS ARMORED US, LLC,

     Defendant.

---

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, Loomis Armored US, LLC ("Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 8, hereby files this Answer and Defenses in response to the Complaint filed by Plaintiff, Willie Stanley ("Plaintiff").

## INTRODUCTION

1.    Denied.

2.    Defendant admits that Plaintiff is seeking monetary relief but denies Plaintiff is entitled to any such relief in connection with the allegations asserted in this lawsuit.  Otherwise, denied.

## PARTIES

3.    Defendant admits that, upon information and belief, Plaintiff is a Black male who is over the age of eighteen years.  Defendant is without knowledge or information sufficient to form a belief regarding Plaintiff's residence and therefore denies these allegations.  Otherwise, denied.

4.    Admitted.

5.    Defendant admits it has more than 15 employees working in Miami-Dade County, Florida.  Otherwise, denied.

6.    Defendant admits that it employed Plaintiff to work in Miami, Florida.  Otherwise, denied.

7.    The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

8.    The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

9.    The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

## JURISDICTION AND VENUE

10.    Defendant admits that this Court has jurisdiction over this matter but denies any wrongdoing and further denies that Plaintiff is entitled to any relief in connection with the allegations asserted in this lawsuit.

11.    Defendant admits that venue is proper in the United States District Court, Southern District of Florida, Miami Division.  Defendant denies any wrongdoing and further denies that Plaintiff is entitled to any relief in connection with the allegations asserted in this lawsuit. Otherwise, denied.

## ADMINISTRATIVE PREREQUISITES

12.    Denied.

13.    Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

14.    Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

15.    Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

16.    Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

17.    Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

## FACTUAL ALLEGATIONS

18.    Defendant admits that, upon information and belief, Plaintiff is a black male.  The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

19.     Defendant admits that it hired Plaintiff on January 12, 2023 to work as an Armed Service Technician.  Otherwise, denied.

20.     Defendant admits that Plaintiff was employed as an Armed Service Technician, who was responsible for driving certain routes and transporting bags on behalf of Defendant. Otherwise, denied.

21.     Denied.

22.     Defendant admits that it employed an individual by the name of Cesar Sandoval as a Vault Supervisor, and that Mr. Sandoval later worked as an Operations Manager and an Operations Supervisor.  Otherwise, denied.

23.     Defendant admits that it employed an individual by the name of Cesar Sandoval as a Vault Supervisor, and that Mr. Sandoval later worked as an Operations Manager and an Operations Supervisor.  Otherwise, denied.

24.     Defendant admits that Cesar Sandoval was responsible for training certain employees.  Otherwise, denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Defendant admits that it employed Jesus Reyes as an Operations Manager. Otherwise, denied.

41.     Defendant admits that Jesus Reyes was employed as an Operations Manager. Otherwise, denied.

42.     Defendant admits that Cesar Sandoval was employed by Defendant in Miami and that, at some point, he was not Plaintiff's manager.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Defendant admits that it maintains areas for employees to take breaks from their shifts during the day.

56.     Defendant is without knowledge or information sufficient to form a belief as to whether employees "independently formed two separate groups" and therefore denies these allegations.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Defendant admits that Plaintiff was suspended on or about October 30, 2023. Otherwise, denied.

76.     Denied.

77.     Defendant admits only that Plaintiff appealed his termination decision.  Otherwise, denied.

78.     Denied.

79.     Defendant admits that Plaintiff's employment was terminated for violating company policy.  Otherwise, denied.

80.     Denied.

81.     Defendant admits that Plaintiff's employment was terminated on November 14, 2023.  Otherwise, denied.

82.      Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

<u>**CAUSES OF ACTION**</u>
**<u>COUNT I</u>**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**

92.     Defendant incorporates by reference its responses to Paragraphs 18-91 as if fully restated herein.

93.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

94.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

95.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations constitute a legal conclusion to which no response is required.

