UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21113-JAL

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

      Plaintiffs,

v.

LOOMIS ARMORED US, LLC,

      Defendant.

_____

**DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT**

      Defendant, Loomis Armored US, LLC ("Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 8 and 15, hereby files this Answer and Defenses in response to the Amended Complaint filed by Plaintiff Willie Stanley ("Plaintiff Stanley"), Plaintiff Leonatrae Edwards ("Plaintiff Edwards"), and Plaintiff Jajuan Smith ("Plaintiff Smith") (collectively, "Plaintiffs").

## INTRODUCTION

      1.    Denied.

      2.    Defendant admits that Plaintiffs are seeking monetary relief but denies Plaintiffs are entitled to any such relief in connection with the allegations asserted in this lawsuit. Otherwise, denied.

## PARTIES

      3.    Defendant admits that, upon information and belief, Plaintiff Stanley is a Black male who is over the age of eighteen years. Defendant is without knowledge or information

sufficient to form a belief regarding Plaintiff Stanley's residence and therefore denies these allegations.  Otherwise, denied.

4.      Defendant admits that, upon information and belief, Plaintiff Edwards is a Black male who is over the age of eighteen years.  Defendant is without knowledge or information sufficient to form a belief regarding Plaintiff Edwards' residence and therefore denies these allegations.  Otherwise, denied.

5.      Defendant admits that, upon information and belief, Plaintiff Smith is a Black male who is over the age of eighteen years.  Defendant is without knowledge or information sufficient to form a belief regarding Plaintiff Smith's residence and therefore denies these allegations.  Otherwise, denied.

6.      Admitted.

7.      Defendant admits it has more than 15 employees working in Miami-Dade County, Florida.  Otherwise, denied.

8.      Defendant admits that it employed Plaintiffs to work in Miami, Florida.  Otherwise, denied.

9.      The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

10.      The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

11.     The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

12.     The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

13.     The allegations contained in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

## JURISDICTION AND VENUE

14.     Defendant admits that this Court has jurisdiction over this matter but denies any wrongdoing and further denies that Plaintiffs are entitled to any relief in connection with the allegations asserted in this lawsuit.

15.     Defendant admits that venue is proper in the United States District Court, Southern District of Florida, Miami Division.  Defendant denies any wrongdoing and further denies that Plaintiffs are entitled to any relief in connection with the allegations asserted in this lawsuit. Otherwise, denied.

## ADMINISTRATIVE PREREQUISITES

16.     Denied.

17.     Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

18.     Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

19.     Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

20.     Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

21.     Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

22.     Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

23.     Defendant is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore denies them.

## **FACTUAL ALLEGATIONS**

24.     Defendant admits that, upon information and belief, Plaintiff Stanley is a black male.  The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

25.     Defendant admits that, upon information and belief, Plaintiff Edwards is a black male.  The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

26.     Defendant admits that, upon information and belief, Plaintiff Smith is a black male. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

27.     Defendant admits it hired Plaintiff Edwards on or about April 6, 2021 as an Armored Service Technician.  Otherwise, denied.

28.     Defendant admits it hired Plaintiff Smith on or about February 6, 2023 as an Armored Service Technician.  Otherwise denied.

29.     Defendant admits that it hired Plaintiff Stanley on or about January 12, 2023 to work as an Armored Service Technician.  Otherwise, denied.

30.     Defendant admits that Plaintiffs Stanley and Smith were employed as Armored Service Technicians, who were responsible for driving certain routes and transporting bags on behalf of Defendant.  Otherwise, denied.

31.     Denied.

32.     Defendant admits that it employed an individual by the name of Cesar Sandoval as a Vault Supervisor, and that Mr. Sandoval later worked as an Operations Manager and an Operations Supervisor.  Otherwise, denied.

33.     Defendant admits that it employed an individual by the name of Cesar Sandoval as a Vault Supervisor, and that Mr. Sandoval later worked as an Operations Manager and an Operations Supervisor.  Otherwise, denied.

34.     Defendant admits that Cesar Sandoval was responsible for training certain employees.  Otherwise, denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendant admits that it employed Jesus Reyes as an Operations Manager. Otherwise, denied.

