## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

    Plaintiffs,          CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

    Defendant.

_____/

## PLAINTIFF STANLEY'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO WILLIE STANLEY

  Plaintiff, WILLIE STANLEY ("Plaintiff" and/or "Mr. Stanley"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves the following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant"), First Request for Production to Willie Stanley.

  Dated: August 11, 2025.

             **DEREK SMITH LAW GROUP, PLLC**
             *Counsel for Plaintiffs*

             /s/ Daniel J. Barroukh
             Daniel J. Barroukh, Esq.
             Florida Bar No. 1049271
             Derek Smith Law Group, PLLC
             520 Brickell Key Drive, Suite O-301
             Miami, FL 33131
             Tel: (305) 946-1884
             Fax: (305) 503-6741
             danielb@dereksmithlaw.com

<u>**SPECIFIC RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**</u>

1.      All documents reviewed or relied upon in connection with the preparation of

Plaintiff's answers to Defendant's First Set of Interrogatories.

      <u>**RESPONSE:**</u> **Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0298 and WS0361-WS0365.**

2.      All documents identified and/or listed in Plaintiff's answers to Defendant's First

Set of Interrogatories.

      <u>**RESPONSE:**</u> **Plaintiff is not in possession of any such documents other than those provided herein.**

3.      All documents identified or referred to in the Amended Complaint, or that were

used or relied upon when preparing the Amended Complaint.

      <u>**RESPONSE:**</u> **Plaintiff is not in possession of any such documents other than those provided herein.**

4.      All documents, including without limitation handwritten notes, that relate to or

support any allegation or claim set forth in the Amended Complaint or that Plaintiff may or could

use in response to any defense asserted by Defendant.

      <u>**RESPONSE:**</u> **Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and impermissibly vague and ambiguous in its use of the phrase "documents … that relate to or support any allegation or claim set forth in the Amended Complaint," etc. This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Plaintiff further objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.**

      **Plaintiff is withholding responsive documents on the basis of his objection grounded in attorney-client privilege and the work product doctrine. Due to the ambiguity and**

**overbreadth of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of the rest of his objections.**

5.      All documents, communications, postings, messages and/or discussions made by Plaintiff on any social media sites or platforms (including but not limited to Facebook, Instagram, Tumblr, SnapChat, Pinterest, Twitter, LinkedIn, Myspace, TikTok, etc.), blogs, and online fora, which Plaintiff had or has joined, posted to, or otherwise used or participated in from January 1, 2023 to present, that state, describe, reflect, support, or relate to the Parties' allegations, claims, and/or defenses in this Action, or that otherwise concern or relate to Defendant or any facts upon which your claim is based, excluding any communications exclusively between you and your attorneys.

> **RESPONSE:** **Plaintiff objects to this request on the grounds that any requests related to Plaintiff's social media activity bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing. Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control.**

> **Plaintiff is withholding no responsive documents on the basis of the aforementioned objection.**

6.      All documents which relate or refer in any way to your employment with Defendant, at any time, including but not limited to, employment applications, job descriptions, leaves of absence, medical records and documents about your health shared with Defendant, efforts to secure new/alternative positions, records of wages and benefits, job performance, job evaluations, discipline, complaints, grievances, employee handbooks, policy manuals, correspondence and memoranda, and documents to and from you.

> **RESPONSE:** **Plaintiff is not in possession of any such documents other than those provided herein.**

7.    All documents that relate or refer to any position(s) that you held at Defendant including without limitation documents referring or relating to your performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE: Plaintiff objects to this request on the grounds that it is duplicative in part of RP No. 6 and refers Defendant accordingly to his response to RP No. 6.**

8.    All documents, correspondence, and communications between Plaintiff and any current or former director, officer, manager, agent, or employee of Defendant from January 1, 2023 to the present.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0321-WS0324 and WS0329-WS0331. Plaintiff will supplement his production if and when additional responsive documents are located.**

9.    All documents that pertain to any medical or mental health diagnosis, treatment, or therapy Plaintiff has sought or received from January 1, 2020 to the present, including copies of reports, notes, psychotherapy records, psychotherapy notes, prescriptions, imaging, x-rays, correspondence, bills, agreements, admission and discharge records, progress reports, and test results.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents not relevant to the claims or defenses of the parties to the extent it requests documents concerning Plaintiff's medical or mental health treatment occurring prior to his employment with Defendant or medical or mental health treatment otherwise unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response states there are no responsive documents in his custody, possession, or control.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

10.     All documents exchanged (that Plaintiff has submitted, or that has been submitted on Plaintiff's behalf), and/or that Plaintiff has received (or that have been received on Plaintiff's behalf), with (i) the Florida Commission on Human Relations ("FCHR"); (ii) the United States Equal Employment Opportunity Commission ("EEOC"); (iii) the United States Department of Labor ("DOL"); the Miami-Dade Commission on Human Relations (MDCHR); or (iv) any other government agency, court, or administrative or arbitral tribunal, relating to Plaintiff's claims against, or employment with, Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties to the extent it seeks documents related to any claims for unemployment compensation made to a government agency, as any claims Plaintiff may have made for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0367—WS0402.**

**Plaintiff is withholding responsive documents on the basis of the foregoing objections.**

11.     All documents that support, refer, relate, or constitute the total number of hours you allegedly worked during each week of your employment.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

12.     All documents that relate or refer to your regular hourly rate received during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as it is vague and ambiguous in its use of the phrase "that relate or refer to your regular hourly rate." Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

13.     All documents showing and/or relating to the hours you worked for Defendant during your employment, including but not limited to, logs, time records, schedules, reviews, reports, personnel documents, and descriptions of your job responsibilities and duties.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of Request No. 11. Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

14.     All documents that relate or refer to the compensation received by you during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

15.     All payroll check stubs which relate or refer to the hours worked by you with Defendant and the amount or source of all income received by you during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

16.     All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Defendant at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from employment, if any, held concurrently with his**

6

employment with Defendant, and in response Plaintiff states there are no responsive documents in his possession, custody, or control.

