UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-21113-JAL

WILLIE STANLEY,

      Plaintiff,

v.

LOOMIS ARMORED US, LLC,

      Defendant.

_____

# Documents Upon Which Defendant Intends to Rely



**Littler Mendelson, P.C.**
Wells Fargo Center
333 SE 2nd Avenue
Suite 2700
Miami, FL  33131


Ryan P. Forrest
305.400.7580 direct
305.400.7500 main
areed@littler.com

August 15, 2025

**Via E-Mail to danielb@dereksmithlaw.com**

Daniel J. Barroukh, Esq.
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131

<div style="margin-left: 2em;">

Re:  **Discovery Conferral – *Stanley v. Loomis Armored US, LLC***
<u>Case No. 1:25-CV21113-JAL</u>

</div>

Dear Daniel:

We have received and reviewed the Answers to Interrogatories and Responses to Requests for Production provided by Plaintiffs Willie Stanley ("Stanley"), JaJuan Smith ("Smith"), and Leonatrae Edwards ("Edwards") (collectively, "Plaintiffs"). As explained in more detail below, there are a few issues/problems with some of Plaintiffs' responses that make them incomplete and/or insufficient.   Accordingly, we are formally requesting that you provide supplemental discovery responses on or before **<u>August 22, 2025</u>**.  The issues/problems are as follows:

**I.     Plaintiffs' Initial Disclosures and Smith's Answer to Interrogatory No. 3**

Section C of the Initial Disclosures requests:

<div style="margin-left: 4em;">

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

</div>

But Smith's damage calculation failed to include alleged back wages.  That renders it insufficient under Federal Rule of Civil Procedure 26(a)(1)(E), which states "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . . "  Indeed, the law in the Eleventh Circuit is clear that a Smith must provide a computation of his damages at the outset of the case, and must supplement those initial disclosures as appropriate. *See, e.g. Viveros v.*

*Nationwide Janitorial Ass'n, Inc*., 200 F.R.D. 681, 683 (N.D. Ga. 2000) ("Plaintiffs must provide a statement of damages including dollar amounts claimed to the extent ascertainable at this stage of the litigation."

Likewise, Interrogatory 3 sought the amount and basis for each item of damages Smith claims in this action.  While Smith purports to seek back wages, his Answer to Interrogatory No. 3 did not provide any details about his sought-after back wages. That also renders Smith's response incomplete.  *See, e.g. Castro v. Fluor Daniel Servs. Corp*., 2020 WL 4474496, at *2 (M.D. Fla. Aug. 4, 2020) (compelling better answer to interrogatories and finding " At a minimum, Plaintiff must provide a detailed calculation of all claims for any category of damage claimed, including the assumptions the calculation is based upon (such as pay rate, hours worked, hours of overtime worked, etc.).").

Thus, please amend both Plaintiffs' Initial Disclosures and Smith's Answers to Interrogatory No. 3 to detail the nature and extent of the specific damages that Smith claims.

**II.     Plaintiffs' Answers to Interrogatory No. 6**

For each Plaintiff, Interrogatory No. 6 stated:

> Please identify each of your employers, including self-employment, prior to your employment with Defendant, dating back to January 1, 2018, including, but not limited to, the name, address and telephone number of each employer, dates of each employment, job titles and descriptions, your salary/hourly wage including all bonuses, commissions and perquisites, names of immediate supervisors and reasons for leaving.

Plaintiffs all lodged the same set of objections, stating,

> Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff s efforts to mitigate and/or Plaintiff s actual mitigation, and to the extent that it seeks information regarding Plaintiff s employment prior to working for Defendant.

Plaintiffs' overbreadth objection is ill-founded. Plaintiffs' prior and subsequent employment (including any periods of self-employment) is clearly relevant, proportionate to the needs of the case, and discoverable as the information bears on Plaintiffs' respective claims for damages (both back pay and front pay) and Loomis' defenses to same, including whether Plaintiffs properly mitigated their damages. *See, e.g. Myers v. Goldco, Inc*., 2008 WL 1995131, at *n. 2 (S.D. Fla. May 6, 2008) (finding that plaintiff's past work history was relevant to defendant's reasons for termination for poor performance and plaintiff's mitigation of damages; stating "ten years of prior employment information is not too broad for someone who has had at least [twenty-two] years of

employment]."   Likewise, this information might ultimately bear on liability/credibility if demonstrated elsewhere similar poor performance to what they showed at Loomis or if Plaintiffs complained of discrimination with other employers.  And to the extent Plaintiffs' take issue with the time frame, Loomis notes that the scope of the request is, at most, five years prior to any Plaintiffs' employment with Loomis.  That is well within the scope of relevance here.

Thus, please provide an amended answer to Interrogatory No. 6 for each Plaintiff.

### III.    Plaintiffs' Answers to Interrogatory No. 7

For each Plaintiff, Interrogatory No. 7 stated: "Please identify each and every other source of income you had at any time during your employment with Defendant. For each source, please provide the name, address and telephone number, the amount of income and the time period such income was provided and/or received."

Plaintiffs all lodged the same set of objections, stating,

> Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff s efforts to mitigate and/or Plaintiff s actual mitigation. Additionally, Plaintiff objects to this interrogatory on the grounds that it invades Plaintiff s right to privacy protected by the Florida Constitution in requesting information regarding his personal and confidential financial records.

> Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information related to compensation or income derived from employment, if any, held by Plaintiff concurrently with his employment with Defendant, and in response, Plaintiff states as follows: none.

Plaintiffs' response was insufficient because Interrogatory No. 7 was not limited to income derived from *employment* held concurrently with Defendant.  Moreover, there is no basis for such a limitation, as income gained from any source – including, but not limited to employment, work for oneself, or work as an independent contractor – would all be relevant and proportional to the issues in this case, including both liability and damages.

In terms of liability, if Plaintiffs had any other sources of income – including self-employment or work as an independent contractor – they would be relevant to the additional discovery of their work history.  That includes Plaintiffs' ability to successfully perform work for Loomis at the same time.  Moreover, that information could lead to additional discovery weighing on liability/credibility if Plaintiffs had similar performance issues in those roles, or complained of discrimination there.

Likewise, as to damages, such information would weigh on the propriety of Plaintiffs' mitigation efforts. If Plaintiffs had any other sources of income – including self-employment or work as an independent contractor – it would weigh on the resources that they possessed, their availability to perform other work, and the skills they could marshal to secure other employment.

Lastly, Plaintiffs' objection based on constitutional privacy interests fails. Simply put, Plaintiffs put their work history at issue by raising their claims. As such, and because the sought after information will weigh on liability/credibility and damages, any privacy interest they may have in the identity of their concurrent income with Loomis must cede to Loomis' need for the information.

Consequently, please provide an amended answer to Interrogatory No. 7 for each Plaintiff.

## IV.    Smith's Answer to Interrogatory No. 8

Interrogatory No. 8 stated,

> With regard to any effort by you to obtain employment, including work as an independent contractor or through self-employment, after your separation from Defendant please identify each employer or potential employer, including, but not limited to, the names, addresses and telephone numbers of the places to which you applied for employment, the dates you applied for employment at these places (or estimated dates if exact dates are unknown), the dates of your interviews for employment, if any, the name and title of each person who interviewed you for employment, the position for which you applied, and any position offered.

Smith offered the following response:

> Plaintiff objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in requesting multiple categories of information for all applications for employment Plaintiff may have submitted. Notwithstanding these objections and without waiving them, Plaintiff mitigated his damages by diligently seeking new employment opportunities after the unlawful termination of his employment with Defendant. Around February 2024, Plaintiff applied for, and obtained, employment with Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied"), and he remains employed with Allied as of the date hereof.

Smith's answer is insufficient. For one thing, Smith's claim that the information is not proportional to the needs of the case fails because he does not specifically identify what information is sought that is not proportional. At any rate, the details for each attempt that Smith made to find other employment are squarely relevant and discoverable because they weigh on whether he has properly mitigated his damages. *See, e.g., E.E.O.C. v. Nordstrom, Inc.,* 2008 WL

5070145, at *4 (S.D. Fla. Nov. 24, 2008) (finding information relating to plaintiffs' efforts to seek subsequent employment relevant to claimants mitigation of their damages; compelling claimants to provide a complete answer to similarly constructed interrogatory and noting that claimants failed to answer where they did not identify the potential employers; positions applied for; dates of applications; and result of each application). While Smith states he applied for and secured employment with Universal Protection Service, LLC d/b/a Allied Universal Security Service, he does not detail any other applications he made. If he applied to other jobs, he must say so. If Smith did not apply for any other jobs, he must also clearly state as much.

Consequently, please provide an amended answer to Interrogatory No. 8 for Smith.

### V.     Plaintiffs' Answers to Interrogatory No. 11

Interrogatory No. 11 sought the name and address of all medical providers Plaintiff treated with in approximately three years before their employment with Loomis (dating from January 1, 2020 for Stanley and Smith, and January 1, 2018 for Edwards). Plaintiffs each agreed to provide information about medical treatment they received since the start of their employment with Loomis and arising out of the events they allege in this case. Each Plaintiff stated they had not been treated by any medical providers for the events alleged in this case. But they objected to the remainder of Interrogatory No. 11 citing irrelevance, overbreadth and constitutional privacy concerns. So Plaintiffs are still effectively refusing to disclose any medical provider they have seen in the requested time frame.

Plaintiffs' objections to disclosing their medical providers are meritless. Plaintiffs are *each* claiming $1,500,000 in compensatory damages for emotional pain and suffering in this matter and $3,000,000 in punitive damages. Plaintiffs cannot reasonably make those claims and then simultaneously assert Loomis cannot vet them. Plaintiffs' damage claims have put their mental and physical health at issue – before, during, and after their employment. Thus, Loomis is entitled to explore Plaintiffs' medical history because it may provide relevant evidence about whether there is any support for their claims. For example, Plaintiffs' medical history may lead to evidence as to preexisting conditions, other stressors in their lives, and/or what each Plaintiff told their doctors about working with/separating from Loomis, which they alleges is the point from which emotional distress emanates. That is more than enough to justify compelling the discovery Loomis seeks. *See Cameron v. Supermedia, LLC*, 2016 U.S. Dist. LEXIS 52397, at *14 (N.D. Fla. Apr. 19, 2016) ("A plaintiff should not be permitted to put before the factfinder only those aspects of claimed emotional harm and similar intangible harms that favor [her] position, without revealing that plaintiff already had some preexisting problems that could cast a cloud on the issue of causation."); *see also Crawford v. Babbitt*, 186 F.3d 1322, 1327 (11th Cir. 1999) (plaintiff's medical records would have been particularly valuable in resolving the issue of her entitlement to compensatory damages, and dismissing plaintiff's case for failure to provide "the relevant information"). Moreover, Interrogatory No. 11 is not temporally overbroad because it seeks less than five years of medical history. *See E.E.O.C.*, 2008 WL 5070145, at *2 (compelling disclosure of five years of medical providers); *see also Norris v. Cornerstone Residential Mgmt., Inc.*, No. 05-80280-CIV, 2009 WL 10644867, at *5 (S.D. Fla. Feb. 27, 2009) (finding discovery of plaintiff's medical information for a five year period before the start of the litigation through the date of production reasonable) (citing *Owens v. Spring/United Mgmt. Co.*, 221 F.R.D. 649 (D. Kan. 2004)).

Consequently, please provide an amended answer to Interrogatory No. 11 for each Plaintiff.

## VI.    Plaintiffs' Answers to Interrogatory No. 12

Interrogatory No. 12 sought all medications Plaintiffs have consumed, along with the reasons for same, within approximately three years before their employment with Loomis (dating from January 1, 2020 for Stanley and Smith, and January 1, 2019 for Edwards).  As with Interrogatory No. 11, each Plaintiff agreed to disclose any drugs they have taken since their employment with Loomis and as a result with the allegations they lodge therein.  But they have objected to providing any other information because they claim Interrogatory No. 12 is overbroad, seeks irrelevant information, and because Interrogatory No. 12 is disproportionate to the needs of the case.

As with Interrogatory No. 11, Plaintiffs' objections to Interrogatory No. 12 are baseless.  Again, Plaintiffs put their physical and mental condition at issue by claiming they are each entitled to $1,500,000 each in compensatory damages and $3,000,000 in punitive damages.  Information about any substances Plaintiffs have consumed dating less than five years before their employment with Loomis is squarely relevant to their damage claims because they help paint a complete picture of Plaintiffs' health, including any pre-existing conditions or stressors they may have.  *See E.E.O.C.*, 2008 WL 5070145, at *2 (compelling disclosure of prescription drugs consumed).

Thus, please provide an amended answer to Interrogatory No. 11 for each Plaintiff.

## VII.    Plaintiffs' Answers to Interrogatory No. 18

Interrogatory No. 18 sought the following information from each Plaintiff:

> Identify every person from whom you have procured a sworn or unsworn declaration, affidavit, deposition, narrative, presentation, assertion, expression, audio tape, video tape or any other statement that relates in any way to any of the allegations and claims raised in the Amended Complaint other than yourself. For each person identified state (a) the dates upon which the statements were taken; (b) the identity of the person taking the statements; (c) whether the statements were written, oral or recorded; and (d) the name and address of the current custodian of such statements.

Each Plaintiff asserted the same objection, stating:

> Plaintiff objects to this interrogatory as vague and ambiguous in the use of the terms "procured, "presentation," "declaration," "assertion," and "expression," as these terms are undefined. Plaintiff further objects to this interrogatory to the extent it is cumulative of Interrogatory No. 4. Notwithstanding these objections and without waiving them, based on Plaintiffs good-faith interpretation of this interrogatory, Plaintiff states as follows: none.

> Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation is ongoing.

Plaintiffs' objections do not bear scrutiny, because there is nothing vague or ambiguous about Interrogatory No. 18. It plainly seeks the identity of anyone that has provided a series of specifically named documents or statements. That said, *Plaintiffs' responses* are vague and ambiguous because they state that, based on a "good-faith interpretation" of Interrogatory No. 18, there are no such individuals. It is unclear what Plaintiffs' good faith interpretation *is*. If Plaintiffs are interpreting Interrogatory No. 18 consistently with the plain terms (the identity of anyone that has provided the documents/statements mentioned), they should say so directly. If Plaintiffs are interpretating Interrogatory No. 18 in any other way, they should also say so directly. They cannot hide under the vague assertion of a "good-faith interpretation" without saying what that interpretation constitutes.

Thus, please provide an amended answer to Interrogatory No. 18 for each Plaintiff.

## VIII.    Stanley's Response to Request No. 10

Request No. 10 sought the following documents from Stanley:

> All documents exchanged (that Plaintiff has submitted, or that has been submitted on Plaintiff's behalf), and/or that Plaintiff has received (or that have been received on Plaintiff's behalf), with (i) the Florida Commission on Human Relations ("FCHR"); (ii) the United States Equal Employment Opportunity Commission ("EEOC"); (iii) the United States Department of Labor ("DOL"); the Miami-Dade Commission on Human Relations (MDCHR); or (iv) any other government agency, court, or administrative or arbitral tribunal, relating to Plaintiff's claims against, or employment with, Defendant.

Stanley responded as follows:

> Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties to the extent it seeks documents related to any claims for unemployment compensation made to a government agency, as any claims Plaintiff may have made for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0367— WS0402.

> Plaintiff is withholding responsive documents on the basis of the foregoing objections.

Stanley's objection to providing documents related to claims for unemployment compensation is meritless. Documents relating to any claim for unemployment compensation or disability benefits is relevant to Stanley's claim for damages and mitigation of same – including specifically other prospective employers where Stanley sought employment. *See E.E.O.C.*, 2008 WL 5070145, at *3 (S.D. Fla. Nov. 24, 2008) (compelling plaintiff to answer fully similarly constructed interrogatory and noting that amount of unemployment compensation is discoverable as it may lead to additional witnesses or plaintiff's efforts to mitigate); *see also E.E.O.C. v. Jack Marshall Foods, Inc.*, 2009 WL 10704883, at *4 (S.D. Ala. Nov. 5, 2009) (compelling documents showing income from unemployment compensation).

Thus, please provide an amended answer to Request No. 10 for Stanley.

### IX.    Plaintiffs' Response to Request No. 16

Request No. 16 sought the following documents from Plaintiffs: "All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Defendant at any time during your employment with Defendant." Plaintiffs all lodged the same response, stating

> Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from employment, if any, held concurrently with his employment with Defendant, and in response Plaintiff states there are no responsive documents in his possession, custody, or control.

> Plaintiff is withholding responsive documents on the basis of the foregoing objections.

Plaintiffs' response was insufficient because Request No. 16 was not limited to income derived from *employment* held concurrently with Defendant. Moreover, there is no basis for such a limitation, as income gained from any source – including, but not limited to employment, work for oneself, or work as an independent contractor – would all be relevant and proportional to the issues in this case, including both liability and damages.

In terms of liability, documents showing any other source of income for Plaintiffs – including self-

employment or work as an independent contractor – would be relevant because it would potentially bear on Plaintiffs' ability to successfully perform work for Loomis at the same time.  Likewise, they might reveal additional witnesses that could weigh on credibility, including whether Plaintiffs had performance issues that were similar to those they had at Loomis, or ever alleged discrimination elsewhere.

Likewise, as to damages, such documents would weigh on the propriety of Plaintiffs' mitigation efforts.  If Plaintiffs had any other sources of income – including self-employment or work as an independent contractor – it would weigh on the resources that they possessed, their availability to perform other work, and the skills they could marshal to secure other employment.

Lastly, Plaintiffs constitutional privacy objection fails. Plaintiffs put their work history at issue by raising their claims.  As such, and given the relevance established above, any privacy interest they may have in the identity of their concurrent income with Loomis must cede to Loomis' need for the information.

Consequently, please provide an amended response to Request No. 16 for each Plaintiff.

### X.     Stanley's Response to Request No. 27, Smith's Response to Request No. 29, Edwards' Response to Request No. 28

Request Nos. 27, 29, and 28 respectively sought the following documents from Stanley, Smith, and Edwards: "All documents and logs of your telephone calls, SMS/MMS/text messages, and social media message from January 1, 2023 through present between you and Defendant or any representative thereof."  Each Plaintiff lodged the same response, stating: "Plaintiff objects to this request on the grounds that it is so ambiguous, vague, and unintelligible that Plaintiff cannot determine the nature of the documents sought. Due to the ambiguity of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of his foregoing objections."

Plaintiffs' objections are meritless. Plaintiffs are each seeking $4,500,000 in punitive and compensatory damages for events they claim they incurred at work.  With that in mind, Loomis has made unambiguous requests for specific records of communications Plaintiffs had with Loomis or its representatives.  These records are relevant to liability/credibility, as they will show whether and to what extent Plaintiffs mentioned anything they allege in the Complaint when they were employed with Loomis.  Moreover, the documents are relevant for damages purposes because they would likely contain information relating to Plaintiffs' mental state, and therefore their claims for compensatory damages. *See Anderson v. City of Fort Pierce*, 2015 LEXIS 180408, at *5-8 (S.D. Fla. 2015) (finding social media posts discoverable in an employment action alleging mental pain and anguish and deterioration of mental health); *see also Robinson v. Jones Lang LaSalle Ams., Inc.*, 2012 U.S. Dist. LEXIS 123883, 2012 WL 3763545, at *6-7, (D. Or. Aug. 29, 2012) (compelling social media discovery in an employment discrimination case consisting of communications, "including profile postings, messages, status updates, [and] wall comments, ... that reveal, refer or relate to any significant emotion, feeling, or mental state allegedly caused by defendant's conduct or ... that could reasonably be expected to produce a significant emotion, feeling, or mental state allegedly caused by defendant's conduct"); *Roberts v. Clark Cnty. Sch.*

*Dist*., 312 F.R.D. 594, 608 (D. Nev. 2016) (limiting social media discovery in an employment discrimination case to, inter alia, "content that contains a reference to this lawsuit, ... [the plaintiff's] state of mind, [and] the plaintiff's emotional or physical response or reaction to his transgender transition...").

Please provide an amended response to Request No. 27 for Stanley, Request No. 29 for Edwards, and Request No. 28 for Smith.

### XI.     Smith's Response to Request No. 30.

Request No. 30 sought the following documents from Edwards:

> All documents that relate or refer to the elements of Plaintiff's claim for damages and/or upon which Plaintiff relies for the determination, computation, and/or itemization of any alleged damages claimed by Plaintiff in this Action. This request includes, but is not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

Smith provided the following response:

> Plaintiff objects to this request on the grounds that it is impermissibly vague and ambiguous in its use of the phrase "relate or refer to the elements of Plaintiff's claim for damages." This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Notwithstanding and without waiving these objections, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.

> Plaintiff is withholding no responsive documents on the basis of the foregoing objection.

Smith's objections to Request No. 30 do not pass muster.  There is nothing vague about the documents being requested.  In fact, Request 30 specifies the documents it is seeking.  Perhaps for this reason, Smith half-pivots to commit to providing documents.  And for good reason, as courts routinely compel documents in support of damage claims.  *See Mayfair House Ass'n v. QBE Ins. Corp.*, 2010 U.S. Dist. LEXIS 151768, at *10 (S.D. Fla. Apr. 13, 2010) (overruling plaintiff's objection and finding request seeking documents supporting specific paragraph number or factual allegations as alleged in the complaint satisfies the "reasonable particularity" requirement). But Smith does so only with a promise to supplement in the future. That renders his response incomplete. If Smith has responsive documents, he must say so.  Likewise, if he has no responsive documents, he also must say so.  And if he later comes to possess responsive documents, he must

supplement.

To that end, please provide an amended response to Request No. 30 for Smith.

### XII. Stanley's Response to Request No. 31, Smith's Response to Request No. 33, Edwards' Response to Request No. 32

Request Nos. 31, 33, and 32 respectively sought the following documents from Stanley, Smith, and Edwards: "Plaintiff's federal, state, and/or local income tax returns, including Forms W-2 and any schedules and attachments, for tax years 2019 to the present." Plaintiffs each objected to the Requests based on perceived irrelevance, overbreadth, their perception that the documents sought are disproportionate to the needs of the case, and privacy concerns under the Florida constitution. And while they all volunteered to produce documents related to work after Loomis (Smith produced nothing), they stated they were withholding documents. So they are thus refusing to produce their tax returns dating back to 2019 and including the time they worked with Loomis.

Plaintiffs' objections are baseless. Plaintiff's tax returns during their employment with Loomis are indisputably relevant and discoverable because they weigh on Plaintiff's demand for back pay. They would also weigh on the propriety of Plaintiff's mitigation by indicating all of Plaintiffs' sources of income. If Plaintiffs had any other sources of income during their employment with Loomis – including self-employment or work as an independent contractor – it would weigh on the resources that they possessed, their availability to perform other work, and the skills they could marshal to secure other employment.

Moreover, Plaintiff's tax returns going back to 2019 would be relevant and discoverable for liability/credibility purposes because they would indicate all of Plaintiffs' sources of earnings during that period, which would aid in the collection of evidence about their performance at such entities, including whether they demonstrated similarly poor performance to what they showed at Loomis, or made other claims of discrimination.

Lastly, Plaintiffs' constitutional privacy objection fails. Plaintiffs put their earnings and work history at issue by raising their claims. Indeed, courts compel tax returns upon a showing of relevance. *See, e.g. Maddow v. Proctor & Gamble Co., Inc*., 107 F.3d 846, 853 (11th Cir. 1997) (upholding district court's decision to compel tax returns based upon their arguable relevance). Thus, because the records are relevant here, any privacy interest Plaintiffs may have in their tax returns cedes to Loomis' need for the documents.

Please provide an amended response to Request No. 31 for Stanley, Request No. 33 for Edwards, and Request No. 32 for Smith.

### XIII. Stanley's Response to Request No. 32, Smith's Response to Request No. 34, Edwards' Response to Request No. 33

Request Nos. 32, 34, and 33 respectively sought the following documents from Stanley, Smith, and Edwards: "All documents reflecting, concerning, or evidencing your income, salary, pay or any remuneration from any source other than Defendant from January 1, 2019 to the present."

Plaintiffs each objected to the Requests based on perceived irrelevance, overbreadth, their perception that the documents sought are disproportionate to the needs of the case, and privacy concerns under the Florida constitution. And while they all volunteered to produce documents related to work during and after their employment with Loomis, they stated they were withholding documents.

Plaintiffs' objections fail.  Plaintiff's records of income going back to 2019 would be relevant and discoverable for liability/credibility purposes because they would indicate all of Plaintiffs' sources of earnings during that period, which would aid in the collection of evidence about their performance at such entities, including whether they demonstrated similarly poor performance to what they showed at Loomis, or made other claims of discrimination.

Likewise Plaintiffs' constitutional privacy objection fails. Plaintiffs put their earnings and work history at issue by raising their claims.  Thus, any privacy rights they may have cede to the needs of litigation in this case.

Please provide an amended response to Request No. 32 for Stanley, Request No. 34 for Edwards, and Request No. 33 for Smith.

### XIV.   Stanley's Response to Request No. 33, Smith's Request to Request No. 35, Edwards' Response to Request No. 34

Request Nos. 33, 35, and 34 respectively sought the following documents from Stanley, Smith, and Edwards: "All document which relate or refer to the hours worked by you for anyone, and the amount or source of all income received by you from anyone, from January 1, 2019, to present." Plaintiffs each objected to the Requests based on perceived irrelevance, overbreadth, their perception that the documents sought are disproportionate to the needs of the case, and privacy concerns under the Florida constitution. While they all volunteered to produce documents related to income at Loomis and after, they stated they were withholding documents.  Thus, Plaintiffs appear to be withholding records of the hours they worked at any point during the period, along with records of income from any point before their employment with Loomis began.

As above, Plaintiffs objections fail.  Plaintiffs' records of hours worked are relevant and discoverable for jobs Plaintiffs performed during their employment with Loomis because they weigh on Plaintiffs' ability to work effectively at Loomis.  Likewise, Plaintiffs' record of hours worked after their employment are relevant and discoverable because they bear on the propriety of their mitigation efforts.

Similarly, the records showing the source of all income is relevant and discoverable because it weighs on liability/Plaintiffs' credibility.  Simply put, such records would show any other entities that paid Plaintiffs to perform services, and that information would id in the collection of evidence about Plaintiffs' performance at such entities, including whether they demonstrated similarly poor performance to what they showed at Loomis, or made other claims of discrimination.

Likewise Plaintiffs' constitutional privacy objection fails. Plaintiffs put their earnings and work history at issue by raising their claims.  Thus, any privacy rights they may have cede to the needs

of litigation in this case.

Please provide an amended response to Request No. 33 for Stanley, Request No. 35 for Edwards, and Request No. 34 for Smith.

### XV.   Stanley's Response to Request No. 34

Request No. 34 sought the following documents from Stanley: "All documents that relate or refer to any claim(s) Plaintiff has made for any type of government (federal, state, or local) benefits assistance during or after Plaintiff's employment with Defendant." Plaintiff objected as follows:

> Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other forms of governmental assistance would have no bearing on his damages or his efforts to mitigate his damages.

> Plaintiff is withholding responsive documents on the basis of these objections.

