UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-21113-JAL

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

    *Plaintiffs,*

v.

LOOMIS ARMORED US, LLC,

    *Defendant.*
_____/

## **PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

THIS CAUSE came before the Court on the Parties' Joint Motion for the Entry of a Protective Order Regarding Confidentiality. The parties to this action have agreed to the entry of a protective order. Upon consideration of the parties' stipulation, it is hereby:

**ORDERED** and **ADJUDGED**:

1. Documents or other materials produced in this case which contain or which could lead to the disclosure of confidential, proprietary and/or personal information not otherwise subject to public disclosure may be designated by the answering or producing party, or witness, as "Confidential" information, and shall thereby be deemed confidential and subject to the provisions of this protective order.

2. If any party to this action or witness claims that any document or other material produced by such party or witness or any information contained therein is confidential, then the party claiming confidentiality shall mark the document, and each page thereof, with a stamp identifying it as "Confidential."

3. If documents or other materials deemed confidential are filed with the Court, they shall be filed under seal in accordance with the requirements set forth in Rule 5.4 of the Local Rules for the U.S. District Court for the Southern District of Florida.

4. Use of any information and embodiments thereof subject to this Stipulated Protective Order including all derivative information therefrom, shall be restricted solely to the litigation of this case, including discovery and trial, and shall not be used by any party for any business, commercial or competitive purpose. However, this Stipulated Protective Order in no way operates to restrict the disclosure or use of any information which is known or becomes known through proper and legal means or sources outside of this litigation.

5. In the event that any documents or other materials previously identified as confidential are marked as exhibits or otherwise generally discussed during the taking of a deposition in this action, the exhibit, and all portions of the relevant deposition transcript in which the exhibit is discussed and/or referenced, shall immediately be deemed confidential, and therefore subject to the terms of this Stipulated Protective Order.

6. Use of any information and embodiments thereof subject to this Stipulated Protective Order, including all derivative information therefrom, shall be restricted solely to the following persons who shall be advised of the terms of this Stipulated Protective Order: [1]

    a. Counsel for any party to the above-captioned litigation, including attorneys of said counsel's law firm and all regular full-time employees of said counsel's law department or

---

[1] Subject to any limitations described elsewhere in this Stipulated Protective Order, including, but not limited to, the filing requirements described in paragraph 3 of this Stipulated Protective Order, disclosure may also be made to the Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of the above-captioned action, and to the jury pursuant to the presentation of evidence at trial.

law firm including, but not limited to, paralegal assistants, and stenographic and clerical employees;

      b.      Plaintiffs Willie Stanley, Leonatrae Edwards, and JaJuan Smith, and Defendant, Loomis Armored US, LLC, and any employees of Defendant Loomis Armored US, LLC who are actively engaged in the preparation and/or defense of this case;

      c.      Deponents or witnesses in this action while their sworn testimony is elicited, or in preparation for and/or in anticipation of providing such testimony; and

      d.      Expert witnesses and non-testifying consultants, including their secretarial and clerical staffs, retained by either party.

7.      Individuals identified in paragraphs 6(a) and (b) above shall be automatically bound by the terms of this Stipulated Protective Order. Individuals identified in paragraphs 6(c) and 6(d) above must agree, either in writing, or orally if disclosure is to be made at a deposition, hearing, or trial, to be bound by the terms of this Stipulated Protective Order prior to viewing any documents or other materials deemed confidential.

8.      This Stipulated Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under Florida and federal law.  Nothing in this Stipulated Protected Order shall prejudice any party from seeking amendments broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to orders by the Court.

9.      Each party herein reserves the right to dispute the confidential status claimed by any other party in accordance with this Stipulated Protective Order.  The parties shall first try to resolve any such dispute on an informal basis and in good faith before presenting the dispute to the Court.

10. If any party believes that any information or documents have been inappropriately designated by another party or witness as subject to this Stipulated Protected Order, the party shall, in writing, inform counsel for the party claiming the protected status within ten (10) business days of the date of first receipt of notice that the documents have been marked confidential.  The party seeking to challenge the protected status of any documents marked as confidential shall be required to work in good faith with the opposing party to resolve any disagreement over the confidential status of the documents at issue.  If the parties are unable to reach agreement on the nature of the documents at issue, the party seeking to challenge the protected status must file an appropriate motion with the Court within thirty (30) calendar days of the date of first receipt of notice that the documents have been marked confidential. If a motion is not filed within the required time period, then the party waives the right to contest the confidential nature of the documents at issue.

11. This Order may be amended or terminated without leave of Court by agreement of the parties in the form of a stipulation that shall be filed with the Court.

**DONE AND ORDERD** in Chambers, Miami, Florida, this ___ day of September 2025.

_____
JOAN A. LENARD
UNITED STATES DISTRICT COURT JUDGE

*Copies furnished to counsel of record via CM/ECF*