96.     The allegations in this paragraph constitute a legal conclusion to which no  response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

103.     Denied.

104.     Denied.

105.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT II**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**

106.    Defendant incorporates by reference its responses to Paragraphs 18-91 as if fully restated herein.

107.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

108.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

109.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations constitute a legal conclusion to which no response is required.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

117.    Denied.

118.    Denied.

119.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT III**
**42 U.S.C. § 1981**
**RETALIATION**

120.    Defendant incorporates by reference its responses to Paragraphs 18-91 as if fully restated herein.

121.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

122.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

123.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

124.    Denied.

125.    Denied.

126.    Denied.

127.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

139.    Denied.

140.    Denied.

141.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT IV
### 42 U.S.C. § 1981
### RETALIATORY HOSTILE WORK ENVIRONMENT

142.    Defendant reincorporates the factual allegations in paragraphs 18 through 91 as if fully restated herein.

143.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

144.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT V**
**42 U.S.C. § 2000e-2**
**RACE AND COLOR DISCRIMINATION**

154.    Defendant reincorporates the factual allegations in paragraphs 18 through 91 as if fully restated herein.

155.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

156.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

157.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

158.    The allegations in this paragraph constitute a legal conclusion to which no response is required.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

165.    Denied.

166.    Denied.

167.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT VI**
**42 U.S.C. § 2000e-2**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff as Against All Defendant)**

168.    Defendant reincorporates the factual allegations in paragraphs 18 through 91 as if fully restated herein.

169.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

170.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

- 13 -

171.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

179.    Denied.

180.    Denied.

181.    Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT VII
## 42 U.S.C. § 2000e-3
## RETALIATION

182.    Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully restated herein.

183.    The allegations in this paragraph constitute a recitation of law to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

- 14 -

184.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

185.    Denied.

186.    Denied.

187.    Denied.

188.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

200.    Denied.

201.    Denied.

202.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT VIII
## 42 U.S.C. § 2000e-3
## RETALIATORY HOSTILE WORK ENVIRONMENT

203.     Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully restated herein.

204.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

205.     Denied.

206.     Denied.

207.     Denied.

208.     Denied.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Denied.

213.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT IX
## § 760.10(1), Fla. Stat.
## RACE AND COLOR DISCRIMINATION

214.     Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully restated herein.

215.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

216.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

217.     The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

218.     Denied.

219.     Denied.

220.     Denied.

221.     Denied.

222.     Denied.

223.     Denied.

224.     Denied.

225.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT X**
**§ 760.10(1), Fla. Stat.**
**HOSTILE WORK ENVIRONMENT**

226.     Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully set forth herein.

227.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

228.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

229.     Denied.

230.     Denied.

231.     Denied.

232.     Denied.

233.     Denied.

234.     Denied.

235.     Denied.

236.     Defendant denies Plaintiff is entitled to any relief in connection with the allegations in this lawsuit; therefore, denied.

<u>**COUNT XI**</u>
**§ 760.10(7), Fla. Stat.**
**RETALIATION**

237.     Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully set forth herein.

238.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

239.     The allegations in this paragraph constitute legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

240.     Denied.

241.     Denied.

242.     Denied.

243.     The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

244.     Denied.

245.     Denied.

246.     Denied.

247.     Denied.

248.     Denied.

249.     Denied.

250.     Denied.

251.     Denied.

252.     Denied.

253.     Denied.

254.     Denied.

255.     Denied.

256.      Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XII**
**§ 760.10(7), Fla. Stat.**
**RETALIATORY HOSTILE WORK ENVIRONMENT**

257.    Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully set forth herein.

258.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit. Therefore, denied.

**COUNT XIII**
**§ 11A-26(1), Code of Miami-Dade County**
**RACE AND COLOR DISCRIMINATION**

268.    Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully restated herein.

269.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

270.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

271.     The allegations in this paragraph constitute a legal conclusion to which no response is required.

272.   Denied.

273.   Denied.

274.   Denied.

275.   Denied.

276.   Denied.

277.   Denied.

278.    Denied.

279.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XIV**
**§ 11A-26(1), Code of Miami-Dade County**
**HOSTILE WORK ENVIRONMENT**

280.   Defendant reincorporates the factual allegations in Paragraphs 18 through 91, as if fully restated herein.

281.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

282.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

283.     Denied.

284.     Denied.

285.     Denied.

286.     Denied.

287.     Denied.

288.     Denied.

289.     Denied.

290.     Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XV**
**§ 11A-26(1), Code of Miami-Dade County**
**RETALIATION**

291.     Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully set forth herein.