53.     Defendant admits that Jesus Reyes was employed as an Operations Manager. Otherwise, denied.

54.     Defendant admits that Cesar Sandoval was employed by Defendant in Miami and that, at some point, he was Plaintiff Smith and Plaintiff Edwards' direct supervisor but not Plaintiff Stanley's direct manager.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Defendant admits that it maintains areas for employees to take breaks from their shifts during the day.

69.     Defendant is without knowledge or information sufficient to form a belief as to whether employees "independently formed two separate groups" and therefore denies these allegations.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Defendant admits that Plaintiff Stanley was suspended on or about October 30, 2023.  Otherwise, denied.

92.     Defendant admits only that Plaintiff Stanley appealed his termination decision. Otherwise, denied.

93.     Denied.

94.     Defendant admits that Plaintiff Stanley's employment was terminated for violating company policy.  Otherwise, denied.

95.     Denied.

96.     Defendant admits that Plaintiff Stanley's employment was terminated on November 14, 2023.  Otherwise, denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

**CAUSES OF ACTION**
**COUNT I**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Stanley as against Defendant)**

113.   Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

114.   The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

115.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

116.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations constitute a legal conclusion to which no response is required.

117.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

124.     Denied.

125.     Denied.

126.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT II**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Stanley as against Defendant)**

127.    Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

128.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

129.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

130.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations constitute a legal conclusion to which no response is required.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

138.     Denied.

139.     Denied.

140.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT III
### 42 U.S.C. § 1981
### RETALIATION
### (Plaintiff Stanley as against Defendant)

141.    Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

142.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

143.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

144.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

145.    Denied.

146.    Denied.

147.    Denied.

148.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

160.     Denied.

161.     Denied.

162.      Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT IV
### 42 U.S.C. § 1981
### RETALIATORY HOSTILE WORK ENVIRONMENT
### (Plaintiff Stanley as against Defendant)

163.     Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully restated herein.

164.      The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

165.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

166.     Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT V
### 42 U.S.C. § 2000e-2
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Stanley as against Defendant)

175.    Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully restated herein.

176.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

177.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

178.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

179.    The allegations in this paragraph constitute a legal conclusion to which no response is required.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

186.    Denied.

187.    Denied.

188.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT VI**
**42 U.S.C. § 2000e-2**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Stanley as Against All Defendant)**

189.    Defendant reincorporates the factual allegations in paragraphs 24 through 112 as if fully restated herein.

190.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

191.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

192.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

197.     Denied.

198.     Denied.

199.     Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

200.     Denied.

201.     Denied.

202.     Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**<u>COUNT VII</u>**
**42 U.S.C. § 2000e-3**
**RETALIATION**
**(Plaintiff Stanley as against Defendant)**

203.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

204.     The allegations in this paragraph constitute a recitation of law to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

205.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

206.    Denied.

207.    Denied.

208.    Denied.

209.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

221.    Denied.

222.    Denied.

223.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT VIII
### 42 U.S.C. § 2000e-3
### RETALIATORY HOSTILE WORK ENVIRONMENT
### (Plaintiff Stanley as against Defendant)

224.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

225.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

226.     Denied.

227.     Denied.

228.     Denied.

229.     Denied.

230.     Denied.

231.     Denied.

232.     Denied.

233.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT IX
### § 760.10(1), Fla. Stat.
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Stanley as against Defendant)

234.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

235.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

236.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

237.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.     Denied.

245.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT X**
**§ 760.10(1), Fla. Stat.**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Stanley as against Defendant)**

246.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

247.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

248.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Defendant denies Plaintiff is entitled to any relief in connection with the allegations in this lawsuit; therefore, denied.

<u>COUNT XI</u>
**§ 760.10(7), Fla. Stat.**
**RETALIATION**
**(Plaintiff Stanley as against Defendant)**

257.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

258.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

259.     The allegations in this paragraph constitute legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

260.     Denied.

261.     Denied.

262.     Denied.

263.     The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

264.     Denied.

265.     Denied.

266.     Denied.

267.     Denied.

268.     Denied.

269.     Denied.

270.     Denied.

271.     Denied.

272.     Denied.

273.     Denied.

274.     Denied.

275.     Denied.

276.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XII**
**§ 760.10(7), Fla. Stat.**
**RETALIATORY HOSTILE WORK ENVIRONMENT**
**(Plaintiff Stanley as against Defendant)**

277.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

278.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

279.     Denied.

280.     Denied.

281.     Denied.

282.     Denied.

283.     Denied.

284.     Denied.

285.     Denied.

286.     Denied.

287.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit. Therefore, denied.