**Plaintiff is withholding responsive documents on the basis of the foregoing objections.**

17.     All documents that showing the job duties that you performed at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of RP No. 6 and directs Defendant accordingly to his response to RP No. 6.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

18.     All Documents that support refer or relate to your allegation that you were subjected to sexual harassment from Cesar Sandoval while employed with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

19.     All Documents that support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

20.     All Documents that support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

21.     All Documents that support, refer, or relate to your allegation that you were subjected to differential treatment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to differential treatment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

22.     All Documents that reflect or relate to any reports of discrimination, harassment, or retaliation you allegedly made to Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous as the term "reports" is not defined. Notwithstanding this objection and without waiving it, based on Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

23.     All Documents that support, refer, or relate to your allegation that you were subjected to retaliation by Defendant.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to retaliation by Defendant." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**
>
> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**
>
> **Plaintiff is not withholding responsive documents on the basis of these objections.**

24.     All Documents that support your claim that Cesar Sandoval told Plaintiff he was a "sexy man," and that "Sandoval would eat Mr. Stanley up for dinner, and send sexual messages to Defendant's employees in company-wide WhatsApp chats."

> **RESPONSE: None in Plaintiff's possession, custody, or control.**
>
> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

25.     All Documents that support your claim that Jesus Reyes called Plaintiff and his black coworkers despicable words, including but not limited to, "nigger," "negro," (a Spanish word that translates to nigger), "maricon," (a Spanish word that translates to faggot), "puta" (a Spanish word that translates to bitch), and "motherfuckers.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

26.     All documents reflecting communications between you and Dainelyz Sanchez regarding your allegations of sexual harassment, retaliation, disparate treatment and/or discrimination."

**RESPONSE: Plaintiff objects to this request as duplicative in part of RP No. 8 and refers Defendant accordingly to his response to RP No. 8.**

27.     All documents and logs of your telephone calls, SMS/MMS/text messages, and social media message from January 1, 2023 through present between you and Defendant or any representative thereof.

**RESPONSE: Plaintiff objects to this request on the grounds that it is so ambiguous, vague, and unintelligible that Plaintiff cannot determine the nature of the documents sought.**

**Due to the ambiguity of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of his foregoing objections.**

28.     All documents that refer to or constitute any training you received during your employment with Defendant.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0002—WS0293.**

29.     All documents that relate or refer to the elements of Plaintiff's claim for damages and/or upon which Plaintiff relies for the determination, computation, and/or itemization of any alleged damages claimed by Plaintiff in this Action. This request includes, but is not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and

medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is impermissibly vague and ambiguous in its use of the phrase "relate or refer to the elements of Plaintiff's claim for damages." This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0298 and WS0361-WS0365.
>
> **Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

30.     All documents submitted to and/or received from any unemployment compensation office since leaving your employment with Defendant.

> **RESPONSE:** Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties.
>
> **Plaintiff is withholding responsive documents on the basis of the foregoing objection.**

31.     Plaintiff's federal, state, and/or local income tax returns, including Forms W-2 and any schedules and attachments, for tax years 2019 to the present.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around January 2023 to the present, and in response Plaintiff will produce responsive documents marked as WS0298 and WS0361-WS0365.
>
> **Plaintiff is withholding responsive documents on the basis of these objections.**

32.     All documents reflecting, concerning, or evidencing your income, salary, pay or any remuneration from any source other than Defendant from January 1, 2019 to the present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around January 2023 to the present, and in response Plaintiff will produce responsive documents marked as WS0298 and WS0361-WS0365.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

33.     All document which relate or refer to the hours worked by you for anyone, and the amount or source of all income received by you from anyone, from January 1, 2019, to present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in requesting documents containing information regarding work-related income derived by Plaintiff prior to prior to his employment with Defendant. Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around January 2023 to the present, and in response Plaintiff will produce responsive documents marked as WS0298 and WS0361-WS0365.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

34.     All documents that relate or refer to any claim(s) Plaintiff has made for any type of government (federal, state, or local) benefits assistance during or after Plaintiff's employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other forms of**

**governmental assistance would have no bearing on his damages or his efforts to mitigate his damages.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

35.     Any documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant, including but not limited to, résumés, job applications, personnel policies, employee handbooks, benefit plans, job evaluations, pay stubs, and job descriptions.

> **RESPONSE:** **Plaintiff objects to this request on the grounds that it is overbroad and not reasonably limited in time and scope in requesting "documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant," to include various categories of documents unrelated to Plaintiff's mitigation efforts. Notwithstanding these objections and without waiving them, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0298 and WS0361-WS0365.**
>
> **Plaintiff is not withholding responsive documents on the basis of these objections.**

36.     All documents that refer or relate to your efforts to obtain employment and/or work as an independent contractor after your separation from Defendant to the present, including, but not limited to, all résumés used by you, all correspondence between you and prospective employers, all Documents submitted by you to prospective employers or persons whose assistance you sought in connection with your efforts to obtain employment, and all documents submitted to you by prospective employers.