Stanley's objection to providing documents related to claims for unemployment compensation is meritless.  Documents relating to any claim for unemployment compensation or disability benefits are relevant to Stanley's claim for damages and mitigation of same – including specifically other prospective employers where Stanley sought employment. *See E.E.O.C.*, 2008 WL 5070145, at *3 (S.D. Fla. Nov. 24, 2008) (compelling plaintiff to answer fully similarly constructed interrogatory and noting that amount of unemployment compensation is discoverable as it may lead to additional witnesses or plaintiff's efforts to mitigate).

Thus, please provide an amended answer to Request No. 34 for Stanley.

### XVI.   Stanley's Response to Request No. 40, Smith's Response to Request No. 42, and Edwards' Response to Request No. 41

Request Nos. 40, 42, and 41 respectively sought the following documents from Stanley, Smith, and Edwards: "Copies of all statements (written, recorded, sworn or otherwise), provided by Plaintiff to anyone, or to Plaintiff by/from anyone, relating to the subject matter of this Action." Plaintiffs all objected as follows:

> Plaintiff objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its

use of the terms "statements" in this context, as it is unclear what documents are being sought.

Plaintiffs' objections are off base here. For one thing, there is nothing vague about what is being sought here.  It seeks witness statements regarding the subject matter of this action.  Nevertheless, Loomis will narrow the scope of what it seeks to: any declarations, affidavits, or any other testimony under oath that has been given to Plaintiffs or their counsel about this case.  Those documents are not work product, and are squarely discoverable. *See Gonzalez v. State of Fla. Dep't of Mgmt. Servs.*, 124 F. Supp. 3d 1317, 1326 (S.D. Fla. 2015) (a third-party declaration was not protected by the work product doctrine).

With that in mind, please provide an amended response to Request No. 40 for Stanley, Request No. 42 for Edwards, and Request No. 41 for Smith.

### XVII.  Stanley's Response to Request No. 47, Smith's Response to Request No. 49, and Edwards' Response to Request No. 48

Request Nos. 47, 49, and 48 respectively sought the following documents from Stanley, Smith, and Edwards: "All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs, and disbursements in connection with this Action."  Plaintiffs all objected as follows:

> Plaintiff objects to this request as invading the attorney-client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney-client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy"). Plaintiff further objects to this request on the grounds that it seeks documents not relevant to the claims or defenses of the parties and is not proportional to the needs of the case.

Plaintiff's objections are off-base because they focus on attempts to procure billing statements. That is not what Loomis is seeking  Rather, Loomis is seeking Plaintiff's retainer agreement.  It is well established retainer agreements are not treated as protected work product in federal court. *See Eldredge v. Edcare Mgmt.*, No. 12-61984-CIV, 2013 U.S. Dist. LEXIS 203867, at *4 (S.D. Fla. Apr. 12, 2013).  Moreover, this information is relevant because Plaintiffs seek attorneys' fees and costs in this case. *See Hnis v. SDH Servs. W., LLC*, 2016 WL 446541, at *2 (S.D. Fla. Feb. 2, 2016).

Thus, please provide an amended response to Request No. 47 for Stanley, Request No. 49 for Edwards, and Request No. 48 for Smith.

### XVIII. Stanley's Response to Request No. 49, Smith's Response to Request No. 51, and Edwards' Response to Request No. 50

Request Nos. 49, 51, and 50 respectively sought the following documents from Stanley, Smith, and Edwards: "Executed Request for Copy of Tax Return (IRS Form 4506), attached hereto, for the last five years."  Plaintiffs all objected as follows:

> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting disclosure of documents regarding her personal and confidential financial records.

Plaintiffs' objections are off base.  For one thing, Plaintiffs are not being asked to create a document.  Loomis has already supplied the release.  For another thing, the Requests do not exceed the scope of Rule 34, as courts routinely compel execution of releases in response to requests for production.  *See, e.g. Lewis v. Chicago Hous. Auth., 1991 WL 195795, at *2* (N.D. Ill. Sept. 25, 1991) (compelling execution of IRS release). And for still another thing, the Requests are not overbroad. Plaintiff's tax returns during their employment with Loomis are indisputably relevant and discoverable because they weigh on Plaintiff's demand for back pay.  They would also weigh on the propriety of Plaintiff's mitigation by indicating all of Plaintiffs' sources of income. If Plaintiffs had any other sources of income during their employment with Loomis – including self-employment or work as an independent contractor – it would weigh on the resources that they possessed, their availability to perform other work, and the skills they could marshal to secure other employment.

Moreover, Plaintiff's tax returns going back to 2019 would be relevant and discoverable for liability/credibility purposes because they would indicate all of Plaintiffs' sources of earnings during that period, which would aid in the collection of evidence about their performance at such entities, including whether they demonstrated similarly poor performance to what they showed at Loomis, or made other claims of discrimination.

Likewise Plaintiffs' constitutional privacy objection fails. Plaintiffs put their earnings and work history at issue by raising their claims.  Thus, any privacy rights they may have cede to the needs of litigation in this case.

Please provide an amended response to Request No. 49 for Stanley, Request No. 51 for Edwards, and Request No. 50 for Smith.

### XIX. Stanley's Response to Request No. 50, Smith's Response to Request No. 52, and Edwards' Response to Request No. 51

Request Nos. 50, 52, and 51 respectively sought the following documents from Stanley, Smith, and Edwards: Executed Request for Copy of Department of Economic Opportunity Release, attached hereto."  Plaintiffs all objected as follows:

> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made before the Department of Economic Opportunity for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages.

Plaintiffs' objections fail.  For one thing, Plaintiffs are not being asked to create a document. Rather, a release has already been supplied. For another thing, the Requests do not exceed the scope of Rule 34, as courts routinely compel execution of releases in response to requests for production.  *See, e.g. Morris v. Sequa Corp.,* 275 F.R.D. 562, 570 (N.D. Ala. 2011) (compelling execution of SSA release).  And for still another thing, the Requests are not overbroad. Documents relating to any claim for unemployment compensation or disability benefits are relevant to Plaintiffs' damages and mitigation of same – including specifically that they might show other prospective employers where Plaintiffs sought employment. *See E.E.O.C.*, 2008 WL 5070145, at *3.

Plaintiffs' constitutional privacy objection also fails.  Plaintiffs put their earnings and work history at issue by raising their claims. Thus, any privacy interest Plaintiffs may have in their tax returns cedes to Loomis' need for the documents.

Please provide an amended response to Request No. 50 for Stanley, Request No. 52 for Edwards, and Request No. 53 for Smith.

### XX. Stanley's Response to Request No. 51, Smith's Response to Request No. 53, and Edwards' Response to Request No. 52

Request Nos. 51, 53, and 52 respectively sought the following documents from Stanley, Smith, and Edwards: Executed Social Security Administration Consent for Release of Information (Form SSA-3288), attached hereto." Plaintiffs all objected as follows:

> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a

> document. Plaintiff further objects to this request on the grounds that it
> is overbroad and not proportional to the needs of the case in seeking
> Plaintiff's Social Security records unrelated to Plaintiff's mitigation
> efforts or actual mitigation. Plaintiff further objects to this request on
> the grounds that it is harassing, seeks disclosure of documents that are
> not relevant to the claims and defenses of the parties, and invades
> Plaintiff's right to privacy protected by the Florida Constitution.

Plaintiffs' objections fail.  For one thing, Plaintiffs are not being asked to create a document. Rather, a release was supplied to them. For another thing, the Requests do not exceed the scope of Rule 34, as courts routinely compel execution of releases in response to requests for production. *See, e.g. Morris.,* 275 F.R.D. at 570. And for still another thing, the Requests are not overbroad. Documents relating to any claim with the SSA would show whether and to what extent Plaintiffs could work.  That would relate directly to Plaintiffs' damages and mitigation of same.  Moreover, SSA records might show other prospective employers where Plaintiffs sought employment. Plaintiffs' constitutional privacy objection also fails.  Plaintiffs put their earnings and work history at issue by raising their claims. Thus, any privacy interest Plaintiffs may have in their tax returns cedes to Loomis' need for the documents.

Please provide an amended response to Request No. 51 for Stanley, Request No. 53 for Edwards, and Request No. 52 for Smith.

### XXI.   Stanley's Response to Request No. 52, Smith's Response to Request No. 54, and Edwards' Response to Request No. 53

Request Nos. 52, 54, and 53 respectively sought the following documents from Stanley, Smith, and Edwards: "Executed HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind identified for you in response to Defendant's First Set of Interrogatories to Plaintiff."  Plaintiffs all objected as follows:

> Plaintiff objects to this request on the grounds that it improperly
> exceeds the scope of Rule 34 in requesting that the Plaintiff create
> and execute a document.

Plaintiffs' objections fail.  Courts across the Eleventh Circuit have compelled execution of releases in response to requests for production.  *See Cupp v. United States*, 2015 WL 510134, at *3 (S.D. Ga. Feb. 6, 2015) (compelling plaintiff's execution of a HIPAA release); *see also Rivers v. Asplundh Tree Expert Co*., 2008 WL 5111300, at *2 (N.D. Fla. Dec. 3, 2008) (noting that the court previously compelled plaintiff's execution of a HIPAA release); *Zaffis v. City of Altamonte Springs*, 2007 WL 1796255, at *1 (M.D. Fla. June 20, 2007) (same).

Accordingly, please provide an amended response to Request No. 52 for Stanley, Request No. 54 for Edwards, and Request No. 53 for Smith.

                    *              *              *

Please don't hesitate to contact me directly if you have any questions, comments, or concerns.

                              Sincerely,


                              /s Ryan P. Forrest
                              Ryan P. Forrest, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

      Plaintiffs,                             CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

      Defendant.

_____/

**EXHIBIT C - PLAINTIFFS' LIST OF SUPPORTING MATERIALS**

      Plaintiffs, WILLIE STANLEY, LEONATRAE EDWARDS, and JAJUAN SMITH (collectively the "Plaintiffs"), by and through their undersigned counsel, hereby submit their List of Supporting Materials with copies attached, marked as Exhibit C.

      Dated this 9th day of September, 2025.

                               **DEREK SMITH LAW GROUP, PLLC**
                               *Counsel for Plaintiffs*

                               /s/ Daniel J. Barroukh
                               Daniel J. Barroukh, Esq.
                               Florida Bar No. 1049271
                               Derek Smith Law Group, PLLC
                               520 Brickell Key Drive, Suite O-301
                               Miami, FL 33131
                               Tel: (305) 946-1884
                               Fax: (305) 503-6741
                               danielb@dereksmithlaw.com

## PLAINTIFFS' LIST OF SUPPORTING MATERIALS

*Plaintiff Stanley's Responses to Defendant's Interrogatories*,
.................................................................................................C-1

*Plaintiff Smith's Responses to Defendant's Interrogatories*,
.................................................................................................C-2

*Plaintiff Edwards' Responses to Defendant's Interrogatories,*
.................................................................................................C-3

*Plaintiff Stanley's Responses to Defendant's First Request for Production*,
.................................................................................................C-4

*Plaintiff Smith's Responses to Defendant's First Request for Production*,
.................................................................................................C-5

*Plaintiff Edwards' Responses to Defendant's First Request for Production,*
.................................................................................................C-6

*Plaintiff Stanley's Loomis W-2 Statement (2023) (WS0298),*
.................................................................................................C-7

*Plaintiff Stanley's Allied W-2 Statement (2024) (WS0361),*
.................................................................................................C-8

*Plaintiff Stanley's Allied Earnings Statements - Assorted (WS0362-365),*
.................................................................................................C-9

*Plaintiff Stanley's DEO Form 1099-G Statement (2023) (WS0404),*
.................................................................................................C-10

*Plaintiff Stanley's DEO Form 1099-G Statement (2024) (WS0406),*
.................................................................................................C-11

*Plaintiff Smith's Loomis W-2 Statement (2023) (WS0033),*
.................................................................................................C-12

*Plaintiff Smith's Loomis W-2 Statement (2024) (WS0034),*
.................................................................................................C-13

*Plaintiff Smith's Allied W-2 Statement (2024) (JS0175),*
.................................................................................................C-14

*Plaintiff Smith's Allied Earnings Statements - Assorted (JS0176-JS0179),*
.................................................................................................C-15

*Plaintiff Edwards' Loomis W-2 Statements (2021-2024) (LE0052-LE0055),*
………………………………………………………………………………C-16

*Plaintiff Edwards' Allied Earnings Statements - Assorted (LE0056-LE0060),*
………………………………………………………………………………C-17

*Plaintiff Edwards' Allied W-2 Statement (2024) (LE0061),*
………………………………………………………………………………C-18

*Plaintiff Edwards' TruGreen Pay Advice dated 8/15/2025 (LE0062),*
………………………………………………………………………………C-19

<div align="center">

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

</div>

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

    Plaintiffs,        CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

    Defendant.

_____/

<div align="center">

**PLAINTIFF STANLEY'S RESPONSES TO DEFENDANT'S FIRST SET OF**
**INTERROGATORIES TO WILLIE STANLEY**

</div>

   Plaintiff, WILLIE STANLEY ("Plaintiff" and/or "Mr. Stanley"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby serves the following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant), Interrogatories to Willie Stanley.

   Dated:  August 11, 2025.

            **DEREK SMITH LAW GROUP, PLLC**
            *Counsel for Plaintiffs*


            /s/ Daniel J. Barroukh
            Daniel J. Barroukh, Esq.
            Florida Bar No. 1049271
            Derek Smith Law Group, PLLC
            520 Brickell Key Drive, Suite O-301
            Miami, FL 33131
            Tel: (305) 946-1884
            Fax: (305) 503-6741
            danielb@dereksmithlaw.com

<u>**SPECIFIC RESPONSES TO DEFENDANT'S INTERROGATORIES**</u>

**INTERROGATORY NO. 1:**
Please provide the name, address, email address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this Action, or any fact underlying the subject matter of this Action.

> <u>**RESPONSE:**</u> **Plaintiff has identified individuals believed to have discoverable information relevant to his claims as follows:**

- **Willie Stanley**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **JaJuan Smith**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **Leonatrae Edwards**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **Corporate Representative of Loomis Armored US, LLC**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Cesar Sandoval**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Jesus Reyes**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Dainelyz Sanchez**
  **c/o Littler Mendelson, P.C.**

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

**100 SE 2nd Street, Suite 3210**
**Miami, FL 33131**
**Telephone: (305) 400-7500**

- **Alex Perez**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **(FNU) Mendoza**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Jose (LNU)**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Alejandro "Fluffy" Benitez**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Osvaldo (LNU)**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Adrian Pita**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Charles Francois**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

- **Dennis Allen**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Alain Magny**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Jerry Camon**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Tyrone Black**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Stephan St. Cyr**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Nick Florea**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Edcel Garcia Obando**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

**INTERROGATORY NO. 2:**

Please state the specific nature and substance of the knowledge you believe the person(s) identified in your response to Interrogatory No. 1 may have.

> **RESPONSE:** Plaintiff states the specific nature and substance of the knowledge he believes the persons identified in his response to Interrogatory No. 1 may have, as follows:
>
> - **Willie Stanley**
>
>   Plaintiff, Willie Stanley, has knowledge regarding Plaintiff's employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Plaintiff during and after Plaintiff's employment.
>
> - **JaJuan Smith**
>
>   JaJuan Smith likely has knowledge regarding Mr. Stanley's employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Stanley during and after Mr. Stanley's employment.
>
> - **Leonatrae Edwards**
>
>   Leonatrae Edwards likely has knowledge regarding Mr. Stanley's employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Stanley during and after Mr. Stanley's employment.
>
> - **Corporate Representative of Loomis Armored US, LLC**
>
>   Defendant's Corporate Representative likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.
>
> - **Cesar Sandoval**
>
>   Cesar Sandoval likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

- **Jesus Reyes**

  **Jesus Reyes likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Dainelyz Sanchez**

  **Dainelyz Sanchez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Alex Perez**

  **Alex Perez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **(FNU) Mendoza**

  **As one of Defendant's drivers, Mr. Mendoza likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Jose (LNU)**

  **As one of the site managers employed by Defendant, Jose (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Alejandro "Fluffy" Benitez**

  **Alejandro "Fluffy" Benitez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Osvaldo (LNU)**

  **As one of the supervisors employed by Defendant, Osvaldo (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

- **Adrian Pita**

  Adrian Pita likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Charles Francois**

  Charles Francois likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Dennis Allen**

  Dennis Allen likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Alain Magny**

  Alain Magny likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Jerry Camon**

  Jerry Camon likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Tyrone Black**

  Tyrone Black likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Stephan St. Cyr**

  Stephan St. Cyr likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

- **Nick Florea**

  **Nick Florea likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Edcel Garcia Obando**

  **Edcel Garcia Obando likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

**INTERROGATORY NO. 3:**

Identify each item of damages you claim in this action, whether as an affirmative claim or as a setoff, and include in the answer:

  a) the amount of damages;
  b) the count or defense to which the item of damages relates;
  c) the category into which each item of damages falls, i.e., back pay, front pay, compensatory damages, punitive damages, attorney's fees, interest and any other categories;
  d) the factual basis for each item of damages
  e) and an explanation of how Plaintiff computed each item of damages, including any mathematical formula used.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous in requesting information regarding "each item of damages" claimed by Plaintiff. Plaintiff further objects to this interrogatory on the grounds that it is an improper contention interrogatory and is unduly burdensome in requesting the "factual basis for each item of damages." Plaintiff further objects to this interrogatory on the grounds that it improperly requests an "explanation of how Plaintiff computed each items of damages," as damages are a question to be determined by a jury. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this interrogatory to seek the nature and amount of Plaintiff's claimed damages. In response, Plaintiff states as follows:

Plaintiff is still in the process of calculating his damages, as discovery is still ongoing. At this early juncture, Plaintiff states as follows:

- **Lost Wages: During his approximately 39-week tenure with Defendant, Plaintiff grossed $55,384.22 (based on his W2), or approximately $1420.11 per week (on average). Despite his best and continued efforts, Plaintiff was unable to secure permanent employment, following the termination of his employment with Defendant, until he began working for Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied") on or around February 15, 2024. Plaintiff is seeking lost wages for this**

8

approximately 15-week period of unemployment. Plaintiff estimates this amount to be approximately $21,301.65. This amount is calculated as follows: $1420.11 x 15 weeks.

Additionally, Plaintiff seeks lost wages for the difference in income between his employment with Allied, and the income he would have generated from his employment with Defendant but for his unlawful termination. Through July 24, 2025, Plaintiff has derived $34,056.72 in 2025 in gross earnings through his employment with Allied (based on his Allied payment advice dated July 31, 2025), which averages to approximately $1,174.37 (calculated thus: 34,056.72 ÷ 29 weeks). Plaintiff has earned approximately $245.74 less per week in his role with Allied than in his role with Defendant, resulting in a loss of approximately $19,167.72 during his employment with Allied, as of the date hereof. This amount is calculated as follows: [$1420.11 − $1174.37] x 78 weeks.

To date, Plaintiff's total lost wages equal approximately $40,469.37. Plaintiff reserves the right to seek lost wages up until the date of trial. Plaintiff also reserves the right to seek reinstatement and/or front pay, as well as any other equitable remedy available.

- **Emotional Distress Damages:** Plaintiff is seeking emotional distress damages in the amount of $1,500,000.00. Emotional distress is a question of fact to be determined by the jury and therefore, Plaintiff is under no obligation to provide mathematical calculations. Nonetheless, Plaintiff is confident that a jury would find the Defendant's unlawful conduct to be appalling and award Plaintiff the emotional distress damages he is seeking.

- **Punitive Damages:** Plaintiff is seeking punitive damages in the amount of $3,000,000.00. This amount reflects damages that a jury might award based on the Plaintiff's experience and the Defendant's willful and intentional conduct.

- **Attorney's Fees:** Plaintiff will seek attorney's fees as available by law.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

**INTERROGATORY NO. 4:**

Please complete the below chart identifying all oral or written statements (including but not limited to affidavits, narrative statements, reports, or other documents), whether or not made by agents or employees of the Defendant in this action, that you believe support any aspect of your claims in this action.

| Date of Statement: | Written or Oral: | Who Made Statement: | To Whom Was Statement Made and/or Copied: | Substance of Statement: |
|---|---|---|---|---|
| | | | | |

**RESPONSE: Plaintiff objects to this interrogatory as vague and ambiguous in the use of the phrase "oral or written statements." Plaintiff further objects to this interrogatory as vague and ambiguous in the use of the phrase "that you believe support any aspect of your claims." Plaintiff further objects to this interrogatory as it is an improper contention interrogatory to the extent it improperly asks Plaintiff to provide the equivalent of a narrative or otherwise detailed account of "all oral or written statements" ever made by Defendant's employees that "support" any aspect of his case and violates the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1). See, e.g., *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998) ("[I]nterrogatories should not require the answering party to provide a narrative account of its case."); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997) ("Interrogatories should be targeted at discrete issues, rather than blanketing the case."). Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not properly limited in time and scope in requesting identify statements or writings without limitations on time frame or subject matter. Plaintiff further objects to this interrogatory on the grounds that it is improperly compound in including multiple unrelated subparts, such as affidavits, narrative statements, reports, and "other documents." Plaintiff further objects to this interrogatory on the grounds that it seeks prematurely information which Plaintiff is unable to determine at this early stage of litigation or that is subject to discovery and further investigation.**

**INTERROGATORY NO. 5:**

Please identify the name, address and occupation of each person or entity that has performed any study or analysis relating to the damages sought by you in this Action, and for each such person or entity, state whether a report or written opinion has been prepared, and the date of such report or opinion.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the work product doctrine and attorney-client privilege. Notwithstanding these objections and without waiving them, Plaintiff responds as follows:**

**At this early juncture, Plaintiff has yet to identify whom, if anyone, will perform a study or analysis relating to the damages sought by him in this action. To the extent**

10

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

**Plaintiff decides to utilize such an individual, Plaintiff will fully disclose the identity of such individual in accordance with the Federal Rules of Civil Procedure and any local rule or procedure required by the Court.**

**INTERROGATORY NO. 6:**

Please identify each of your employers, including self-employment, prior to your employment with Defendant, dating back to January 1, 2018, including, but not limited to, the name, address and telephone number of each employer, dates of each employment, job titles and descriptions, your salary/hourly wage including all bonuses, commissions and perquisites, names of immediate supervisors and reasons for leaving.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation, and to the extent that it seeks information regarding Plaintiff's employment prior to working for Defendant.**

**INTERROGATORY NO. 7:**

Please identify each and every other source of income you had at any time during your employment with Defendant. For each source, please provide the name, address and telephone number, the amount of income and the time period such income was provided and/or received.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation. Additionally, Plaintiff objects to this interrogatory on the grounds that it invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding his personal and confidential financial records.**
>
> **Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information related to compensation or income derived from employment, if any, held by Plaintiff concurrently with his employment with Defendant, and in response, Plaintiff states as follows: none.**

**INTERROGATORY NO. 8:**

With regard to any effort by you to obtain employment, including work as an independent contractor or through self-employment, after your separation from Defendant please identify each employer or potential employer, including, but not limited to, the names, addresses and telephone numbers of the places to which you applied for employment, the dates you applied for employment

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

at these places (or estimated dates if exact dates are unknown), the dates of your interviews for employment, if any, the name and title of each person who interviewed you for employment, the position for which you applied, and any position offered.

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in requesting multiple categories of information for all applications for employment Plaintiff may have submitted. Notwithstanding these objections and without waiving them, Plaintiff mitigated his damages by diligently seeking new employment opportunities after the unlawful termination of his employment with Defendant. Plaintiff applied for several jobs through the website Indeed. Around February 2024, Plaintiff applied for, and obtained, employment with Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied"), and he remains employed with Allied as of the date hereof. Plaintiff directs Defendant to the documents produced by Plaintiff in response to Defendant Request for Production No. 36 for additional responsive information.

**INTERROGATORY NO. 9:**
Please identify each of your employers, including self-employment, subsequent to your work for Defendant, including, but not limited to, the name, address and telephone number of each employer, dates of each employment, job titles and descriptions, your salary including all bonuses, commissions and prerequisites, names of immediate supervisors and reasons for leaving.

> **RESPONSE:** Plaintiff identifies his employers subsequent to his employment with Defendant as follows:
>
> - **Employer Name: Universal Protection Service, LLC[1]**
>   **Address: 7200 Corporate Center, Suite 600, Miami, FL 33126**
>   **Phone: (305) 262-7123**
>   **Dates of Employment: ca. 2/15/2024 - Present**
>   **Job Title: Transit Security**
>   **Salary: Approximately $26.21 per hour**
>   **Immediate Supervisor: Major Baker**
>   **Reason for Separation: N/A**
>
> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

**INTERROGATORY NO. 10:**
Please (a) separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition that you claim you experienced as a result of the facts alleged in your Amended Complaint; and (b) provide the name, address and telephone number of any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, psychiatrists, therapists, clinics, hospitals, hospices, pharmacies,

---

[1]Universal Protection Service, LLC does business as Allied Universal Security Services.

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

laboratories or any other health care provider of any kind, who has tested for, diagnosed or treated the condition identified in subsection (a).

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome in requiring Plaintiff to effectively summarize the history of emotional and psychological distress experienced by Plaintiff as a result of Defendant's conduct and the resulting damages incurred by Plaintiff. Notwithstanding this objection and without waiving it, Plaintiff states that he has experienced anxiety (beginning approximately January 2023 to present) and symptoms of depression (beginning approximately February 2024 to present) on account of his employment with Defendant. To date, Plaintiff has not sought or obtained medical treatment or mental health care services in connection with his emotional and mental distress caused by Defendant or for which he seeks recovery from Defendant.

> Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

**INTERROGATORY NO. 11:**

Please provide the name, address and telephone number of any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, psychiatrists, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has examined, treated or conducted any medical tests on you from January 1, 2020 to the present, and provide a general description of the reason for your visit to each health care practitioner.

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates his right to privacy in requesting his privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.

> Plaintiff further objects to this interrogatory on the grounds that it seeks information not relevant to the claims or defenses of the parties, and is not proportional to the needs of the case to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.

> Notwithstanding these objections and without waiving them, Plaintiff has limited his response to medical treatment received since the start of his employment with Defendant to the present in connection with the discrimination, hostile work environment, and/or retaliation to which Defendant subjected him. In response, Plaintiff states as follows: none.

> Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

**INTERROGATORY NO. 12:**

Please identify all medications (prescription and non-prescription) and drugs that you have taken for the period commencing January 1, 2020 to the present, including, but not limited to, the reasons for taking the medication, and if prescribed, the name address, telephone number and occupation of the person prescribing it.

> **RESPONSE:** **Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates his right to privacy in requesting his privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.**
>
> **Plaintiff further objects to this interrogatory on the grounds that it is seeks information not relevant to the claims or defenses of the parties, and is not proportional to the needs of the case to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.**
>
> **Notwithstanding these objections and without waiving them, Plaintiff understands the non-objection portion of this interrogatory to request Plaintiff identify the medications and drugs that Plaintiff has taken since the start of his employment with Defendant to the present in connection with the discrimination, hostile work environment, and/or retaliation to which Defendant subjected him. In response, Plaintiff states as follows:**
>
> **Plaintiff takes hemp oil (GreenIVe's $CO_2$ extracted hemp oil) and ashwagandha for his symptoms identified in his response to Interrogatory No. 10.**
>
> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

**INTERROGATORY NO. 13:**

Please identify each person whom you may use as an expert witness at trial, or with whom you have consulted, and identify the substance of the opinions provided or to be provided by each such expert.