292.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

293.     Denied.

294.   Denied.

295.   Denied.

296.   Denied.

297.   Denied.

298.   Denied.

299.   Denied.

300.   Denied.

301.   Denied.

302.   Denied.

303.   Denied.

304.   Denied.

305.   Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XVI**
**§ 11A-43(1), Code of Miami-Dade County**
**RETALIATORY HOSTILE WORK ENVIRONMENT**

306.   Defendant reincorporates the factual allegations in paragraphs 18 through 91, as if fully set forth herein.

307.   The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit. Defendant

308.   Denied.

309.   Denied.

310.   Denied.

311.    Denied.

312.    Denied.

313.    Denied.

314.    Denied.

315.    Denied.

316.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial.  Defendant denies Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any relief sought in the "Prayer for Relief" contained in his Complaint.

## GENERAL DENIAL

Defendant denies every allegation contained in Plaintiff's Complaint that is not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant hereby asserts its defenses and affirmative defenses.

317.    Upon information and belief and subject to further discovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff never complained of any unlawful conduct and because his employment was terminated for legitimate, non-retaliatory, and non-discriminatory business reasons.

318.    Plaintiff did not have a good-faith, reasonable belief that Defendant's activities and/or practices violated the laws referenced in Plaintiff's Complaint.  Accordingly, Plaintiff did

- 24 -

not engage in protected activity, and he cannot prevail under any of his theories of unlawful retaliation.

319.    Plaintiff's claim for damages is barred, in whole or in part, to the extent he failed to reasonably mitigate his damages; Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount Plaintiff did or could have earned through reasonable efforts.

320.    Upon information and belief, and subject to further discovery, Plaintiff's Complaint is subject to dismissal—in whole or in part—because he failed to exhaust his administrative remedies as required under the applicable federal, state, and local laws cited in his Complaint.

321.    Defendant cannot prevail on his harassment/hostile work environment claims because he was not subjected to conduct that would qualify as sufficiently severe or pervasive to alter the terms and conditions of his employment.

322.    Plaintiff cannot prevail on his harassment/hostile work environment claims because he failed to avail himself of the applicable reporting mechanisms or to otherwise put Defendant on notice of the purported harassment.  Further, Plaintiff cannot prevail because he did not give Defendant an opportunity to take any prompt, remedial measures to address the alleged harassment/hostile work environment.

323.    Defendant has made good faith efforts to prevent employment discrimination and unlawful retaliation in its workplace, and thus cannot be liable for the decisions of its agents, to the extent the challenged employment decision(s) were contrary to its efforts to comply with applicable laws.  Defendant has no evidence that any employment decisions relating to Plaintiff were, indeed, contrary to its efforts to comply with applicable laws.

324.    Plaintiff's employment was terminated for legitimate, non-retaliatory and non-discriminatory business reasons—*i.e.*, his repeated policy violations.

325.    Plaintiff cannot prevail because he was not subjected to any adverse employment action because of any good-faith complaint he raised; likewise, he cannot demonstrate any racist or discriminatory animus in connection with the challenged employment decision(s).

326.    Plaintiff's entitlement to damages, if any, is limited based on the statutory caps applicable to the laws cited in his Complaint.

327.    Plaintiff's entitlement to damages, if any, is limited to the categories of damages permitted under the applicable laws cited in the Complaint.

328.    Defendant reserves the right to assert the after-acquired evidence defense, should relevant information be revealed through discovery that would give rise to such a defense.

329.    Defendant reserves the right to assert additional defenses and affirmative defenses as this case progresses.

Dated:  April 7, 2025.                              Respectfully submitted,

                                                   LITTLER MENDELSON, P.C.
                                                   Wells Fargo Center
                                                   333 SE 2nd Avenue, Suite 2700
                                                   Miami, FL 33131
                                                   Telephone:   305.400.7500
                                                   Facsimile:    305.675.8497


                                                   *Kelly M. Peña*
                                                   Philip R. Marchion, Esq.
                                                   Florida Bar No.: 23773
                                                   pmarchion@littler.com
                                                   Kelly M. Peña, Esq.
                                                   Florida Bar No.: 106575
                                                   kpena@littler.com

                                                   *Attorneys for Defendant*