**COUNT XIII**
**§ 11A-26(1), Code of Miami-Dade County**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Stanley as against Defendant)**

288.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

289.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

290.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

291.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

299.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XIV**
**§ 11A-26(1), Code of Miami-Dade County**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Stanley as against Defendant)**

300.    Defendant reincorporates the factual allegations in Paragraphs 24-112, as if fully restated herein.

301.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

302.     Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

303.     Denied.

304.     Denied.

305.     Denied.

306.     Denied.

307.     Denied.

308.     Denied.

309.     Denied.

310.     Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XV**
**§ 11A-26(1), Code of Miami-Dade County**
**RETALIATION**
**(Plaintiff Stanley as against Defendant)**

311.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

312.     The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

313.     Denied.

314.    Denied.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XVI**
**§ 11A-43(1), Code of Miami-Dade County**
**RETALIATORY HOSTILE WORK ENVIRONMENT**
**(Plaintiff Stanley as against Defendant)**

326.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

327.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

328.    Denied.

329.    Denied.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**<u>COUNT XVII</u>**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Edwards as against Defendant)**

336.    Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

337.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

338.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

339.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations constitute a legal conclusion to which no response is required.

340.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

347.    Denied.

348.    Denied.

349.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

<u>**COUNT XVIII**</u>
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Edwards as against Defendant)**

350.    Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

351.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

352.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

353.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations constitute a legal conclusion to which no response is required.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

361.    Denied.

362.    Denied.

363.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

<u>**COUNT XIX**</u>
**42 U.S.C. § 1981**
**RETALIATION**
**(Plaintiff Edwards as against Defendant)**

364.    Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

365.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

366.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

367.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

368.    Denied.

369.    Denied.

370.    Denied.

371.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

376.    Denied.

377.    Denied.

378.    Denied.

379.    Denied.

380.    Denied.

381.    Denied.

382.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

383.    Denied.

384.    Denied.

385.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT XX
### 42 U.S.C. § 1981
### RETALIATORY HOSTILE WORK ENVIRONMENT
#### (Plaintiff Edwards as against Defendant)

386.    Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully restated herein.

387.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

388.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Denied.

393.    Denied.

394.    Denied.

395.    Denied.

396.    Denied.

397.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXI**
**42 U.S.C. § 2000e-2**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Edwards as against Defendant)**

398.    Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully restated herein.

399.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

400.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

401.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

402.    The allegations in this paragraph constitute a legal conclusion to which no response is required.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407.    Denied.

408.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

409.    Denied.

410.    Denied.

411.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXII**
**42 U.S.C. § 2000e-2**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Edwards as against Defendant)**

412.    Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully restated herein.

413.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

414.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

415.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Denied.

420.    Denied.

421.    Denied.

422.    Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

423.    Denied.

424.    Denied.

425.    Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXIII**
**42 U.S.C. § 2000e-3**
**RETALIATION**
**(Plaintiff Edwards as against Defendant)**

426.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

427.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

428.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

429.    Denied.

430.    Denied.

431.    Denied.

432.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

433.    Denied.

434.    Denied.

435.    Denied.

436.    Denied.

437.    Denied.

438.    Denied.

439.    Denied.

440.    Denied.

441.    Denied.

442.    Denied.

443.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

444.    Denied.

445.    Denied.

446.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT XXIV
### 42 U.S.C. § 2000e-3
### RETALIATORY HOSTILE WORK ENVIRONMENT
### (Plaintiff Edwards as against Defendant)

447.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

448.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

449.    Denied.

450.    Denied.

451.    Denied.

452.    Denied.

453.    Denied.

454.    Denied.

455.    Denied.

456.    Denied.

457.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT XXV
### § 760.10(1), Fla. Stat.
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Edwards as against Defendant)

458.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

459.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

460.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

461.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

462.    Denied.

463.    Denied.

464.    Denied.

465.    Denied.

466.    Denied.

467.    Denied.

468.    Denied.

469.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXVI**
**§ 760.10(1), Fla. Stat.**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Edwards as against Defendant)**

470.    Defendant reincorporates the factual allegations in paragraphs 24 through 112, as if fully set forth herein.

471.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

472.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

473.    Denied.

474.    Denied.

475.    Denied.

476.    Denied.

477.    Denied.

478.     Denied.

479.     Denied.

480.     Defendant denies Plaintiff is entitled to any relief in connection with the allegations in this lawsuit; therefore, denied.