> **RESPONSE:** **Plaintiff will produce responsive documents, marked as Plaintiff Bates WS0333—WS0360.**

37.     All documents which relate or refer to your employment, work as an independent contractor, or self-employment after your separation from Defendant to present, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

38.     All hospital, medical, surgical, psychiatric, psychotherapy, psychological, nursing, pharmacy, rehabilitation therapy, clinic, emergency department, and other health care provider records, reports, test results, correspondence and other items relating to or connected with the care, evaluation and treatment rendered to you from January 1, 2020 to the present.

**RESPONSE: Plaintiff objects to this request as it is duplicative or cumulative of RP No. 9 and refers Defendant to his response to RP No. 9.**

39.     All documents relating to any personal injury or illness, whether physical, emotional, or mental, which you contend resulted from your employment with Defendant, including, but not limited to, all medical records, psychotherapy notes/records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, psychologist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

40.     Copies of all statements (written, recorded, sworn or otherwise), provided by Plaintiff to anyone, or to Plaintiff by/from anyone, relating to the subject matter of this Action.

**RESPONSE: Plaintiff objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "statements" in this context, as it is unclear what documents are being sought.**

41.     All photographs, videotapes, or other visual recordings that support any of Plaintiff's claims or that could be used in response to any defense asserted by Defendant. All

associated metadata shall be produced, including (at minimum): Source, Date and Time Sent, Date and Time Received, Read Status, From and To, Media/Attachment(s).

**RESPONSE: Plaintiff will produce responsive document marked as Plaintiff Bates No. WS0001.**

42.    Copies of all pleadings or any relevant papers that refer or relate to all lawsuits, grievances, administrative charges and actions, petitions, arbitrations, or any other legal claims or actions threatened or filed by or on behalf of Plaintiff against any current or former employer other than Defendant related to discrimination, harassment, FMLA interference, and/or retaliation.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

43.    Any report or other documents provided to Plaintiff by a private investigator that relate or refer to this Action.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

44.    All documents that relate or refer to any arrest, plea bargain, and/or conviction of and/or by Plaintiff for any criminal offense.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

45.    All written reports (including drafts) prepared by the experts identified in your response to Defendant's Interrogatories, as well as all exhibits and other documents attached thereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

46.     All documents reviewed, examined, or relied upon by the experts identified in your response to Defendant's Interrogatories.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

47.     All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs, and disbursements in connection with this Action.

**RESPONSE: Plaintiff objects to this request as invading the attorney-client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney-client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy"). Plaintiff further objects to this request on the grounds that it seeks documents not relevant to the claims or defenses of the parties and is not proportional to the needs of the case.**

48.     All documents that you intend to rely upon, use, or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is the final trial on the merits).

**RESPONSE: Plaintiff objects to this request on the grounds that it invades the attorney client privilege and work product privilege because it seeks the mental impressions, ideas, and strategies of Plaintiff's counsel with respect to preparation for trial or any evidentiary hearing. At this time, Plaintiff cannot determine which documents would be used in any future hearing or trial, and Plaintiff therefore directs Defendant to the responsive documents produced herein.**

49.     Executed Request for Copy of Tax Return (IRS Form 4506), attached hereto, for the last five years.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting disclosure of documents regarding her personal and confidential financial records.**

50.     Executed Request for Copy of Department of Economic Opportunity Release, attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made before the Department of Economic Opportunity for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages.**

51.     Executed Social Security Administration Consent for Release of Information (Form SSA-3288), attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's Social Security records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution.**

52.     Executed HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind identified for you in response to Defendant's First Set of Interrogatories to Plaintiff.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

        Plaintiffs,                      CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

        Defendant.

_____/

**PLAINTIFF SMITH'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR**
**PRODUCTION TO JAJUAN SMITH**

       Plaintiff, JAJUAN SMITH ("Plaintiff" and/or "Mr. Smith"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves the following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant"), First Request for Production to JaJuan Smith.

       Dated:  August 11, 2025.

                                   **DEREK SMITH LAW GROUP, PLLC**
                                   *Counsel for Plaintiffs*

                                   /s/ Daniel J. Barroukh
                                   Daniel J. Barroukh, Esq.
                                   Florida Bar No. 1049271
                                   Derek Smith Law Group, PLLC
                                   520 Brickell Key Drive, Suite O-301
                                   Miami, FL 33131
                                   Tel: (305) 946-1884
                                   Fax: (305) 503-6741
                                   danielb@dereksmithlaw.com

## <u>SPECIFIC RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION</u>

1.      All documents reviewed or relied upon in connection with the preparation of Plaintiff's answers to Defendant's First Set of Interrogatories.

   **<u>RESPONSE:</u> None in Plaintiff's possession, custody, or control.**

2.      All documents identified and/or listed in Plaintiff's answers to Defendant's First Set of Interrogatories.

   **<u>RESPONSE:</u> None in Plaintiff's possession, custody, or control.**

3.      All documents identified or referred to in the Amended Complaint, or that were used or relied upon when preparing the Amended Complaint.

   **<u>RESPONSE:</u> Plaintiff is not in possession of any such documents other than those provided herein.**

4.      All documents, including without limitation handwritten notes, that relate to or support any allegation or claim set forth in the Amended Complaint or that Plaintiff may or could use in response to any defense asserted by Defendant.