> **RESPONSE:** **Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the work product doctrine and attorney-client privilege. Notwithstanding these objections and without waiving them, Plaintiff responds as follows:**
>
> **At this early juncture, Plaintiff has yet to identify whom, if anyone, will serve as an expert at the time of trial in this matter. To the extent Plaintiff decides to utilize an**

14

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

expert witness, Plaintiff will fully disclose the identity of such individual in accordance with the Federal Rules of Civil Procedure and any local rule or procedure required by the Court.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

**INTERROGATORY NO. 14:**
With the exception of this action, identify every legal action (which includes all administrative charges, complaints, petitions, lawsuits, arbitrations, grievances, or any other legal claims or actions including, but not limited to, any bankruptcy proceeding, regardless of whether the legal action is/was civil or criminal) to which Plaintiff has been a party, whether as a plaintiff or defendant, and state the case number and court for each such action.

<u>**RESPONSE:**</u> **None.**

**INTERROGATORY NO. 15:**
State whether you have ever been arrested, pled guilty (or nolo contendere) to, or been convicted of any criminal charge other than a minor traffic violation. If so, please state the nature of the charge, the date of the arrest, plea or conviction, the court in which the charges were raised, and the sentence you received.

<u>**RESPONSE:**</u> **Plaintiff has never been arrested, pled guilty to, or been convicted of any criminal charge other than a minor traffic violation (if any).**

**INTERROGATORY NO. 16:**
Identify every email address and every social media platform, including but not limited to Facebook, LinkedIn, Twitter, Reddit, Pinterest, Instagram, YouTube, Snapchat, Vine, WhatsApp, TikTok, or any similar websites where you have posted information, photographs or other communications, used by you to send or receive messages at any time during the period of January 1, 2023 to the present. For any social media platform identified, please provide the username (or handle) for each.

<u>**RESPONSE:**</u> **Plaintiff objects to this interrogatory as any requests related to his social media accounts bear no relevance to the claims or defenses of the parties, are unduly invasive and harassing, and not proportional to the needs of the case. Plaintiff further objects to this request on the grounds that it is overbroad. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this interrogatory, and in response, states that during the period extending from January 1, 2023 to the present, Plaintiff has used the email address account <u>trayday612@gmail.com</u>, and has used the following social media accounts identified by the username opposite to each account below:**

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

- **TikTok**     -     **@flyymillion5;**
- **Instagram**     -     **@flyymillion5; and**
- **Facebook**     -     **https://www.facebook.com/flyy.million.**

**INTERROGATORY NO. 17:**

Identify every personal cell phone number and provider that you have used to communicate about matters related to Defendant's at any time from January 1, 2023 to present. For each cell phone, provide the cell phone number, the name of the carrier, the type of cell phone (e.g., iPhone 5, iPhone 6s, Galaxy S, etc.), whether it has ever been wiped or reset, and whether the device is still in your possession.

> **RESPONSE:** Plaintiff states that during the stated period, he has used the telephone number 786-768-1893, and the cell phone carrier MetroPCS. During this period, Plaintiff has used two Android Galaxy cell phones, neither of which has ever been wiped or reset and both of which are in Plaintiff's possession.

**INTERROGATORY NO. 18:**

Identify every person from whom you have procured a sworn or unsworn declaration, affidavit, deposition, narrative, presentation, assertion, expression, audio tape, video tape or any other statement that relates in any way to any of the allegations and claims raised in the Amended Complaint other than yourself. For each person identified state (a) the dates upon which the statements were taken; (b) the identity of the person taking the statements; (c) whether the statements were written, oral or recorded; and (d) the name and address of the current custodian of such statements.

> **RESPONSE:** Plaintiff objects to this interrogatory as vague and ambiguous in the use of the terms "procured," "presentation," "declaration," "assertion," and "expression," as these terms are undefined. Plaintiff further objects to this interrogatory to the extent it is cumulative of Interrogatory No. 4. Notwithstanding these objections and without waiving them, based on Plaintiff's good-faith interpretation of this interrogatory, Plaintiff states as follows: none.
>
> Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I, WILLIE STANLEY, declare under penalty of perjury that the foregoing answers to Defendant's Interrogatories to Willie Stanley are true and correct to the best of my knowledge and belief.

Executed on _____.

_____
WILLIE STANLEY

17

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

Doc ID: 8dec841316144bacc9c12c8de49cc864825b9eac

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

        Plaintiffs,                     CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

        Defendant.

_____/

**PLAINTIFF SMITH'S RESPONSES TO DEFENDANT'S FIRST SET OF**
**INTERROGATORIES TO JAJUAN SMITH**

        Plaintiff, JAJUAN SMITH ("Plaintiff" and/or "Mr. Smith"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby serves the following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant), Interrogatories to JaJuan Smith.

        Dated:  August 11, 2025.

                                     **DEREK SMITH LAW GROUP, PLLC**
                                     *Counsel for Plaintiffs*

                                     /s/ Daniel J. Barroukh
                                     Daniel J. Barroukh, Esq.
                                     Florida Bar No. 1049271
                                     Derek Smith Law Group, PLLC
                                     520 Brickell Key Drive, Suite O-301
                                     Miami, FL 33131
                                     Tel: (305) 946-1884
                                     Fax: (305) 503-6741
                                     danielb@dereksmithlaw.com

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

## <u>SPECIFIC RESPONSES TO DEFENDANT'S INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Please provide the name, address, email address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this Action, or any fact underlying the subject matter of this Action.

**<u>RESPONSE:</u> Plaintiff has identified individuals believed to have discoverable information relevant to his claims as follows:**

- **JaJuan Smith**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **Willie Stanley**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **Leonatrae Edwards**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **Corporate Representative of Loomis Armored US, LLC**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Cesar Sandoval**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Jesus Reyes**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Dainelys Sanchez**
  **c/o Littler Mendelson, P.C.**

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Alex Perez**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **(FNU) Mendoza**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Osvaldo (LNU)**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Adrian Pita**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Dennis Allen**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Alain Magny**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Jerry Camon**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

3

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

- **Tyrone Black**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Stephan St. Cyr**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Nick Florea**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Edcel Garcia Obando**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Hirchlynn Prophile**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Josh Bullard**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Karla Neder**
  **103 Opal Drive**
  **Whittier, NC 28789**
  **Tel.: (786) 559-0595**

- **Tavaris Marshall**
  **Tel.: (305) 939-9102**

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

**INTERROGATORY NO. 2:**

Please state the specific nature and substance of the knowledge you believe the person(s) identified in your response to Interrogatory No. 1 may have.

> **RESPONSE:** Plaintiff states the specific nature and substance of the knowledge he believes the persons identified in his response to Interrogatory No. 1 may have, as follows:
>
> - **JaJuan Smith**
>
>   Plaintiff, JaJuan Smith, has knowledge regarding Plaintiff's employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Plaintiff during and after Plaintiff's employment.
>
> - **Willie Stanley**
>
>   Willie Stanley likely has knowledge regarding Mr. Smith's employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Smith during and after Mr. Smith's employment.
>
> - **Leonatrae Edwards**
>
>   Leonatrae Edwards likely has knowledge regarding Mr. Smith's employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Smith during and after Mr. Smith's employment.
>
> - **Corporate Representative of Loomis Armored US, LLC**
>
>   Defendant's Corporate Representative likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.
>
> - **Cesar Sandoval**
>
>   Cesar Sandoval likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

5

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

- **Jesus Reyes**

  Jesus Reyes likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Dainelys Sanchez**

  Dainelys Sanchez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Alex Perez**

  Alex Perez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **(FNU) Mendoza**

  As one of Defendant's drivers, Mr. Mendoza likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Jose (LNU)**

  As one of the site managers employed by Defendant, Jose (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Osvaldo (LNU)**

  As one of the supervisors employed by Defendant, Osvaldo (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Adrian Pita**

  Adrian Pita likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

- **Dennis Allen**

  Dennis Allen likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Alain Magny**

  Alain Magny likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Jerry Camon**

  Jerry Camon likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Tyrone Black**

  Tyrone Black likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Stephan St. Cyr**

  Stephan St. Cyr likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Nick Florea**

  Nick Florea likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Edcel Garcia Obando**

  Edcel Garcia Obando likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Hirchlynn Prophile**

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

Hirchlynn Prophile likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Josh Bullard**

  Josh Bullard likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Karla Neder**

  As Plaintiff's former partner, Karla Neder likely has knowledge regarding Plaintiff's employment, the claims alleged in the Amended Complaint, and Plaintiff's emotional distress and damages incurred.

- **Tavaris Marshall**

  As Plaintiff's personal friend, Tavaris Marshall likely has knowledge regarding Plaintiff's employment, the claims alleged in the Amended Complaint, and Plaintiff's emotional distress and damages incurred.

**INTERROGATORY NO. 3:**

Identify each item of damages you claim in this action, whether as an affirmative claim or as a setoff, and include in the answer:

a) the amount of damages;
b) the count or defense to which the item of damages relates;
c) the category into which each item of damages falls, i.e., back pay, front pay, compensatory damages, punitive damages, attorney's fees, interest and any other categories;
d) the factual basis for each item of damages
e) and an explanation of how Plaintiff computed each item of damages, including any mathematical formula used.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous in requesting information regarding "each item of damages" claimed by Plaintiff. Plaintiff further objects to this interrogatory on the grounds that it is an improper contention interrogatory and is unduly burdensome in requesting the "factual basis for each item of damages." Plaintiff further objects to this interrogatory on the grounds that it improperly requests an "explanation of how Plaintiff computed each items of damages," as damages are a question to be determined by a jury. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this interrogatory to seek the nature and amount of Plaintiff's claimed damages. In response, Plaintiff states as follows:

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

Plaintiff is still in the process of calculating his damages, as discovery is still ongoing. At this early juncture, Plaintiff states as follows:

- **Lost Wages: As of approximately February 22, 2024, Plaintiff has been employed by Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied"). Plaintiff seeks lost wages for the difference in income between his employment with Allied, and the income he would have generated from his employment with Defendant but for his unlawful termination. Plaintiff is still in the process of calculating these amounts and will supplement accordingly.**

  **Plaintiff reserves the right to seek lost wages up until the date of trial. Plaintiff also reserves the right to seek reinstatement and/or front pay, as well as any other equitable remedy available.**

- **Emotional Distress Damages: Plaintiff is seeking emotional distress damages in the amount of $1,500,000.00. Emotional distress is a question of fact to be determined by the jury and therefore, Plaintiff is under no obligation to provide mathematical calculations. Nonetheless, Plaintiff is confident that a jury would find the Defendant's unlawful conduct to be appalling and award Plaintiff the emotional distress damages he is seeking.**

- **Punitive Damages: Plaintiff is seeking punitive damages in the amount of $3,000,000.00. This amount reflects damages that a jury might award based on the Plaintiff's experience and the Defendant's willful and intentional conduct.**

- **Attorney's Fees: Plaintiff will seek attorney's fees as available by law.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

**INTERROGATORY NO. 4:**
Please complete the below chart identifying all oral or written statements (including but not limited to affidavits, narrative statements, reports, or other documents), whether or not made by agents or employees of the Defendant in this action, that you believe support any aspect of your claims in this action.

| Date of Statement: | Written or Oral: | Who Made Statement: | To Whom Was Statement Made and/or Copied: | Substance of Statement: |
|---|---|---|---|---|
| | | | | |

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

**RESPONSE: Plaintiff objects to this interrogatory as vague and ambiguous in the use of the phrase "oral or written statements." Plaintiff further objects to this interrogatory as vague and ambiguous in the use of the phrase "that you believe support any aspect of your claims." Plaintiff further objects to this interrogatory as it is an improper contention interrogatory to the extent it improperly asks Plaintiff to provide the equivalent of a narrative or otherwise detailed account of "all oral or written statements" ever made by Defendant's employees that "support" any aspect of his case and violates the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1). See, e.g., *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998) ("[I]nterrogatories should not require the answering party to provide a narrative account of its case."); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997) ("Interrogatories should be targeted at discrete issues, rather than blanketing the case."). Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not properly limited in time and scope in requesting identify statements or writings without limitations on time frame or subject matter. Plaintiff further objects to this interrogatory on the grounds that it is improperly compound in including multiple unrelated subparts, such as affidavits, narrative statements, reports, and "other documents." Plaintiff further objects to this interrogatory on the grounds that it seeks prematurely information which Plaintiff is unable to determine at this early stage of litigation or that is subject to discovery and further investigation.**

## INTERROGATORY NO. 5:

Please identify the name, address and occupation of each person or entity that has performed any study or analysis relating to the damages sought by you in this Action, and for each such person or entity, state whether a report or written opinion has been prepared, and the date of such report or opinion.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the work product doctrine and attorney-client privilege. Notwithstanding these objections and without waiving them, Plaintiff responds as follows:**

**At this early juncture, Plaintiff has yet to identify whom, if anyone, will perform a study or analysis relating to the damages sought by him in this action. To the extent Plaintiff decides to utilize such an individual, Plaintiff will fully disclose the identity of such individual in accordance with the Federal Rules of Civil Procedure and any local rule or procedure required by the Court.**

## INTERROGATORY NO. 6:

Please identify each of your employers, including self-employment, prior to your employment with Defendant, dating back to January 1, 2018, including, but not limited to, the name, address and telephone number of each employer, dates of each employment, job titles and descriptions, your salary/hourly wage including all bonuses, commissions and perquisites, names of immediate supervisors and reasons for leaving.

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation, and to the extent that it seeks information regarding Plaintiff's employment prior to working for Defendant.**

**INTERROGATORY NO. 7:**

Please identify each and every other source of income you had at any time during your employment with Defendant. For each source, please provide the name, address and telephone number, the amount of income and the time period such income was provided and/or received.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation. Additionally, Plaintiff objects to this interrogatory on the grounds that it invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding his personal and confidential financial records.**

**Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information related to compensation or income derived from employment, if any, held by Plaintiff concurrently with his employment with Defendant, and in response, Plaintiff states as follows: none.**

**INTERROGATORY NO. 8:**

With regard to any effort by you to obtain employment, including work as an independent contractor or through self-employment, after your separation from Defendant please identify each employer or potential employer, including, but not limited to, the names, addresses and telephone numbers of the places to which you applied for employment, the dates you applied for employment at these places (or estimated dates if exact dates are unknown), the dates of your interviews for employment, if any, the name and title of each person who interviewed you for employment, the position for which you applied, and any position offered.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in requesting multiple categories of information for all applications for employment Plaintiff may have submitted. Notwithstanding these objections and without waiving them, Plaintiff mitigated his damages by diligently seeking new employment opportunities after the unlawful termination of his employment with Defendant. Around February 2024, Plaintiff applied for, and obtained, employment with Universal Protection Service, LLC d/b/a Allied Universal**

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

Security Services ("Allied"), and he remains employed with Allied as of the date hereof.

**INTERROGATORY NO. 9:**

Please identify each of your employers, including self-employment, subsequent to your work for Defendant, including, but not limited to, the name, address and telephone number of each employer, dates of each employment, job titles and descriptions, your salary including all bonuses, commissions and prerequisites, names of immediate supervisors and reasons for leaving.

> **RESPONSE:** Plaintiff identifies his employers subsequent to his employment with Defendant as follows:
>
> - **Employer Name: Universal Protection Service, LLC[1]**
>   - **Address: 7200 Corporate Center, Suite 600, Miami, FL 33126**
>   - **Phone: (305) 262-7123**
>   - **Dates of Employment: ca. February 20, 2024 - Present**
>   - **Job Title: Transit Security Officer**
>   - **Salary: Approximately $26.00 per hour**
>   - **Immediate Supervisor: Major Baker**
>   - **Reason for Separation: N/A**

**INTERROGATORY NO. 10:**

Please (a) separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition that you claim you experienced as a result of the facts alleged in your Amended Complaint; and (b) provide the name, address and telephone number of any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, psychiatrists, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has tested for, diagnosed or treated the condition identified in subsection (a).

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome in requiring Plaintiff to effectively summarize the history of emotional and psychological distress experienced by Plaintiff as a result of Defendant's conduct and the resulting damages incurred by Plaintiff. Notwithstanding this objection and without waiving it, Plaintiff states that he has experienced anxiety, paranoia, and other emotional and mental distress.
>
> To date, Plaintiff has not sought or obtained medical treatment or mental health care services in connection with his emotional and mental distress caused by Defendant or for which he seeks recovery from Defendant.
>
> Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

---

[1] Universal Protection Service, LLC does business as Allied Universal Security Services.

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

**INTERROGATORY NO. 11:**

Please provide the name, address and telephone number of any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, psychiatrists, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has examined, treated or conducted any medical tests on you from January 1, 2020 to the present, and provide a general description of the reason for your visit to each health care practitioner.

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates his right to privacy in requesting his privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.
>
> Plaintiff further objects to this interrogatory on the grounds that it seeks information not relevant to the claims or defenses of the parties, and is not proportional to the needs of the case to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.
>
> Notwithstanding these objections and without waiving them, Plaintiff has limited his response to medical treatment received since the start of his employment with Defendant to the present in connection with the discrimination, hostile work environment, and/or retaliation to which Defendant subjected him. In response, Plaintiff states as follows: none.
>
> Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

**INTERROGATORY NO. 12:**

Please identify all medications (prescription and non-prescription) and drugs that you have taken for the period commencing January 1, 2020 to the present, including, but not limited to, the reasons for taking the medication, and if prescribed, the name address, telephone number and occupation of the person prescribing it.

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates his right to privacy in requesting his privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.
>
> Plaintiff further objects to this interrogatory on the grounds that it seeks information not relevant to the claims or defenses of the parties, and is not proportional to the

13

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

needs of the case to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.

Notwithstanding these objections and without waiving them, Plaintiff understands the non-objection portion of this interrogatory to request Plaintiff identify the medications and drugs that Plaintiff has taken since the start of his employment with Defendant to the present in connection with the discrimination, hostile work environment, and/or retaliation to which Defendant subjected him. In response, Plaintiff states as follows: none.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

**INTERROGATORY NO. 13:**

Please identify each person whom you may use as an expert witness at trial, or with whom you have consulted, and identify the substance of the opinions provided or to be provided by each such expert.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the work product doctrine and attorney-client privilege. Notwithstanding these objections and without waiving them, Plaintiff responds as follows:

At this early juncture, Plaintiff has yet to identify whom, if anyone, will serve as an expert at the time of trial in this matter. To the extent Plaintiff decides to utilize an expert witness, Plaintiff will fully disclose the identity of such individual in accordance with the Federal Rules of Civil Procedure and any local rule or procedure required by the Court.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

**INTERROGATORY NO. 14:**

With the exception of this action, identify every legal action (which includes all administrative charges, complaints, petitions, lawsuits, arbitrations, grievances, or any other legal claims or actions including, but not limited to, any bankruptcy proceeding, regardless of whether the legal action is/was civil or criminal) to which Plaintiff has been a party, whether as a plaintiff or defendant, and state the case number and court for each such action.

**RESPONSE: None.**

14

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

**INTERROGATORY NO. 15:**

State whether you have ever been arrested, pled guilty (or nolo contendere) to, or been convicted of any criminal charge other than a minor traffic violation. If so, please state the nature of the charge, the date of the arrest, plea or conviction, the court in which the charges were raised, and the sentence you received.

> **RESPONSE: Plaintiff has never been arrested, pled guilty to, or been convicted of any criminal charge other than a minor traffic violation (if any).**

**INTERROGATORY NO. 16:**

Identify every email address and every social media platform, including but not limited to Facebook, LinkedIn, Twitter, Reddit, Pinterest, Instagram, YouTube, Snapchat, Vine, WhatsApp, TikTok, or any similar websites where you have posted information, photographs or other communications, used by you to send or receive messages at any time during the period of January 1, 2023 to the present. For any social media platform identified, please provide the username (or handle) for each.

> **RESPONSE: Plaintiff objects to this interrogatory as any requests related to his social media accounts bear no relevance to the claims or defenses of the parties, are unduly invasive and harassing, and not proportional to the needs of the case. Plaintiff further objects to this request on the grounds that it is overbroad. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this interrogatory, and in response, states that during the period extending from January 1, 2023 to the present, Plaintiff has used the email address account smith.jajuan@yahoo.com, and has used the following social media accounts identified by the username, handle, or URL opposite to each account below:**

> - **Instagram      -      @younotthatimportant; and**
> - **Facebook       -      https://www.facebook.com/jajuan.smith.9**

**INTERROGATORY NO. 17:**

Identify every personal cell phone number and provider that you have used to communicate about matters related to Defendant's at any time from January 1, 2023 to present. For each cell phone, provide the cell phone number, the name of the carrier, the type of cell phone (e.g., iPhone 5, iPhone 6s, Galaxy S, etc.), whether it has ever been wiped or reset, and whether the device is still in your possession.

> **RESPONSE: Plaintiff states that during the stated period, he has used the telephone number (305) 984-1776. Plaintiff used the cell phone carrier Sprint (from a certain time before January 1, 2023 through approximately February 2024) and Xfinity (from approximately February 2024 to present). During this period, Plaintiff has used the cell phones identified below:**

> - **an iPhone 12;**

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

- **an Android Samsung (acquired around February 2024);**
- **an iPhone 8; and**
- **an Android Samsung (acquired before January 2023).**

**Plaintiff's iPhone 12 cell phone was reset once. The rest of the above-listed cell phones have never been reset or wiped while in Plaintiff's possession.**

**The first three cell phones listed above are in Plaintiff's possession. Plaintiff has made diligent search and is unable to determine whether the last-listed cell phone is still in his possession.**

**INTERROGATORY NO. 18:**

Identify every person from whom you have procured a sworn or unsworn declaration, affidavit, deposition, narrative, presentation, assertion, expression, audio tape, video tape or any other statement that relates in any way to any of the allegations and claims raised in the Amended Complaint other than yourself. For each person identified state (a) the dates upon which the statements were taken; (b) the identity of the person taking the statements; (c) whether the statements were written, oral or recorded; and (d) the name and address of the current custodian of such statements.

**<u>RESPONSE:</u> Plaintiff objects to this interrogatory as vague and ambiguous in the use of the terms "procured," "presentation," "declaration," "assertion," and "expression," as these terms are undefined. Plaintiff further objects to this interrogatory to the extent it is cumulative of Interrogatory No. 4. Notwithstanding these objections and without waiving them, based on Plaintiff's good-faith interpretation of this interrogatory, Plaintiff states as follows: none.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

16

### <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I, JAJUAN SMITH, declare under penalty of perjury that the foregoing answers to Defendant's Interrogatories to JaJuan Smith are true and correct to the best of my knowledge and belief.

Executed on ⎯⎯08 / 11 / 2025⎯⎯⎯⎯.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JAJUAN SMITH

17

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

Doc ID: 91bce9ef4fdd947fe795767ea87cd3dc0251352e

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

          Plaintiffs,                        CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

          Defendant.

_____/

## PLAINTIFF EDWARDS' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO LEONATRAE EDWARDS

       Plaintiff, LEONATRAE EDWARDS ("Plaintiff" and/or "Mr. Edwards"), by and through

his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby serves the

following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant),

Interrogatories to Leonatrae Edwards.

       Dated:  August 11, 2025.

                                        **DEREK SMITH LAW GROUP, PLLC**
                                        *Counsel for Plaintiffs*

                                        /s/ Daniel J. Barroukh
                                        Daniel J. Barroukh, Esq.
                                        Florida Bar No. 1049271
                                        Derek Smith Law Group, PLLC
                                        520 Brickell Key Drive, Suite O-301
                                        Miami, FL 33131
                                        Tel: (305) 946-1884
                                        Fax: (305) 503-6741
                                        danielb@dereksmithlaw.com

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

## SPECIFIC RESPONSES TO DEFENDANT'S INTERROGATORIES

**INTERROGATORY NO. 1:**
Please provide the name, address, email address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this Action, or any fact underlying the subject matter of this Action.

**RESPONSE:** **Plaintiff has identified individuals believed to have discoverable information relevant to his claims as follows:**

- **Leonatrae Edwards**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **Willie Stanley**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **JaJuan Smith**
  **c/o Derek Smith Law Group, PLLC**
  **520 Brickell Key Drive, Suite O-301**
  **Miami, FL 33131**

- **Corporate Representative of Loomis Armored US, LLC**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Cesar Sandoval**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Jesus Reyes**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Dainelyz Sanchez**
  **c/o Littler Mendelson, P.C.**

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500

- **Alex Perez**
  c/o Littler Mendelson, P.C.
  100 SE 2nd Street, Suite 3210
  Miami, FL 33131
  Telephone: (305) 400-7500

- **(FNU) Mendoza**
  c/o Littler Mendelson, P.C.
  100 SE 2nd Street, Suite 3210
  Miami, FL 33131
  Telephone: (305) 400-7500

- **Jose (LNU)**
  c/o Littler Mendelson, P.C.
  100 SE 2nd Street, Suite 3210
  Miami, FL 33131
  Telephone: (305) 400-7500

- **Alejandro "Fluffy" Benitez**
  c/o Littler Mendelson, P.C.
  100 SE 2nd Street, Suite 3210
  Miami, FL 33131
  Telephone: (305) 400-7500

- **Dennis Allen**
  c/o Littler Mendelson, P.C.
  100 SE 2nd Street, Suite 3210
  Miami, FL 33131
  Telephone: (305) 400-7500

- **Alain Magny**
  c/o Littler Mendelson, P.C.
  100 SE 2nd Street, Suite 3210
  Miami, FL 33131
  Telephone: (305) 400-7500

- **Jerry Camon**
  c/o Littler Mendelson, P.C.
  100 SE 2nd Street, Suite 3210
  Miami, FL 33131
  Telephone: (305) 400-7500

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

- **Tyrone Black**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Stephan St. Cyr**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

- **Nick Florea**
  **c/o Littler Mendelson, P.C.**
  **100 SE 2nd Street, Suite 3210**
  **Miami, FL 33131**
  **Telephone: (305) 400-7500**

**INTERROGATORY NO. 2:**

Please state the specific nature and substance of the knowledge you believe the person(s) identified in your response to Interrogatory No. 1 may have.

> **RESPONSE:** Plaintiff states the specific nature and substance of the knowledge he believes the persons identified in his response to Interrogatory No. 1 may have, as follows:

- **Leonatrae Edwards**

  Plaintiff, Leonatrae Edwards, has knowledge regarding Plaintiff's employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Plaintiff during and after his employment.

- **Willie Stanley**

  Willie Stanley likely has knowledge regarding Mr. Edwards' employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Edwards during and after Mr. Edwards' employment.