**COUNT XI**
**§ 760.10(7), Fla. Stat.**
**RETALIATION**

481.     Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

482.      The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

483.     The allegations in this paragraph constitute legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

484.     Denied.

485.     Denied.

486.     Denied.

487.     The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

488.     Denied.

489.     Denied.

490.     Denied.

491.    Denied.

492.    Denied.

493.    Denied.

494.    Denied.

495.    Denied.

496.    Denied.

497.    Denied.

498.    Denied.

499.    Denied.

500.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT XXVIII
### § 760.10(7), Fla. Stat.
### RETALIATORY HOSTILE WORK ENVIRONMENT
### (Plaintiff Edwards as against Defendant)

501.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

502.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

503.    Denied.

504.    Denied.

505.    Denied.

506.    Denied.

507.    Denied.

508.   Denied.

509.   Denied.

510.   Denied.

511.   Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit.
Therefore, denied.

## COUNT XXIX
### 42 U.S.C. § 1981
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Smith as against Defendant)

512.   Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully
restated herein.

513.   The allegations in this paragraph constitute a recitation of law to which no response
is required.  To the extent a response is required, Defendant denies any liability in connection with
the allegations asserted in this lawsuit.

514.   The allegations in this paragraph constitute a recitation of law to which no response
is required.  To the extent a response is required, Defendant denies any liability in connection with
the allegations asserted in this lawsuit.

515.   Defendant admits that, upon information and belief, Plaintiff is a black individual.
The remaining allegations constitute a legal conclusion to which no response is required.

516.   The allegations in this paragraph constitute a legal conclusion to which no  response
is required. To the extent a response is required, Defendant denies any liability in connection with
the allegations asserted in this lawsuit.

517.   Denied.

518.   Denied.

519.   Denied.

520.    Denied.

521.    Denied.

522.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

523.     Denied.

524.     Denied.

525.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT XXX
### 42 U.S.C. § 1981
### HOSTILE WORK ENVIRONMENT
### (Plaintiff Smith as against Defendant)

526.    Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

527.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

528.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

529.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations constitute a legal conclusion to which no response is required.

530.    Denied.

531.    Denied.

532.    Denied.

533.    Denied.

534.    Denied.

535.    Denied.

536.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

537.    Denied.

538.    Denied.

539.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXXI**
**42 U.S.C. § 1981**
**RETALIATION**
**(Plaintiff Smith as against Defendant)**

540.    Defendant incorporates by reference its responses to Paragraphs 24-112 as if fully restated herein.

541.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

542.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

543.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

544.    Denied.

545.    Denied.

546.    Denied.

547.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

548.    Denied.

549.    Denied.

550.    Denied.

551.    Denied.

552.    Denied.

553.    Denied.

554.    Denied.

555.    Denied.

556.    Denied.

557.    Denied.

558.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

559.    Denied.

560.    Denied.

561.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXXII**
**42 U.S.C. § 1981**
**RETALIATORY HOSTILE WORK ENVIRONMENT**
**(Plaintiff Smith as against Defendant)**

562.   Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully restated herein.

563.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

564.   The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

565.   Denied.

566.   Denied.

567.   Denied.

568.   Denied.

569.   Denied.

570.   Denied.

571.   Denied.

572.   Denied.

573.   Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXXIII**
**42 U.S.C. § 2000e-2**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Smith as against Defendant)**

574.    Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully restated herein.

575.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

576.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

577.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

578.    The allegations in this paragraph constitute a legal conclusion to which no response is required.

579.    Denied.

580.    Denied.

581.    Denied.

582.    Denied.

583.    Denied.

584.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

585.     Denied.

586.     Denied.

587.     Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit;
therefore, denied.