   **<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and impermissibly vague and ambiguous in its use of the phrase "documents … that relate to or support any allegation or claim set forth in the Amended Complaint," etc. This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Plaintiff further objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.**

   **Plaintiff is withholding responsive documents on the basis of his objection grounded in attorney-client privilege and the work product doctrine. Due to the ambiguity and overbreadth of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of the rest of his objections.**

5.      All documents, communications, postings, messages and/or discussions made by Plaintiff on any social media sites or platforms (including but not limited to Facebook, Instagram, Tumblr, SnapChat, Pinterest, Twitter, LinkedIn, Myspace, TikTok, etc.), blogs, and online fora, which Plaintiff had or has joined, posted to, or otherwise used or participated in from January 1, 2023 to present, that state, describe, reflect, support, or relate to the Parties' allegations, claims, and/or defenses in this Action, or that otherwise concern or relate to Defendant or any facts upon which your claim is based, excluding any communications exclusively between you and your attorneys.

**RESPONSE: Plaintiff objects to this request on the grounds that any requests related to Plaintiff's social media activity bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing. Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control.**

**Plaintiff is withholding no responsive documents on the basis of the aforementioned objection.**

6.      All documents which relate or refer in any way to your employment with Defendant, at any time, including but not limited to, employment applications, job descriptions, leaves of absence, medical records and documents about your health shared with Defendant, efforts to secure new/alternative positions, records of wages and benefits, job performance, job evaluations, discipline, complaints, grievances, employee handbooks, policy manuals, correspondence and memoranda, and documents to and from you.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

7.      All documents that relate or refer to any position(s) that you held at Defendant including without limitation documents referring or relating to your performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is duplicative in part of RP No. 6 and refers Defendant accordingly to his response to RP No. 6.

8.      All documents, correspondence, and communications between Plaintiff and any current or former director, officer, manager, agent, or employee of Defendant from July 1, 2022 to the present.

**RESPONSE:** Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.

9.      All documents that pertain to any medical or mental health diagnosis, treatment, or therapy Plaintiff has sought or received from January 1, 2020 to the present, including copies of reports, notes, psychotherapy records, psychotherapy notes, prescriptions, imaging, x-rays, correspondence, bills, agreements, admission and discharge records, progress reports, and test results.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and seeks documents not relevant to the claims or defenses of the parties to the extent it requests documents concerning Plaintiff's medical or mental health treatment occurring prior to his employment with Defendant or medical or mental health treatment otherwise unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response states there are no responsive documents in his custody, possession, or control.

Plaintiff is withholding no responsive documents on the basis of the foregoing objections.

10.      All documents exchanged (that Plaintiff has submitted, or that has been submitted on Plaintiff's behalf), and/or that Plaintiff has received (or that have been received on Plaintiff's behalf), with (i) the Florida Commission on Human Relations ("FCHR"); (ii) the United States Equal Employment Opportunity Commission ("EEOC"); (iii) the United States Department of

Labor ("DOL"); the Miami-Dade Commission on Human Relations (MDCHR); or (iv) any other government agency, court, or administrative or arbitral tribunal, relating to Plaintiff's claims against, or employment with, Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties to the extent it seeks documents related to any claims for unemployment compensation made to a government agency, as any claims Plaintiff may have made for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0180—JS0211.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

11.     All documents that support, refer, relate, or constitute the total number of hours you allegedly worked during each week of your employment.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.**

12.     All documents that relate or refer to your regular hourly rate received during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as it is vague and ambiguous in its use of the phrase "that relate or refer to your regular hourly rate." Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

13.     All documents showing and/or relating to the hours you worked for Defendant during your employment, including but not limited to, logs, time records, schedules, reviews, reports, personnel documents, and descriptions of your job responsibilities and duties.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of Request No. 11. Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.**

14.    All documents that relate or refer to the compensation received by you during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.**

15.    All payroll check stubs which relate or refer to the hours worked by you with Defendant and the amount or source of all income received by you during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

16.    All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Defendant at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from employment, if any, held concurrently with his employment with Defendant, and in response Plaintiff states there are no responsive documents in his possession, custody, or control.**

**Plaintiff is withholding responsive documents on the basis of the foregoing objections.**

17.    All documents that showing the job duties that you performed at any time during your employment with Defendant.

**RESPONSE:** Plaintiff objects to this request as it is duplicative in part of RP No. 6 and directs Defendant accordingly to his response to RP No. 6.

Plaintiff is withholding no responsive documents on the basis of the foregoing objections.

18.     All Documents that support refer or relate to your allegation that you were subjected to sexual harassment from Cesar Sandoval while employed with Defendant.

**RESPONSE:** None in Plaintiff's possession, custody, or control.

19.     All Documents that support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.

Plaintiff is not withholding responsive documents on the basis of these objections.

20.     All Documents that support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.

Plaintiff is not withholding responsive documents on the basis of these objections.

21.     All Documents that support, refer, or relate to your allegation that you were subjected to differential treatment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to differential treatment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.**

**Plaintiff is not withholding responsive documents on the basis of these objections**

22.     All Documents that reflect or relate to any reports of discrimination, harassment, or retaliation you allegedly made to Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous as the term "reports" is not defined. Notwithstanding this objection and without waiving it, based on Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

23.     All Documents that support, refer, or relate to your allegation that you were subjected to retaliation by Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to retaliation by Defendant." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

24.     All Documents that support your claim that Cesar Sandoval sent sexual messages to Defendant's employees in company-wide WhatsApp chats."

**RESPONSE: None in Plaintiff's possession, custody, or control.**

25.     All Documents that support your claim that while Plaintiff was being finger-printed to obtain additional security clearance, Cesar Sandoval "walked over and said, "let me finger you.""