4

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

- **JaJuan Smith**

  **JaJuan Smith likely has knowledge regarding Mr. Edwards' employment with Defendant; the claims and allegations made in the Amended Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Edwards during and after Mr. Edwards' employment.**

- **Corporate Representative of Loomis Armored US, LLC**

  **Defendant's Corporate Representative likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Cesar Sandoval**

  **Cesar Sandoval likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Jesus Reyes**

  **Jesus Reyes likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Dainelyz Sanchez**

  **Dainelyz Sanchez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **Alex Perez**

  **Alex Perez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

- **(FNU) Mendoza**

  **As one of the drivers employed by Defendant, Mr. Mendoza likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

- **Jose (LNU)**

  As one of the site managers employed by Defendant, Jose (LNU) likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Alejandro "Fluffy" Benitez**

  Alejandro "Fluffy" Benitez likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Dennis Allen**

  Dennis Allen likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Alain Magny**

  Alain Magny likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Jerry Camon**

  Jerry Camon likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Tyrone Black**

  Tyrone Black likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

- **Stephan St. Cyr**

  Stephan St. Cyr likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

- **Nick Florea**

  **Nick Florea likely has knowledge regarding Plaintiff's employment, Plaintiff's claims alleged in the Amended Complaint, and treatment of similarly situated employees.**

**INTERROGATORY NO. 3:**

Identify each item of damages you claim in this action, whether as an affirmative claim or as a setoff, and include in the answer:

a) the amount of damages;
b) the count or defense to which the item of damages relates;
c) the category into which each item of damages falls, i.e., back pay, front pay, compensatory damages, punitive damages, attorney's fees, interest and any other categories;
d) the factual basis for each item of damages
e) and an explanation of how Plaintiff computed each item of damages, including any mathematical formula used.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous in requesting information regarding "each item of damages" claimed by Plaintiff. Plaintiff further objects to this interrogatory on the grounds that it is an improper contention interrogatory and is unduly burdensome in requesting the "factual basis for each item of damages." Plaintiff further objects to this interrogatory on the grounds that it improperly requests an "explanation of how Plaintiff computed each items of damages," as damages are a question to be determined by a jury. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this interrogatory to seek the nature and amount of Plaintiff's claimed damages. In response, Plaintiff states as follows:

Plaintiff is still in the process of calculating his damages, as discovery is still ongoing. At this early juncture, Plaintiff states as follows:

- **Lost Wages:** At the time of his unlawful termination on or about February 15, 2024, Plaintiff worked an average of 40 regular hours weekly at a rate of pay of approximately $21.00 per hour, and 10 overtime hours per week at a rate of pay of approximately $31.50 per hour.

  Between February 2024 and approximately April 12, 2025, Plaintiff was employed by Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied"). Plaintiff seeks lost wages for the difference in income between his employment with Allied, and the income he would have generated from his employment with Defendant but for his unlawful termination. Plaintiff worked an approximate average of 38 hours per week for Allied, earning approximately $20.16 per hour, or approximately $766.08 per week (on average). He earned approximately $487.50 less per

7

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

week in his role with Allied than in his role with Defendant, resulting in a loss of approximately <u>$23,335.20</u> during his approximately 60-week tenure with Allied. This amount is calculated as follows: [$1155[1] – $766.08] x 60 weeks.

Plaintiff remained unemployed from April 12, 2025 until approximately May 5, 2025, and incurred approximately $3,465.00 in lost wages during this brief period of unemployment.

As of approximately May 5, 2025, Plaintiff secured employment with TruGreen Lawn Care and is fully mitigated at this time, earning approximately $1,250.00 per week.

To date, Plaintiff's total lost wages equal approximately <u>$26,800.20</u>. Plaintiff reserves the right to seek lost wages up until the date of trial. Plaintiff also reserves the right to seek reinstatement and/or front pay, as well as any other equitable remedy available.

- **Emotional Distress Damages:** Plaintiff is seeking emotional distress damages in the amount of $1,500,000.00. Emotional distress is a question of fact to be determined by the jury and therefore, Plaintiff is under no obligation to provide mathematical calculations. Nonetheless, Plaintiff is confident that a jury would find the Defendant's unlawful conduct to be appalling and award Plaintiff the emotional distress damages he is seeking.

- **Punitive Damages:** Plaintiff is seeking punitive damages in the amount of $3,000,000.00. This amount reflects damages that a jury might award based on the Plaintiff's experience and the Defendant's willful and intentional conduct.

- **Attorney's Fees:** Plaintiff will seek attorney's fees as available by law.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

---

[1]This figure represents Plaintiff's approximate combined mean weekly pay, that is, Plaintiff's mean weekly *regular* pay in the amount of approximately $840.00 (calculated thus: $21.00 x 40 hrs.) and his mean weekly *overtime* pay in the amount of approximately $315.00 (calculated thus: $31.50 x 10 hrs.).

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

**INTERROGATORY NO. 4:**

Please complete the below chart identifying all oral or written statements (including but not limited to affidavits, narrative statements, reports, or other documents), whether or not made by agents or employees of the Defendant in this action, that you believe support any aspect of your claims in this action.

| Date of Statement: | Written or Oral: | Who Made Statement: | To Whom Was Statement Made and/or Copied: | Substance of Statement: |
|---|---|---|---|---|
|  |  |  |  |  |

> **RESPONSE:** Plaintiff objects to this interrogatory as vague and ambiguous in the use of the phrase "oral or written statements." Plaintiff further objects to this interrogatory as vague and ambiguous in the use of the phrase "that you believe support any aspect of your claims." Plaintiff further objects to this interrogatory as it is an improper contention interrogatory to the extent it improperly asks Plaintiff to provide the equivalent of a narrative or otherwise detailed account of "all oral or written statements" ever made by Defendant's employees that "support" any aspect of his case and violates the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1). See, e.g., *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998) ("[I]nterrogatories should not require the answering party to provide a narrative account of its case."); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997) ("Interrogatories should be targeted at discrete issues, rather than blanketing the case."). Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not properly limited in time and scope in requesting identify statements or writings without limitations on time frame or subject matter. Plaintiff further objects to this interrogatory on the grounds that it is improperly compound in including multiple unrelated subparts, such as affidavits, narrative statements, reports, and "other documents." Plaintiff further objects to this interrogatory on the grounds that it seeks prematurely information which Plaintiff is unable to determine at this early stage of litigation or that is subject to discovery and further investigation.

**INTERROGATORY NO. 5:**

Please identify the name, address and occupation of each person or entity that has performed any study or analysis relating to the damages sought by you in this Action, and for each such person or entity, state whether a report or written opinion has been prepared, and the date of such report or opinion.

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the work product doctrine and attorney-client privilege. Notwithstanding these objections and without waiving them, Plaintiff responds as follows:

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

**At this early juncture, Plaintiff has yet to identify whom, if anyone, will perform a study or analysis relating to the damages sought by him in this action. To the extent Plaintiff decides to utilize such an individual, Plaintiff will fully disclose the identity of such individual in accordance with the Federal Rules of Civil Procedure and any local rule or procedure required by the Court.**

**INTERROGATORY NO. 6:**

Please identify each of your employers, including self-employment, prior to your employment with Defendant, dating back to January 1, 2018, including, but not limited to, the name, address and telephone number of each employer, dates of each employment, job titles and descriptions, your salary/hourly wage including all bonuses, commissions and perquisites, names of immediate supervisors and reasons for leaving.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation, and to the extent that it seeks information regarding Plaintiff's employment prior to working for Defendant.**

**INTERROGATORY NO. 7:**

Please identify each and every other source of income you had at any time during your employment with Defendant. For each source, please provide the name, address and telephone number, the amount of income and the time period such income was provided and/or received.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, not proportional to the needs of the case, and seeks information not relevant to the claims or defenses of the parties to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation. Additionally, Plaintiff objects to this interrogatory on the grounds that it invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding his personal and confidential financial records.**
>
> **Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information related to compensation or income derived from employment, if any, held by Plaintiff concurrently with his employment with Defendant, and in response, Plaintiff states as follows: none.**

**INTERROGATORY NO. 8:**

With regard to any effort by you to obtain employment, including work as an independent contractor or through self-employment, after your separation from Defendant please identify each employer or potential employer, including, but not limited to, the names, addresses and telephone

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

numbers of the places to which you applied for employment, the dates you applied for employment at these places (or estimated dates if exact dates are unknown), the dates of your interviews for employment, if any, the name and title of each person who interviewed you for employment, the position for which you applied, and any position offered.

**RESPONSE:** **Plaintiff objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in requesting multiple categories of information for all applications for employment Plaintiff may have submitted. Notwithstanding these objections and without waiving them, Plaintiff mitigated his damages by diligently seeking new employment opportunities after the unlawful termination of his employment with Defendant. Plaintiff applied for several jobs through the website Indeed. Around February 2024, Plaintiff applied for, and obtained, employment with Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied"), with whom he was employed between February 2024 (approximately) and April 12, 2025 (approximately). After he resigned from Allied, Plaintiff diligently sought new employment opportunities and, in early May 2025 approximately, he was hired by TruGreen Lawn Care, with whom he remains employed as of the date hereof. Plaintiff directs Defendant to the documents produced by Plaintiff in response to Defendant Request for Production No. 37 for additional responsive information.**

**INTERROGATORY NO. 9:**
Please identify each of your employers, including self-employment, subsequent to your work for Defendant, including, but not limited to, the name, address and telephone number of each employer, dates of each employment, job titles and descriptions, your salary including all bonuses, commissions and prerequisites, names of immediate supervisors and reasons for leaving.

**RESPONSE:** **Plaintiff identifies his employers subsequent to his employment with Defendant as follows:**

- **Employer Name: Universal Protection Service, LLC[2]**
  - **Address: 7200 Corporate Center, Suite 600, Miami, FL 33126**
  - **Phone: (305) 262-7123**
  - **Dates of Employment: ca. February 2024 – ca. April 12, 2025**
  - **Job Title: Security Officer**
  - **Salary: Approximately $20.16 per hour**
  - **Immediate Supervisor: Jonathan Sosa**
  - **Reason for Separation: Resigned**

- **Employer Name: TruGreen Lawn Care**
  - **Address: 240 James Jackson Ave., Cary, NC 27513**
  - **Phone: (919) 467-0660**
  - **Dates of Employment: ca. early May 2025 – Present**
  - **Job Title: Lawn Tech**

---

[2]**Universal Protection Service, LLC does business as Allied Universal Security Services.**

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

- **Salary: Approximately $20.00 per hour**
- **Immediate Supervisor: Mike**
- **Reason for Separation: N/A**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

**INTERROGATORY NO. 10:**

Please (a) separately identify each and every disease, illness, injury, disability, defect, medical symptom or other physical or mental condition that you claim you experienced as a result of the facts alleged in your Amended Complaint; and (b) provide the name, address and telephone number of any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, psychiatrists, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has tested for, diagnosed or treated the condition identified in subsection (a).

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome in requiring Plaintiff to effectively summarize the history of emotional and psychological distress experienced by Plaintiff as a result of Defendant's conduct and the resulting damages incurred by Plaintiff. Notwithstanding this objection and without waiving it, Plaintiff states that he has experienced the following symptoms on account of his employment with Defendant: headaches (consistently and throughout his employment with Defendant); trouble sleeping (throughout his employment with Defendant); depression (during his employment with Defendant and subsequent to Defendant's unlawful termination of his employment).**
>
> **To date, Plaintiff has not sought or obtained medical treatment or mental health care services in connection with his emotional and mental distress caused by Defendant or for which he seeks recovery from Defendant.**
>
> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

**INTERROGATORY NO. 11:**

Please provide the name, address and telephone number of any and all health care practitioners, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, psychiatrists, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind, who has examined, treated or conducted any medical tests on you from January 1, 2018 to the present, and provide a general description of the reason for your visit to each health care practitioner.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates his right to privacy in requesting his privileged and confidential medical records to the extent it requests information**

12

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

**concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.**

**Plaintiff further objects to this interrogatory on the grounds that it seeks information not relevant to the claims or defenses of the parties, and is not proportional to the needs of the case to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.**

**Notwithstanding these objections and without waiving them, Plaintiff has limited his response to medical treatment received since the start of his employment with Defendant to the present in connection with the discrimination, hostile work environment, and/or retaliation to which Defendant subjected him. In response, Plaintiff states as follows: none.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

## INTERROGATORY NO. 12:

Please identify all medications (prescription and non-prescription) and drugs that you have taken for the period commencing January 1, 2019 to the present, including, but not limited to, the reasons for taking the medication, and if prescribed, the name address, telephone number and occupation of the person prescribing it.

> **RESPONSE:** **Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates his right to privacy in requesting his privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.**
>
> **Plaintiff further objects to this interrogatory on the grounds that it seeks information not relevant to the claims or defenses of the parties, and is not proportional to the needs of the case to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.**
>
> **Notwithstanding these objections and without waiving them, Plaintiff understands the non-objection portion of this interrogatory to request Plaintiff identify the medications and drugs that Plaintiff has taken since the start of his employment with Defendant to the present in connection with the discrimination, hostile work environment, and/or retaliation to which Defendant subjected him. In response, Plaintiff states as follows: none.**

13

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

**INTERROGATORY NO. 13:**

Please identify each person whom you may use as an expert witness at trial, or with whom you have consulted, and identify the substance of the opinions provided or to be provided by each such expert.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the work product doctrine and attorney-client privilege. Notwithstanding these objections and without waiving them, Plaintiff responds as follows:**

**At this early juncture, Plaintiff has yet to identify whom, if anyone, will serve as an expert at the time of trial in this matter. To the extent Plaintiff decides to utilize an expert witness, Plaintiff will fully disclose the identity of such individual in accordance with the Federal Rules of Civil Procedure and any local rule or procedure required by the Court.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

**INTERROGATORY NO. 14:**

With the exception of this action, identify every legal action (which includes all administrative charges, complaints, petitions, lawsuits, arbitrations, grievances, or any other legal claims or actions including, but not limited to, any bankruptcy proceeding, regardless of whether the legal action is/was civil or criminal) to which Plaintiff has been a party, whether as a plaintiff or defendant, and state the case number and court for each such action.

**RESPONSE: None.**

**INTERROGATORY NO. 15:**

State whether you have ever been arrested, pled guilty (or nolo contendere) to, or been convicted of any criminal charge other than a minor traffic violation. If so, please state the nature of the charge, the date of the arrest, plea or conviction, the court in which the charges were raised, and the sentence you received.

**RESPONSE: Plaintiff has never been arrested, pled guilty to, or been convicted of any criminal charge other than a minor traffic violation (if any).**

**INTERROGATORY NO. 16:**

Identify every email address and every social media platform, including but not limited to Facebook, LinkedIn, Twitter, Reddit, Pinterest, Instagram, YouTube, Snapchat, Vine, WhatsApp, TikTok, or any similar websites where you have posted information, photographs or other communications, used by you to send or receive messages at any time during the period of January

14

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

1, 2021 to the present. For any social media platform identified, please provide the username (or handle) for each.

**RESPONSE: Plaintiff objects to this interrogatory as any requests related to his social media accounts bear no relevance to the claims or defenses of the parties, are unduly invasive and harassing, and not proportional to the needs of the case. Plaintiff further objects to this request on the grounds that it is overbroad. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this interrogatory, and in response, states that during the period extending from January 1, 2021 to the present, Plaintiff has used the email address account leonatrae@gmail.com, and has used the following social media accounts identified by the username, handle, or URL opposite to each account below:**

- **TikTok        -        @lifewithtrae;**
- **Instagram    -        @lifewithtrae; and**
- **Facebook     -        https://www.facebook.com/leonatrae.edwards**

**INTERROGATORY NO. 17:**

Identify every personal cell phone number and provider that you have used to communicate about matters related to Defendant's at any time from January 1, 2021 to present. For each cell phone, provide the cell phone number, the name of the carrier, the type of cell phone (e.g., iPhone 5, iPhone 6s, Galaxy S, etc.), whether it has ever been wiped or reset, and whether the device is still in your possession.

**RESPONSE: To the best of his recollection, during the stated time period Plaintiff has used the cell phone number 786-650-5238. Although he cannot precisely recall, Plaintiff may have also used the cell phone number 786-661-9914 during the stated period. Plaintiff has used Verizon as his cell phone carrier for the least 2 or 3 years, and prior to Verizon, he used Cricket Wireless as his cell phone carrier.**

**Since approximately June 2025, Plaintiff has owned an iPhone 16 cell phone. This phone has never been wiped or reset and is in the Plaintiff's possession.**

**INTERROGATORY NO. 18:**

Identify every person from whom you have procured a sworn or unsworn declaration, affidavit, deposition, narrative, presentation, assertion, expression, audio tape, video tape or any other statement that relates in any way to any of the allegations and claims raised in the Amended Complaint other than yourself. For each person identified state (a) the dates upon which the statements were taken; (b) the identity of the person taking the statements; (c) whether the statements were written, oral or recorded; and (d) the name and address of the current custodian of such statements.

**RESPONSE: Plaintiff objects to this interrogatory as vague and ambiguous in the use of the terms "procured," "presentation," "declaration," "assertion," and**

15

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

"expression," as these terms are not defined. Plaintiff further objects to this interrogatory to the extent it is cumulative of Interrogatory No. 4. Notwithstanding these objections and without waiving them, based on Plaintiff's good-faith interpretation of this interrogatory, Plaintiff states as follows: none.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

16

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

## **<u>VERIFICATION</u>**

Pursuant to 28 U.S.C. § 1746, I, LEONATRAE EDWARDS, declare under penalty of perjury that the foregoing answers to Defendant's Interrogatories to Leonatrae Edwards are true and correct to the best of my knowledge and belief.

Executed on ___08 / 11 / 2025_____.

_____
LEONATRAE EDWARDS

17

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

Doc ID: 32b5cc7ef0a2f139287c146dea39ae454014c25b

<div align="center">

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

</div>

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

        Plaintiffs,                         CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

        Defendant.

_____/

<div align="center">

**PLAINTIFF STANLEY'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO WILLIE STANLEY**

</div>

Plaintiff, WILLIE STANLEY ("Plaintiff" and/or "Mr. Stanley"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves the following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant"), First Request for Production to Willie Stanley.

    Dated:  August 11, 2025.

                                  **DEREK SMITH LAW GROUP, PLLC**
                                  *Counsel for Plaintiffs*

                                  /s/ Daniel J. Barroukh_____
                                  Daniel J. Barroukh, Esq.
                                  Florida Bar No. 1049271
                                  Derek Smith Law Group, PLLC
                                  520 Brickell Key Drive, Suite O-301
                                  Miami, FL 33131
                                  Tel: (305) 946-1884
                                  Fax: (305) 503-6741
                                  danielb@dereksmithlaw.com

<u>**SPECIFIC RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**</u>

1.      All documents reviewed or relied upon in connection with the preparation of Plaintiff's answers to Defendant's First Set of Interrogatories.

<u>**RESPONSE:**</u> **Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0298 and WS0361-WS0365.**

2.      All documents identified and/or listed in Plaintiff's answers to Defendant's First Set of Interrogatories.

<u>**RESPONSE:**</u> **Plaintiff is not in possession of any such documents other than those provided herein.**

3.      All documents identified or referred to in the Amended Complaint, or that were used or relied upon when preparing the Amended Complaint.

<u>**RESPONSE:**</u> **Plaintiff is not in possession of any such documents other than those provided herein.**

4.      All documents, including without limitation handwritten notes, that relate to or support any allegation or claim set forth in the Amended Complaint or that Plaintiff may or could use in response to any defense asserted by Defendant.

<u>**RESPONSE:**</u> **Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and impermissibly vague and ambiguous in its use of the phrase "documents … that relate to or support any allegation or claim set forth in the Amended Complaint," etc. This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Plaintiff further objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.**

**Plaintiff is withholding responsive documents on the basis of his objection grounded in attorney-client privilege and the work product doctrine. Due to the ambiguity and**

**overbreadth of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of the rest of his objections.**

5.       All documents, communications, postings, messages and/or discussions made by Plaintiff on any social media sites or platforms (including but not limited to Facebook, Instagram, Tumblr, SnapChat, Pinterest, Twitter, LinkedIn, Myspace, TikTok, etc.), blogs, and online fora, which Plaintiff had or has joined, posted to, or otherwise used or participated in from January 1, 2023 to present, that state, describe, reflect, support, or relate to the Parties' allegations, claims, and/or defenses in this Action, or that otherwise concern or relate to Defendant or any facts upon which your claim is based, excluding any communications exclusively between you and your attorneys.

> **RESPONSE: Plaintiff objects to this request on the grounds that any requests related to Plaintiff's social media activity bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing. Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control.**

> **Plaintiff is withholding no responsive documents on the basis of the aforementioned objection.**

6.       All documents which relate or refer in any way to your employment with Defendant, at any time, including but not limited to, employment applications, job descriptions, leaves of absence, medical records and documents about your health shared with Defendant, efforts to secure new/alternative positions, records of wages and benefits, job performance, job evaluations, discipline, complaints, grievances, employee handbooks, policy manuals, correspondence and memoranda, and documents to and from you.

> **RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

7.      All documents that relate or refer to any position(s) that you held at Defendant including without limitation documents referring or relating to your performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE: Plaintiff objects to this request on the grounds that it is duplicative in part of RP No. 6 and refers Defendant accordingly to his response to RP No. 6.**

8.      All documents, correspondence, and communications between Plaintiff and any current or former director, officer, manager, agent, or employee of Defendant from January 1, 2023 to the present.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0321-WS0324 and WS0329-WS0331. Plaintiff will supplement his production if and when additional responsive documents are located.**

9.      All documents that pertain to any medical or mental health diagnosis, treatment, or therapy Plaintiff has sought or received from January 1, 2020 to the present, including copies of reports, notes, psychotherapy records, psychotherapy notes, prescriptions, imaging, x-rays, correspondence, bills, agreements, admission and discharge records, progress reports, and test results.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents not relevant to the claims or defenses of the parties to the extent it requests documents concerning Plaintiff's medical or mental health treatment occurring prior to his employment with Defendant or medical or mental health treatment otherwise unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response states there are no responsive documents in his custody, possession, or control.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

10.     All documents exchanged (that Plaintiff has submitted, or that has been submitted on Plaintiff's behalf), and/or that Plaintiff has received (or that have been received on Plaintiff's behalf), with (i) the Florida Commission on Human Relations ("FCHR"); (ii) the United States Equal Employment Opportunity Commission ("EEOC"); (iii) the United States Department of Labor ("DOL"); the Miami-Dade Commission on Human Relations (MDCHR); or (iv) any other government agency, court, or administrative or arbitral tribunal, relating to Plaintiff's claims against, or employment with, Defendant.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties to the extent it seeks documents related to any claims for unemployment compensation made to a government agency, as any claims Plaintiff may have made for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0367—WS0402.**

> **Plaintiff is withholding responsive documents on the basis of the foregoing objections.**

11.     All documents that support, refer, relate, or constitute the total number of hours you allegedly worked during each week of your employment.

> **RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

12.     All documents that relate or refer to your regular hourly rate received during any or all weeks of your employment with Defendant.

> **RESPONSE: Plaintiff objects to this request as it is vague and ambiguous in its use of the phrase "that relate or refer to your regular hourly rate." Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

> **Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

5

13.     All documents showing and/or relating to the hours you worked for Defendant during your employment, including but not limited to, logs, time records, schedules, reviews, reports, personnel documents, and descriptions of your job responsibilities and duties.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of Request No. 11. Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

14.     All documents that relate or refer to the compensation received by you during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates No. WS0298.**

15.     All payroll check stubs which relate or refer to the hours worked by you with Defendant and the amount or source of all income received by you during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

16.     All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Defendant at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from employment, if any, held concurrently with his**

employment with Defendant, and in response Plaintiff states there are no responsive documents in his possession, custody, or control.

Plaintiff is withholding responsive documents on the basis of the foregoing objections.

17.     All documents that showing the job duties that you performed at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of RP No. 6 and directs Defendant accordingly to his response to RP No. 6.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

18.     All Documents that support refer or relate to your allegation that you were subjected to sexual harassment from Cesar Sandoval while employed with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

19.     All Documents that support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

20.     All Documents that support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

21.     All Documents that support, refer, or relate to your allegation that you were subjected to differential treatment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to differential treatment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

22.     All Documents that reflect or relate to any reports of discrimination, harassment, or retaliation you allegedly made to Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous as the term "reports" is not defined. Notwithstanding this objection and without waiving it, based on Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.**

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.

Plaintiff is not withholding responsive documents on the basis of these objections.

23.   All Documents that support, refer, or relate to your allegation that you were subjected to retaliation by Defendant.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to retaliation by Defendant." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. WS0329—WS0330.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing. Plaintiff will supplement his production if and when additional responsive documents are located.

Plaintiff is not withholding responsive documents on the basis of these objections.

24.   All Documents that support your claim that Cesar Sandoval told Plaintiff he was a "sexy man," and that "Sandoval would eat Mr. Stanley up for dinner, and send sexual messages to Defendant's employees in company-wide WhatsApp chats."

**RESPONSE:** None in Plaintiff's possession, custody, or control.

Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.

25.   All Documents that support your claim that Jesus Reyes called Plaintiff and his black coworkers despicable words, including but not limited to, "nigger," "negro," (a Spanish word that translates to nigger), "maricon," (a Spanish word that translates to faggot), "puta" (a Spanish word that translates to bitch), and "motherfuckers.

9

**RESPONSE: None in Plaintiff's possession, custody, or control.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

26.     All documents reflecting communications between you and Dainelyz Sanchez regarding your allegations of sexual harassment, retaliation, disparate treatment and/or discrimination."

**RESPONSE: Plaintiff objects to this request as duplicative in part of RP No. 8 and refers Defendant accordingly to his response to RP No. 8.**

27.     All documents and logs of your telephone calls, SMS/MMS/text messages, and social media message from January 1, 2023 through present between you and Defendant or any representative thereof.

**RESPONSE: Plaintiff objects to this request on the grounds that it is so ambiguous, vague, and unintelligible that Plaintiff cannot determine the nature of the documents sought.**

**Due to the ambiguity of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of his foregoing objections.**

28.     All documents that refer to or constitute any training you received during your employment with Defendant.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0002—WS0293.**

29.     All documents that relate or refer to the elements of Plaintiff's claim for damages and/or upon which Plaintiff relies for the determination, computation, and/or itemization of any alleged damages claimed by Plaintiff in this Action. This request includes, but is not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and

medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is impermissibly vague and ambiguous in its use of the phrase "relate or refer to the elements of Plaintiff's claim for damages." This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0298 and WS0361-WS0365.
>
> **Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

30.     All documents submitted to and/or received from any unemployment compensation office since leaving your employment with Defendant.

> **RESPONSE:** Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties.
>
> **Plaintiff is withholding responsive documents on the basis of the foregoing objection.**

31.     Plaintiff's federal, state, and/or local income tax returns, including Forms W-2 and any schedules and attachments, for tax years 2019 to the present.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around January 2023 to the present, and in response Plaintiff will produce responsive documents marked as WS0298 and WS0361-WS0365.
>
> **Plaintiff is withholding responsive documents on the basis of these objections.**

32.     All documents reflecting, concerning, or evidencing your income, salary, pay or any remuneration from any source other than Defendant from January 1, 2019 to the present.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around January 2023 to the present, and in response Plaintiff will produce responsive documents marked as WS0298 and WS0361-WS0365.

> Plaintiff is withholding responsive documents on the basis of these objections.

33.     All document which relate or refer to the hours worked by you for anyone, and the amount or source of all income received by you from anyone, from January 1, 2019, to present.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in requesting documents containing information regarding work-related income derived by Plaintiff prior to prior to his employment with Defendant. Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around January 2023 to the present, and in response Plaintiff will produce responsive documents marked as WS0298 and WS0361-WS0365.

> Plaintiff is withholding responsive documents on the basis of these objections.