## COUNT XXXIV
### 42 U.S.C. § 2000e-2
### HOSTILE WORK ENVIRONMENT
### (Plaintiff Smith as against Defendant)

588.     Defendant reincorporates the factual allegations in paragraphs 24-112 as if fully
restated herein.

589.     The allegations in this paragraph constitute a recitation of law to which no response
is required.  To the extent a response is required, Defendant denies any liability in connection with
the allegations asserted in this lawsuit.

590.     The allegations in this paragraph constitute a recitation of law to which no response
is required.  To the extent a response is required, Defendant denies any liability in connection with
the allegations asserted in this lawsuit.

591.     Defendant admits that, upon information and belief, Plaintiff is a black individual.
The remaining allegations in this paragraph constitute a legal conclusion to which no response is
required.

592.     Denied.

593.     Denied.

594.     Denied.

595.     Denied.

596.     Denied.

597.     Denied.

598.    Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

599.    Denied.

600.    Denied.

601.    Defendant denies that Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXXV**
**42 U.S.C. § 2000e-3**
**RETALIATION**
**(Plaintiff Smith as against Defendant)**

602.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

603.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

604.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

605.    Denied.

606.    Denied.

607.    Denied.

608.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

609.    Denied.

610.    Denied.

611.    Denied.

612.    Denied.

613.    Denied.

614.    Denied.

615.    Denied.

616.    Denied.

617.    Denied.

618.    Denied.

619.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

620.    Denied.

621.    Denied.

622.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

## COUNT XXXVI
### 42 U.S.C. § 2000e-3
### RETALIATORY HOSTILE WORK ENVIRONMENT
### (Plaintiff Smith as against Defendant)

623.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

624.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

625.    Denied.

626.    Denied.

627.    Denied.

628.    Denied.

629.    Denied.

630.    Denied.

631.    Denied.

632.    Denied.

633.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit; therefore, denied.

**COUNT XXXVII**
**§ 760.10(1), Fla. Stat.**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Smith as against Defendant)**

634.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully restated herein.

635.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

636.    Defendant admits that, upon information and belief, Plaintiff is a black individual. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required.

637.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

638.    Denied.

639.    Denied.

640.    Denied.

641.    Denied.

642.    Denied.

643.    Denied.

644.     Denied.

645.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit;

therefore, denied.

**COUNT XXXVII**
**§ 760.10(1), Fla. Stat.**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Smith as against Defendant)**

646.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully

set forth herein.

647.    The allegations in this paragraph constitute a recitation of law to which no response

is required.  To the extent a response is required, Defendant denies any liability in connection with

the allegations asserted in this lawsuit.

648.    Defendant admits that, upon information and belief, Plaintiff is a black individual.

The remaining allegations in this paragraph constitute a legal conclusion to which no response is

required.

649.    Denied.

650.    Denied.

651.    Denied.

652.    Denied.

653.    Denied.

654.    Denied.

655.    Denied.

656.    Defendant denies Plaintiff is entitled to any relief in connection with the allegations in this lawsuit; therefore, denied.

**COUNT XI**
**§ 760.10(7), Fla. Stat.**
**RETALIATION**
**(Plaintiff Smith as against Defendant)**

657.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully set forth herein.

658.    The allegations in this paragraph constitute a recitation of law to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

659.    The allegations in this paragraph constitute legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

660.    Denied.

661.    Denied.

662.    Denied.

663.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any liability in connection with the allegations asserted in this lawsuit.

664.    Denied.

665.    Denied.

666.    Denied.

667.    Denied.

668.    Denied.

669.    Denied.

670.    Denied.

671.    Denied.

672.    Denied.

673.    Denied.

674.    Denied.

675.    Denied.

676.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit;

therefore, denied.

### COUNT XL
**§ 760.10(7), Fla. Stat.**
**RETALIATORY HOSTILE WORK ENVIRONMENT**
**(Plaintiff Smith as against Defendant)**

677.    Defendant reincorporates the factual allegations in paragraphs 24-112, as if fully

set forth herein.

678.    The allegations in this paragraph constitute a recitation of law to which no response

is required.  To the extent a response is required, Defendant denies any liability in connection with

the allegations asserted in this lawsuit.