**RESPONSE: None in Plaintiff's possession, custody, or control.**

26.     All Documents that support your claim that Jesus Reyes called Plaintiff and his black coworkers despicable words, including but not limited to, "nigger," "negro," (a Spanish word that translates to nigger), "maricon," (a Spanish word that translates to faggot), "puta" (a Spanish word that translates to bitch), and "motherfuckers.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

27.     All documents reflecting communications between you and Dainelyz Sanchez regarding your allegations of sexual harassment, retaliation, disparate treatment and/or discrimination."

**RESPONSE: Plaintiff objects to this request as duplicative in part of RP No. 8 and refers Defendant accordingly to his response to RP No. 8.**

28.     All Documents that support your claim that plaintiff saw Mr. Stanley make a report of sexual harassment to Dainelyz Sanchez and further saw Sanchez disregard and dismiss the complaint abruptly.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

29.     All documents and logs of your telephone calls, SMS/MMS/text messages, and social media message from July 1, 2022 through present between you and Defendant or any representative thereof.

**RESPONSE: Plaintiff objects to this request on the grounds that it is so ambiguous, vague, and unintelligible that Plaintiff cannot determine the nature of the documents sought.**

**Due to the ambiguity of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of his foregoing objections.**

30.     All documents that refer to or constitute any training you received during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

31.     All documents that relate or refer to the elements of Plaintiff's claim for damages and/or upon which Plaintiff relies for the determination, computation, and/or itemization of any alleged damages claimed by Plaintiff in this Action. This request includes, but is not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly vague and ambiguous in its use of the phrase "relate or refer to the elements of Plaintiff's claim for damages." This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

32.     All documents submitted to and/or received from any unemployment compensation office since leaving your employment with Defendant.

**RESPONSE: Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

33.     Plaintiff's federal, state, and/or local income tax returns, including Forms W-2 and any schedules and attachments, for tax years 2019 to the present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around July 2022 to the present, and in response Plaintiff will produce responsive documents marked as JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

34.     All documents reflecting, concerning, or evidencing your income, salary, pay or any remuneration from any source other than Defendant from January 1, 2019 to the present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around July 2022 to the present, and in response Plaintiff will produce responsive documents marked as JS0033-JS0034, JS0175-JS0179.**

Plaintiff is withholding responsive documents on the basis of these objections.

35.    All document which relate or refer to the hours worked by you for anyone, and the amount or source of all income received by you from anyone, from January 1, 2019, to present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in requesting documents containing information regarding work-related income derived by Plaintiff prior to prior to his employment with Defendant. Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around July 2022 to the present, and in response Plaintiff will produce responsive documents marked as JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

36.    All documents that relate or refer to any claim(s) Plaintiff has made for any type of government (federal, state, or local) benefits assistance during or after Plaintiff's employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other forms of governmental assistance would have no bearing on his damages or his efforts to mitigate his damages.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

37.    Any documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant, including but not limited to, résumés, job applications, personnel policies, employee handbooks, benefit plans, job evaluations, pay stubs, and job descriptions.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not reasonably limited in time and scope in requesting "documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant," to include various categories of documents unrelated to Plaintiff's mitigation efforts. Notwithstanding these objections and without waiving them, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

38.     All documents that refer or relate to your efforts to obtain employment and/or work as an independent contractor after your separation from Defendant to the present, including, but not limited to, all résumés used by you, all correspondence between you and prospective employers, all Documents submitted by you to prospective employers or persons whose assistance you sought in connection with your efforts to obtain employment, and all documents submitted to you by prospective employers.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

39.     All documents which relate or refer to your employment, work as an independent contractor, or self-employment after your separation from Defendant to present, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

40.     All hospital, medical, surgical, psychiatric, psychotherapy, psychological, nursing, pharmacy, rehabilitation therapy, clinic, emergency department, and other health care provider records, reports, test results, correspondence and other items relating to or connected with the care, evaluation and treatment rendered to you from January 1, 2020 to the present.

**RESPONSE: Plaintiff objects to this request as it is duplicative or cumulative of RP No. 9 and refers Defendant to his response to RP No. 9.**

41.     All documents relating to any personal injury or illness, whether physical, emotional, or mental, which you contend resulted from your employment with Defendant, including, but not limited to, all medical records, psychotherapy notes/records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, psychologist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

42.     Copies of all statements (written, recorded, sworn or otherwise), provided by Plaintiff to anyone, or to Plaintiff by/from anyone, relating to the subject matter of this Action.

**RESPONSE: Plaintiff objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "statements" in this context, as it is unclear what documents are being sought.**

43.     All photographs, videotapes, or other visual recordings that support any of Plaintiff's claims or that could be used in response to any defense asserted by Defendant. All associated metadata shall be produced, including (at minimum): Source, Date and Time Sent, Date and Time Received, Read Status, From and To, Media/Attachment(s).

**RESPONSE: Plaintiff will produce responsive document marked as Plaintiff Bates No. JS0001—JS0008.**

44.     Copies of all pleadings or any relevant papers that refer or relate to all lawsuits, grievances, administrative charges and actions, petitions, arbitrations, or any other legal claims or

actions threatened or filed by or on behalf of Plaintiff against any current or former employer other than Defendant related to discrimination, harassment, FMLA interference, and/or retaliation.

**RESPONSE:** **None in Plaintiff's possession, custody, or control.**

45.     Any report or other documents provided to Plaintiff by a private investigator that relate or refer to this Action.

**RESPONSE:** **None in Plaintiff's possession, custody, or control.**

46.     All documents that relate or refer to any arrest, plea bargain, and/or conviction of and/or by Plaintiff for any criminal offense.