34.     All documents that relate or refer to any claim(s) Plaintiff has made for any type of government (federal, state, or local) benefits assistance during or after Plaintiff's employment with Defendant.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other forms of

12

**governmental assistance would have no bearing on his damages or his efforts to mitigate his damages.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

35.     Any documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant, including but not limited to, résumés, job applications, personnel policies, employee handbooks, benefit plans, job evaluations, pay stubs, and job descriptions.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not reasonably limited in time and scope in requesting "documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant," to include various categories of documents unrelated to Plaintiff's mitigation efforts. Notwithstanding these objections and without waiving them, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. WS0298 and WS0361-WS0365.

> **Plaintiff is not withholding responsive documents on the basis of these objections.**

36.     All documents that refer or relate to your efforts to obtain employment and/or work as an independent contractor after your separation from Defendant to the present, including, but not limited to, all résumés used by you, all correspondence between you and prospective employers, all Documents submitted by you to prospective employers or persons whose assistance you sought in connection with your efforts to obtain employment, and all documents submitted to you by prospective employers.

> **RESPONSE:** Plaintiff will produce responsive documents, marked as Plaintiff Bates WS0333—WS0360.

37.     All documents which relate or refer to your employment, work as an independent contractor, or self-employment after your separation from Defendant to present, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

38.     All hospital, medical, surgical, psychiatric, psychotherapy, psychological, nursing, pharmacy, rehabilitation therapy, clinic, emergency department, and other health care provider records, reports, test results, correspondence and other items relating to or connected with the care, evaluation and treatment rendered to you from January 1, 2020 to the present.

**RESPONSE: Plaintiff objects to this request as it is duplicative or cumulative of RP No. 9 and refers Defendant to his response to RP No. 9.**

39.     All documents relating to any personal injury or illness, whether physical, emotional, or mental, which you contend resulted from your employment with Defendant, including, but not limited to, all medical records, psychotherapy notes/records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, psychologist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

40.     Copies of all statements (written, recorded, sworn or otherwise), provided by Plaintiff to anyone, or to Plaintiff by/from anyone, relating to the subject matter of this Action.

**RESPONSE: Plaintiff objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "statements" in this context, as it is unclear what documents are being sought.**

41.     All photographs, videotapes, or other visual recordings that support any of Plaintiff's claims or that could be used in response to any defense asserted by Defendant. All

associated metadata shall be produced, including (at minimum): Source, Date and Time Sent, Date and Time Received, Read Status, From and To, Media/Attachment(s).

**RESPONSE: Plaintiff will produce responsive document marked as Plaintiff Bates No. WS0001.**

42.     Copies of all pleadings or any relevant papers that refer or relate to all lawsuits, grievances, administrative charges and actions, petitions, arbitrations, or any other legal claims or actions threatened or filed by or on behalf of Plaintiff against any current or former employer other than Defendant related to discrimination, harassment, FMLA interference, and/or retaliation.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

43.     Any report or other documents provided to Plaintiff by a private investigator that relate or refer to this Action.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

44.     All documents that relate or refer to any arrest, plea bargain, and/or conviction of and/or by Plaintiff for any criminal offense.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

45.     All written reports (including drafts) prepared by the experts identified in your response to Defendant's Interrogatories, as well as all exhibits and other documents attached thereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

46.     All documents reviewed, examined, or relied upon by the experts identified in your response to Defendant's Interrogatories.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

47.     All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs, and disbursements in connection with this Action.

**RESPONSE: Plaintiff objects to this request as invading the attorney-client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney-client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy"). Plaintiff further objects to this request on the grounds that it seeks documents not relevant to the claims or defenses of the parties and is not proportional to the needs of the case.**

48.     All documents that you intend to rely upon, use, or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is the final trial on the merits).

**RESPONSE: Plaintiff objects to this request on the grounds that it invades the attorney client privilege and work product privilege because it seeks the mental impressions, ideas, and strategies of Plaintiff's counsel with respect to preparation for trial or any evidentiary hearing. At this time, Plaintiff cannot determine which documents would be used in any future hearing or trial, and Plaintiff therefore directs Defendant to the responsive documents produced herein.**

49.     Executed Request for Copy of Tax Return (IRS Form 4506), attached hereto, for the last five years.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting disclosure of documents regarding her personal and confidential financial records.**

50.     Executed Request for Copy of Department of Economic Opportunity Release, attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made before the Department of Economic Opportunity for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages.**

51.     Executed Social Security Administration Consent for Release of Information (Form SSA-3288), attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's Social Security records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution.**

52.     Executed HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind identified for you in response to Defendant's First Set of Interrogatories to Plaintiff.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

<u>*/s/ Daniel J. Barroukh*</u>
Daniel J. Barroukh, Esq.

## <u>SERVICE LIST</u>

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

    Plaintiffs,        CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

    Defendant.

_____/

### PLAINTIFF SMITH'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO JAJUAN SMITH

  Plaintiff, JAJUAN SMITH ("Plaintiff" and/or "Mr. Smith"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves the following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant"), First Request for Production to JaJuan Smith.

  Dated:  August 11, 2025.

            **DEREK SMITH LAW GROUP, PLLC**
            *Counsel for Plaintiffs*


            /s/ Daniel J. Barroukh
            Daniel J. Barroukh, Esq.
            Florida Bar No. 1049271
            Derek Smith Law Group, PLLC
            520 Brickell Key Drive, Suite O-301
            Miami, FL 33131
            Tel: (305) 946-1884
            Fax: (305) 503-6741
            danielb@dereksmithlaw.com

**SPECIFIC RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

1.      All documents reviewed or relied upon in connection with the preparation of Plaintiff's answers to Defendant's First Set of Interrogatories.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

2.      All documents identified and/or listed in Plaintiff's answers to Defendant's First Set of Interrogatories.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

3.      All documents identified or referred to in the Amended Complaint, or that were used or relied upon when preparing the Amended Complaint.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

4.      All documents, including without limitation handwritten notes, that relate to or support any allegation or claim set forth in the Amended Complaint or that Plaintiff may or could use in response to any defense asserted by Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and impermissibly vague and ambiguous in its use of the phrase "documents … that relate to or support any allegation or claim set forth in the Amended Complaint," etc. This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Plaintiff further objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.**

**Plaintiff is withholding responsive documents on the basis of his objection grounded in attorney-client privilege and the work product doctrine. Due to the ambiguity and overbreadth of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of the rest of his objections.**

5.      All documents, communications, postings, messages and/or discussions made by Plaintiff on any social media sites or platforms (including but not limited to Facebook, Instagram, Tumblr, SnapChat, Pinterest, Twitter, LinkedIn, Myspace, TikTok, etc.), blogs, and online fora, which Plaintiff had or has joined, posted to, or otherwise used or participated in from January 1, 2023 to present, that state, describe, reflect, support, or relate to the Parties' allegations, claims, and/or defenses in this Action, or that otherwise concern or relate to Defendant or any facts upon which your claim is based, excluding any communications exclusively between you and your attorneys.

**RESPONSE: Plaintiff objects to this request on the grounds that any requests related to Plaintiff's social media activity bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing. Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control.**

**Plaintiff is withholding no responsive documents on the basis of the aforementioned objection.**

6.      All documents which relate or refer in any way to your employment with Defendant, at any time, including but not limited to, employment applications, job descriptions, leaves of absence, medical records and documents about your health shared with Defendant, efforts to secure new/alternative positions, records of wages and benefits, job performance, job evaluations, discipline, complaints, grievances, employee handbooks, policy manuals, correspondence and memoranda, and documents to and from you.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

7.      All documents that relate or refer to any position(s) that you held at Defendant including without limitation documents referring or relating to your performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE: Plaintiff objects to this request on the grounds that it is duplicative in part of RP No. 6 and refers Defendant accordingly to his response to RP No. 6.**

8.      All documents, correspondence, and communications between Plaintiff and any current or former director, officer, manager, agent, or employee of Defendant from July 1, 2022 to the present.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.**

9.      All documents that pertain to any medical or mental health diagnosis, treatment, or therapy Plaintiff has sought or received from January 1, 2020 to the present, including copies of reports, notes, psychotherapy records, psychotherapy notes, prescriptions, imaging, x-rays, correspondence, bills, agreements, admission and discharge records, progress reports, and test results.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents not relevant to the claims or defenses of the parties to the extent it requests documents concerning Plaintiff's medical or mental health treatment occurring prior to his employment with Defendant or medical or mental health treatment otherwise unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response states there are no responsive documents in his custody, possession, or control.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

10.     All documents exchanged (that Plaintiff has submitted, or that has been submitted on Plaintiff's behalf), and/or that Plaintiff has received (or that have been received on Plaintiff's behalf), with (i) the Florida Commission on Human Relations ("FCHR"); (ii) the United States Equal Employment Opportunity Commission ("EEOC"); (iii) the United States Department of

Labor ("DOL"); the Miami-Dade Commission on Human Relations (MDCHR); or (iv) any other government agency, court, or administrative or arbitral tribunal, relating to Plaintiff's claims against, or employment with, Defendant.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties to the extent it seeks documents related to any claims for unemployment compensation made to a government agency, as any claims Plaintiff may have made for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0180—JS0211.
>
> Plaintiff is withholding no responsive documents on the basis of the foregoing objections.

11.     All documents that support, refer, relate, or constitute the total number of hours you allegedly worked during each week of your employment.

> **RESPONSE:** Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.

12.     All documents that relate or refer to your regular hourly rate received during any or all weeks of your employment with Defendant.

> **RESPONSE:** Plaintiff objects to this request as it is vague and ambiguous in its use of the phrase "that relate or refer to your regular hourly rate." Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.
>
> Plaintiff is withholding no responsive documents on the basis of the foregoing objection.

13.     All documents showing and/or relating to the hours you worked for Defendant during your employment, including but not limited to, logs, time records, schedules, reviews, reports, personnel documents, and descriptions of your job responsibilities and duties.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of Request No. 11. Notwithstanding this objection and without waiving it, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.**

14.     All documents that relate or refer to the compensation received by you during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033—JS0034.**

15.     All payroll check stubs which relate or refer to the hours worked by you with Defendant and the amount or source of all income received by you during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

16.     All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Defendant at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from employment, if any, held concurrently with his employment with Defendant, and in response Plaintiff states there are no responsive documents in his possession, custody, or control.**

**Plaintiff is withholding responsive documents on the basis of the foregoing objections.**

17.     All documents that showing the job duties that you performed at any time during your employment with Defendant.

**RESPONSE:** Plaintiff objects to this request as it is duplicative in part of RP No. 6 and directs Defendant accordingly to his response to RP No. 6.

Plaintiff is withholding no responsive documents on the basis of the foregoing objections.

18.     All Documents that support refer or relate to your allegation that you were subjected to sexual harassment from Cesar Sandoval while employed with Defendant.

**RESPONSE:** None in Plaintiff's possession, custody, or control.

19.     All Documents that support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.

Plaintiff is not withholding responsive documents on the basis of these objections.

20.     All Documents that support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.

Plaintiff is not withholding responsive documents on the basis of these objections.

21.     All Documents that support, refer, or relate to your allegation that you were subjected to differential treatment.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to differential treatment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.
>
> **Plaintiff is not withholding responsive documents on the basis of these objections**

22.     All Documents that reflect or relate to any reports of discrimination, harassment, or retaliation you allegedly made to Defendant.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is vague and ambiguous as the term "reports" is not defined. Notwithstanding this objection and without waiving it, based on Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.
>
> **Plaintiff is not withholding responsive documents on the basis of these objections.**

23.     All Documents that support, refer, or relate to your allegation that you were subjected to retaliation by Defendant.

> **RESPONSE:** Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to retaliation by Defendant." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff will produce the responsive documents marked as Plaintiff Bates Nos. JS0020-JS0032, JS0035-JS0174.
>
> **Plaintiff is not withholding responsive documents on the basis of these objections.**

24.     All Documents that support your claim that Cesar Sandoval sent sexual messages to Defendant's employees in company-wide WhatsApp chats."

8

**RESPONSE: None in Plaintiff's possession, custody, or control.**

25.    All Documents that support your claim that while Plaintiff was being finger-printed to obtain additional security clearance, Cesar Sandoval "walked over and said, "let me finger you.""

**RESPONSE: None in Plaintiff's possession, custody, or control.**

26.    All Documents that support your claim that Jesus Reyes called Plaintiff and his black coworkers despicable words, including but not limited to, "nigger," "negro," (a Spanish word that translates to nigger), "maricon," (a Spanish word that translates to faggot), "puta" (a Spanish word that translates to bitch), and "motherfuckers.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

27.    All documents reflecting communications between you and Dainelyz Sanchez regarding your allegations of sexual harassment, retaliation, disparate treatment and/or discrimination."

**RESPONSE: Plaintiff objects to this request as duplicative in part of RP No. 8 and refers Defendant accordingly to his response to RP No. 8.**

28.    All Documents that support your claim that plaintiff saw Mr. Stanley make a report of sexual harassment to Dainelyz Sanchez and further saw Sanchez disregard and dismiss the complaint abruptly.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

29.     All documents and logs of your telephone calls, SMS/MMS/text messages, and social media message from July 1, 2022 through present between you and Defendant or any representative thereof.

**RESPONSE: Plaintiff objects to this request on the grounds that it is so ambiguous, vague, and unintelligible that Plaintiff cannot determine the nature of the documents sought.**

**Due to the ambiguity of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of his foregoing objections.**

30.     All documents that refer to or constitute any training you received during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

31.     All documents that relate or refer to the elements of Plaintiff's claim for damages and/or upon which Plaintiff relies for the determination, computation, and/or itemization of any alleged damages claimed by Plaintiff in this Action. This request includes, but is not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

**RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly vague and ambiguous in its use of the phrase "relate or refer to the elements of Plaintiff's claim for damages." This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Notwithstanding and without waiving these objections, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

32.     All documents submitted to and/or received from any unemployment compensation office since leaving your employment with Defendant.

**RESPONSE: Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

33.     Plaintiff's federal, state, and/or local income tax returns, including Forms W-2 and any schedules and attachments, for tax years 2019 to the present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around July 2022 to the present, and in response Plaintiff will produce responsive documents marked as JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

34.     All documents reflecting, concerning, or evidencing your income, salary, pay or any remuneration from any source other than Defendant from January 1, 2019 to the present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around July 2022 to the present, and in response Plaintiff will produce responsive documents marked as JS0033-JS0034, JS0175-JS0179.**

Plaintiff is withholding responsive documents on the basis of these objections.

35.     All document which relate or refer to the hours worked by you for anyone, and the amount or source of all income received by you from anyone, from January 1, 2019, to present.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in requesting documents containing information regarding work-related income derived by Plaintiff prior to prior to his employment with Defendant. Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around July 2022 to the present, and in response Plaintiff will produce responsive documents marked as JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is withholding responsive documents on the basis of these objections.**

36.     All documents that relate or refer to any claim(s) Plaintiff has made for any type of government (federal, state, or local) benefits assistance during or after Plaintiff's employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other forms of governmental assistance would have no bearing on his damages or his efforts to mitigate his damages.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

37.     Any documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant, including but not limited to, résumés, job applications, personnel policies, employee handbooks, benefit plans, job evaluations, pay stubs, and job descriptions.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not reasonably limited in time and scope in requesting "documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant," to include various categories of documents unrelated to Plaintiff's mitigation efforts. Notwithstanding these objections and without waiving them, Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. JS0033-JS0034, JS0175-JS0179.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

38.     All documents that refer or relate to your efforts to obtain employment and/or work as an independent contractor after your separation from Defendant to the present, including, but not limited to, all résumés used by you, all correspondence between you and prospective employers, all Documents submitted by you to prospective employers or persons whose assistance you sought in connection with your efforts to obtain employment, and all documents submitted to you by prospective employers.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

39.     All documents which relate or refer to your employment, work as an independent contractor, or self-employment after your separation from Defendant to present, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

40.     All hospital, medical, surgical, psychiatric, psychotherapy, psychological, nursing, pharmacy, rehabilitation therapy, clinic, emergency department, and other health care provider records, reports, test results, correspondence and other items relating to or connected with the care, evaluation and treatment rendered to you from January 1, 2020 to the present.

**RESPONSE: Plaintiff objects to this request as it is duplicative or cumulative of RP No. 9 and refers Defendant to his response to RP No. 9.**

41.    All documents relating to any personal injury or illness, whether physical, emotional, or mental, which you contend resulted from your employment with Defendant, including, but not limited to, all medical records, psychotherapy notes/records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, psychologist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

42.    Copies of all statements (written, recorded, sworn or otherwise), provided by Plaintiff to anyone, or to Plaintiff by/from anyone, relating to the subject matter of this Action.

**RESPONSE: Plaintiff objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "statements" in this context, as it is unclear what documents are being sought.**

43.    All photographs, videotapes, or other visual recordings that support any of Plaintiff's claims or that could be used in response to any defense asserted by Defendant. All associated metadata shall be produced, including (at minimum): Source, Date and Time Sent, Date and Time Received, Read Status, From and To, Media/Attachment(s).

**RESPONSE: Plaintiff will produce responsive document marked as Plaintiff Bates No. JS0001—JS0008.**

44.    Copies of all pleadings or any relevant papers that refer or relate to all lawsuits, grievances, administrative charges and actions, petitions, arbitrations, or any other legal claims or

actions threatened or filed by or on behalf of Plaintiff against any current or former employer other than Defendant related to discrimination, harassment, FMLA interference, and/or retaliation.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

45.     Any report or other documents provided to Plaintiff by a private investigator that relate or refer to this Action.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

46.     All documents that relate or refer to any arrest, plea bargain, and/or conviction of and/or by Plaintiff for any criminal offense.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

47.     All written reports (including drafts) prepared by the experts identified in your response to Defendant's Interrogatories, as well as all exhibits and other documents attached thereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

48.     All documents reviewed, examined, or relied upon by the experts identified in your response to Defendant's Interrogatories.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

49.     All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs, and disbursements in connection with this Action.

> **RESPONSE: Plaintiff objects to this request as invading the attorney-client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney-client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy"). Plaintiff further objects to this request on the grounds that it seeks documents not relevant to the claims or defenses of the parties and is not proportional to the needs of the case.**

50.     All documents that you intend to rely upon, use, or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is the final trial on the merits).

> **RESPONSE: Plaintiff objects to this request on the grounds that it invades the attorney client privilege and work product privilege because it seeks the mental impressions, ideas, and strategies of Plaintiff's counsel with respect to preparation for trial or any evidentiary hearing. At this time, Plaintiff cannot determine which documents would be used in any future hearing or trial, and Plaintiff therefore directs Defendant to the responsive documents produced herein.**

51.     Executed Request for Copy of Tax Return (IRS Form 4506), attached hereto, for the last five years.

> **RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting disclosure of documents regarding her personal and confidential financial records.**

52.     Executed Request for Copy of Department of Economic Opportunity Release,

attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made before the Department of Economic Opportunity for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages.**

53.     Executed Social Security Administration Consent for Release of Information (Form

SSA-3288), attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's Social Security records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution.**

54.     Executed HIPAA releases for each health care practitioner, including, but not

limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals,

hospices, pharmacies, laboratories or any other health care provider of any kind identified for you

in response to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

       Plaintiffs,                           CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

       Defendant.

_____/

## PLAINTIFF EDWARDS' RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO LEONATRAE EDWARDS

Plaintiff, LEONATRAE EDWARDS ("Plaintiff" and/or "Mr. Edwards"), by and through

his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves the

following responses to Defendant, LOOMIS ARMORED US, LLC's ("Defendant"), First Request

for Production to Leonatrae Edwards.

Dated:  August 11, 2025.

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiffs*

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com

## <u>SPECIFIC RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION</u>

1.      All documents reviewed or relied upon in connection with the preparation of Plaintiff's answers to Defendant's First Set of Interrogatories.

**<u>RESPONSE:</u> None in Plaintiff's possession, custody, or control.**

2.      All documents identified and/or listed in Plaintiff's answers to Defendant's First Set of Interrogatories.

**<u>RESPONSE:</u> None in Plaintiff's possession, custody, or control.**

3.      All documents identified or referred to in the Amended Complaint, or that were used or relied upon when preparing the Amended Complaint.

**<u>RESPONSE:</u> Plaintiff is not in possession of any such documents other than those provided herein.**

4.      All documents, including without limitation handwritten notes, that relate to or support any allegation or claim set forth in the Amended Complaint or that Plaintiff may or could use in response to any defense asserted by Defendant.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it is overbroad, not reasonably limited in time and scope, and impermissibly vague and ambiguous in its use of the phrase "documents … that relate to or support any allegation or claim set forth in the Amended Complaint," etc. This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Plaintiff further objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action.**

**Plaintiff is withholding responsive documents on the basis of the objection grounded in attorney-client privilege and the work product doctrine. Due to the ambiguity and overbreadth of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of the rest of his objections.**

2

5.      All documents, communications, postings, messages and/or discussions made by Plaintiff on any social media sites or platforms (including but not limited to Facebook, Instagram, Tumblr, SnapChat, Pinterest, Twitter, LinkedIn, Myspace, TikTok, etc.), blogs, and online fora, which Plaintiff had or has joined, posted to, or otherwise used or participated in from January 1, 2021 to present, that state, describe, reflect, support, or relate to the Parties' allegations, claims, and/or defenses in this Action, or that otherwise concern or relate to Defendant or any facts upon which your claim is based, excluding any communications exclusively between you and your attorneys.

**RESPONSE: Plaintiff objects to this request on the grounds that any requests related to Plaintiff's social media activity bear no relevance to the claims or defenses of the parties and are unduly invasive and harassing. Notwithstanding these objections and without waiving them, none in Plaintiff's possession, custody, or control.**

**Plaintiff is withholding no responsive documents on the basis of the aforementioned objection.**

6.      All documents which relate or refer in any way to your employment with Defendant, at any time, including but not limited to, employment applications, job descriptions, leaves of absence, medical records and documents about your health shared with Defendant, efforts to secure new/alternative positions, records of wages and benefits, job performance, job evaluations, discipline, complaints, grievances, employee handbooks, policy manuals, correspondence and memoranda, and documents to and from you.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

7.      All documents that relate or refer to any position(s) that you held at Defendant including without limitation documents referring or relating to your performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE: Plaintiff objects to this request on the grounds that it is duplicative in part of RFP No. 6 and refers Defendant accordingly to his response to RFP No. 6.**

8.      All documents, correspondence, and communications between Plaintiff and any current or former director, officer, manager, agent, or employee of Defendant from April 1, 2021 to the present.

**RESPONSE: Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. LE0001—LE0006.**

**Plaintiff will supplement his production if and when additional responsive documents are located.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

9.      All documents that pertain to any medical or mental health diagnosis, treatment, or therapy Plaintiff has sought or received from January 1, 2018 to the present, including copies of reports, notes, psychotherapy records, psychotherapy notes, prescriptions, imaging, x-rays, correspondence, bills, agreements, admission and discharge records, progress reports, and test results.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents not relevant to the claims or defenses of the parties to the extent it requests documents concerning Plaintiff's medical or mental health treatment occurring prior to his employment with Defendant or medical or mental health treatment otherwise unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response states there are no responsive documents in his custody, possession, or control.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

10.    All documents exchanged (that Plaintiff has submitted, or that has been submitted on Plaintiff's behalf), and/or that Plaintiff has received (or that have been received on Plaintiff's behalf), with (i) the Florida Commission on Human Relations ("FCHR"); (ii) the United States Equal Employment Opportunity Commission ("EEOC"); (iii) the United States Department of Labor ("DOL"); the Miami-Dade Commission on Human Relations (MDCHR); or (iv) any other government agency, court, or administrative or arbitral tribunal, relating to Plaintiff's claims against, or employment with, Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties to the extent it seeks documents related to any claims for unemployment compensation made to a government agency, as any claims Plaintiff may have made for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the non-objectionable portion of this request, and in response Plaintiff will produce responsive documents marked as Plaintiff Bates Nos. LE0020— LE0051.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

11.    All documents that support, refer, relate, or constitute the total number of hours you allegedly worked during each week of your employment.

**RESPONSE: Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

12.    All documents that relate or refer to your regular hourly rate received during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as it is vague and ambiguous in its use of the phrase "that relate or refer to your regular hourly rate." Notwithstanding this objection and without waiving it, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

5

**Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

13.     All documents showing and/or relating to the hours you worked for Defendant during your employment, including but not limited to, logs, time records, schedules, reviews, reports, personnel documents, and descriptions of your job responsibilities and duties.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of Request No. 11. Notwithstanding this objection and without waiving it, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

14.     All documents that relate or refer to the compensation received by you during any or all weeks of your employment with Defendant.

**RESPONSE: Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

15.     All payroll check stubs which relate or refer to the hours worked by you with Defendant and the amount or source of all income received by you during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

16.     All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Defendant at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims**

and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from employment, if any, held concurrently with his employment with Defendant, and in response Plaintiff states there are no responsive documents in his possession, custody, or control.

**Plaintiff is withholding responsive documents on the basis of the foregoing objections.**

17.     All documents that showing the job duties that you performed at any time during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as it is duplicative in part of RP No. 6 and directs Defendant accordingly to his response to RP No. 6.**

**Plaintiff is withholding no responsive documents on the basis of the foregoing objections.**

18.     All Documents that support refer or relate to your allegation that you were subjected to sexual harassment from Cesar Sandoval while employed with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

19.     All Documents that support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant discriminated and/or subjected you to harassment due to your race and/or color." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

7

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

20.     All Documents that support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that Defendant subjected you to a hostile work environment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

21.     All Documents that support, refer, or relate to your allegation that you were subjected to differential treatment.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to differential treatment." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

22.     All Documents that reflect or relate to any reports of discrimination, harassment, or

retaliation you allegedly made to Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous as the term "reports" is not defined. Notwithstanding this objection and without waiving it, based on Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

23.     All Documents that support, refer, or relate to your allegation that you were

subjected to retaliation by Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is an improper contention request and is unreasonably vague, ambiguous, and overbroad in requesting documents that "support, refer, or relate to your allegation that you were subjected to retaliation by Defendant." Notwithstanding these objections and without waiving them, based upon Plaintiff's reasonable good-faith interpretation of this request, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

**Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

24.     All Documents that support your claim that Cesar Sandoval sent sexual messages

to Defendant's employees in company-wide WhatsApp chats."

**RESPONSE: None in Plaintiff's possession, custody, or control.**

25.     All Documents that support your claim that Jesus Reyes called Plaintiff and his

black coworkers despicable words, including but not limited to, "nigger," "negro," (a Spanish word

that translates to nigger), "maricon," (a Spanish word that translates to faggot), "puta" (a Spanish word that translates to bitch), and "motherfuckers.

**RESPONSE: None in Plaintiff's possession, custody, or control.**


26.     All documents reflecting communications between you and Dainelyz Sanchez regarding your allegations of sexual harassment, retaliation, disparate treatment and/or discrimination."

**RESPONSE: Plaintiff objects to this request as duplicative in part of RP No. 8 and refers Defendant accordingly to his response to RP No. 8.**


27.     All Documents that support your claim that plaintiff saw Mr. Stanley make a report of sexual harassment to Dainelyz Sanchez and further saw Sanchez disregard and dismiss the complaint abruptly.

**RESPONSE: None in Plaintiff's possession, custody, or control.**


28.     All documents and logs of your telephone calls, SMS/MMS/text messages, and social media message from April 1, 2021 through present between you and Defendant or any representative thereof.