679.    Denied.

680.    Denied.

681.    Denied.

682.    Denied.

683.    Denied.

684.    Denied.

685.    Denied.

686.    Denied.

687.    Defendant denies Plaintiff is entitled to any relief in connection with this lawsuit. Therefore, denied.

## JURY DEMAND

Defendant admits that Plaintiffs demands a jury trial.  Defendant denies Plaintiffs are entitled to any relief.  Defendant specifically objects and does not consent to Plaintiffs' demand for a jury trial of issues not triable as of right to a jury, including Plaintiffs' claims, if any, for back pay, front pay, reinstatement, and/or any other equitable relief.

## PRAYER FOR RELIEF

Defendant denies Plaintiffs are entitled to any relief sought in the "Prayer for Relief" contained in their Amended Complaint.

## GENERAL DENIAL

Defendant denies every allegation contained in Plaintiffs' Amended Complaint that is not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant hereby asserts its defenses and affirmative defenses.

1.    Upon information and belief and subject to further discovery, Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted because all three Plaintiffs never complained of unlawful conduct, Plaintiffs Edwards and Smith never had any adverse employment actions taken against them as they both voluntarily resigned, and Plaintiff Stanley's employment was terminated for legitimate, non-retaliatory, and non-discriminatory business reasons.

2.      Plaintiffs never made any complaints of unlawful conduct and did not have a good-faith, reasonable belief that Defendant's activities and/or practices violated the laws referenced in Plaintiffs' Amended Complaint.  Accordingly, Plaintiffs did not engage in protected activity, and they cannot prevail under any of the theories of unlawful retaliation.

3.      Plaintiffs' claims for damages are barred, in whole or in part, to the extent they failed to reasonably mitigate their damages; Defendant is entitled to a set-off against Plaintiffs' claims for damages in the amount Plaintiffs did or could have earned through reasonable efforts.

4.      Upon information and belief, and subject to further discovery, Plaintiffs' Amended Complaint is subject to dismissal—in whole or in part—because they failed to exhaust their administrative remedies as required under the applicable federal, state, and local laws cited in their Amended Complaint.

5.      Plaintiffs cannot prevail on their harassment/hostile work environment claims because they were not subjected to conduct that would qualify as sufficiently severe or pervasive to alter the terms and conditions of their employment.

6.      Plaintiffs cannot prevail on their harassment/hostile work environment claims because they failed to avail themselves of the applicable reporting mechanisms or to otherwise put Defendant on notice of the purported harassment.  Further, Plaintiffs cannot prevail because they did not give Defendant an opportunity to take any prompt, remedial measures to address the alleged harassment/hostile work environment.

7.      Defendant has made good faith efforts to prevent employment discrimination and unlawful retaliation in its workplace, and thus cannot be liable for the decisions of its agents, to the extent the challenged employment decision(s) were contrary to its efforts to comply with

Case 1:25-cv-21113-JAL   Document 27   Entered on FLSD Docket 05/08/2025   Page 54 of 55

applicable laws.  Defendant has no evidence that any employment decisions relating to Plaintiffs were, indeed, contrary to its efforts to comply with applicable laws.

8.     Plaintiff Stanley's employment was terminated for legitimate, non-retaliatory and non-discriminatory business reasons—*i.e.*, his repeated policy violations. Likewise, all actions taken with respect to Plaintiffs Edwards and Smith were taken for legitimate, non-retaliatory and non-discriminatory business reasons.

9.     Plaintiffs cannot prevail because they were not subjected to any adverse employment action because of any good-faith complaint they raised; likewise, they cannot demonstrate any racist or discriminatory animus in connection with the challenged employment decision(s).

10.     Plaintiffs' entitlement to damages, if any, is limited based on the statutory caps applicable to the laws cited in their Amended Complaint.

11.     Plaintiffs' entitlement to damages, if any, is limited to the categories of damages permitted under the applicable laws cited in the Amended Complaint.

12.     Defendant reserves the right to assert the after-acquired evidence defense, should relevant information be revealed through discovery that would give rise to such a defense.

13.     Defendant reserves the right to assert additional defenses and affirmative defenses as this case progresses.

- 54 -

Dated: May 8, 2025

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone:  305.400.7500
Facsimile:   305.675.8497


*/s/ Kelly M. Peña*
Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com
Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com
Alan Persaud, Esq.
Florida Bar No. 1009883
E-Mail: apersaud@littler.com
Secondary: btapia@littler.com


*Attorneys for Defendant*