**RESPONSE:** **None in Plaintiff's possession, custody, or control.**

47.     All written reports (including drafts) prepared by the experts identified in your response to Defendant's Interrogatories, as well as all exhibits and other documents attached thereto.

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

48.     All documents reviewed, examined, or relied upon by the experts identified in your response to Defendant's Interrogatories.

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

49.    All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs, and disbursements in connection with this Action.

**RESPONSE: Plaintiff objects to this request as invading the attorney-client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney-client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy"). Plaintiff further objects to this request on the grounds that it seeks documents not relevant to the claims or defenses of the parties and is not proportional to the needs of the case.**

50.    All documents that you intend to rely upon, use, or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is the final trial on the merits).

**RESPONSE: Plaintiff objects to this request on the grounds that it invades the attorney client privilege and work product privilege because it seeks the mental impressions, ideas, and strategies of Plaintiff's counsel with respect to preparation for trial or any evidentiary hearing. At this time, Plaintiff cannot determine which documents would be used in any future hearing or trial, and Plaintiff therefore directs Defendant to the responsive documents produced herein.**

51.    Executed Request for Copy of Tax Return (IRS Form 4506), attached hereto, for the last five years.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting disclosure of documents regarding her personal and confidential financial records.**

52.     Executed Request for Copy of Department of Economic Opportunity Release,

attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made before the Department of Economic Opportunity for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages.**

53.     Executed Social Security Administration Consent for Release of Information (Form

SSA-3288), attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's Social Security records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution.**

54.     Executed HIPAA releases for each health care practitioner, including, but not

limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals,

hospices, pharmacies, laboratories or any other health care provider of any kind identified for you

in response to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

        Plaintiffs,                        CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

        Defendant.

_____/

**PLAINTIFF EDWARDS' RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO LEONATRAE EDWARDS**

Plaintiff, LEONATRAE EDWARDS ("Plaintiff" and/or "Mr. Edwards"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves the following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant"), First Request for Production to Leonatrae Edwards.

Dated: August 11, 2025.

                                     **DEREK SMITH LAW GROUP, PLLC**
                                     *Counsel for Plaintiffs*

                                     /s/ Daniel J. Barroukh
                                     Daniel J. Barroukh, Esq.
                                     Florida Bar No. 1049271
                                     Derek Smith Law Group, PLLC
                                     520 Brickell Key Drive, Suite O-301
                                     Miami, FL 33131
                                     Tel: (305) 946-1884
                                     Fax: (305) 503-6741
                                     danielb@dereksmithlaw.com

<u>**SPECIFIC RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**</u>

1.      All documents reviewed or relied upon in connection with the preparation of Plaintiff's answers to Defendant's First Set of Interrogatories.

  **<u>RESPONSE:</u> None in Plaintiff's possession, custody, or control.**

2.      All documents identified and/or listed in Plaintiff's answers to Defendant's First Set of Interrogatories.

  **<u>RESPONSE:</u> None in Plaintiff's possession, custody, or control.**

3.      All documents identified or referred to in the Amended Complaint, or that were used or relied upon when preparing the Amended Complaint.

  **<u>RESPONSE:</u> Plaintiff is not in possession of any such documents other than those provided herein.**

4.      All documents, including without limitation handwritten notes, that relate to or support any allegation or claim set forth in the Amended Complaint or that Plaintiff may or could use in response to any defense asserted by Defendant.

  **<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and impermissibly vague and ambiguous in its use of the phrase "documents … that relate to or support any allegation or claim set forth in the Amended Complaint," etc. This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Plaintiff further objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.**

  **Plaintiff is withholding responsive documents on the basis of the objection grounded in attorney-client privilege and the work product doctrine. Due to the ambiguity and overbreadth of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of the rest of his objections.**

5.      All documents, communications, postings, messages and/or discussions made by Plaintiff on any social media sites or platforms (including but not limited to Facebook, Instagram, Tumblr, SnapChat, Pinterest, Twitter, LinkedIn, Myspace, TikTok, etc.), blogs, and online fora, which Plaintiff had or has joined, posted to, or otherwise used or participated in from January 1, 2021 to present, that state, describe, reflect, support, or relate to the Parties' allegations, claims, and/or defenses in this Action, or that otherwise concern or relate to Defendant or any facts upon which your claim is based, excluding any communications exclusively between you and your attorneys.

**RESPONSE:** **Plaintiff objects to this request on the grounds that any requests related to Plaintiff's social media activity bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing. Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control.**

**Plaintiff is withholding no responsive documents on the basis of the aforementioned objection.**

6.      All documents which relate or refer in any way to your employment with Defendant, at any time, including but not limited to, employment applications, job descriptions, leaves of absence, medical records and documents about your health shared with Defendant, efforts to secure new/alternative positions, records of wages and benefits, job performance, job evaluations, discipline, complaints, grievances, employee handbooks, policy manuals, correspondence and memoranda, and documents to and from you.

**RESPONSE:** **Plaintiff is not in possession of any such documents other than those provided herein.**

7.      All documents that relate or refer to any position(s) that you held at Defendant including without limitation documents referring or relating to your performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is duplicative in part of RFP No. 6 and refers Defendant accordingly to his response to RFP No. 6.**

8.      All documents, correspondence, and communications between Plaintiff and any current or former director, officer, manager, agent, or employee of Defendant from April 1, 2021 to the present.