**RESPONSE: Plaintiff objects to this request on the grounds that it is so ambiguous, vague, and unintelligible that Plaintiff cannot determine the nature of the documents sought.**

**Due to the ambiguity of this request, Plaintiff is unable to determine if he is withholding responsive documents on the basis of his foregoing objections.**


29.     All documents that refer to or constitute any training you received during your employment with Defendant.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

30.     All documents that relate or refer to the elements of Plaintiff's claim for damages and/or upon which Plaintiff relies for the determination, computation, and/or itemization of any alleged damages claimed by Plaintiff in this Action. This request includes, but is not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is impermissibly vague and ambiguous in its use of the phrase "relate or refer to the elements of Plaintiff's claim for damages." This request, for example, could reasonably be interpreted to seek all documents related to the Plaintiff's employment. Notwithstanding and without waiving these objections, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

> **Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

31.     All documents submitted to and/or received from any unemployment compensation office since leaving your employment with Defendant.

> **RESPONSE: Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties.**

> **Plaintiff is withholding no responsive documents on the basis of the foregoing objection.**

32.     Plaintiff's federal, state, and/or local income tax returns, including Forms W-2 and any schedules and attachments, for tax years 2019 to the present.

> **RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the**

Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around April 2021 to the present. Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.

Plaintiff is withholding responsive documents on the basis of these objections.

33.     All documents reflecting, concerning, or evidencing your income, salary, pay or

any remuneration from any source other than Defendant from January 1, 2019 to the present.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this request on the grounds that it is harassing, seeks documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting his personal and confidential financial records. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around April 2021 to the present. Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.

Plaintiff is withholding responsive documents on the basis of these objections.

34.     All document which relate or refer to the hours worked by you for anyone, and the

amount or source of all income received by you from anyone, from January 1, 2019, to present.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in requesting documents containing information regarding work-related income derived by Plaintiff prior to prior to his employment with Defendant. Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this request to seek documents sufficient to show Plaintiff's work-related income derived from the beginning of his employment around April 2021 to the present. Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.

Plaintiff is withholding responsive documents on the basis of these objections.

35.     All documents that relate or refer to any claim(s) Plaintiff has made for any type of government (federal, state, or local) benefits assistance during or after Plaintiff's employment with Defendant.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made for unemployment compensation or other forms of governmental assistance would have no bearing on his damages or his efforts to mitigate his damages.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

36.     Any documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant, including but not limited to, résumés, job applications, personnel policies, employee handbooks, benefit plans, job evaluations, pay stubs, and job descriptions.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad and not reasonably limited in time and scope in requesting "documents which relate or refer to your full-time or part-time employment during, concurrent with, or after your employment with Defendant," to include various categories of documents unrelated to Plaintiff's mitigation efforts. Notwithstanding these objections and without waiving them, Plaintiff is still in the process of investigating this request and will supplement his response and/or production if and when additional responsive documents are located.**

**Plaintiff is not withholding responsive documents on the basis of these objections.**

37.     All documents that refer or relate to your efforts to obtain employment and/or work as an independent contractor after your separation from Defendant to the present, including, but not limited to, all résumés used by you, all correspondence between you and prospective employers, all Documents submitted by you to prospective employers or persons whose assistance

you sought in connection with your efforts to obtain employment, and all documents submitted to you by prospective employers.

**RESPONSE: Plaintiff will produce responsive documents, marked as Plaintiff Bates LE0007—LE0019.**

38.    All documents which relate or refer to your employment, work as an independent contractor, or self-employment after your separation from Defendant to present, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

**RESPONSE: Plaintiff is not in possession of any such documents other than those provided herein.**

39.    All hospital, medical, surgical, psychiatric, psychotherapy, psychological, nursing, pharmacy, rehabilitation therapy, clinic, emergency department, and other health care provider records, reports, test results, correspondence and other items relating to or connected with the care, evaluation and treatment rendered to you from January 1, 2018 to the present.

**RESPONSE: Plaintiff objects to this request as it is duplicative or cumulative of RFP No. 9 and refers Defendant to his response to RFP No. 9.**

40.    All documents relating to any personal injury or illness, whether physical, emotional, or mental, which you contend resulted from your employment with Defendant, including, but not limited to, all medical records, psychotherapy notes/records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, psychologist, nurse, counselor, therapist, or other practitioner of the healing arts regarding such injury or illness.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

41.     Copies of all statements (written, recorded, sworn or otherwise), provided by Plaintiff to anyone, or to Plaintiff by/from anyone, relating to the subject matter of this Action.

**RESPONSE: Plaintiff objects to this request on the grounds that it seeks documents protected by the work product doctrine and attorney-client privilege. The preparation of a privilege log is not required for written and oral communications between a party and its counsel after commencement of this action and work product material created after commencement of the action. Plaintiff further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "statements" in this context, as it is unclear what documents are being sought.**

42.     All photographs, videotapes, or other visual recordings that support any of Plaintiff's claims or that could be used in response to any defense asserted by Defendant. All associated metadata shall be produced, including (at minimum): Source, Date and Time Sent, Date and Time Received, Read Status, From and To, Media/Attachment(s).

**RESPONSE: None in Plaintiff's possession, custody, or control.**

43.     Copies of all pleadings or any relevant papers that refer or relate to all lawsuits, grievances, administrative charges and actions, petitions, arbitrations, or any other legal claims or actions threatened or filed by or on behalf of Plaintiff against any current or former employer other than Defendant related to discrimination, harassment, FMLA interference, and/or retaliation.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

44.     Any report or other documents provided to Plaintiff by a private investigator that relate or refer to this Action.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

45.     All documents that relate or refer to any arrest, plea bargain, and/or conviction of and/or by Plaintiff for any criminal offense.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

46.     All written reports (including drafts) prepared by the experts identified in your response to Defendant's Interrogatories, as well as all exhibits and other documents attached thereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

47.     All documents reviewed, examined, or relied upon by the experts identified in your response to Defendant's Interrogatories.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous to the extent that the term "experts" is undefined. Notwithstanding this objection and without waiving it, none in Plaintiff's possession, custody, or control.**

48.     All documents evidencing the agreement between you and your lawyer for payment of your lawyer's fees, costs, and disbursements in connection with this Action.

**RESPONSE: Plaintiff objects to this request as invading the attorney client privilege and the work product privilege as Plaintiff's fee agreement contains information regarding the advice and opinions of counsel in this matter. *See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.*, 584 So. 2d 1128, 1129 (Fla. Dist. Ct. App. 4th Dist. 1991) (billing statements which include the "mental impressions and opinions" of counsel are protected by both attorney client privilege and work produce doctrine); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044 (S.D. Fla. Sept. 27, 2010) (documentation of fees or legal representation fall under the attorney client privilege and work product privilege when "such documentation describes the nature of the legal services provided or the litigation strategy"). Plaintiff further objects to this request on the grounds that it seeks documents not relevant to the claims or defenses of the parties and is not proportional to the needs of the case.**

49.     All documents that you intend to rely upon, use, or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is the final trial on the merits).

**RESPONSE: Plaintiff objects to this request on the grounds that it invades the attorney client privilege and work product privilege because it seeks the mental impressions, ideas, and strategies of Plaintiff's counsel with respect to preparation for trial or any evidentiary hearing. At this time, Plaintiff cannot determine which documents would be used in any future hearing or trial, and Plaintiff therefore directs Defendant to the responsive documents produced herein**

50.     Executed Request for Copy of Tax Return (IRS Form 4506), attached hereto, for the last five years.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's financial records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution in requesting disclosure of documents regarding her personal and confidential financial records.**

51.     Executed Request for Copy of Department of Economic Opportunity Release, attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and seeks documents unrelated to the claims or defenses of the parties, as any claims Plaintiff may have made before the Department of Economic Opportunity for unemployment compensation would have no bearing on his damages or his efforts to mitigate his damages.**

52.     Executed Social Security Administration Consent for Release of Information (Form SSA-3288), attached hereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document. Plaintiff further objects to this request on the grounds that it is overbroad and not proportional to the needs of the case in seeking Plaintiff's Social Security records unrelated to Plaintiff's mitigation efforts or actual mitigation. Plaintiff further objects to this request on the grounds that it is harassing, seeks disclosure of**

**documents that are not relevant to the claims and defenses of the parties, and invades Plaintiff's right to privacy protected by the Florida Constitution.**

53.     Executed HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any other health care provider of any kind identified for you in response to Defendant's First Set of Interrogatories to Plaintiff.

**<u>RESPONSE:</u> Plaintiff objects to this request on the grounds that it improperly exceeds the scope of Rule 34 in requesting that the Plaintiff create and execute a document.**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 11, 2025, on all counsel of record on the Service List below via electronic mail.

<u>*/s/ Daniel J. Barroukh*</u>
Daniel J. Barroukh, Esq.

<u>**SERVICE LIST**</u>

**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com

Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com

Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Counsel for Defendant*

All four copies of your W-2 are on this page separated by perforations. General instructions for these forms, including an explanation of the letter codes used in box 12, are printed on the reverse side of this page.

To the right is information which shows your total wages by W-2 box and the amount of any deferred compensation and/or other pretax deductions that were subtracted from total wages to arrive at your W-2 wages.

| | Federal Box 1 | Soc. Sec. Box 3 and 7 | Medicare Box 5 |
|---|---|---|---|
| Gross Wages | 55384.22 | 55384.22 | 55384.22 |
| Txbl Benefits | | | |
| Group Term Life | | | |
| Adoption | | | |
| Deferred Comp | | | |
| Section 125 | | | |
| Other Pretax/Wage Limit | | | |
| W-2 Wages | 55384.22 | 55384.22 | 55384.22 |

---

**Copy 1**

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 002907161601 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|

| c Employer's name, address, and ZIP code | 1 Wages, tips, other compensation 55384.22 | 2 Federal income tax withheld 5728.16 |
|---|---|---|
| Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | 3 Social security wages 55384.22 | 4 Social security tax withheld 3433.82 |
| | 5 Medicare wages and tips 55384.22 | 6 Medicare tax withheld 803.07 |

| e Employee's first name and initial Last name Suff. | 7 Social security tips | 8 Allocated tips |
|---|---|---|
| Willie Stanley 1005 NW 58th Ter | 9 | 10 Dependent care benefits |
| Miami FL 33127-1329 USA | 11 Nonqualified plans | 12a See instructions for box 12 Code |
| f Employee's address and ZIP code | 13 Statutory employee / Retirement plan [X] / Third-party sick pay | 12b Code |

| 15 State Employer's state ID Number | 16 State wages, tips, etc. | 17 State income tax | | 12c Code |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | 14 Other | 12d Code |

Form W-2 Wage and Tax Statement 2023 Department of the Treasury - Internal Revenue Service
Copy C—For EMPLOYEE'S RECORDS
(See Notice to Employee on the back of Copy B.)

---

**Copy 2**

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 002907161601 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|

| c Employer's name, address, and ZIP code | 1 Wages, tips, other compensation 55384.22 | 2 Federal income tax withheld 5728.16 |
|---|---|---|
| Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | 3 Social security wages 55384.22 | 4 Social security tax withheld 3433.82 |
| | 5 Medicare wages and tips 55384.22 | 6 Medicare tax withheld 803.07 |

| e Employee's first name and initial Last name Suff. | 7 Social security tips | 8 Allocated tips |
|---|---|---|
| Willie Stanley 1005 NW 58th Ter | 9 | 10 Dependent care benefits |
| Miami FL 33127-1329 USA | 11 Nonqualified plans | 12a See instructions for box 12 Code |
| f Employee's address and ZIP code | 13 Statutory employee / Retirement plan [X] / Third-party sick pay | 12b Code |

Form W-2 Wage and Tax Statement 2023 Department of the Treasury - Internal Revenue Service
Copy B—To Be Filed With Employee's FEDERAL Tax Return.
This information is being furnished to the Internal Revenue Service.

---

**Copy 3**

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 002907161601 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|

| c Employer's name, address, and ZIP code | 1 Wages, tips, other compensation 55384.22 | 2 Federal income tax withheld 5728.16 |
|---|---|---|
| Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | 3 Social security wages 55384.22 | 4 Social security tax withheld 3433.82 |
| | 5 Medicare wages and tips 55384.22 | 6 Medicare tax withheld 803.07 |

| e Employee's first name and initial Last name Suff. | 7 Social security tips | 8 Allocated tips |
|---|---|---|
| Willie Stanley 1005 NW 58th Ter | 9 | 10 Dependent care benefits |
| Miami FL 33127-1329 USA | 11 Nonqualified plans | 12a See instructions for box 12 Code |

Form W-2 Wage and Tax Statement 2023 Department of the Treasury - Internal Revenue Service
Copy 2—To Be Filed With Employee's State, City, or local Income Tax Return

---

**Copy 4**

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 002907161601 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|

| c Employer's name, address, and ZIP code | 1 Wages, tips, other compensation 55384.22 | 2 Federal income tax withheld 5728.15 |
|---|---|---|
| Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | 3 Social security wages 55384.22 | 4 Social security tax withheld 3433.82 |
| | 5 Medicare wages and tips 55384.22 | 6 Medicare tax withheld 803.07 |

| e Employee's first name and initial Last name Suff. | 7 Social security tips | 8 Allocated tips |
|---|---|---|
| Willie Stanley 1005 NW 58th Ter | 9 | 10 Dependent care benefits |
| Miami FL 33127-1329 USA | 11 Nonqualified plans | 12a See instructions for box 12 Code |

Form W-2 Wage and Tax Statement 2023 Department of the Treasury - Internal Revenue
Copy 2—To Be Filed With Employee's State, City, or local Income Tax Return

**EXHIBIT C-7**

WS0298

## 2024 W-2 and EARNINGS SUMMARY

**Employee Reference Copy**

**W-2 Wage and Tax Statement 2024**

OMB No. 1545-0008

Copy C for employee's records

d Control number
0000054825 WJO    STANLE A328    A A S 413082

c Employer's name, address, and ZIP code
UNIVERSAL PROTECTION SERVICE LLC
161 WASHINGTON STREET SUITE600
CONSHOHOCKEN, PA 19428
RETURN POSTAGE GUARANTEED

e/f Employee's name, address, and ZIP code
WILLIE  STANLEY
1005 NW 58TH TER
MIAMI, FL  33127

| b Employer's FED ID number | a Employee's SSA number |
|---|---|
| 5447 | |
| 1 Wages, tips, other comp. | 2 Federal income tax withheld |
| 50883.47 | 4461.79 |
| 3 Social security wages | 4 Social security tax withheld |
| 50883.47 | 3154.76 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 50883.47 | 737.78 |
| 7 Social security tips | 8 Allocated tips |
| | |
| | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 13 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp. Ret. plan 3rd party sick pay |
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. |
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

This summary section is included with your W-2 to help describe this portion in more detail. The reverse side includes general information that you may also find helpful. The following reflects your final pay stub, plus any adjustments made by your employer.

| GROSS PAY | 50,883.47 | SOCIAL SECURITY TAX WITHHELD BOX 04 OF W-2 | 3,154.76 |
| FED. INCOME TAX WITHHELD BOX 02 OF W-2 | 4,461.79 | MEDICARE TAX WITHHELD BOX 06 OF W-2 | 737.78 |
| STATE INCOME TAX BOX 17 OF W-2 | 0.00 | SUI/SDI BOX 14 OF W-2 | 0.00 |
| LOCAL INCOME TAX BOX 19 OF W-2 | 0.00 | | |

To change your employee W-4 profile information
file a new W-4 with your payroll department

WILLIE  STANLEY
1005 NW 58TH TER
MIAMI, FL  33127

Social Security Number:  XXX-XX-9182

© 2024 ADP, Inc.

PAGE 1 OF 1

---

### Federal Filing Copy — W-2 Wage and Tax Statement 2024

| 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|
| 50883.47 | 4461.79 |
| 3 Social security wages | 4 Social security tax withheld |
| 50883.47 | 3154.76 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 50883.47 | 737.78 |
| d Control number | Employer use only |
| 0000054825 WJO    STANLE A328 | A A S 413082 |

c Employer's name, address, and ZIP code
UNIVERSAL PROTECTION SERVICE LLC
161 WASHINGTON STREET SUITE600
CONSHOHOCKEN, PA 19428
RETURN POSTAGE GUARANTEED

| b Employer's FED ID number | a Employee's SSA number |
|---|---|
| 5447 | |
| 7 Social security tips | 8 Allocated tips |
| | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address, and ZIP code
WILLIE  STANLEY
1005 NW 58TH TER
MIAMI, FL  33127

| 15 State  Employer's state ID no. | 16 State wages, tips, etc. |
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

Copy B to be filed with employee's Federal Income Tax Return.

---

### State Filing Copy — W-2 Wage and Tax Statement 2024

| 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|
| 50883.47 | 4461.79 |
| 3 Social security wages | 4 Social security tax withheld |
| 50883.47 | 3154.76 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 50883.47 | 737.78 |
| d Control number | Employer use only |
| 0000054825 WJO    STANLE A328 | A A S 413082 |

c Employer's name, address, and ZIP code
UNIVERSAL PROTECTION SERVICE LLC
161 WASHINGTON STREET SUITE600
CONSHOHOCKEN, PA 19428
RETURN POSTAGE GUARANTEED

| b Employer's FED ID number | a Employee's SSA number |
|---|---|
| 5447 | |
| 7 Social security tips | 8 Allocated tips |
| | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address, and ZIP code
WILLIE  STANLEY
1005 NW 58TH TER
MIAMI, FL  33127

| 15 State  Employer's state ID no. | 16 State wages, tips, etc. |
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

Copy 2 to be filed with employee's State Income Tax Return.

---

### City or Local Filing Copy — W-2 Wage and Tax Statement 2024

| 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|
| 50883.47 | 4461.79 |
| 3 Social security wages | 4 Social security tax withheld |
| 50883.47 | 3154.76 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 50883.47 | 737.78 |
| d Control number | Employer use only |
| 0000054825 WJO    STANLE A328 | A A S 413082 |

c Employer's name, address, and ZIP code
UNIVERSAL PROTECTION SERVICE LLC
161 WASHINGTON STREET SUITE600
CONSHOHOCKEN, PA 19428
RETURN POSTAGE GUARANTEED

| b Employer's FED ID number | a Employee's SSA number |
|---|---|
| 5447 | |
| 7 Social security tips | 8 Allocated tips |
| | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp Ret. plan 3rd party sick pay |

e/f Employee's name, address, and ZIP code
WILLIE  STANLEY
1005 NW 58TH TER
MIAMI, FL  33127

| 15 State  Employer's state ID no. | 16 State wages, tips, etc. |
| 17 State income tax | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |

Copy 2 to be filed with employee's City or Local Income Tax Return.

EXHIBIT
C-8

WS0361

# Earnings Statement

Page 001 of 001

| | |
|---|---|
| Period Beg/End | 12/13/2024 - 12/19/2024 |
| Advice Date: | 12/26/2024 |
| Advice Number: | 106805454 |
| Batch Number: | 120714 |
| Employee No: | 9677768 |

Universal Protection Service, LLC
*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA 19428*

| | Exemptions | Addl | Status |
|---|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 | |

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked: 41.75
Basis of Pay: Hourly

**Willie Stanley**
**1005 Nw 58th Ter**
**Miami, FL 33127-1329**

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 1117.21 | 49838.41 | | | |
| Misc Income/Adj | .00 | .00 | | | |
| Total Gross Pay | 1117.21 | 49838.41 | | | |
| **Deductions** | | | | | |
| Pre-tax | .00 | .00 | | | |
| Taxes | 181.38 | 8044.48 | **Pre-Tax Deductions** | | |
| Additional Deductions | .00 | 396.00 | | | |
| Total Deductions | 181.38 | 8440.48 | | | |
| NET PAY | $935.83 | $41,397.93 | | | |
| Federal Earnings | 1117.21 | 49838.41 | | | |
| FICA Earnings | 1117.21 | 49838.41 | | | |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type | | | | | |
| 12/19/24 Regular | 26.210 | 39.315 | 40.00 | 1.75 | |
| Total | | | 40.00 | 1.75 | .00 |

| Taxes | Current | YearToDate |
|---|---|---|
| Federal W/H | 95.91 | 4231.88 |
| FICA | 69.27 | 3089.97 |
| Medicare | 16.20 | 722.63 |

| Additional Deductions | | |
|---|---|---|
| 32BJ April 2024 Dues | | 36.00 |
| 32BJ Aug 2024 Dues | | 36.00 |
| 32BJ Dec 2024 Dues | | 36.00 |
| 32BJ February 2024 D | | 36.00 |
| MORE... | | 252.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | .00 | 56.00 |

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA 19428**

| | |
|---|---|
| Advice Number: | **106805454** |
| Advice Date: | **12/26/2024** |

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **Willie Stanley** | XXXXXX3611 | 935.83 |

**NON-NEGOTIABLE**

WS0362

**Check Number:** 106805454    **Check Date:** 12/26/24    **Employee:** 9677768 Willie Stanley

CONTINUED....

**Deductions**

| Type | Taxable | Non Taxable | YTD |
|---|---|---|---|
| 32BJ July 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ June 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ March 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ May 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ Nov 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ Oct 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ Sep 2024 Dues | $0.00 | $0.00 | $36.00 |
| **Totals** | **$0.00** | **$0.00** | **$252.00** |

WS0363

# Earnings Statement

Page 001 of 001

Universal Protection Service, LLC

*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA 19428*

| Period Beg/End | 07/18/2025 - 07/24/2025 |
|---|---|
| Advice Date: | 07/31/2025 |
| Advice Number: | 114317384 |
| Batch Number: | 126898 |
| Employee No: | 9677768 |

|  | Exemptions | Addl | Status |
|---|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 |  |

**Willie Stanley**
**1005 Nw 58th Ter**
**Miami, FL 33127-1329**

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked: 40.50
Basis of Pay: Hourly

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 1068.07 | 34056.72 |  |  |  |
| Misc Income/Adj | .00 | .00 |  |  |  |
| Total Gross Pay | 1068.07 | 34056.72 |  |  |  |
| Deductions |  |  |  |  |  |
| Pre-tax | .00 | .00 |  |  |  |
| Taxes | 170.68 | 5495.14 | Pre-Tax Deductions |  |  |
| Additional Deductions | .00 | 252.00 |  |  |  |
| Total Deductions | 170.68 | 5747.14 |  |  |  |
| NET PAY | $897.39 | $28,309.58 |  |  |  |
| Federal Earnings | 1068.07 | 34056.72 |  |  |  |
| FICA Earnings | 1068.07 | 34056.72 |  |  |  |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type |  |  |  |  |  |
| 07/24/25 Regular | 26.210 | 39.315 | 40.00 | .50 |  |
| Total |  |  | 40.00 | .50 | .00 |

| Taxes | Current | YearToDate |
|---|---|---|
| Federal W/H | 88.97 | 2889.81 |
| FICA | 66.22 | 2111.55 |
| Medicare | 15.49 | 493.78 |

| Additional Deductions |  | YearToDate |
|---|---|---|
| 32BJ Apr 2025 Dues A |  | 36.00 |
| 32BJ Feb 2025 Dues |  | 36.00 |
| 32BJ Jan 2025 Dues |  | 36.00 |
| 32BJ July 2025 Dues |  | 36.00 |
| MORE... |  | 108.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | 40.50 | 15.50 |

| | Advice Number: | 114317384 |
|---|---|---|

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA 19428**

Advice Date: **07/31/2025**

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **Willie Stanley** | XXXXXX3611 | 897.39 |

**NON-NEGOTIABLE**

WS0364

**Check Number:** 114317384     **Check Date:** 07/31/25     **Employee:** 9677768 Willie Stanley

CONTINUED....

**Deductions**

| Type | Taxable | Non Taxable | YTD |
|------|---------|-------------|-----|
| 32BJ June 2025 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ Mar 2025 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ May 2025 Dues | $0.00 | $0.00 | $36.00 |
| **Totals** | **$0.00** | **$0.00** | **$108.00** |

WS0365

| STATE OF FLORIDA<br>FloridaCommerce<br>SPECIAL PAYMENTS UNIT<br>PO BOX 5350<br>TALLAHASSEE, FL 32314-5350<br>1-800-204-2418 | | CERTAIN GOVERNMENT<br>PAYMENTS<br><br>FORM 1099-G |
|---|---|---|
| PAYER'S Federal Identification number<br><br>█████6134 | RECIPIENT'S Identification Number<br><br>████████ | TAX YEAR<br><br>**2023** |

| 1. REEMPLOYMENT ASSISTANCE<br><br>**$1,375.00** | 4. Total Federal income tax withheld<br><br><br>**$0.00** | INSTRUCTIONS TO CLAIMANT |
|---|---|---|
| 5. ATAA/RTAA payments<br><br>**$0.00** | | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| RECIPIENT'S NAME      Willie  Stanley | | |

(KEEP FOR YOUR RECORDS)

FloridaCommerce FORM 1099-G (Rev. 9/2006)

**INSTRUCTIONS FOR RECIPIENT**

**BOX 1.** - Shows total reemployment assistance paid to you this year. This amount is considered taxable income. For details, see the instructions for filing Federal income tax returns. A request can be made for the payer to withhold Federal income tax from each payment on any future benefits, or estimated tax payments can be made by using FORM 1040-ES, Estimated Tax for Individuals.

**BOX 4.** - Shows total Federal income tax withheld. **INCLUDE THIS ON YOUR INCOME TAX RETURN AS TAX WITHHELD.**

**BOX 5.** - Shows taxable Alternative Trade Adjustment Assistance (ATAA) Or Reemployment Trade Adjustment Assistance (RTAA) payments.

**Additional Recipient information - Please read**

Repayments of any overpayment of reemployment assistance in the tax year indicated above should be subtracted from the total amount of reemployment assistance received. Include the adjusted amount on the appropriate line of the income tax form. Enter "Repaid" and the amount repaid in the space to the left of the appropriate line. Any repayments of reemployment assistance in the above tax year that were included in an earlier year may be deducted from the amount repaid. Any questions on how to report repayments of a reemployment assistance overpayment should be directed to the Internal Revenue Service.

A statement of any monies repaid to the FloridaCommerce in the above tax year will be mailed separately.

Willie  Stanley
1005 NW 58th Ter
Miami, FL 33127

**EXHIBIT**
**C-10**

WS0404

An Equal Opportunity Employer Program. Auxiliary aids and services are available upon request to individuals with disabilities. All voice telephone numbers on this document may be reached by persons using TTY/TDD equipment via the Florida Relay Service at 711.

| STATE OF FLORIDA<br>FloridaCommerce<br>SPECIAL PAYMENTS UNIT<br>PO BOX 5350<br>TALLAHASSEE, FL 32314-5350<br>1-800-204-2418 | | CERTAIN GOVERNMENT<br>PAYMENTS<br><br>FORM 1099-G |
|---|---|---|
| PAYER'S Federal Identification number<br><br>█████6134 | RECIPIENT'S Identification Number<br><br>██████████ | TAX YEAR<br><br>**2024** |
| 1. REEMPLOYMENT ASSISTANCE<br><br>**$1,925.00** | 4. Total Federal income tax withheld<br><br><br>**$0.00** | INSTRUCTIONS TO CLAIMANT |
| 5. ATAA/RTAA payments<br><br>**$0.00** | | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| RECIPIENT'S NAME    Willie  Stanley | | |

(KEEP FOR YOUR RECORDS)

FloridaCommerce FORM 1099-G (Rev. 9/2006)

**INSTRUCTIONS FOR RECIPIENT**

**BOX 1. -** Shows total reemployment assistance paid to you this year. This amount is considered taxable income. For details, see the instructions for filing Federal income tax returns. A request can be made for the payer to withhold Federal income tax from each payment on any future benefits, or estimated tax payments can be made by using FORM 1040-ES, Estimated Tax for Individuals.