**RESPONSE:** **Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. LE0001—LE0006.**

**Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

9.      All documents that pertain to any medical or mental health diagnosis, treatment, or therapy Plaintiff has sought or received from January 1, 2018 to the present, including copies of reports, notes, psychotherapy records, psychotherapy notes, prescriptions, imaging, x-rays, correspondence, bills, agreements, admission and discharge records, progress reports, and test results.

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is overbroad and seeks documents not relevant to the claims or defenses of the parties to the extent it requests documents concerning Plaintiff's medical or mental health treatment occurring prior to his employment with Defendant or medical or mental health treatment otherwise unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response states there are no responsive documents in his custody, possession, or control.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

10.     All documents exchanged (that Plaintiff has submitted, or that has been submitted on Plaintiff's behalf), and/or that Plaintiff has received (or that have been received on Plaintiff's behalf), with (i) the Florida Commission on Human Relations ("FCHR"); (ii) the United States Equal Employment Opportunity Commission ("EEOC"); (iii) the United States Department of Labor ("DOL"); the Miami-Dade Commission on Human Relations (MDCHR); or (iv) any other government agency, court, or administrative or arbitral tribunal, relating to Plaintiff's claims against, or employment with, Defendant.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties to the extent it seeks documents related to any claims for unemployment compensation made to a government agency, as any claims Plaintiff may have made for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. LE0020—LE0051.**
>
> **Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

11.     All documents that support, refer, relate, or constitute the total number of hours you allegedly worked during each week of your employment.

> **RESPONSE: Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

12.     All documents that relate or refer to your regular hourly rate received during any or all weeks of your employment with Defendant.

> **RESPONSE: Plaintiff objects to this request as it is vague and ambiguous in its use of the phrase "that relate or refer to your regular hourly rate." Notwithstanding this objection and without waiving it, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

13.     All documents showing and/or relating to the hours you worked for Defendant during your employment, including but not limited to, logs, time records, schedules, reviews, reports, personnel documents, and descriptions of your job responsibilities and duties.

> **RESPONSE: Plaintiff objects to this request as it is duplicative in part of Request No. 11. Notwithstanding this objection and without waiving it, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

14.     All documents that relate or refer to the compensation received by you during any or all weeks of your employment with Defendant.

> **RESPONSE: Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

15.     All payroll check stubs which relate or refer to the hours worked by you with Defendant and the amount or source of all income received by you during your employment with Defendant.

> **RESPONSE: None in Plaintiff's possession, custody, or control.**

16.     All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Defendant at any time during your employment with Defendant.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims**

and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from employment, if any, held concurrently with his employment with Defendant, and in response Plaintiff states there are no responsive documents in his possession, custody, or control.

**Plaintiff is withholding responsive documents on the basis of the foregoing objections.**

17.    All documents that showing the job duties that you performed at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of RP No. 6 and directs Defendant accordingly to his response to RP No. 6.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

18.    All Documents that support refer or relate to your allegation that you were subjected to sexual harassment from Cesar Sandoval while employed with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

19.    All Documents that support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

7

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

20.    All Documents that support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

21.    All Documents that support, refer, or relate to your allegation that you were subjected to differential treatment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to differential treatment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

22.     All Documents that reflect or relate to any reports of discrimination, harassment, or retaliation you allegedly made to Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous as the term "reports" is not defined. Notwithstanding this objection and without waiving it, based on Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

23.     All Documents that support, refer, or relate to your allegation that you were subjected to retaliation by Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to retaliation by Defendant." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

24.     All Documents that support your claim that Cesar Sandoval sent sexual messages to Defendant's employees in company-wide WhatsApp chats."

**RESPONSE: None in Plaintiff's possession, custody, or control.**

25.     All Documents that support your claim that Jesus Reyes called Plaintiff and his black coworkers despicable words, including but not limited to, "nigger," "negro," (a Spanish word

9

that translates to nigger), "maricon," (a Spanish word that translates to faggot), "puta" (a Spanish word that translates to bitch), and "motherfuckers.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

26.    All documents reflecting communications between you and Dainelyz Sanchez regarding your allegations of sexual harassment, retaliation, disparate treatment and/or discrimination."

**RESPONSE: Plaintiff objects to this request as duplicative in part of RP No. 8 and refers Defendant accordingly to his response to RP No. 8.**

27.    All Documents that support your claim that plaintiff saw Mr. Stanley make a report of sexual harassment to Dainelyz Sanchez and further saw Sanchez disregard and dismiss the complaint abruptly.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

28.    All documents and logs of your telephone calls, SMS/MMS/text messages, and social media message from April 1, 2021 through present between you and Defendant or any representative thereof.

**RESPONSE: Plaintiff objects to this request on the grounds that it is so ambiguous, vague, and unintelligible that Plaintiff cannot determine the nature of the documents sought.**

**Due to the ambiguity of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of his foregoing objections.**

29.    All documents that refer to or constitute any training you received during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

30.     All documents that relate or refer to the elements of Plaintiff's claim for damages and/or upon which Plaintiff relies for the determination, computation, and/or itemization of any alleged damages claimed by Plaintiff in this Action. This request includes, but is not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly vague and ambiguous in its use of the phrase "relate or refer to the elements of Plaintiff's claim for damages." This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Notwithstanding and without waiving these objections, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

31.     All documents submitted to and/or received from any unemployment compensation office since leaving your employment with Defendant.

**RESPONSE: Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

32.     Plaintiff's federal, state, and/or local income tax returns, including Forms W-2 and any schedules and attachments, for tax years 2019 to the present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the**

Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around April 2021 to the present. Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.