**BOX 4. -** Shows total Federal income tax withheld. **INCLUDE THIS ON YOUR INCOME TAX RETURN AS TAX WITHHELD.**

**BOX 5. -** Shows taxable Alternative Trade Adjustment Assistance (ATAA) Or Reemployment Trade Adjustment Assistance (RTAA) payments.

**Additional Recipient information - Please read**

Repayments of any overpayment of reemployment assistance in the tax year indicated above should be subtracted from the total amount of reemployment assistance received. Include the adjusted amount on the appropriate line of the income tax form. Enter "Repaid" and the amount repaid in the space to the left of the appropriate line. Any repayments of reemployment assistance in the above tax year that were included in an earlier year may be deducted from the amount repaid. Any questions on how to report repayments of a reemployment assistance overpayment should be directed to the Internal Revenue Service.

A statement of any monies repaid to the FloridaCommerce in the above tax year will be mailed separately.

Willie  Stanley
1005 NW 58th Ter
Miami, FL 33127

**EXHIBIT**

**C-11**

An Equal Opportunity Employer Program. Auxiliary aids and services are available upon request to individuals with disabilities. All voice telephone numbers on this document may be reached by persons using TTY/TDD equipment via the Florida Relay Service at 711.

**WS0406**

| a Employee's social security number | b Employer identification number (EIN) 7200 | d Control number 002907197701 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|

| c Employer's name, address, and ZIP code | 1 Wages, tips, other compensation 44420.83 | 2 Federal income tax withheld 2805.11 |
|---|---|---|
| Locmis Armored US, LLC<br>2500 CityWest Blvd<br>Suite 2300<br>Houston TX 77042-9000 USA | 3 Social security wages 44420.83 | 4 Social security tax withheld 2754.09 |
| | 5 Medicare wages and tips 44420.83 | 6 Medicare tax withheld 644.10 |

| e Employee's first name and initial    Last name    Suff. | 7 Social security tips | 8 Allocated tips |
|---|---|---|
| Jajuan    Smith<br>11107 SW 200Th St<br>Apt 308<br>Cutler Bay FL 33157-8259<br>USA | 9 | 10 Dependent care benefits |
| | 11 Nonqualified plans | 12a See instructions for box 12<br>Code |

| f Employee's address and ZIP code | | | | |
|---|---|---|---|---|
| 15 State   Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b Code |
| | | | 14 Other | 12c Code |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | | 12d Code |

Form W-2 Wage and Tax Statement
Copy B—To Be Filed With Employee's FEDERAL Tax Return.
This information is being furnished to the Internal Revenue Service.

**2023**

Department of the Treasury - Internal Revenue Service

EXHIBIT
C-12

JS0033

| a Employee's social security number | | b Employer identification number (EIN)<br>200 | d Control number<br>003448605701 | This information is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. | | OMB No. 1545 |
|---|---|---|---|---|---|---|

| c Employer's name, address, and ZIP code<br>Loomis Armored US, LLC<br>2500 CityWest Blvd<br>Suite 2300<br>Houston  TX  77042-9000   USA | 1 Wages, tips, other compensation<br>6786.82 | 2 Federal income tax withheld |
|---|---|---|
| | 3 Social security wages<br>6786.82 | 4 Social security tax withheld |
| | 5 Medicare wages and tips<br>6786.82 | 6 Medicare tax withheld |
| e Employee's first name and initial       Last name       Suff.<br>Jajuan     Smith<br>11107 SW 200Th St<br>Apt 308<br>Cutler Bay   FL   33157-8259<br>USA | 7 Social security tips | 8 Allocated tips |
| | 9 | 10 Dependent care benefits |
| | 11 Nonqualified plans | 12a See instructions for box 12<br>Code |
| f Employee's address and ZIP code | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b Code |

| 15 State | Employer's state ID Number | 16 State wages, tips, etc. | 17 State income tax | | 12c Code |
|---|---|---|---|---|---|
| 18 Local wages, tips, etc. | | 19 Local income tax | 20 Locality name | 14 Other | 12d Code |

Form **W-2** Wage and Tax Statement                                                    2024                    Department of the Treasury - Internal Rev
Copy B—To Be Filed With Employee's FEDERAL Tax Return.
This information is being furnished to the Internal Revenue Service.

**EXHIBIT**
**C-13**

JS0034

| 1 Wages, tips, other comp. 47210.84 | 2 Federal income tax withheld 4280.75 |
|---|---|
| 3 Social security wages 47210.84 | 4 Social security tax withheld 2927.11 |
| 5 Medicare wages and tips 47210.84 | 6 Medicare tax withheld 684.58 |

| d Control number 0000857549 WJO | Dept. SMITH | Corp. A328 | Employer use only A A S 299037 |
|---|---|---|---|

c Employer's name, address, and ZIP code

**UNIVERSAL PROTECTION SERVICE LLC**
**161 WASHINGTON STREET SUITE600**
**CONSHOHOCKEN, PA 19428**
            RETURN POSTAGE GUARANTEED

| b Employer's FED ID number ███ █5447 | a Employee's SSA number ████████ |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp. | Ret. plan | 3rd party sick pay |

e/f Employee's name, address and ZIP code

**JAJUAN   SMITH**
**11107 SW 200TH ST  APT 7308**
**CUTLER RIDGE, FL 33157**

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|---|
| 17 State income tax | | 18 Local wages, tips, etc. |
| 19 Local income tax | | 20 Locality name |

Federal Filing Copy
**W-2** Wage and Tax Statement **2024**
OMB No. 1545-0008
Copy B to be filed with employee's Federal Income Tax Return.

**EXHIBIT**
**C-14**

JS0175

# Earnings Statement

Page 001 of 001

Universal Protection Service, LLC

*161 Washington Street, Suite 600*
*Eight Tower Bridge*
Conshohocken, PA 19428

| | Exemptions | Addl | Status |
|---|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 | |

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked:  49.00
Basis of Pay:  Hourly

| | | |
|---|---|---|
| Period Beg/End | 07/25/2025 - 07/31/2025 |
| Advice Date: | 08/07/2025 |
| Advice Number: | 114556402 |
| Batch Number: | 127105 |
| Employee No: | 9698960 |

**JaJuan Smith**
**11107 sw 200th st  apt 7308**
**Cutler ridge, FL  33157**

| Gross Pay | Current | YearToDate |
|---|---|---|
| Wages | 1402.24 | 36972.62 |
| Misc Income/Adj | .00 | 1088.67 |
| Total Gross Pay | 1402.24 | 38061.29 |
| **Deductions** | | |
| Pre-tax | 21.75 | 696.00 |
| Taxes | 248.05 | 6360.66 |
| Additional Deductions | 47.64 | 660.48 |
| Total Deductions | 317.44 | 7717.14 |
| NET PAY | $1,084.80 | $30,344.15 |
| Federal Earnings | 1380.49 | 37365.29 |
| FICA Earnings | 1380.49 | 37365.29 |

| Misc Income/Adj | Current | YearToDate |
|---|---|---|
| Anniversary Bonus | | 40.27 |
| Anniversary Bonus | | 1048.40 |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type | | | | | |
| 07/31/25 Regular | 26.210 | 39.315 | 40.00 | 9.00 | |
| Total | | | 40.00 | 9.00 | .00 |

| Pre-Tax Deductions | | |
|---|---|---|
| Aetna Basic Plus Pla | 15.58 | 498.56 |
| Cigna PPO Dental | 5.13 | 164.16 |
| EyeMed Vision Plan | 1.04 | 33.28 |

| Taxes | | |
|---|---|---|
| Federal W/H | 142.44 | 3502.15 |
| FICA | 85.59 | 2316.66 |
| Medicare | 20.02 | 541.85 |

| Additional Deductions | | |
|---|---|---|
| Child Support | 11.18 | 357.76 |
| Fee Garnishment Proc | .46 | 14.72 |
| 32BJ Aug 2025 Dues | 36.00 | 36.00 |
| 32BJ Apr 2025 Dues A | | 36.00 |
| MORE... | | 216.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | 56.00 | .00 |

| | | |
|---|---|---|
| Advice Number: | **114556402** |
| Advice Date: | **08/07/2025** |

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA  19428**

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **JaJuan Smith** | XXXXXX8441 | 1,084.80 |

**NON-NEGOTIABLE**

JS0176

**Check Number:**  114556402     **Check Date:**  08/07/25     **Employee:**  9698960 JaJuan Smith

CONTINUED....

**Deductions**

| Type | | Taxable | Non Taxable | YTD |
|------|---|---------|-------------|-----|
| 32BJ Feb 2025 Dues | | $0.00 | $0.00 | $36.00 |
| 32BJ Jan 2025 Dues | | $0.00 | $0.00 | $36.00 |
| 32BJ July 2025 Dues | | $0.00 | $0.00 | $36.00 |
| 32BJ June 2025 Dues | | $0.00 | $0.00 | $36.00 |
| 32BJ Mar 2025 Dues | | $0.00 | $0.00 | $36.00 |
| 32BJ May 2025 Dues | | $0.00 | $0.00 | $36.00 |
| | **Totals** | **$0.00** | **$0.00** | **$216.00** |

JS0177

# Earnings Statement

Page 001 of 001

Universal Protection Service, LLC

*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA  19428*

| Period Beg/End | 11/29/2024 - 12/05/2024 |
|---|---|
| Advice Date: | 12/12/2024 |
| Advice Number: | 106313012 |
| Batch Number: | 120298 |
| Employee No: | 9698960 |

| Exemptions | Addl | Status |
|---|---|---|
| Fed: | $0 $0.00 | Single |
| State: | 0 $0.00 | |

JaJuan Smith
11107 sw 200th st  apt 7308
Cutler ridge, FL  33157

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked:     41.75
Basis of Pay:              Hourly

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 1117.21 | 44563.62 | | | |
| Misc Income/Adj | .00 | .00 | | | |
| Total Gross Pay | 1117.21 | 44563.62 | | | |
| **Deductions** | | | | | |
| Pre-tax | .00 | .00 | | | |
| Taxes | 181.38 | 7421.35 | **Pre-Tax Deductions** | | |
| Additional Deductions | 11.64 | 753.60 | | | |
| Total Deductions | 193.02 | 8174.95 | | | |
| NET PAY | $924.19 | $36,388.67 | | | |
| Federal Earnings | 1117.21 | 44563.62 | | | |
| FICA Earnings | 1117.21 | 44563.62 | | | |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type | | | | | |
| 12/05/24 Regular | 26.210 | 39.315 | 40.00 | 1.75 | |
| | | Total | 40.00 | 1.75 | .00 |

| Taxes | | |
|---|---|---|
| Federal W/H | 95.91 | 4012.17 |
| FICA | 69.27 | 2762.98 |
| Medicare | 16.20 | 646.20 |

| Additional Deductions | | |
|---|---|---|
| Child Support | 11.18 | 447.20 |
| Fee Garnishment Proc | .46 | 18.40 |
| 32BJ Aug 2024 Dues | | 36.00 |
| 32BJ Dec 2024 Dues | | 36.00 |
| MORE... | | 216.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | 55.75 | .25 |

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA  19428**

| | | | Advice Number: | **106313012** |
|---|---|---|---|---|
| | | | Advice Date: | **12/12/2024** |

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **JaJuan Smith** | XXXXXX8441 | 924.19 |

**NON-NEGOTIABLE**

JS0178

**Check Number:** 106313012     **Check Date:** 12/12/24     **Employee:** 9698960 JaJuan Smith

CONTINUED....

**Deductions**

| Type | Taxable | Non Taxable | YTD |
|------|---------|-------------|-----|
| 32BJ July 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ June 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ May 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ Nov 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ Oct 2024 Dues | $0.00 | $0.00 | $36.00 |
| 32BJ Sep 2024 Dues | $0.00 | $0.00 | $36.00 |
| **Totals** | **$0.00** | **$0.00** | **$216.00** |

JS0179

Copy C For EMPLOYEE'S RECORDS (See notice on back of Copy B)

These substitute W-2 Wage and Tax Statements are acceptable for filing with your Federal, State and Local Income Tax Returns.
If you worked in multiple locations, or had several forms of special compensation, you may receive more than one of these documents.

| | | Federal Box 1 | Soc. Sec. Box 3 and 7 | Medicare Box 5 |
|---|---|---|---|---|
| The white copies of the W2 forms are for your tax returns; the blue copy is for your records. General instructions, including an explanation of the letter codes in box 12, are on the other side of the page. | Gross Wages | 31765.58 | 31765.58 | 31765.58 |
| | 1xM Benefits | | | |
| | Group Term Life | | | |
| | Adoption | | | |
| To the right is an explanation of your W-2 wages. Please note that the Gross amount may include adjustments. | Deferred Comp | (909.10) | | |
| | Section 125 | (1243.33) | (1243.33) | (1243.33) |
| | Other Pretax/Wage Limit | | | |
| | W-2 Wages | 29613.15 | 30522.25 | 30522.25 |

---

| D CONTROL NUMBER 001911508301 | This information is being furnished to the Internal Revenue Service | 2021 | OMB NO. 1545 - 0008 | 1 WAGES, TIPS, OTHER, COMPENSATION 29613.15 | 2 FEDERAL INCOME TAX WITHHELD 2456.56 |
|---|---|---|---|---|---|
| B EMPLOYER IDENTIFICATION NUMBER 7200 | | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | 3 SOCIAL SECURITY WAGES 30522.25 | 4 SOCIAL SECURITY TAX WITHHELD 1892.38 |
| C. EMPLOYER'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5 MEDICARE WAGES AND TIPS 30522.25 | 6 MEDICARE TAX WITHHELD 442.57 |
| | | | | 7 SOCIAL SECURITY TIPS | 8 ALLOCATED TIPS |
| | | | | 9 | 10 DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF | 11 NONQUALIFIED PLANS | 12. s-d D 909.10 DD 3747.50 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14 OTHER | |
| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | 13 Statutory Employee / Retirement Plan ☒ / Third-Party Sick Pay |
| 15 STATE | EMPLOYER'S STATE I D NO. | 16 STATE WAGES, TIPS, ETC. | 17 STATE INCOME TAX | 18 LOCAL WAGES, TIPS, ETC. | 19 LOCAL INCOME TAX | 20 LOCALITY NAME |

FOLD AND TEAR ALONG PERFORATION

---

| D CONTROL NUMBER 001911508301 | This information is being furnished to the Internal Revenue Service | | OMB NO. 1545 - 0008 | 1 WAGES, TIPS, OTHER, COMPENSATION 29613.15 | 2 FEDERAL INCOME TAX WITHHELD 2456.56 |
|---|---|---|---|---|---|
| B EMPLOYER IDENTIFICATION NUMBER 7200 | | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | 3 SOCIAL SECURITY WAGES 30522.25 | 4 SOCIAL SECURITY TAX WITHHELD 1892.38 |
| C. EMPLOYER'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5 MEDICARE WAGES AND TIPS 30522.25 | 6 MEDICARE TAX WITHHELD 442.57 |
| | | | | 7 SOCIAL SECURITY TIPS | 8 ALLOCATED TIPS |
| | | | | 9 | 10 DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF | 11 NONQUALIFIED PLANS | 12. s-d D 909.10 DD 3747.50 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14 OTHER | |
| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | 13 Statutory Employee / Retirement Plan / Third-Party Sick Pay ☒ |
| 15 STATE | EMPLOYER'S STATE I D NO. | 16 STATE WAGES, TIPS, ETC. | 17 STATE INCOME TAX | 18 LOCAL WAGES, TIPS, ETC. | 19 LOCAL INCOME TAX | 20 LOCALITY NAME |

Copy 2 To be filed with Employee's STATE, CITY or LOCAL tax return
FORM W-2 Wage and Tax Statement   2021

Dept. of the Treasury - Internal Revenue Service

FOLD AND TEAR ALONG PERFORATION

---

| D CONTROL NUMBER 001911508301 | This information is being furnished to the Internal Revenue Service | | OMB NO. 1545 - 0008 | 1 WAGES, TIPS, OTHER, COMPENSATION 29613.15 | 2 FEDERAL INCOME TAX WITHHELD 2456.56 |
|---|---|---|---|---|---|
| B EMPLOYER IDENTIFICATION NUMBER 7200 | | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | 3 SOCIAL SECURITY WAGES 30522.25 | 4 SOCIAL SECURITY TAX WITHHELD 1892.38 |
| C. EMPLOYER'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5 MEDICARE WAGES AND TIPS 30522.25 | 6 MEDICARE TAX WITHHELD 442.57 |
| | | | | 7 SOCIAL SECURITY TIPS | 8 ALLOCATED TIPS |
| | | | | 9 | 10 DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF | 11 NONQUALIFIED PLANS | 12. s-d D 909.10 DD 3747.50 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14 OTHER | |
| F EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | 13 Statutory Employee / Retirement Plan / Third-Party Sick Pay ☒ |
| 15 STATE | EMPLOYER'S STATE I D NO. | 16 STATE WAGES, TIPS, ETC. | 17 STATE INCOME TAX | 18 LOCAL WAGES, TIPS, ETC. | 19 LOCAL INCOME TAX | 20 LOCALITY NAME |

Copy 2 To be filed with Employee's STATE, CITY or LOCAL tax return
FORM W-2 Wage and Tax Statement   2021

Dept. of the Treasury - Internal Revenue Service

FOLD AND TEAR ALONG PERFORATION

---

| D CONTROL NUMBER 001911508301 | This information is being furnished to the Internal Revenue Service | | OMB NO. 1545 - 0008 | 1 WAGES, TIPS, OTHER, COMPENSATION 29613.15 | 2 FEDERAL INCOME TAX WITHHELD 2456.56 |
|---|---|---|---|---|---|
| B EMPLOYER IDENTIFICATION NUMBER 7200 | | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | 3 SOCIAL SECURITY WAGES 30522.25 | 4 SOCIAL SECURITY TAX WITHHELD 1892.38 |
| C. EMPLOYER'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5 MEDICARE WAGES AND TIPS 30522.25 | 6 MEDICARE TAX WITHHELD 442.57 |
| | | | | 7 SOCIAL SECURITY TIPS | 8 ALLOCATED TIPS |
| | | | | 9 | 10 DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF | 11 NONQUALIFIED PLANS | 12. s-d D 909.10 DD 3747.50 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14 OTHER | |
| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | 13 Statutory Employee / Retirement Plan / Third-Party Sick Pay ☒ |
| 15 STATE | EMPLOYER'S STATE I D NO. | 16 STATE WAGES, TIPS, ETC. | 17 STATE INCOME TAX | 18 LOCAL WAGES, TIPS, ETC. | 19 LOCAL INCOME TAX | 20 LOCALITY NAME |

Copy B   To be filed with Employee's FEDERAL tax return
FORM W-2 Wage and Tax Statement   2021

Dept. of the Treasury - Internal Revenue Service

**EXHIBIT C-16**

LE0052

FOLD AND TEAR ALONG PERFORATION

Visit www.irs.gov/efile for e-file details.

© CERIDIAN

# W-2 AND WAGE SUMMARY

1/24/23, 8:13 PM

| | Federal Box 1 | Soc. Sec. Box 3 & 7 | Medicare Box 5 |
|---|---|---|---|
| Gross Wages | 46348.03 | 46348.03 | 46348.03 |
| Total Benefits | | | |
| Group Term Life | | | |
| Adoption | | | |
| Deferred Comp | (1618.91) | | |
| Section 125 | (3011.27) | (3011.27) | (3011.27) |
| Other Pretax/Wage Limit | | | |
| W-2 Wages | 41717.85 | 43335.76 | 43336.76 |

To the right is an explanation of your W-2 wages.
Please note that the Gross amount may include adjustments.

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Form W-2 Wage and Tax Statement 2022
Copy C—For EMPLOYEE'S RECORDS

**First W-2 form:**

| D. CONTROL NUMBER 002463299301 | | 2022 | OMB NO. 1545 0008 | 1. WAGES, TIPS, OTHER COMPENSATION 41717.85 | 2. FEDERAL INCOME TAX WITHHELD 3482.56 |
|---|---|---|---|---|---|
| B. EMPLOYER IDENTIFICATION NUMBER (EIN) 7200 | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | | 3. SOCIAL SECURITY WAGES 43336.76 | 4. SOCIAL SECURITY TAX WITHHELD 2686.88 |
| C. EMPLOYEE'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5. MEDICARE WAGES AND TIPS 43336.76 | 6. MEDICARE TAX WITHHELD 628.38 |
| | | | | 7. SOCIAL SECURITY TIPS | 8. ALLOCATED TIPS |
| | | | | 9. | 10. DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF. | 11. NONQUALIFIED PLANS | 12a-d See instructions for box 12 D 1618.91 DD 8340.83 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14. OTHER | 13. STATUTORY EMPLOYEE / RETIREMENT PLAN / THIRD-PARTY SICK PAY |
| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | |
| 15. STATE | EMPLOYER'S STATE ID NUMBER | 16. STATE WAGES, TIPS, ETC. | 17. STATE INCOME TAX | 18. LOCAL WAGES, TIPS, ETC. | 19. LOCAL INCOME TAX | 20. LOCALITY NAME |

**Second W-2 form:**

| D. CONTROL NUMBER 002463299301 | | 2022 | OMB NO. 1545-0008 | 1. WAGES, TIPS, OTHER COMPENSATION 41717.85 | 2. FEDERAL INCOME TAX WITHHELD 3482.56 |
|---|---|---|---|---|---|
| B. EMPLOYER IDENTIFICATION NUMBER (EIN) 7200 | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | | 3. SOCIAL SECURITY WAGES 43336.76 | 4. SOCIAL SECURITY TAX WITHHELD 2686.88 |
| C. EMPLOYEE'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5. MEDICARE WAGES AND TIPS 43336.76 | 6. MEDICARE TAX WITHHELD 628.38 |
| | | | | 7. SOCIAL SECURITY TIPS | 8. ALLOCATED TIPS |
| | | | | 9. | 10. DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF. | 11. NONQUALIFIED PLANS | 12a-d 1618.91 DD 8340.83 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14. OTHER | 13. STATUTORY EMPLOYEE / RETIREMENT PLAN / THIRD-PARTY SICK PAY |
| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | |
| 15. STATE | EMPLOYER'S STATE ID NUMBER | 16. STATE WAGES, TIPS, ETC. | 17. STATE INCOME TAX | 18. LOCAL WAGES, TIPS, ETC. | 19. LOCAL INCOME TAX | 20. LOCALITY NAME |

Copy 2-To Be Filed With Employee's State, City, or Local Income Tax Return      2022      Department of the Treasury - Internal Revenue Service
FORM W-2 Wage and Tax Statement

**Third W-2 form:**

| D. CONTROL NUMBER 002463299301 | | 2022 | OMB NO. 1545-0008 | 1. WAGES, TIPS, OTHER COMPENSATION 41717.85 | 2. FEDERAL INCOME TAX WITHHELD 3482.56 |
|---|---|---|---|---|---|
| B. EMPLOYER IDENTIFICATION NUMBER (EIN) 7200 | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | | 3. SOCIAL SECURITY WAGES 43336.76 | 4. SOCIAL SECURITY TAX WITHHELD 2686.88 |
| C. EMPLOYEE'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5. MEDICARE WAGES AND TIPS 43336.76 | 6. MEDICARE TAX WITHHELD 628.38 |
| | | | | 7. SOCIAL SECURITY TIPS | 8. ALLOCATED TIPS |
| | | | | 9. | 10. DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF. | 11. NONQUALIFIED PLANS | 12a-d 1618.91 DD 8340.83 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14. OTHER | 13. STATUTORY EMPLOYEE / RETIREMENT PLAN / THIRD-PARTY SICK PAY |
| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | |
| 15. STATE | EMPLOYER'S STATE ID NUMBER | 16. STATE WAGES, TIPS, ETC. | 17. STATE INCOME TAX | 18. LOCAL WAGES, TIPS, ETC. | 19. LOCAL INCOME TAX | 20. LOCALITY NAME |

Copy 2-To Be Filed With Employee's State, City, or Local Income Tax Return      2022      Department of the Treasury - Internal Revenue Service
FORM W-2 Wage and Tax Statement

**Fourth W-2 form:**

| D. CONTROL NUMBER 002463299301 | | 2022 | OMB NO. 1545-0008 | 1. WAGES, TIPS, OTHER COMPENSATION 41717.85 | 2. FEDERAL INCOME TAX WITHHELD 3482.56 |
|---|---|---|---|---|---|
| B. EMPLOYER IDENTIFICATION NUMBER (EIN) 7200 | A. EMPLOYEE'S SOCIAL SECURITY NUMBER | | | 3. SOCIAL SECURITY WAGES 43336.76 | 4. SOCIAL SECURITY TAX WITHHELD 2686.88 |
| C. EMPLOYEE'S NAME, ADDRESS, AND ZIP CODE Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | | 5. MEDICARE WAGES AND TIPS 43336.76 | 6. MEDICARE TAX WITHHELD 628.38 |
| | | | | 7. SOCIAL SECURITY TIPS | 8. ALLOCATED TIPS |
| | | | | 9. | 10. DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL Leonatrae | LAST NAME Edwards | | SUFF. | 11. NONQUALIFIED PLANS | 12a-d 1618.91 DD 8340.83 |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 14. OTHER | 13. STATUTORY EMPLOYEE / RETIREMENT PLAN / THIRD-PARTY SICK PAY |
| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | |
| 15. STATE | EMPLOYER'S STATE ID NUMBER | 16. STATE WAGES, TIPS, ETC. | 17. STATE INCOME TAX | 18. LOCAL WAGES, TIPS, ETC. | 19. LOCAL INCOME TAX | 20. LOCALITY NAME |

Copy B-To Be Filed With Employee's FEDERAL Tax Return      2022      Department of the Treasury - Internal Revenue Service
FORM W-2 Wage and Tax Statement      This information is being furnished to the Internal Revenue Service

LE0053

1/10/24, 7:04 PM

| | Federal Box 1 | Soc. Sec. Box 3 & 7 | Medicare Box 5 |
|---|---|---|---|
| Gross Wages | 60117.88 | 60117.88 | 60117.88 |
| Txbl Benefits | | | |
| Group Term Life | | | |
| Adoption | | | |
| Deferred Comp | (2357.86) | | |
| Section 125 | (2994.24) | (2994.24) | (2994.24) |
| Other Pretax/Wage Limt | | | |
| W-2 Wages | 54765.78 | 57123.64 | 57123.64 |

To the right is information which shows your total wages by W-2 box and the amount of any deferred compensation and/or other pretax deductions that were subtracted from total wages to arrive at your W-2 wages.

General instructions for these forms, including an explanation of the letter codes used in box 12, are available on a separate document.