Plaintiff is withholding responsive documents on the basis of these objections.

33.     All documents reflecting, concerning, or evidencing your income, salary, pay or

any remuneration from any source other than Defendant from January 1, 2019 to the present.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around April 2021 to the present. Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.

Plaintiff is withholding responsive documents on the basis of these objections.

34.     All document which relate or refer to the hours worked by you for anyone, and the

amount or source of all income received by you from anyone, from January 1, 2019, to present.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in requesting documents containing information regarding work-related income derived by Plaintiff prior to prior to his employment with Defendant. Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around April 2021 to the present. Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.

Plaintiff is withholding responsive documents on the basis of these objections.

35.     All documents that relate or refer to any claim(s) Plaintiff has made for any type of

government (federal, state, or local) benefits assistance during or after Plaintiff's employment with

Defendant.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other forms of governmental assistance would have no bearing on his damages or his efforts to mitigate his damages.**
>
> **Plaintiff is not withholding responsive documents on the basis of these objections.**

36.     Any documents which relate or refer to your full-time or part-time employment

during, concurrent with, or after your employment with Defendant, including but not limited to,

résumés, job applications, personnel policies, employee handbooks, benefit plans, job evaluations,

pay stubs, and job descriptions.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not reasonably limited in time and scope in requesting "documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant," to include various categories of documents unrelated to Plaintiff's mitigation efforts. Notwithstanding these objections and without waiving them, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**
>
> **Plaintiff is not withholding responsive documents on the basis of these objections.**

37.     All documents that refer or relate to your efforts to obtain employment and/or work

as an independent contractor after your separation from Defendant to the present, including, but

not limited to, all résumés used by you, all correspondence between you and prospective

employers, all Documents submitted by you to prospective employers or persons whose assistance

you sought in connection with your efforts to obtain employment, and all documents submitted to you by prospective employers.

**RESPONSE: Plaintiff will produce responsive documents, marked as Plaintiff Bates LE0007—LE0019.**

38.     All documents which relate or refer to your employment, work as an independent contractor, or self-employment after your separation from Defendant to present, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

39.     All hospital, medical, surgical, psychiatric, psychotherapy, psychological, nursing, pharmacy, rehabilitation therapy, clinic, emergency department, and other health care provider records, reports, test results, correspondence and other items relating to or connected with the care, evaluation and treatment rendered to you from January 1, 2018 to the present.

**RESPONSE: Plaintiff objects to this request as it is duplicative or cumulative of RFP No. 9 and refers Defendant to his response to RFP No. 9.**

40.     All documents relating to any personal injury or illness, whether physical, emotional, or mental, which you contend resulted from your employment with Defendant, including, but not limited to, all medical records, psychotherapy notes/records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, psychologist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

41.     Copies of all statements (written, recorded, sworn or otherwise), provided by Plaintiff to anyone, or to Plaintiff by/from anyone, relating to the subject matter of this Action.

**RESPONSE: Plaintiff objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "statements" in this context, as it is unclear what documents are being sought.**

42.     All photographs, videotapes, or other visual recordings that support any of Plaintiff's claims or that could be used in response to any defense asserted by Defendant. All associated metadata shall be produced, including (at minimum): Source, Date and Time Sent, Date and Time Received, Read Status, From and To, Media/Attachment(s).

**RESPONSE: None in Plaintiff's possession, custody, or control.**

43.     Copies of all pleadings or any relevant papers that refer or relate to all lawsuits, grievances, administrative charges and actions, petitions, arbitrations, or any other legal claims or actions threatened or filed by or on behalf of Plaintiff against any current or former employer other than Defendant related to discrimination, harassment, FMLA interference, and/or retaliation.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

44.     Any report or other documents provided to Plaintiff by a private investigator that relate or refer to this Action.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

45.     All documents that relate or refer to any arrest, plea bargain, and/or conviction of and/or by Plaintiff for any criminal offense.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

46.    All written reports (including drafts) prepared by the experts identified in your response to Defendant's Interrogatories, as well as all exhibits and other documents attached thereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

47.    All documents reviewed, examined, or relied upon by the experts identified in your response to Defendant's Interrogatories.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

48.    All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs, and disbursements in connection with this Action.

**RESPONSE: Plaintiff objects to this request as invading the attorney client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy"). Plaintiff further objects to this request on the grounds that it seeks documents not relevant to the claims or defenses of the parties and is not proportional to the needs of the case.**

49.    All documents that you intend to rely upon, use, or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is the final trial on the merits).

**RESPONSE: Plaintiff objects to this request on the grounds that it invades the attorney client privilege and work product privilege because it seeks the mental impressions, ideas, and strategies of Plaintiff's counsel with respect to preparation for trial or any evidentiary hearing. At this time, Plaintiff cannot determine which documents would be used in any future hearing or trial, and Plaintiff therefore directs Defendant to the responsive documents produced herein**

50.    Executed Request for Copy of Tax Return (IRS Form 4506), attached hereto, for

the last five years.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting disclosure of documents regarding her personal and confidential financial records.**

51.    Executed Request for Copy of Department of Economic Opportunity Release,

attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made before the Department of Economic Opportunity for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages.**

52.    Executed Social Security Administration Consent for Release of Information (Form

SSA-3288), attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's Social Security records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of**

**documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution.**

53.     Executed HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind identified for you in response to Defendant's First Set of Interrogatories to Plaintiff.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

<u>/s/ Daniel J. Barroukh</u>
Daniel J. Barroukh, Esq.

## <u>SERVICE LIST</u>

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*