---

**Form W-2 Wage and Tax Statement** — 2023
Copy C—For EMPLOYEE'S RECORDS

| a Employee's social security number **████7200** | b Employer identification number (EIN) | d Control number 002908491901 | | | OMB No. 1545-0008 |
|---|---|---|---|---|---|
| c Employer's name, address, and ZIP code | | | 1 Wages, tips, other compensation 54765.78 | 2 Federal income tax withheld 4836.41 | |
| Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | 3 Social security wages 57123.64 | 4 Social security tax withheld 3541.67 | |
| | | | 5 Medicare wages and tips 57123.64 | 6 Medicare tax withheld 828.29 | |
| e Employee's first name and initial Leonatrae | Last name Edwards | Suff. | 7 Social security tips | 8 Allocated tips | |
| 12815 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 10 Dependent care benefits | |
| | | | 11 Nonqualified plans | 12a See instructions for box 12 Code D 2357.86 | |
| f Employee's address and ZIP code | | | 13 Statutory employee ☐ Retirement plan ☐ Third-party sick pay ☐ [X] | 12b Code DD 8490.00 | |
| 15 State Employer's state ID Number | 16 State wages, tips, etc. | 17 State income tax | | 12c Code | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | 14 Other | 12d Code | |

Department of the Treasury—Internal Revenue Service
This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

---

**Form W-2 Wage and Tax Statement** — 2023
Copy B—To Be Filed With Employee's FEDERAL Tax Return.

| a Employee's social security number **████7200** | b Employer identification number (EIN) | d Control number 002908491901 | | | OMB No. 1545-0008 |
|---|---|---|---|---|---|
| c Employer's name, address, and ZIP code | | | 1 Wages, tips, other compensation 54765.78 | 2 Federal income tax withheld 4836.41 | |
| Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | 3 Social security wages 57123.64 | 4 Social security tax withheld 3541.67 | |
| | | | 5 Medicare wages and tips 57123.64 | 6 Medicare tax withheld 828.29 | |
| e Employee's first name and initial Leonatrae | Last name Edwards | Suff. | 7 Social security tips | 8 Allocated tips | |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 10 Dependent care benefits | |
| | | | 11 Nonqualified plans | 12a See instructions for box 12 Code D 2357.86 | |
| f Employee's address and ZIP code | | | 13 Statutory employee ☐ Retirement plan ☐ Third-party sick pay ☐ [X] | 12b Code DD 8490.00 | |
| 15 State Employer's state ID Number | 16 State wages, tips, etc. | 17 State income tax | | 12c Code | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | 14 Other | 12d Code | |

Department of the Treasury - Internal Revenue Service

---

**Form W-2 Wage and Tax Statement** — 2023
Copy 2—To Be Filed With Employee's State, City, or local Income Tax Return

| a Employee's social security number **████7200** | b Employer identification number (EIN) | d Control number 002908491901 | | | OMB No. 1545-0008 |
|---|---|---|---|---|---|
| c Employer's name, address, and ZIP code | | | 1 Wages, tips, other compensation 54765.78 | 2 Federal income tax withheld 4836.41 | |
| Loomis Armored US, LLC 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 | | | 3 Social security wages 57123.64 | 4 Social security tax withheld 3541.67 | |
| | | | 5 Medicare wages and tips 57123.64 | 6 Medicare tax withheld 828.29 | |
| e Employee's first name and initial Leonatrae | Last name Edwards | Suff. | 7 Social security tips | 8 Allocated tips | |
| 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | 10 Dependent care benefits | |
| | | | 11 Nonqualified plans | 12a See instructions for box 12 Code D 2357.86 | |
| f Employee's address and ZIP code | | | 13 Statutory employee ☐ Retirement plan ☐ Third-party sick pay ☐ [X] | 12b Code DD 8490.00 | |
| 15 State Employer's state ID Number | 16 State wages, tips, etc. | 17 State income tax | | 12c Code | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | 14 Other | 12d Code | |

Department of the Treasury - Internal Revenue Service

---

LE0054

All four copies of your W-2 are on this page separated by perforations. General instructions for these forms, including an explanation of the letter codes used in box 12, are printed on the reverse side of this page.

To the right is information which shows your total wages by W-2 box and the amount of any deferred compensation and/or other pretax deductions that were subtracted from total wages to arrive at your W-2 wages.

| | Federal Box 1 | Soc. Sec. Box 3 and 7 | Medicare Box 5 |
|---|---|---|---|
| Gross Wages | 5791.30 | 5791.30 | 5791.30 |
| Txbl Benefits | | | |
| Group Term Life | | | |
| Adoption | | | |
| Deferred Comp | (231.65) | | |
| Section 125 | (400.20) | (400.20) | (400.20) |
| Other Pretax/Wage Limit | | | |
| W-2 Wages | 5159.45 | 5391.10 | 5391.10 |

---

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 003451112701 | | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|---|
| c Employee's name, address, and ZIP code | | | | 1 Wages, tips, other compensation  5159.45 | 2 Federal income tax withheld  390.21 |
| Loomis Armored US, LLC | | | | 3 Social security wages  5391.10 | 4 Social security tax withheld  334.25 |
| 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | | | | 5 Medicare wages and tips  5391.10 | 6 Medicare tax withheld  78.17 |
| e Employee's first name and initial | Last name | | Suff. | 7 Social security tips | 8 Allocated tips |
| Leonatrae    Edwards 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | | 10 Dependent care benefits |
| | | | | 11 Nonqualified plans | 12a See instructions for box 12  Code   D   231.65 |
| f Employee's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b Code   DD   1369.75 |
| 15 State   Employer's state ID Number | 16 State wages, tips, etc. | | 17 State income tax | | 12c Code |
| | | | | 14 Other | 12d Code |
| 18 Local wages, tips, etc. | 19 Local income tax | | 20 Locality name | | |

Form W-2 Wage and Tax Statement
Copy C—For EMPLOYEE'S RECORDS
(See Notice to Employee on the back of Copy B.)

2024

Department of the Treasury - Internal Revenue Service

---

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 003451112701 | | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|---|
| c Employee's name, address, and ZIP code | | | | 1 Wages, tips, other compensation  5159.45 | 2 Federal income tax withheld  390.21 |
| Loomis Armored US, LLC | | | | 3 Social security wages  5391.10 | 4 Social security tax withheld  334.25 |
| 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | | | | 5 Medicare wages and tips  5391.10 | 6 Medicare tax withheld  78.17 |
| e Employee's first name and initial | Last name | | Suff. | 7 Social security tips | 8 Allocated tips |
| Leonatrae    Edwards 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | | 10 Dependent care benefits |
| | | | | 11 Nonqualified plans | 12a See instructions for box 12  Code   D   231.65 |
| f Employee's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b Code   DD   1369.75 |
| 15 State   Employer's state ID Number | 16 State wages, tips, etc. | | 17 State income tax | | 12c Code |
| | | | | 14 Other | 12d Code |
| 18 Local wages, tips, etc. | 19 Local income tax | | 20 Locality name | | |

Form W-2 Wage and Tax Statement
Copy B—To Be Filed With Employee's FEDERAL Tax Return.
This information is being furnished to the Internal Revenue Service.

2024

Department of the Treasury - Internal Revenue Service

---

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 003451112701 | | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|---|
| c Employee's name, address, and ZIP code | | | | 1 Wages, tips, other compensation  5159.45 | 2 Federal income tax withheld  390.21 |
| Loomis Armored US, LLC | | | | 3 Social security wages  5391.10 | 4 Social security tax withheld  334.25 |
| 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | | | | 5 Medicare wages and tips  5391.10 | 6 Medicare tax withheld  78.17 |
| e Employee's first name and initial | Last name | | Suff. | 7 Social security tips | 8 Allocated tips |
| Leonatrae    Edwards 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | | 10 Dependent care benefits |
| | | | | 11 Nonqualified plans | 12a See instructions for box 12  Code   D   231.65 |
| f Employee's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b Code   DD   1369.75 |
| 15 State   Employer's state ID Number | 16 State wages, tips, etc. | | 17 State income tax | | 12c Code |
| | | | | 14 Other | 12d Code |
| 18 Local wages, tips, etc. | 19 Local income tax | | 20 Locality name | | |

Form W-2 Wage and Tax Statement
Copy 2—To Be Filed With Employee's State, City, or local Income Tax Return

2024

Department of the Treasury - Internal Revenue Service

---

| a Employee's social security number | | b Employer identification number (EIN) 7200 | d Control number 003451112701 | | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. OMB No. 1545-0008 |
|---|---|---|---|---|---|
| c Employee's name, address, and ZIP code | | | | 1 Wages, tips, other compensation  5159.45 | 2 Federal income tax withheld  390.21 |
| Loomis Armored US, LLC | | | | 3 Social security wages  5391.10 | 4 Social security tax withheld  334.25 |
| 2500 CityWest Blvd Suite 2300 Houston TX 77042-9000 USA | | | | 5 Medicare wages and tips  5391.10 | 6 Medicare tax withheld  78.17 |
| e Employee's first name and initial | Last name | | Suff. | 7 Social security tips | 8 Allocated tips |
| Leonatrae    Edwards 12825 SW 252nd St Unit 205 Homestead FL 33032-9167 USA | | | | | 10 Dependent care benefits |
| | | | | 11 Nonqualified plans | 12a See instructions for box 12  Code   D   231.65 |
| f Employee's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b Code   DD   1369.75 |
| 15 State   Employer's state ID Number | 16 State wages, tips, etc. | | 17 State income tax | | 12c Code |
| | | | | 14 Other | 12d Code |
| 18 Local wages, tips, etc. | 19 Local income tax | | 21 Locality name | | |

Form W-2 Wage and Tax Statement
Copy 2—To Be Filed With Employee's State, City, or local Income Tax Return

2024

Department of the Treasury - Internal Revenue Service

LE0055

# Earnings Statement

Universal Protection Service, LLC

*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA 19428*

| | Exemptions | Addl | Status |
|---|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 | |

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked:   39.25
Basis of Pay:   Hourly

Page 001 of 001

| | |
|---|---|
| Period Beg/End | 01/24/2025 - 01/30/2025 |
| Advice Date: | 02/06/2025 |
| Advice Number: | 108274637 |
| Batch Number: | 121902 |
| Employee No: | 9698305 |

**Leonatrae Edwards**
**12825 SW 252nd St Unit 205**
**Homestead, FL  33032-9167**

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 834.46 | 4990.79 | | | |
| Misc Income/Adj | .00 | .00 | | | |
| Total Gross Pay | 834.46 | 4990.79 | | | |
| **Deductions** | | | | | |
| Pre-tax | .00 | .00 | | | |
| Taxes | 124.77 | 745.49 | **Pre-Tax Deductions** | | |
| Additional Deductions | 36.00 | 72.00 | | | |
| Total Deductions | 160.77 | 817.49 | | | |
| NET PAY | $673.69 | $4,173.30 | | | |
| Federal Earnings | 834.46 | 4990.79 | | | |
| FICA Earnings | 834.46 | 4990.79 | | | |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type | | | | | |
| 01/30/25 Regular | 21.260 | | 39.25 | | |
| Total | | | 39.25 | .00 | .00 |

| Taxes | Current | YearToDate |
|---|---|---|
| Federal W/H | 60.93 | 363.69 |
| FICA | 51.74 | 309.43 |
| Medicare | 12.10 | 72.37 |

| Additional Deductions | Current | YearToDate |
|---|---|---|
| 32BJ Feb 2025 Dues | 36.00 | 36.00 |
| 32BJ Jan 2025 Dues | | 36.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | 10.00 | 46.00 |
| Vacation | | | .00 |

| | |
|---|---|
| Advice Number: | **108274637** |
| Advice Date: | **02/06/2025** |

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA  19428**

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **Leonatrae Edwards** | XXXXXX9752 | 673.69 |

**NON-NEGOTIABLE**

**LE0056**

## Earnings Statement

Universal Protection Service, LLC

*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA  19428*

| | Exemptions | Addl | Status |
|---|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 | |

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked: 37.75
Basis of Pay: Hourly

Page 001 of 001

| | |
|---|---|
| Period Beg/End | 01/31/2025 - 02/06/2025 |
| Advice Date: | 02/13/2025 |
| Advice Number: | 108523989 |
| Batch Number: | 122143 |
| Employee No: | 9698305 |

**Leonatrae Edwards**
**12825 SW 252nd St Unit 205**
**Homestead, FL  33032-9167**

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 802.57 | 5793.36 | | | |
| Misc Income/Adj | .00 | .00 | | | |
| Total Gross Pay | 802.57 | 5793.36 | | | |
| **Deductions** | | | | | |
| Pre-tax | .00 | .00 | | | |
| Taxes | 118.51 | 864.00 | **Pre-Tax Deductions** | | |
| Additional Deductions | .00 | 72.00 | | | |
| Total Deductions | 118.51 | 936.00 | | | |
| NET PAY | $684.06 | $4,857.36 | | | |
| Federal Earnings | 802.57 | 5793.36 | | | |
| FICA Earnings | 802.57 | 5793.36 | | | |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type | | | | | |
| 02/06/25 Regular | 21.260 | | 37.75 | | |
| Total | | | 37.75 | .00 | .00 |

| Taxes | Current | YearToDate |
|---|---|---|
| Federal W/H | 57.11 | 420.80 |
| FICA | 49.76 | 359.19 |
| Medicare | 11.64 | 84.01 |

| Additional Deductions | | |
|---|---|---|
| 32BJ Feb 2025 Dues | | 36.00 |
| 32BJ Jan 2025 Dues | | 36.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | .00 | 56.00 |
| Vacation | | | .77 |

| | |
|---|---|
| Advice Number: | **108523989** |
| Advice Date: | **02/13/2025** |

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA  19428**

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **Leonatrae Edwards** | XXXXXX9752 | 684.06 |

## NON-NEGOTIABLE

LE0057

# Earnings Statement

Page 001 of 001

Universal Protection Service, LLC

*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA  19428*

| Period Beg/End | 02/07/2025 - 02/13/2025 |
|---|---|
| Advice Date: | 02/20/2025 |
| Advice Number: | 108758530 |
| Batch Number: | 122338 |
| Employee No: | 9698305 |

| | Exemptions | Addl | Status |
|---|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 | |

**Leonatrae Edwards**
**12825 SW 252nd St Unit 205**
**Homestead, FL  33032-9167**

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked:     38.00
Basis of Pay:     Hourly

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 807.88 | 6601.24 | | | |
| Misc Income/Adj | .00 | .00 | | | |
| Total Gross Pay | 807.88 | 6601.24 | | | |
| **Deductions** | | | | | |
| Pre-tax | .00 | .00 | | | |
| Taxes | 119.54 | 983.54 | **Pre-Tax Deductions** | | |
| Additional Deductions | .00 | 72.00 | | | |
| Total Deductions | 119.54 | 1055.54 | | | |
| NET PAY | $688.34 | $5,545.70 | | | |
| Federal Earnings | 807.88 | 6601.24 | | | |
| FICA Earnings | 807.88 | 6601.24 | | | |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type | | | | | |
| 02/13/25 Regular | 21.260 | | 38.00 | | |
| Total | | | 38.00 | .00 | .00 |

| Taxes | Current | YearToDate |
|---|---|---|
| Federal W/H | 57.74 | 478.54 |
| FICA | 50.09 | 409.28 |
| Medicare | 11.71 | 95.72 |

| Additional Deductions | | |
|---|---|---|
| 32BJ Feb 2025 Dues | | 36.00 |
| 32BJ Jan 2025 Dues | | 36.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | .00 | 56.00 |
| Vacation | | | 1.54 |

| Advice Number: | **108758530** |
|---|---|

| Advice Date: | **02/20/2025** |
|---|---|

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA  19428**

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **Leonatrae Edwards** | XXXXXX9752 | 688.34 |

## NON-NEGOTIABLE

LE0058

# Earnings Statement

Universal Protection Service, LLC

*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA 19428*

| | Page 001 of 001 | |
|---|---|---|
| Period Beg/End | 02/14/2025 - 02/20/2025 |
| Advice Date: | 02/27/2025 |
| Advice Number: | 109004410 |
| Batch Number: | 122527 |
| Employee No: | 9698305 |

| Exemptions | Addl | Status |
|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 | |

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked: 28.00
Basis of Pay: Hourly

Leonatrae Edwards
**12825 SW 252nd St Unit 205**
**Homestead, FL 33032-9167**

| Gross Pay | Current | YearToDate | | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|---|
| Wages | 914.18 | 7515.42 | | | | |
| Misc Income/Adj | .00 | .00 | | | | |
| Total Gross Pay | 914.18 | 7515.42 | | | | |
| **Deductions** | | | | | | |
| Pre-tax | .00 | .00 | | **Pre-Tax Deductions** | | |
| Taxes | 140.44 | 1123.98 | | | | |
| Additional Deductions | .00 | 72.00 | | | | |
| Total Deductions | 140.44 | 1195.98 | | | | |
| NET PAY | $773.74 | $6,319.44 | | | | |
| Federal Earnings | 914.18 | 7515.42 | | | | |
| FICA Earnings | 914.18 | 7515.42 | | | | |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours | | Taxes | | |
|---|---|---|---|---|---|---|---|---|---|
| WkEnding Type | | | | | | | Federal W/H | 70.50 | 549.04 |
| 02/20/25 Regular | 21.260 | | 28.00 | | | | FICA | 56.68 | 465.96 |
| 02/20/25 Holiday Wor | 31.890 | | 10.00 | | | | Medicare | 13.26 | 108.98 |
| | Total | 38.00 | .00 | .00 | | | | | |

**Additional Deductions**
| | | |
|---|---|---|
| 32BJ Feb 2025 Dues | | 36.00 |
| 32BJ Jan 2025 Dues | | 36.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | .00 | 56.00 |
| Vacation | | | 2.31 |

| | Advice Number: | **109004410** |
|---|---|---|

Universal Protection Service, LLC
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA 19428**

Advice Date: **02/27/2025**

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **Leonatrae Edwards** | XXXXXX9752 | 773.74 |

**NON-NEGOTIABLE**

LE0059

# Earnings Statement

Page 001 of 001

| | |
|---|---|
| Period Beg/End | 03/07/2025 - 03/13/2025 |
| Advice Date: | 03/20/2025 |
| Advice Number: | 109722166 |
| Batch Number: | 123149 |
| Employee No: | 9698305 |

Universal Protection Service, LLC
*161 Washington Street, Suite 600*
*Eight Tower Bridge*
*Conshohocken, PA 19428*

| Exemptions | Addl | Status |
|---|---|---|
| Fed: | $0 | $0.00 | Single |
| State: | 0 | $0.00 | |

**For inquiries on this statement please call: (800)260-0852**

Total Hours Worked: 38.00
Basis of Pay: Hourly

**Leonatrae Edwards**
**12825 SW 252nd St Unit 205**
**Homestead, FL  33032-9167**

| Gross Pay | Current | YearToDate | | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|---|
| Wages | 807.88 | 9939.06 | | | | |
| Misc Income/Adj | .00 | .00 | | | | |
| Total Gross Pay | 807.88 | 9939.06 | | | | |
| **Deductions** | | | | | | |
| Pre-tax | .00 | .00 | | | | |
| Taxes | 119.54 | 1482.60 | | **Pre-Tax Deductions** | | |
| Additional Deductions | .00 | 108.00 | | | | |
| Total Deductions | 119.54 | 1590.60 | | | | |
| NET PAY | $688.34 | $8,348.46 | | | | |
| Federal Earnings | 807.88 | 9939.06 | | | | |
| FICA Earnings | 807.88 | 9939.06 | | | | |

| Wages | Reg Rate | Prem Rate | Reg Hours | OT Hours | DT Hours |
|---|---|---|---|---|---|
| WkEnding Type | | | | | |
| 03/13/25 Regular | 21.260 | | 38.00 | | |
| Total | | | 38.00 | .00 | .00 |

| Taxes | Current | YearToDate |
|---|---|---|
| Federal W/H | 57.74 | 722.26 |
| FICA | 50.09 | 616.23 |
| Medicare | 11.71 | 144.11 |

| Additional Deductions | | |
|---|---|---|
| 32BJ Feb 2025 Dues | | 36.00 |
| 32BJ Jan 2025 Dues | | 36.00 |
| 32BJ Mar 2025 Dues | | 36.00 |

| Benefits | Accrued | YTD Used | Balance |
|---|---|---|---|
| Sick Leave | 56.00 | .00 | 56.00 |
| Vacation | | | 4.62 |

| | |
|---|---|
| Advice Number: | **109722166** |
| Advice Date: | **03/20/2025** |

**Universal Protection Service, LLC**
**161 Washington Street, Suite 600**
**Eight Tower Bridge**
**Conshohocken, PA  19428**

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| **Leonatrae Edwards** | XXXXXX9752 | 688.34 |

**NON-NEGOTIABLE**

LE0060

Form **W-2 Wage and Tax Statement** **2024**

| 7 Social security tips | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
| | 33,850.70 | 2,491.02 |
| 8 Allocated tips | 3 Social security wages | 4 Social security tax withheld |
| | 33,850.70 | 2,098.76 |
| 9 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 33,850.70 | 490.85 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 |

c Employer's name, address, and ZIP code

Universal Protection Service, LLC
161 Washington Street, Suite 600
Eight Tower Bridge
Conshohocken PA 19428

9698305  Suff.

| 13 Statutory employee  Retirement Plan  Third-party sick pay | 14 Other | 12b |
| b Employer Identification number (EIN) | | 12c |
| 5447 | | |
| a Employee's social security number | | 12d |

e Employee's name, address, and ZIP code

Leonatrae Edwards
12825 SW 252nd St Unit 205
Homestead FL  33032-9167

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Copy B To Be Filed With Employee's FEDERAL Tax Return.   This information is being furnished to the Internal Revenue Service.   Dept. of the Treasury - IRS

---

Form **W-2 Wage and Tax Statement** **2024**

| 7 Social security tips | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
| | 33,850.70 | 2,491.02 |
| 8 Allocated tips | 3 Social security wages | 4 Social security tax withheld |
| | 33,850.70 | 2,098.76 |
| 9 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 33,850.70 | 490.85 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 |

c Employer's name, address, and ZIP code

Universal Protection Service, LLC
161 Washington Street, Suite 600
Eight Tower Bridge
Conshohocken PA 19428

9698305  Suff.

| 13 Statutory employee  Retirement Plan  Third-party sick pay | 14 Other | 12b |
| b Employer Identification number (EIN) | | 12c |
| 5447 | | |
| a Employee's social security number | | 12d |

e Employee's name, address, and ZIP code

Leonatrae Edwards
12825 SW 252nd St Unit 205
Homestead FL  33032-9167

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Copy C For EMPLOYEE'S RECORDS   Dept. of the Treasury - IRS

---

Form **W-2 Wage and Tax Statement** **2024**

| 7 Social security tips | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
| | 33,850.70 | 2,491.02 |
| 8 Allocated tips | 3 Social security wages | 4 Social security tax withheld |
| | 33,850.70 | 2,098.76 |
| 9 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 33,850.70 | 490.85 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 |

c Employer's name, address, and ZIP code

Universal Protection Service, LLC
161 Washington Street, Suite 600
Eight Tower Bridge
Conshohocken PA 19428

9698305  Suff.

| 13 Statutory employee  Retirement Plan  Third-party sick pay | 14 Other | 12b |
| b Employer Identification number (EIN) | | 12c |
| 5447 | | |
| a Employee's social security number | | 12d |

e Employee's name, address, and ZIP code

Leonatrae Edwards
12825 SW 252nd St Unit 205
Homestead FL  33032-9167

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return.   Dept. of the Treasury - IRS

---

Form **W-2 Wage and Tax Statement** **2024**

| 7 Social security tips | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
| | 33,850.70 | 2,491.02 |
| 8 Allocated tips | 3 Social security wages | 4 Social security tax withheld |
| | 33,850.70 | 2,098.76 |
| 9 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 33,850.70 | 490.85 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 |

c Employer's name, address, and ZIP code

Universal Protection Service, LLC
161 Washington Street, Suite 600
Eight Tower Bridge
Conshohocken PA 19428

9698305  Suff.

| 13 Statutory employee  Retirement Plan  Third-party sick pay | 14 Other | 12b |
| b Employer Identification number (EIN) | | 12c |
| 5447 | | |
| a Employee's social security number | | 12d |

e Employee's name, address, and ZIP code

Leonatrae Edwards
12825 SW 252nd St Unit 205
Homestead FL  33032-9167

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

**EXHIBIT C-18**

LE0061

TruGreen Limited Partnership    1790 Kirby Pkwy Ste 300 Memphis, TN 38138    +1 (844) 3138447
Leonatrae Edwards    7631 Gresham Hills Drive 102 Raleigh, NC 27615

| Name | Company | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|------|---------|--|-------------|------------------|----------------|------------|--------------|
| Leonatrae Edwards | TruGreen Limited Partnership | | 10210846 | 08/03/2025 | 08/09/2025 | 08/15/2025 | |

| | Hours Worked | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|--|--------------|-----------|--------------------|-----------------|---------------------|---------|
| Current | 42.61 | 878.43 | 47.16 | 126.94 | 0.00 | 704.33 |
| YTD | 733.69 | 16,683.96 | 103.73 | 2,895.93 | 0.00 | 13,684.30 |

| Earnings | | | | | | Employee Taxes | | |
|----------|--|--|--|--|--|----------------|--|--|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Commission | | | 0 | | 37.65 | OASDI | 53.19 | 1,031.85 |
| Excess Life Impute | 08/03/2025 - 08/09/2025 | 0 | 0 | 0.18 | 0.36 | Medicare | 12.44 | 241.32 |
| Holiday | | | 0 | | 320.00 | Federal Withholding | 41.31 | 1,140.76 |
| Overtime 1.5 | 08/03/2025 - 08/09/2025 | 2.614167 | 30 | 78.43 | 4,046.31 | State Tax - NC | 20.00 | 482.00 |
| Regular Hourly | 08/03/2025 - 08/09/2025 | 40 | 20 | 800.00 | 10,470.00 | | | |
| Retention Bonus | | | 0 | | 280.00 | | | |
| Training | | | 0 | | 1,530.00 | | | |
| Earnings | | | | 878.61 | 16,684.32 | Employee Taxes | 126.94 | 2,895.93 |

| Pre Tax Deductions | | |
|--------------------|--|--|
| Description | Amount | YTD |
| 401(k) Contrb | 26.36 | 62.13 |
| Dental Pre-Tax | 5.25 | 10.50 |
| Medical Pre-Tax | 15.55 | 31.10 |
| Pre Tax Deductions | 47.16 | 103.73 |

| Employer Paid Benefits | | | Taxable Wages | | |
|------------------------|--|--|---------------|--|--|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) Employer Match | 17.57 | 41.42 | OASDI - Taxable Wages | 857.81 | 16,642.72 |
| Medical Employer | 15.55 | 31.10 | Medicare - Taxable Wages | 857.81 | 16,642.72 |
| | | | Federal Withholding - Taxable Wages | 831.45 | 16,580.59 |
| Employer Paid Benefits | 33.12 | 72.52 | State Tax Taxable Wages - NC | 831.45 | 16,580.59 |

| | Federal | State | Time off Plan | | |
|--|---------|-------|---------------|--|--|
| Marital Status | Head of Household | Head of Household | Description | Accrued | Reduced | Available |
| Allowances | 0 | 0 | PTO Plan (USA) | 1.66 | 0 | 24.9 |
| Additional Withholding | 0 | 0 | | | | |

| Payment Information | | | | |
|---------------------|--|--|--|--|
| Bank | Account Name | Account Number | USD Amount | Amount |
| Navy federal credit union | Navy federal credit union ******9752 | ******9752 | 704.33 | USD |

LE0062