UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-21113-JAL

WILLIE STANLEY,

     Plaintiff,

v.

LOOMIS ARMORED US, LLC,

     Defendant.

_____

## DEFENDANT'S LIST OF AUTHORITIES IT INTENDS TO RELY UPON

1.     *All Web Leads, Inc. v. D'Amico*, at \*2, 2019 WL 2051970 (S.D. Fla. May 2, 2019) (awarding attorneys' fees for failure to attend deposition).

2.     *Atkinson v. Volusia Cnty. Sch. Bd*., 2016 WL 6524410, at \*3 (M.D. Fla. Nov. 3, 2016) (awarding court reporter costs for failure to attend deposition, along with attorneys' fees to prepare for the deposition and to prepare for motion for sanctions).

3.     *Baylis v. Northrop Grumman Corp*., 2019 WL 13261477, at \*2 (M.D. Fla. Feb. 20, 2019) (awarding fees incurred in prosecuting motion for sanctions).

4.     *Betancourt v. Gen. Servs. of VA, Inc*., 2015 WL 13792037, at \*2 (M.D. Fla. May 22, 2015) (noting that "[n]o showing of willfulness or bad faith or fault is required" in the context of awarding discovery sanctions).

5.     *Bullard*, 2021 WL 12322087, at \*2 (S.D. Ala. Nov. 15, 2021) (granting discovery sanctions where a plaintiff failed to appear at a deposition because of travel issues).

6.     *Est. of Dash by & through Dash v. United States*, 2022 WL 2208892, at \*4 (S.D. Fla. June 21, 2022) (noting that alleged hardship or burden based on new job and costs was not sufficient to provide good cause to deviate from the rule that deposition generally takes place where dispute was filed).

7.     *Jeanis v. Waste Pro USA, Inc*., 2012 WL 5834146, at \*2 (M.D. Fla. Nov. 16, 2012) (granting monetary sanctions in the form of fees and costs for failure to appear at deposition).

8.     *Kean v. Bd. of Trs. of the Three Rivers Reg'l Libr. Sys*., 321 F.R.D. 448, 454 (S.D. Ga. 2017) (granting discovery sanctions where a plaintiff failed to appear at a deposition since she lived and worked in another state, and where she failed to first secure a protective order regarding attendance).

9.      *Melvin v. United States*, 2024 WL 167258, at \*2 (M.D. Fla. Jan. 16, 2024) (issuing sanctions where a party failed to appear and was not excused by a protective order, and noting that "Plaintiff filed this lawsuit and is required to participate in it," which includes depositions during the workweek).

10.      *Miller v. Dyadic Int'l, Inc*., 2008 WL 2116590, at \*2 (S.D. Fla. May 20, 2008) (noting that a party could not unilaterally cancel a deposition 37 hours before it was to occur merely because she had to travel from out of state, and if she had wished to do so, she should have sought a protective order).

11.      *Morgan v. Ferguson*, 2022 WL 17736227, at \*2 (S.D. Fla. Dec. 16, 2022) (requiring deposition to take place where plaintiff filed the case, even though they lived out of state and travel to the district would be a hardship that would require them to miss obligations and become homeless).

12.      *Torres v. Nike, Inc*., 2021 WL 8894349, \*2 (M.D. Fla. Nov. 17, 2021) (awarding court reporter costs for failure to attend deposition, along with attorneys' fees to prepare for the deposition and to prepare for motion for sanctions).

13.      *United Parcel Serv. Inc. v. Williamson*, 2025 WL 2622081 (N.D. Ga. Mar. 19, 2025) (statement days before deposition that party would not appear did not constitute justification for subsequent failure to appear).

14.      Federal Rule of Civil Procedure 37.

All Web Leads, Inc. v. D'Amico
2019 WL 2051970

All Web Leads, Inc. v. D'Amico, Not Reported in Fed. Supp. (2019)

27 Fla. L. Weekly Fed. D 201

KeyCite history available

2019 WL 2051970
United States District Court, S.D. Florida.

ALL WEB LEADS, INC., Plaintiff,
v.
Anthony D'AMICO, et al., Defendants.

Case No. 18-cv-80571-Middlebrooks/Brannon
|
Signed 05/02/2019

**Attorneys and Law Firms**

Peter Emerson Berlowe, Andrea Leslie Bos, Assouline &
Berlowe, P.A., Miami, FL, Peter Andrew Koziol,
Assouline & Berlowe, P.A., Boca Raton, FL, for Plaintiff.

Tina El Fadel, K/S Attorneys at Law, Boca Raton, FL,
Justin Christopher Carlin, The Carlin Law Firm, PLLC,
Fort Lauderdale, FL, for Defendants.

Anthony D'Amico, Boca Raton, FL, pro se.

Michelle Denton, Boca Raton, FL, pro se.

Fuel Avenue, Inc., Boca Raton, FL, pro se.

## ORDER

DAVE LEE BRANNON, U.S. MAGISTRATE JUDGE

**\*1** THIS MATTER is before the Court on Plaintiff All
Web Leads, Inc.'s Motion to Determine Amount of Fees
and Costs to be Awarded as Sanctions pursuant to Court
Order ("Motion") [DE 210] filed in response to discovery
rulings made by the undersigned at a Discovery Hearing
on January 23, 2019 [DE 200, DE 202]. No response(s) in
opposition has been filed.[1] For the following reasons, it is
ORDERED that Plaintiff's Motion [DE 210] is
**GRANTED IN PART and DENIED IN PART** and
Plaintiff is awarded **$ 12,955.75** in reasonable expenses.

---

[1]      The Court notes that Plaintiff's Certificate of
Conference states that Defendant Anthony D'Amico

(individually and as owner of all corporate defendants
and non-parties) and Defendant Michelle Denton could
not agree to *any* amount of attorney's fees and costs.
[DE 210 at 14]. The Court further notes that
Defendants' attorney, Tina El Fadel, withdrew from
this case on January 23, 2019 due to a conflict of
interest, and upon review of the docket, it appears that
Defendants never retained new counsel. [DE 201].

## I. BACKGROUND

On January 22, 2019, this Court ordered that Defendants
Anthony D'Amico ("D'Amico") and Michelle Denton
("Denton") appear in person at the January 23, 2019
Discovery Hearing in light of their attorney's motion to
withdraw as counsel. [DE 199]. D'Amico and Denton
failed to appear at the hearing. [DE 200, DE 203]. In
addition to hearing from defense counsel on the motion to
withdraw, this Court heard argument on the referred
discovery matters. [*Id.*]. In its Order Memorializing Court
Rulings at Discovery Hearing, this Court memorialized
rulings on the eight referred motions: DE 151, 153, 154,
155, 156, 158, 160, and 161. [DE 202]. The Court ruled
from the bench on the referred motions, finding that
Plaintiff is entitled to reasonable expenses, including
attorney's fees. [*Id.*]. The instant Motion was filed in
response to this Court's directive that Plaintiff file an
affidavit and documentation detailing reasonable
expenses for the properly noticed depositions in which
D'Amico, either individually or as corporate
representative of corporate defendants and non-parties,
and Denton failed to appear.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(d), a court may
grant a motion for sanctions if a party fails to attend his
own deposition after being properly served with a notice
of deposition. Fed. R. Civ. P. 37(d)(1)(A)(i); *Lewis v.
Leonard*, 716 Fed. Appx. 910, 913 (11th Cir. 2017).
"Either in lieu of, or in addition to, other sanctions, the
district court 'must require' either the party that failed to
appear, or his attorney, or both 'to pay the reasonable
expenses, including attorney's fees, caused by the failure,
unless the failure was substantially justified or other
circumstances make an award of expenses unjust.' " *Id.*
(citing Fed. R. Civ. P. 37(d)(3)).

In reviewing attorney fee applications, the court exercises its discretion in determining what constitutes reasonable hours. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997). It is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). A court may exclude hours billed by two attorneys for the same task, such as attending a deposition, as unnecessary and redundant. *See George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1291 (M.D. Fla. 2000) (citing *Duckworth*, 97 F.3d at 1397-98 (reducing the hours of each attorney where both attorneys attended all depositions)). The burden is on the fee applicant to show that the time spent by each attorney on the same task represents their distinct contributions. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999). Additionally, "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The "relevant market" is "the place where the case is filed." *Barnes*, 168 F.3d at 437.

### III. DISCUSSION

**\*2** As an initial matter, Local Rule 7.1(c) allows for a

motion to be granted by default if no opposing memorandum of law is filed within 14 days after service of the motion. S.D. Fla. L.R. 7.1(c). However, the Court will issue a ruling on the merits given that no attorney has appeared on behalf of Defendants since their attorney withdrew from the case on January 23, 2019.

Plaintiff has filed a Declaration of Peter E. Berlowe, Esq. in Support of Plaintiff All Web Lead's Attorneys' Fees and Costs to be Awarded Pursuant to Order Memorializing Discovery Hearing. [DE 210-1]. The hourly rates sought for attorneys Peter E. Berlowe, shareholder and co-managing partner, and Andrea Bos, 7-year associate, are $ 525 and $ 400, respectively. The Court notes that the hourly rates for Mr. Berlowe and Ms. Bos were accepted by the District Court. *See* DE 195. Accordingly, this Court will also accept the hourly rates as reasonable. However, this Court finds that attorneys' fees for the attendance of two attorneys at a deposition is unreasonable as Plaintiff has failed to show the distinct contributions of each attorney. Accordingly, the Court will cut in half the hours for attendance at the November 12, 2018 deposition where two attorneys appeared.

In its Order, DE 202, the Court inadvertently left out Plaintiff's entitlement to reasonable expenses as sanctions for non-party Empire Shores' (and it's sole officer, D'Amico) failure to appear at an October 30, 2018 deposition. *See* DE 151, DE 202. Accordingly, the Court will grant reasonable expenses, including attorney's fees, for the deposition. The following chart outlines the reasonable expenses awarded:

| DATE & DESCRIPTION | ATTORNEY | HOURS x RATE | COURT REPORTER | TOTAL |
| --- | --- | --- | --- | --- |
| 11/19/2018 depoof D'Amico | P. Berlowe | 3.5 hrs x $ 525 = $ 1,837.50 | $ 151 | $ 1,988.50 |
| 11/12/2018 depo of Denton | P. Berlowe A. Bos | 1.85 hrs x $ 525 = $ 971.253.85 hrs x $ 400 = $ 1,540 | $ 151 | $ 2,662.25 |
| 11/20/2018 depo of Denton | P. Berlowe | 3.5 hrs x $ 525 = $ 1,837.50 | $ 151 | $ 1,988.50 |
| 11/26/2018 depo of Fuel Avenue, Inc. | P. Berlowe A. Bos | 1.2 hrs x $ 525 = $ 6301.8 hrs x $ 400 = $ 720 | $ 151 | $ 1,501.00 |
| 11/26/2018 depo of Best Rate Healthcare, Inc. | P. Berlowe A. Bos | 1.2 hrs x $ 525 = $ 6301.8 hrs x $ 400 = $ 720 | $ 151 | $ 1,501.00 |

All Web Leads, Inc. v. D'Amico, Not Reported in Fed. Supp. (2019)
27 Fla. L. Weekly Fed. D 201

| 11/26/2018 depo of USA Health Choice, Inc. | P. Berlowe A. Bos | 1.2 hrs x $ 525 = $ 6301.8 hrs x $ 400 = $ 720 | $ 151 | $ 1,501.00 |
| 10/30/2018 depo of Empire Shores | P. Berlowe A. Bos | 0.5 hrs. x $ 525 = $ 262.503.5 hrs. x $ 400 = $ 1,400 | $ 151 | $ 1,813.50 |

In sum, the Court awards a total of **$ 12,955.75** for reasonable expenses associated with the parties' failures to appear at properly noticed depositions.

**IV. CONCLUSION**

Accordingly, Plaintiff's Motion [DE 210] is **GRANTED IN PART and DENIED IN PART**. The Court awards Plaintiff All Web Leads, Inc. sanctions as follows:

(1) $ 1,988.50 against Defendant Anthony D'Amico;

(2) $ 4,650.75 against Defendant Michelle Denton;

(3) $ 1,501.00 against Defendant Fuel Avenue, Inc.;

(4) $ 1,501.00 against Defendant Best Rate Healthcare, Inc.;

(5) $ 1,501.00 against non-party USA Health Choice, Inc.; and

(6) $ 1,813.50 against non-party Empire Shores.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of May, 2019.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 2051970, 27 Fla. L. Weekly Fed. D 201

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Atkinson v. Volusia County School Board
2016 WL 6524410

Atkinson v. Volusia County School Board, Not Reported in Fed. Supp. (2016)

H KeyCite history available

2016 WL 6524410
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

Elizabeth ATKINSON, Plaintiff,
v.
VOLUSIA COUNTY SCHOOL BOARD,
Defendant.

Case No: 6:15–cv–619–Orl–40DCI
|
Signed 11/03/2016

## ORDER

PAUL G. BYRON, UNITED STATES DISTRICT
JUDGE

**\*1** This cause comes before the Court on Defendant's
Motion for Award of Attorney's Fees and Costs (Doc.
42), filed September 30, 2016. Plaintiff has not responded
to Defendant's motion within the time permitted. Upon
consideration, the Court will grant Defendant's motion
and award $3,820.55 in attorney's fees and costs as a
sanction for Plaintiff's failure to attend her deposition.
The Court will additionally include a $500 monetary fine
which was previously imposed by the Magistrate Judge
for a discovery violation, but which remains unpaid.

## I. BACKGROUND

On March 31, 2015, Plaintiff initiated this lawsuit by
filing a two-count Complaint in which she alleged that
Defendant discriminated against her due to her age. On
September 16, 2016, the Court involuntarily dismissed
Plaintiff's case as a sanction pursuant to Federal Rules of
Civil Procedure 37(b)(2)(A), 37(d), and 41(b) for
Plaintiff's failure to comply with numerous Court orders,
failure to attend mediation, and failure to appear for her

deposition. (Doc. 40). The Court additionally awarded
Defendant its reasonable attorney's fees and expenses
caused by Plaintiff's failure to attend the deposition. (Id.).
Defendant now moves, pursuant to the Court's direction,
to quantify the amount of fees and expenses awarded.

## II. DISCUSSION

### A. Attorney's Fees

The Court begins by determining the reasonable amount
of attorney's fees Defendant incurred due to Plaintiff's
failure to attend her deposition. An award of reasonable
attorney's fees includes not only work performed by
lawyers, but also work performed by paralegals, law
clerks, and other support staff. *See Missouri v. Jenkins ex
rel. Agyei*, 491 U.S. 274, 285 (1989). "The starting point
for determining the amount of a 'reasonable fee is the
number of hours reasonably expended ... multiplied by a
reasonable hourly rate.' " *Bivins v. Wrap It Up, Inc.*, 548
F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (quoting
*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The
product of these two figures is called the "lodestar," and
there is a strong presumption that the lodestar represents
the amount of fees which should be awarded. *Id.* The
party applying to recover fees bears the burden of
establishing the reasonableness of both the hourly rate and
the hours expended. *Norman v. Housing Auth. of
Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

### 1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in
the relevant legal community for similar services by
lawyers of reasonably comparable skills, experience, and
reputation." *Id.* at 1299. In addition to skill, experience,
and reputation, the Court may consider other factors in
determining the appropriate hourly rate, including the
time and labor required, the preclusion of other
employment due to acceptance of the case, and hourly
rates deemed reasonable in similar cases. *See Assoc. of
Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357,
1359 n.1 (11th Cir. 2006) (per curiam). Further, the Court
"is itself an expert on the question [of hourly rates] and
may consider its own knowledge and experience
concerning reasonable and proper fees." *Loranger v.*

*Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

**\*2** Defendant asks the Court to award fees for its lead attorney, Erin G. Jackson, using a rate of $155.00 per hour. In support, Ms. Jackson has submitted a sworn affidavit describing her skills, experience, and reputation. To that end, Ms. Jackson has been an attorney in good standing with the Florida Bar since her admission in 2000. Over her sixteen year career, Ms. Jackson has focused primarily on labor and employment litigation and was certified by the Florida Bar as a labor and employment law specialist in 2006. Ms. Jackson represents that $155.00 is not her normal hourly rate, but a reduced rate she charged Defendant so that she could undertake the representation.

The Court finds $155.00 to be a reasonable hourly rate for Ms. Jackson. Ms. Jackson is a highly-qualified and experienced labor and employment attorney who chose to forego potentially higher paying representation so that she could represent Defendant in this case. Ms. Jackson's requested hourly rate is also well within the range of rates this Court has previously found reasonable for similarly experienced attorneys in similar cases. *See, e.g., Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1331 (M.D. Fla. 2010) (approving $350.00 hourly rate in gender discrimination case); *Williams v. Consol. Jacksonville*, No. 3:00–cv–469–J–32TEM, 2006 WL 4794173, at \*5 (M.D. Fla. Sept. 11, 2006) (approving $260.00 hourly rate in race and gender discrimination case). The Court will therefore calculate Ms. Jackson's attorney's fees at the rate of $155.00 per hour.

Defendant also asks the Court to award fees for work performed by two paralegals and a law clerk using a rate of $80.00 per hour. Based on the work performed by these individuals and the Court's knowledge and experience regarding customary fees for support staff in Central Florida, the Court finds that this rate is reasonable. Further, the requested rate again falls in line with rates which this Court has previously found to be reasonable for similar support staff in similar cases. *See, e.g., Stone v. Nat'l Enter. Sys.*, No. 6:08–cv–1523–Orl–22GJK, 2009 WL 3336073, at \*1, 5 (M.D. Fla. Oct. 15, 2009) (adopting report and recommendation finding that $95.00 is a reasonable hourly rate for paralegals); *Williams*, 2006 WL 4794173, at \*6 (approving $100.00 hourly rate for law clerk in race and gender discrimination case). The Court will therefore calculate paralegal and law clerk fees at the rate of $80.00 per hour.

## 2. Reasonable Hours

"Fee applicants must exercise what the Supreme Court has termed 'billing judgment,' " which means that an applicant can only recover fees for work performed as a necessary part of the litigation. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434). Stated differently, a fee applicant will not be permitted to recover fees which are "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley*, 461 U.S. at 434). Ultimately, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.*

The rule under which the Court awarded Defendant its reasonable fees permits Defendant to recover those fees "caused by" Plaintiff's failure to attend her deposition. *See* Fed. R. Civ. P. 37(d)(3). In its motion, Defendant provides two tables to illustrate the hours expended relative to Plaintiff's deposition. The first table outlines those hours expended by Defendant's counsel and legal staff to prepare for and attend the deposition. The Court finds that all of the hours in this first table are reasonable and necessary for the work described and were incurred directly as a result of Plaintiff's failure to attend the deposition. Based on the reasonable hourly rates determined above, the Court will award $1,940.50 for the work listed in the first table.[1]

[1]   This amount represents 7.1 hours of attorney time billed at $155.00 per hour and 10.5 hours of paralegal time billed at $80.00 per hour.

**\*3** The second table outlines those hours expended by Defendant's counsel and legal staff following Plaintiff's failure to appear for deposition, including work performed drafting various motions and preparing for and attending the Rule 16 hearing on September 15, 2016. The Court finds that most of the work described in this second table is compensable—specifically, those hours dedicated to (i) communicating with opposing counsel immediately following the deposition, (ii) researching, drafting, and preparing Defendant's motion for sanctions, and (iii) preparing for and attending the Rule 16 hearing. However, the Court will exclude work performed on a motion to extend deadlines which was filed while Defendant awaited the Court's ruling on Defendant's pending motion for sanctions. The Court finds that this motion was not caused by Plaintiff's failure to attend her deposition, or was so tangentially caused that an award of fees would be unjust under the circumstances.[2] *See* Fed. R. Civ. P. 37(d)(3) (permitting the Court to deny an award of fees where the award would be unjust). The Court will also exclude time expended where the task is simply

Atkinson v. Volusia County School Board, Not Reported in Fed. Supp. (2016)

described as "Correspondence to [opposing counsel]." Based on the limited information provided, the Court is unable to determine the relationship between this correspondence and Plaintiff's failure to attend the deposition; Defendant consequently fails to carry its burden of demonstrating why the work performed was necessary. Based on the reasonable hourly rates determined above and after accounting for those hours excluded, the Court will award $1,708.50 for the work listed in the second table.[3]

> [2]   The Court specifically excludes 1.1 hours billed by EGJ on 6/27/16, 0.8 hours billed by EGJ on 8/31/16, 2.1 hours billed by AAT on 9/1/16, and 2.4 hours billed by AAT on 9/7/16.

> [3]   This amount represents 10.3 hours of attorney time billed at $155.00 per hour and 1.4 hours of paralegal time billed at $80.00 per hour.

### B. Expenses

In addition to reasonable attorney's fees, Rule 37(d)(3) permits the Court to award all reasonable expenses incurred due to Plaintiff's failure to attend her deposition. Defendant applies to recover the costs of a court reporter it retained for the deposition and for travel costs incurred to attend the September 15, 2016 Rule 16 hearing. The Court finds that these expenses are reasonable and were incurred as a result of Plaintiff's failure to appear for deposition. The Court will therefore award $171.55 in expenses.[4]

> [4]   This amount consists of a $75.00 no-show fee charged by the court reporter Defendant retained for Plaintiff's deposition and $96.55 in travel and parking costs to attend the Rule 16 hearing.

### C. Outstanding Sanction Previously Awarded

In its motion, Defendant also asks the Court to add an unpaid $500 fine which was previously imposed by the Magistrate Judge as a sanction for Plaintiff's failure to respond to certain discovery requests. (*See* Doc. 33). At the Rule 16 hearing, counsel for Plaintiff acknowledged that this amount remains outstanding. The Court will accordingly include this amount with the fees and costs

awarded by this Order.

### D. Whether Plaintiff or Her Attorney Shall Pay the Amounts Owed

As a final matter, the Court must determine who will pay the amounts awarded to Defendant. Rule 37(d)(3) permits the Court to assess the award against the party who failed to act, the party's attorney, or both. However, while an attorney's misconduct can certainly be imputed to her client for the purpose of imposing sanctions, courts should be reluctant to sanction the client where the client is not responsible for the attorney's misconduct. *See In re Hill*, 775 F.2d 1385, 1387 (9th Cir. 1985) (per curiam).

Here, there is no record evidence indicating that Plaintiff engaged in misconduct or directed her attorney to engage in the conduct which has caused this Court to impose sanctions. Indeed, at the Rule 16 hearing, Plaintiff's attorney assumed full responsibility for the conduct at issue and requested that any monetary award be assessed against her rather than against her client. The Court therefore finds that all amounts should be assessed against Plaintiff's attorney.

### III. CONCLUSION

In sum, the Court awards $3,649.00 in attorney's fees and $171.55 in expenses to Defendant for Plaintiff's failure to attend her deposition. The Court additionally includes an outstanding $500 monetary fine previously imposed by the Magistrate Judge. The Court will assess all amounts against Plaintiff's counsel. It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Award of Attorney's Fees and Costs (Doc. 42) is **GRANTED**.

**\*4** 2. Counsel for Plaintiff, Mercedes G. Hale, shall pay Four Thousand Three Hundred Twenty and 55/100 Dollars ($4,320.55) to Defendant through counsel. Ms. Hale has **120 days from the date of this Order** to complete payment. Ms. Hale is cautioned that, absent good cause shown, the failure to complete payment within the time provided will result in the initiation of contempt proceedings.

3. The Clerk of Court is **DIRECTED** to close the file. **DONE AND ORDERED** in Orlando, Florida on

**Atkinson v. Volusia County School Board, Not Reported in Fed. Supp. (2016)**

November 3, 2016.                                    Not Reported in Fed. Supp., 2016 WL 6524410

**All Citations**

End of Document                           © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Baylis v. Northrop Grumman Corporation
2019 WL 13261477

**H** KeyCite history available

2019 WL 13261477
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

William Thomas BAYLIS, Plaintiff,
v.
NORTHROP GRUMMAN
CORPORATION, Defendant.

Case No: 6:18-cv-18-Orl-40TBS
|
Signed February 20, 2019

**Attorneys and Law Firms**

William Thomas Baylis, Palm Bay, FL, Pro Se.

Kimberly J. Doud, Littler Mendelson, PC, Orlando, FL, Allison Wiggins, Ruth's Hospitality Group, Inc., Winter Park, FL, for Defendant.

**ORDER**

THOMAS B. SMITH, United States Magistrate Judge

**\*1** This employment discrimination case is before the Court on Defendant's Motion for Sanctions Based on Plaintiff's Failure to Attend His Scheduled and Noticed Deposition (Doc. 34). Plaintiff has filed a response in opposition to the motion (Doc. 36).

Plaintiff alleges that in 2008 he was diagnosed with "bona fide disabilities" (Doc. 24, ¶ 9). He claims that Defendant, which was his employer, discriminated against him by terminating his employment "even though his disabilities had not hindered him from performing the essential functions of his job in the past" (Id., ¶ 11). Plaintiff also alleges that Defendant failed to make reasonable accommodations for him (Id., ¶ 12). Plaintiff seeks back pay, front pay, damages for pain and suffering, punitive damages and other damages (Id., at 4).

The Case Management and Scheduling Order governing this case established February 1, 2019 as the deadline for the completion of all discovery (Doc. 20 at 1). Defendant coordinated with Plaintiff the taking of his deposition on January 30, 2019 (Doc. 34 at 2-3; Doc. 34-1 at 2-3; Doc. 34-2 at 2-3). When Plaintiff failed to appear, Defendant's lawyer phoned him on the record to find out where Plaintiff was (Doc. 38-1). During that conversation, Plaintiff stated that he was not able to appear for his deposition because he had "no way of getting there." (Id., at 3). Plaintiff admitted that prior to his deposition he had not told Defendant he would not be able to attend (Id.). Plaintiff also acknowledged that Defendant had coordinated the deposition date with him and that he had previously agreed to the taking of his deposition (Id. at 3-4). Now, Defendant seeks the imposition of sanctions including dismissal of this lawsuit (Doc. 34 at 3-5).

Federal Rule of Civil Procedure 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if ... a party ... fails, after being served with proper notice, to appear for that person's deposition[.]" Courts have broad discretion to impose sanctions under Rule 37. United States v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695, 697 (S.D. Fla. 2007). "Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice." Gonzalez v. Batmasian, 319 F.R.D. 403, 404 (S.D. Fla. 2017) (citing Griffin v. Aluminum Co. of Am., 564 F.2d 1171, 1172 (5th Cir. 1977)). However, "[d]ismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances." Id. at 405; see also BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir.1994) (dismissal and the entry of a default judgment are remedies of last resort that are only available after the court makes "a finding of willfulness or bad faith failure to comply"). Other, less severe, sanctions a court may impose against the party failing to act or the attorney advising that party (or both), include an award of the opposing party's reasonable expenses, including attorney's fees incurred by the party's failure to participate in discovery, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

**\*2** Plaintiff argues that dismissal is not warranted in this case because he was unable to attend his deposition. According to Plaintiff:

I went to the hospital to be evaluated for (1) Acute generalized weakness and (b) Minor closed head injury. The tests that were conducted were (1) CT Cervical Spine without Contrast and (2) CT Head Brain without Contrast ... I was at the hospital from Wed 1/30/2019 until Thurs 1/31/2019. The Defendant was emailed a copy. I have no strength a job is out of the question. (Id. at 6). The Court questions the veracity of Plaintiff's statement. When Plaintiff was phoned from the deposition room he never mentioned going to the hospital. Instead, he told defense counsel he had no way of getting to the deposition because he doesn't drive, and his wife was not available to bring him as she was visiting her brother in the hospital (Doc. 38-1 at 3). The Court also notes that Plaintiff did not call Defendant's lawyer or have his wife call Defendant's lawyer to provide any reason why Plaintiff would not appear for his deposition. Now, the Court finds that Plaintiff was properly served with a notice to appear for his deposition, and that there is no good cause for his failure to appear to be deposed.

This is not Plaintiff's first violation of the discovery rules. On January 29, 2019 the Court granted Defendant's motion to compel Plaintiff to comply with Defendant's first request for production (Doc. 32). While this is concerning, Plaintiff's conduct to date does not rise to the level warranting dismissal of the case. What is

appropriate is an order compelling Plaintiff to appear for his deposition, and awarding Defendant its reasonable attorney's fees and costs incurred in connection with this matter. Accordingly, Defendant's Motion for Sanctions Based on Plaintiff's Failure to Attend His Scheduled and Noticed Deposition (Doc. 34) is **GRANTED in part**. Plaintiff is **ORDERED** to appear for the taking of his deposition at a date and time coordinated with defense counsel. This deposition shall occur within 30 days from the rendition of this Order. Additionally, Defendant is awarded its reasonable attorney's fees and costs incurred in attending the scheduled deposition on January 30, 2019 and for prosecuting this motion. The parties shall agree on the amount or, if they are unable to agree, Defendant shall have 14 days from the rendition of this Order to file its motion for fees and costs and Plaintiff will be allowed 14 days to respond. The motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2019.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 13261477

---

End of Document                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Betancourt v. General Services of VA, Inc.

2015 WL 13792037

**H** KeyCite history available

2015 WL 13792037
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Tampa Division.

Yoel BETANCOURT, Fidel Cordero,
Carlos Hernandez, Osvaldo Ramirez,
Osvaldo Soto, Jorge Calvaro, Heriberto
Estrada, and Ezequiel Quiros, on behalf
of themselves and other situated persons,
Plaintiffs,
v.
GENERAL SERVICES OF VA, INC.,
Defendant.

Case No. 8:14-cv-01219-T-17MAP
|
Signed 05/22/2015

**Attorneys and Law Firms**

Yoel Betancourt, Tampa, FL, pro se.

Carlos Hernandez, Port Richey, FL, pro se.

Osvaldo Ramirez, Tampa, FL, pro se.

Cynthia Marie Gonzalez, Cynthia Gonzalez Law Offces,
Luis A. Cabassa, Tampa, FL, for Plaintiffs.

Jorge Calvaro, Tampa, FL, pro se.

Heriberto Estrada, Tampa, FL, pro se.

Ashwin Robert Trehan, Todd Sidney Aidman, Shane T.
Munoz, Ford & Harrison, LLP, Tampa, FL, for
Defendant.

**ORDER**

MARK A. PIZZO, UNITED STATES MAGISTRATE
JUDGE

**\*1** This is an action under the Fair Labor Standards Act
("FLSA") alleging overtime and minimum wage
violations as well as a common law unpaid wages claim
(doc. 19). While some plaintiffs settled their dispute with
the Defendant, others (Yoel Bentancourt, Carlos
Hernandez, Osvaldo Ramirez Mendez, Jorge
Calvario-Castro, Heriberto Estrada, and Roberto
Gutierrez Carranzana – hereinafter identified as the
"Plaintiffs") discharged their attorneys and decided to
represent themselves. When the Plaintiffs rebuffed the
Defendant's discovery efforts, the Defendant moved to
dismiss their claims and for monetary sanctions (doc. 52).
When the Plaintiffs failed to respond to the motion, I
directed them to show cause why I should not consider
the motion unopposed (doc. 69). Instead of filing a
response to the show cause order, the Plaintiffs informed
the Court that they had filed another case against the
Defendant; as result, they asked the Court "to dismiss this
case number" and excuse them from having to respond to
the Defendant's "dispositive Motion." *See* doc. 71. The
district judge referred the Plaintiffs' and Defendant's
motions to dismiss to me for a report and
recommendation or for disposition if the motions to
dismiss were due to be denied. *See* 18 U.S.C. 636; Local
Rule 6.01(b). After consideration, Plaintiffs' motion to
dismiss is denied and the Defendant's motion for
sanctions is granted to the extent that Plaintiffs should
compensate the Defendant for their discovery violations.

*A. Background*

Although the Plaintiffs are proceeding *pro se*, that was not
always the case. Initially, their counsel filed the action in
state court.[1] The Defendant removed the matter here in
May 2014. About six months later, the Plaintiffs
substituted their first attorney with another. By then, the
Defendant had already served the Plaintiffs with
interrogatories and a document-production request. Not
long after new counsel appeared, he withdrew (with the
Court's approval) citing irreconcilable differences with
the Plaintiffs (docs. 27, 30). These differences apparently
made any mediation efforts futile, prompting the
Defendant to cancel a February mediation despite the
Court's case-management directive that the parties
mediate before March 15, 2015. On March 4, 2015, a bit
more than a month before the dispositive motion deadline,
each Plaintiff filed a pleading indicating that he no longer
wanted his counsel to represent him; instead, he wanted to
represent himself (docs. 42-47). Moreover, all wanted the
Court "to cancel" their case as they had filed a separate
action in state court. *Id.*[2] The Defendant opposed the

motions, and the Court denied the Plaintiffs' motions on a variety of grounds (doc. 61).

[1] Plaintiff Roberto Gutierrez Carranzana joined the litigation after removal (doc. 19). The Plaintiffs amended their complaint twice (docs. 17, 19).

[2] In December 2014, the Plaintiffs filed another FLSA action against Defendant in state court, which the Defendant removed to this division. *See Hernandez v. General Services of VA, Inc.*, Case No. 8:15-cv-00329-T-27TBM (M.D. Fla. Feb. 17, 2015). That one and this allege similar claims against Defendant. The second action bears the case number the Plaintiffs reference in their motions "to cancel" our case in favor of the newer one.

**\*2** Despite the denial, the Plaintiffs apparently focused on their new litigious effort, abandoning all their obligations to our case. They failed to respond to any discovery, failed to appear for their depositions, failed to respond to the Defendant's motion to dismiss and for sanctions (52), failed to answer the Defendant's motions for summary judgment (doc. 63, 65), and failed to respond to the Court's show cause order (doc. 69). Instead, they renewed their motion to dismiss (doc. 71) this case because they have filed a new one instead (*i.e., Hernandez v. General Services of VA, Inc.*, Case No. 8:15-cv-00329-T-27TBM (M.D. Fla. Feb. 17, 2015); *see* note 2, *supra.*).

*B. Discussion*

*1. Plaintiffs' motion*

Plaintiffs' motion can only be construed as an effort to voluntarily dismiss their complaint under Fed. R. Civ. P. 41(a)(2). Under that rule, after a defendant files an answer or a summary judgment motion (whichever occurs first), a plaintiff may voluntarily dismiss his claims "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *Potenburg v. Boston Scientific Corp.*, 252 F. 3d 1253, 1255 (11th Cir. 2001). Dismissal under Rule 41(a)(2) is within the sound discretion of the court. *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991). And "[u]nless the order states otherwise, a dismissal under paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). In most instances, a court should grant a dismissal "unless a Defendant will suffer clear legal prejudice, other than the mere prospect

of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir. 1986) (emphasis omitted). Furthermore, a "mere missed opportunity for a legal ruling is not sufficient to warrant the denial of a motion for voluntary dismissal." *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D. Ga. 1980). Rather, the purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants*, 781 F.2d at 856. To that end, the district court should "weigh the relative equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as deemed appropriate." *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015) (citing *McCants*, 781 F.2d at 857).

The usual outcome – dismissal without prejudice and with or without conditions – makes no sense here. Without any explanation as to why, they seek to substitute their new FLSA action against the Defendant for this one, and seek apparently to do so without any legal or monetary consequence. Admittedly, *McCants* does say that the *prospect* of a future lawsuit should not a bar a voluntary dismissal, even if the reason for the dismissal is to gain a tactical advantage over the other side. But that is not our situation. Here, there is not the prospect of future litigation; instead, there *is* new litigation, and it appears to be the same as the one they seek to abandon. The fact that the new lawsuit is like the old, if not the old (although that circumstance is not altogether clear given the sparseness of the *pro se* pleadings), means that the two related matters should be consolidated before this Court. *See* Local Rule 1.04(b). And all this makes looking to see if the Defendant would suffer "clear legal prejudice" if our case were to be dismissed meaningless.

The Defendant's motion for sanctions stands on a different footing. Rule 37(d) states that the court may order a party who fails to attend his own deposition to pay the reasonable expenses, including attorney's fees, caused by the failure. No showing of willfulness or bad faith or fault is required. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994). Likewise, sanctions under Rule 37 are available to a movant if the opposing party fails to respond to discovery requests as required. Clearly, the Plaintiffs have ignored their obligations, and that they are representing themselves, is no excuse for their lapse. Moreover, each Plaintiff has been directed to show cause why the Defendant's motion should not be granted and none has responded. However, dismissal is not warranted as of now. *Malautea v. Suzuki Motor, Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) ("[T]he severe sanction of dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure

Betancourt v. General Services of VA, Inc., Not Reported in Fed. Supp. (2015)

compliance with the court's orders."). Thus, I find monetary sanctions appropriate. Accordingly, it is hereby

**\*3** ORDERED:

1. The Plaintiffs' motion to dismiss (doc. 71) is DENIED.

2. The Defendant's motion for sanctions (doc. 52) is GRANTED to the extent that Plaintiffs are to pay the Defendant its reasonable expenses incurred in making the motion, and the Defendant's reasonable expenses, including attorneys' fees, caused by the failure to attend the depositions.

3. The Plaintiffs are warned the failure to pay sanctions could result in the dismissal of their complaint.

4. Plaintiffs are directed to respond the Defendant's request for production and interrogatories within 14 days.

5. The Defendant may notice the Plaintiffs for depositions within 30 days at a mutually agreeable time. If any

Plaintiff refuses to make himself readily available, the Defendant can unilaterally schedule his deposition.

6. In view that the Plaintiffs' response time to Defendant's summary judgment motion has passed, the Plaintiffs (individually or jointly) are to respond the Defendant's motion for summary judgment (doc. 63) within 7 days. The Court will deem a Plaintiff's failure to respond as indicating that he has no opposition to the motion and the judgment will be therefore entered against that Plaintiff and in favor of the Defendant.

7. In all other respects, the Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED at Tampa, Florida on May 22, 2015.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 13792037

---

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Bullard v. The Housing Authority
2021 WL 12322087

Bullard, Not Reported in Fed. Supp. (2021)

KeyCite history available

2021 WL 12322087
Only the Westlaw citation is currently available.
United States District Court, S.D. Alabama, Southern Division.

Yolander BULLARD, et al., Plaintiffs,
v.
The Housing Authority of the City of Monroeville, et al., Defendants.

CIVIL ACTION NO. 19-0159-TFM-MU
|
November 15, 2021

**ORDER**

P. Bradley Murray UNITED STATES MAGISTRATE JUDGE

**\*1** On November 9, 2021, Defendants Monroeville Housing Authority and Tammy Labella filed a motion for sanctions, including a request that their cases be dismissed, against Plaintiffs Ashley Miller and Larayn Lett due to their failure to appear for their properly noticed depositions in this action. (Doc. 206). Plaintiffs filed their response to the motion for sanctions on November 10, 2021. (Doc. 207). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Because the Court finds different sanctions appropriate, separate rulings are being entered as to each Plaintiff. This Order applies to Plaintiff Larayn Lett. Upon consideration of all relevant filings in this case and the applicable law, the undersigned **ORDERS** that Defendants' motion for sanctions as to Plaintiff Larayn Lett be **GRANTED,** as set out below.

The parties in this matter are currently proceeding with discovery subject to the deadlines outlined in this Court's September 22, 2021 Order, which cautioned the parties that "[a]ny recalcitrance ... will be grounds for appropriate sanctions." (Doc. 176 at p. 5). Defendants properly served a Notice of Deposition (the "Notice") upon Plaintiffs' counsel for each Plaintiff. (Doc. 206 at Ex. 1). The Notices sent to Plaintiffs scheduled Plaintiff Larayn Lett's deposition for November 4, 2021, at 10:00 a.m. (*Id.*). Counsel for all parties agreed to those times and dates. (*Id.*). On November 4, counsel for the parties were present on the designated date and time at the noticed location, for Lett's deposition, but she failed to appear as scheduled, noticed and agreed. (*Id.* at Ex. 5). Lett never appeared for her deposition. (Doc. 206). Counsel waited an hour for Lett to appear. (*Id.*). Defendants incurred the expense for the Court reporter for Lett's failure to appear. (*Id.*). On November 8, 2021, counsel discussed rescheduling Lett's deposition for Monday, November 15, 2021. Defendants' attorneys, who do not reside in or have offices in Mobile, are reluctant to conduct the deposition on this date because they have been in Mobile since October 24 and are scheduled to check out of their hotel on Friday, November 12, 2021, and will, therefore, be required to incur additional expenses to travel back to Mobile for Lett's deposition on Monday, November 15, 2021. (*Id.*). Had Lett's appeared for her properly noticed deposition on the date originally agreed to by counsel or had she or her counsel made arrangements to reschedule her deposition prior to her failure to appear, these expenses could have been avoided.

Rule 37(d)(1)(A)(i) allows the Court to order sanctions for a party's failure to appear at a properly noticed deposition. *See Barnett v. Baldwin County Bd. of Educ.*, 2015 WL 2365481, \*2 (S.D. Ala. Apr. 9, 2015). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Rule 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (*Id.*). Defendants have requested that the Court order Lett to pay their counsel's fees and expenses incurred in connection with her failure to appear for her properly noticed deposition on November 4, 2021, including reasonable fees incurred in connection with waiting for Lett to appear for her deposition, court reporter fees incurred as a result of her failure to appear, and travel expenses, including mileage and hotel fees, for their counsel's return travel to Mobile for her deposition on November 15, 2021.

**\*2** According to Lett's counsel, she did not appear at her scheduled deposition because the person who was scheduled to bring her to Mobile from Monroeville did

not show up and she could not find another means of transportation. (Doc. 207 at pp. 1-2). Lett's counsel argues that "it is not her fault that she could not appear and because any monetary sanction against her would be financially devastating, Defendants' request for monetary sanctions should be denied." (*Id.* at p. 2). Lett's counsel further notes that dates were left available at the end of the deposition period to allow for such a contingency.

First, the Court gives no stead to the argument that it was not Lett's fault that she failed to appear. Lett and her counsel agreed to conduct the depositions in Mobile, so it was their responsibility to ensure adequate and timely transportation. Accordingly, the Court finds that sanctions are warranted. Likewise, Defendants, knowing that their counsel do not reside or have offices in Mobile or Monroeville, also elected to conduct the depositions in Mobile. For that reason, the Court declines to tax Lett with travel expenses for Defendants' counsel. It also appears that counsel would not have been prevented from attending to other business during the time that they were waiting for Lett to appear; therefore, the Court also denies

counsel's request for attorney's fees for that brief period. On the other hand, Defendants would not have incurred the extra cost of the court reporter but for Lett's failure to appear.

Accordingly, the Court hereby **GRANTS** Defendant's motion for sanctions (Doc. 206) as to Plaintiff Larayn Lett and **ORDERS** that she reimburse Defendants for the court reporter expenses they incurred as a result of her failure to appear. Plaintiff Lett has thirty (30) days from the date of this Order to make such payment. Failure to abide by this Order will result in a recommendation that her case be dismissed, as will failure to appear at her deposition.

**DONE** and **ORDERED** this **15th** day of **November, 2021**.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 12322087

---

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Estate of Dash by and through Dash v. United States
2022 WL 2208892

Estate of Dash by and through Dash v. United States, Not Reported in Fed. Supp. (2022)

H KeyCite history available

2022 WL 2208892
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

ESTATE OF Brieux DASH, BY AND
THROUGH Emma DASH, Emma Dash,
Jada S. Dash, B.D., J.R., by and through
his Natural Guardian, and N.D., by and
through his Natural Guardian, Waraporn
Chomchuen, Plaintiffs,
v.
UNITED STATES of America, Defendant.

Case No.
22-80015-CIV-MIDDLEBROOKS/MATTHEWMA
N
|
Signed 06/21/2022

**Attorneys and Law Firms**

Kevin L. Owen, Gilbert Employment Law P.C., Silver
Spring, MD, Gary Marshall Gilbert, The Law Offices of
Gary M. Gilbert, Associates, P.C., Silver Spring, MD,
Peter G. Bertling, Bertling Law Group, Santa Barbara,
CA, for Plaintiffs.

Frank DeLuccia, U.S. Attorney's Office, Miami, FL,
Latoya Crystal Brown, DOJ-USAO, Fort Lauderdale, FL,
for Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO
COMPEL APPEARANCE FOR DEPOSITION AND
INDEPENDENT MEDICAL EXAMINATION IN
WEST PALM BEACH, FLORIDA [DE 37]**

WILLIAM MATTHEWMAN, United States Magistrate
Judge

**\*1 THIS CAUSE** is before the Court upon the following:
(1) Defendant's Motion to Compel Appearance for
Deposition and Independent Medical Examination in

West Palm Beach, Florida ("Motion") [DE 37]; (2)
Plaintiff N.D.'s Opposition to Defendant's Motion to
Compel ("Response") [DE 42]; (3) Defendant's Reply
[DE 45]; and (4) Plaintiffs' and Defendant's Joint Status
Report [DE 44].[1] The Court held a hearing on the Motion
via Zoom video teleconference (VTC), on June 16, 2022.

[1]    In the Court's June 2, 2022 Paperless Order [DE 34],
the Court required Plaintiffs and Defendant to file a
Joint Notice concerning Plaintiffs' Motion to Compel
Defendant's Production of Documents [DE 27].
However, the Court did not require a Joint Notice with
respect to the instant Motion. Nonetheless, Plaintiffs
and Defendant addressed the Motion within their Joint
Notice [DE 44], before Plaintiff N.D. had filed his
Reply [DE 45].

**I. BACKGROUND**

On January 5, 2022, Plaintiffs—including Plaintiff N.D.,
by and through his natural guardian, Waraporn
Chomchuen—filed a one-count Complaint for
"Negligence (Wrongful Death)" against Defendant,
stemming from the tragic suicide of Brieux Dash while he
was admitted to the West Palm Beach VA Medical
Center. [DE 1]. Within the Complaint, Plaintiffs allege
that Plaintiff N.D. is a United States citizen. [DE 1 at 2].
However, Plaintiffs do not state where Plaintiff N.D.
resides. *See* DE 1. In fact, Defendant maintains that it was
*three months* after the filing of the Complaint that
Plaintiffs first disclosed Plaintiff N.D.'s status as a
German resident. [DE 37 at 2].

Consequently, in connection with the purportedly delayed
disclosure of Plaintiff N.D.'s German residency, Plaintiff
N.D. and Defendant ("the parties") are in dispute—or at
least were in dispute, prior to the June 16, 2022 Zoom
VTC hearing[2]—concerning the proper location to conduct
Plaintiff N.D.'s deposition and independent medical
examination. Given the approaching August 25, 2022
discovery deadline, this dispute resulted in the filing of
the instant Motion [DE 37], the Response and Reply [DEs
42 and 45], and the Joint Status Report [DE 44] that are
currently before the Court.

[2]    As detailed further below, the parties now agree to
conduct the deposition and independent medical
examination in the United States.

## II. MOTION, RESPONSE, REPLY, AND HEARING

### A. Defendant's Motion [DE 37]

Defendant seeks to compel both a deposition and independent medical examination in West Palm Beach, Florida. Specifically, as to the former, Defendant requests that the Court enter an order compelling Plaintiff N.D.'s mother—who brings this action on Plaintiff N.D.'s behalf as his natural guardian—to sit for a deposition in West Palm Beach, Florida,[3] on June 20, 2022. [DE 37 at 1]. With respect to the latter, Defendant requests that the Court enter an order compelling Plaintiff N.D. to appear for an independent medical examination in West Palm Beach, Florida on that same date. *Id.*

> [3]   Defendant is deposing Ms. Chomchuen in lieu of Plaintiff N.D., based upon agreement by the parties.

**\*2** In support of these requests, Defendant invokes the general rule that "a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Id.* at 2 (quoting *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at \*1 (S.D. Fla. Feb. 20, 2018)). Utilizing this general rule, Defendant argues that Plaintiff N.D.'s stated reasons for refusing to travel to the United States and appear in the forum in which he filed suit "are insufficient to overcome Defendant's general right to conduct the examinations in the forum." *Id.* at 4. Defendant therefore argues that "deference should be given to [its] decision to set the examinations in the forum—that is, [in] West Palm Beach." *Id.* at 5.

In further support, Defendant discusses the inherent difficulties in conducting the deposition and independent medical examination in Germany. To conduct both, Defendant argues that it must "obtain permission from German authorities," which "could take months ... [and is] not feasible, given the fast-tracked deadlines in the Court's Scheduling Order [DE 18], including the October 2022 trial date." [DE 37 at 1]. Indeed, Defendant states that the voluntary deposition of Ms. Chomchuen "cannot proceed without prior approval from the German Ministry of Justice." *Id.* at 3. Moreover, relying upon the Declaration of Dr. Oliver Moufang [DE 37-2]—an attorney admitted to practice law in Germany—Defendant argues that "it is doubtful the German Central Authority will [even] allow Plaintiff's IME to proceed in Germany" in the first instance. [DE 37 at 3].

### B. Plaintiff N.D.'s Response [DE 42]

Plaintiff N.D. responds that compelling the aforementioned deposition and independent medical examination in the United States "would constitute an undue and unreasonable burden and expense." [DE 42 at 2]. According to Plaintiff N.D., there is "good cause for allowing [him and his mother] to participate in their [independent medical examination] and deposition in Germany, respectively ...." *Id.* at 3. This is because: (1) Ms. Chomchuen "recently began a new job on May 1, 2022 and will still be in her probationary period" on the date of the scheduled deposition; (2) Ms. Chomchuen "has demonstrated that the cost of her and [Plaintiff] N.D.'s attending a deposition [and independent medical examination] in Florida ... would place an undue burden on her finances"; and (3) "pulling [Plaintiff N.D.] out of school for several days right before the end of [his] term would be disruptive to his schooling." *Id.* at 3–4.

Plaintiff N.D. additionally responds that Defendant "mischaracterizes the applicability of German law when taking depositions or conducting independent medical examinations." *Id.* at 1. Plaintiff N.D. argues that, while Germany has "adopted the Hague Convention on the Taking of Evidence Abroad[,] ... the Supreme Court has found that the Hague Convention need not be invoked when conducting U.S. discovery procedures abroad." *Id.* at 2. Plaintiff N.D. thus argues the parties "can engage in a voluntary, private, informal deposition in Germany, thereby avoiding the need to involve the German Central Authority." *Id.* at 3. Plaintiff N.D. asserts this "same reasoning applies [to the independent medical examination] ... as there is no conflict between the German laws with respect to any voluntary procedures and the examiner would be Defendant's, who would be available for trial." *Id.* at 3.

### C. Defendant's Reply [DE 45]

In Defendant's Reply, Defendant argues that Plaintiff N.D.'s stated reasons against traveling to the United States for the requisite deposition and independent medical examination are "not compelling reasons to avoid appearing in the forum, particularly where Defendant has scheduled the examinations so [that] Plaintiff [N.D.] and [Ms.] Chomchuen need only be in the U.S. for a day." [DE 45 at 2]. In this regard, Defendant notes that it has been accommodating and is "open to considering other mutually available dates [for the deposition and independent medical examination], including weekends, that may be more convenient to Plaintiff [N.D.] and [Ms.] Chomchuen, [so long as the examinations take place] any time before July 15, 2022." *Id.* at 5. Moreover, Defendant cites *Triple7vaping.com, LLC v. Shipping & Transit LLC*, No. 16-CV-80855, 2017 WL 1395509, at \*1 (S.D. Fla. Apr. 6, 2017), for the proposition that "the burden of

travel on plaintiff's limited finances and childcare responsibilities do not constitute good cause to deviate from the general rule that a plaintiff must appear for deposition in the forum he selected." [DE 45 at 2].

**\*3** Finally, as to Plaintiff's recitation of German law, Defendant argues that Plaintiff N.D is incorrect and that "diplomatic agreements between the U.S. and Germany specify that voluntary depositions may only be taken at the U.S. Consulate in Frankfurt, and with the express permission of the German Ministry of Justice." *Id.* at 2. Defendant also notes that Plaintiff "has presented no evidence to rebut Dr. Oliver Moufang's Declaration ... submitted in support of the Motion showing the significant challenges and uncertainties involved with conducting the [independent medical examination] in Germany." *Id.* at 3.

Simply stated, Defendant argues that Plaintiff N.D. "has not overcome the presumption that the examinations are to be conducted in the forum[,]" arguing that Plaintiff N.D. has "failed to present a viable alternative." *Id.* Defendant thus argues the Motion should be granted. *Id.* at 2.

### D. The June 16, 2022 Zoom VTC Hearing

Following Plaintiffs' and Defendant's cursory Joint Status Report [DE 44]—in which the collective Plaintiffs and Defendant restated their positions and maintained that they were continuing to meet and confer—the Court held a June 16, 2022 Zoom VTC hearing on Defendant's Motion.[4] During the hearing, Plaintiff N.D. and Defendant informed the Court that the parties had reached an agreement concerning the deposition and independent medical examination.[5] Specifically, the parties agreed that, during a weekend in July, Plaintiff N.D. and his mother will travel to the United States and sit for the independent medical examination and deposition, respectively. While counsel for Plaintiff N.D. noted that Plaintiff N.D. still took issue with the costs necessary for such an endeavor, counsel stated they conferred with the Maryland and Florida State Bar ethics hotlines and obtained clearance to pay the travel costs for Plaintiff N.D. and his mother.

[4]   The June 16, 2022 Zoom VTC hearing was also set to address Plaintiffs' Motion to Compel Defendant's Production of Documents [DE 27].

[5]   The Court is somewhat frustrated that, after having overlooked the Court's June 2, 2022 Order directing the parties to file a Joint Notice on or before June 13, 2022,

the parties have once more failed to fully comply with the Court's June 2, 2022 Order. Specifically, that Order stated: "If the parties resolve the disputes raised in whole or in part prior to the hearing, the Court *shall be promptly notified*." [DE 34] (emphasis added). Despite this language, the parties waited until the June 16, 2022 Zoom VTC hearing to inform the Court that an agreement had been reached.

### III. <u>ANALYSIS</u>

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at \*1 (S.D. Fla. Feb. 20, 2018); *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005). In accordance with this general rule, "a plaintiff must make herself available for deposition in the judicial district in which she filed suit." *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485-T30-SPF, 2020 WL 97782, at \*2 (M.D. Fla. Jan. 8, 2020). Likewise, a plaintiff must be available for a medical, physical, or mental examination in the district where the action is pending. *See Levick*, 228 F.R.D. at 672 (referencing medical and physical examinations); *Sarac*, 2020 WL 97782, at \*2 (referencing mental examinations). This helps "ensure[ ] that the examining doctor is available as a witness at trial." *Levick*, 228 F.R.D. at 672

However, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition [or examination]." *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV-RYSKAMP, 1988 WL 113346, at \*1 (S.D. Fla. May 23, 1988). "Rule 26 authorizes the Court to order that a plaintiff's deposition [or examination] be taken in a different location, or by alternative means, if he demonstrates the good cause." *Larry E. Hogue v. John H. McHugh, Sec'y, Dep't of the Army*, No. 11-22405-CIV, 2012 WL 13064092, at \*2 (S.D. Fla. Dec. 3, 2012) (citing Fed. R. Civ. P. 26(c)(1)). In other words, "[i]f a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition [or examination] in the forum may yield to the exigencies of the particular case.' " *Dude*, 2018 WL 1009263, at \*1 (quoting *Trims v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008)).

**\*4** As to what constitutes good cause sufficient for the general rule to "yield to the exigencies of the particular

case," the Court may consider the amount of a plaintiff's requested damages, the cost of traveling to the location of the deposition or examination relative to the size of the plaintiff's claim, and the risk of a plaintiff losing his or her job in order to appear for any deposition or examination, among other relevant inquiries. *See Dude*, 2018 WL 1009263, at *2; *Sarac*, 2020 WL 97782, at *3 ("Plaintiff's risk of losing her job provides good cause to protect her from attending her deposition and psychological examination before the end of her three-month probation period ...."). However, the burden of childcare responsibilities and limited finances on a plaintiff, standing alone, "are not good cause to deviate from the general rule ...." *See Triple7vaping.com, LLC v. Shipping & Transit LLC*, No. 16-cv-80855, 2017 WL 1395509, at *1 (S.D. Fla. Apr. 6, 2017); *but see Levick*, 228 F.R.D. at 672 (plaintiff's *unsupported* averment of limited financial means and obligation to take care of her gravely ill daughter rendered it "impossible" for the Court to conclude there would be an undue burden on the plaintiff traveling to Miami, necessarily insinuating that financial means and childcare responsibilities may establish good cause).

In the instant case, the parties have ultimately agreed that Plaintiff N.D. and his mother are to attend their independent medical examination and deposition, respectively, in the United States, during an undetermined weekend in July, with Plaintiff N.D.'s counsel bearing the travel costs. Accordingly, the matter is no longer at issue, and Defendant's Motion is due to be denied as moot.

However, during the June 16, 2022 Zoom VTC hearing, Defendant requested to reserve the right to raise this issue again in a future motion should the need arise. Therefore, in the interests of judicial economy, after carefully considering the relevant law, Defendant's Motion, Plaintiff N.D.'s Response, Defendant's Reply, the attachments thereto, argument of counsel at the June 16, 2022 Zoom VTC hearing, and the Joint Notice, as well the entire docket in this case, the Court does find that, had the parties failed to reach an agreement, Plaintiff N.D.'s alleged hardship or burden (based on her new job, costs, and Plaintiff N.D.'s schooling) does not outweigh the prejudice that would befall Defendant if Defendant is

unable to take the deposition or conduct the independent medical examination in West Palm Beach, Florida.

In making this finding, the Court stresses the well-settled general rule that a plaintiff filing suit in a specific judicial district may not avoid appearing for examination in that district. *See Dude*, 2018 WL 1009263, at *1. Further, the Court notes that in *Triple7vaping.com, LLC*, the Court specifically found that limited finances and childcare responsibilities "are not good cause to deviate from the general rule ...." *Triple7vaping.com, LLC*, 2017 WL 1395509, at *1. While there is certainly some contrary authority providing that good cause may be shown through limited financial means, *see Levick*, 228 F.R.D. at 672, and while a plaintiff's risk of losing their new job may also demonstrate good cause, *see Sarac*, 2020 WL 97782, at *3, the Court notes that Plaintiffs estimate the value of their case at over $43 million, with approximately $9.5 million thereof attributable to Plaintiff N.D. [DE 19 at 1]. The Court simply finds it unfairly prejudicial to Defendant for Plaintiff N.D. to seek over $9.5 million and to then make himself—and by extension, his mother—unavailable for examination in this forum, forcing Defendant to bear the costs of examination. *See Dude*, 2018 WL 1009263, at *2. With this determination, the Court need not address the intricacies of German law.

## IV. <u>CONCLUSION</u>

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion [DE 37] is **DENIED AS MOOT**, pursuant to agreement by the parties.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 21st day of June, 2022.

### All Citations

Not Reported in Fed. Supp., 2022 WL 2208892

---

Jeanis v. Waste Pro USA, Inc.
2012 WL 5834146

Jeanis v. Waste Pro USA, Inc., Not Reported in F.Supp.2d (2012)

KeyCite Yellow Flag - Negative Treatment
Distinguished by Joe Hand Promotions, Inc. v. Bowers, N.D.Ga.,
February 25, 2020

2012 WL 5834146
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Fort Myers Division.

Eribert JEANIS, and all similarly situated
individuals, Plaintiff,
v.
WASTE PRO USA, INC., Defendant.

No. 2:11–cv–165–FtM–29SPC.
|
Nov. 16, 2012.

**Attorneys and Law Firms**

Elvis John Adan, Remer & Georges–Pierre, PLLC,
Miami, FL, for Plaintiff.

Ignacio J. Garcia, Ogletree Deakins, Nash, Smoak &
Stewart, PC, Tampa, FL, for Defendant.

*ORDER*

SHERI POLSTER CHAPPELL, United States Magistrate
Judge.

**\*1** This matter comes before the Court on Defendant's
Motion for Sanctions and Motion to Compel Plaintiff's
Deposition (Doc. # 24) filed on October 23, 2012. Seeing
that Plaintiff had failed to file a response within the time
allowed under the Federal and Local Rules, the Court
directed Plaintiff to file a response on or before
November 15, 2012. The Court cautioned Plaintiff that if
no response is filed, the Court would rule on the Motion
without the benefit of a response. Plaintiff has failed to
file a response. Therefore, the Motion is ripe for review.

Defendant asserts in the instant Motion that Plaintiff's
deposition was scheduled and noticed for October 18,
2012 in Fort Myers, Florida. Defense counsel is located in
Tampa, Florida and travelled to Fort Myers, Florida to
conduct the deposition on that day. Defense counsel also
had a court reporter present and ready at the deposition.
Plaintiff's counsel appeared by telephone which was
mutually agreed upon by the parties. However, Defendant
informs the Court that Plaintiff never appeared at the
deposition. Further, Defendant asserts that according to
Plaintiff's counsel, Plaintiff was reminded of his
deposition a few days before the date and that the
deposition had been set several weeks before that.

Defendant now moves for sanctions pursuant to Federal
Rule 37(d), requesting reimbursement of fees and costs
incurred as a result of Plaintiff's failure to appear at his
deposition. Rule 37(d) provides for sanctions when a
party wholly fails to appear for his properly noticed
deposition.

Sanctions may include any of the orders listed in Rule
37(b)(2) (A)(i)-(vi). Instead of or in addition to these
sanctions, the court must require the party failing to act,
the attorney advising that party, or both to pay the
reasonable expenses, including attorney's fees, caused
by the failure, unless the failure was substantially
justified or other circumstances make an award of
expenses unjust.

Fed.R.Civ.P. 37(d)(3). The referenced sanctions available
under 37(b)(2)(A)(i)-(vi) are:

(i) directing that the matters embraced in the order or
other designated facts be taken as established for
purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or
opposing designated claims or defenses, or from
introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is
obeyed;

(v) dismissing the action or proceeding in whole or in
part;

(vi) rendering a default judgment against the
disobedient party ....

Under Rule 37, the Court may deny a request for
expenses "if it determines that opposition to the motion
was substantially justified or that other circumstances
would make an award of expense[s] unjust." *Reedy v. Lull
Engineering Co., Inc.,* 137 F.R.D. 405, 409

(M.D.Fla.1991). "The burden of establishing substantial justification is on the party being sanctioned." *Monelus v. Tocodrian, Inc.,* 2008 WL 1914872, *2 (S.D.Fla. April 25, 2008).

**\*2** In this case, the Court has allowed the Plaintiff ample opportunity to advise the Court of any hardship prohibiting attendance at the deposition. The Court, however, has not been informed by Plaintiff of any substantial justification for his failure to appear at his deposition even though he has been afforded the opportunity to do so. The Court also does not otherwise see any circumstances that would make an award of monetary sanctions "unjust." The deposition had apparently been noticed for October 18, 2012, and was set several weeks before it occurred. Further, it appears that Plaintiff's counsel reminded Plaintiff of the date. The Plaintiff has failed to advise the Court of any reason he was not present. Therefore, the Court will grant Defendant's request for monetary sanctions with the amount to be determined. Defendant's counsel asks that he be given 14 days to file documentation reflecting the fees and costs associated with its attempt to take Plaintiff's deposition and prepare this motion for sanctions. The Court will issue an Order under separate cover after that documentation has been filed.

Defendant also requests that the Court compel Plaintiff to appear at his deposition. The discovery deadline in this case is set for November 30, 2012. (Doc. # 25). Defense counsel had requested in his Motion that Plaintiff be compelled to attend his deposition by October 31, 2012. As that date has passed, the Court will grant Defendant's Motion to Compel Plaintiff to sit for his deposition at a date and time that is convenient for Defense counsel to occur prior to November 30, 2012.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Sanctions and Motion to Compel Plaintiff's Deposition (Doc. # 24) is **GRANTED.**

(2) Defendant shall have up to and including **November 30, 2012** to submit documentation reflecting the fees and costs associated with its attempt to take Plaintiff's deposition and prepare this motion.

(3) Plaintiff shall appear for his deposition at a date and time convenient for Defense counsel to occur on or before **November 30, 2012.**

**DONE** and **ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 5834146

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Kean v. Board of Trustees of the Three Rivers
Regional Library System
321 F.R.D. 448 (2017)

Kean v. Board of Trustees of the Three Rivers Regional..., 321 F.R.D. 448 (2017)

KeyCite citing references available

321 F.R.D. 448
United States District Court, S.D. Georgia, Savannah Division.

Linda KEAN, Plaintiff,
v.
The BOARD OF TRUSTEES OF THE THREE RIVERS REGIONAL LIBRARY SYSTEM, Defendant.

CV416–207
|
Signed 01/26/2017

**Synopsis**
**Background:** Public employee brought putative collective action against public library employer, alleging violation of the Fair Labor Standards Act (FLSA) in connection with unpaid overtime. Employee moved for leave to amend her complaint and for protective order.

**Holdings:** The District Court, G.R. Smith, United States Magistrate Judge, held that:

[1] employee was entitled to leave to amend her complaint to correct name of employer, and

[2] employee was not entitled to protective order to preclude her in-person deposition.

Motions granted in part, and denied in part.

West Headnotes (6)

**[1]    Federal Civil Procedure**—Form and sufficiency of amendment;  futility

170A Federal Civil Procedure
170AVII Pleadings
170AVII(E) Amendments
170Ak851 Form and sufficiency of amendment; futility

Although leave to amend the pleadings should be granted liberally, there are some limitations; leave to amend need not be granted if it constitutes an exercise in futility.

1 Case that cites this headnote

**[2]    Federal Civil Procedure**—Time for amendment in general
**Federal Civil Procedure**—Injustice or prejudice

170A Federal Civil Procedure
170AVII Pleadings
170AVII(E) Amendments
170Ak824 Time for amendment in general
170A Federal Civil Procedure
170AVII Pleadings
170AVII(E) Amendments
170Ak834 Injustice or prejudice

Factors that weigh against granting a motion for leave to amend the pleadings include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party by virtue of allowance of the amendment.

**[3]    Labor and Employment**—Willful violations

231H Labor and Employment
231HXIII Wages and Hours
231HXIII(B) Minimum Wages and Overtime Pay
231HXIII(B)6 Actions
231Hk2368 Time to Sue and Limitations
231Hk2371 Willful violations

An employer "willfully" violates the Fair Labor Standards Act (FLSA) when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute; mere negligence will not suffice, that is, if an employer acts unreasonably, but not recklessly, in determining its obligations to an

Kean v. Board of Trustees of the Three Rivers Regional..., 321 F.R.D. 448 (2017)

employee under FLSA, its conduct is not "willful" and the default two-year, rather then the extended three-year, statute of limitations will apply. Portal-to-Portal Act of 1947 § 6, 29 U.S.C.A. § 255(a).

1 Case that cites this headnote

---

**[4]      Federal Civil Procedure** ☞ Amendments

170A Federal Civil Procedure
170AII Parties
170AII(J) Defects, Objections and Amendments
170Ak392 Amendments

Public employee was entitled to leave to amend her complaint to correct name of public library employer, in putative collective action alleging violation of the FLSA, in connection with unpaid overtime; employer did not claim any identity confusion, motion to amend was made early in the litigation, employee's initial failure to use employer's correct name was not deliberate, and there was no showing that employer would suffer any prejudice from amendment. Fair Labor Standards Act of 1938 § 7, 29 U.S.C.A. § 207(a)(1).

---

**[5]      Federal Civil Procedure** ☞ Amendments

170A Federal Civil Procedure
170AII Parties
170AII(J) Defects, Objections and Amendments
170Ak392 Amendments

Not being able to exploit a limitations defense due to misnomer of a defendant is not recognized as legal prejudice, in the context of a motion for leave to amend a complaint to correct defendant's name.

1 Case that cites this headnote

---

**[6]      Federal Civil Procedure** ☞ Time and place of, and procedure for, taking

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(C) Depositions of Parties and Others Pending Action
170AX(C)2 Proceedings
170Ak1355 Protective Orders
170Ak1359 Time and place of, and procedure for, taking

Former public employee was not entitled to protective order to preclude her in-person deposition in Georgia by former public employer, in putative collective FLSA action, in connection with failure to pay overtime; although employee resided in Pennsylvania, and holding her deposition in Georgia would cause employee to incur travel expense and to miss time from her current job, the employee commenced the suit in the Southern District of Georgia, and employee's deposition was not well-suited for remote deposition via video, as employer expected it to be comprehensive and document-intensive. Fair Labor Standards Act of 1938 § 7, 29 U.S.C.A. § 207(a)(1); Fed. R. Civ. P. 1, 30(b)(4).

3 Cases that cite this headnote

---

**\*449 ORDER**

G.R. SMITH, UNITED STATES MAGISTRATE JUDGE SOUTHERN DISTRICT OF GEORGIA

Three motions are currently before the Court in this employment compensation dispute: defendant's Motion to Dismiss, plaintiff's Motion to Amend, and plaintiff's Motion for a Protective Order. Docs. 4, 11 & 17. The first is before the district judge while the latter two will be reached here. For the purpose of this Order, the Court will accept as true the facts lifted from the filings cited here.

# I. BACKGROUND

The Three Rivers Regional Library System (Three Rivers) employed Linda Kean as a salaried regional director. Doc. 1 at 2. She resigned on July 22, 2014, and on July 22, 2016, brought this Fair Labor Standards Act (FLSA) action against Three Rivers for, *inter alia*, unpaid overtime, 29 U.S.C. § 201 *et. seq.*[1] Doc. 1 at 1–3. Her chief complaint is **\*450** that Three Rivers violated its "comp time" promise to her:

> Where a [Three Rivers] worker exceeded 40 hours in a work week, that employee could bank "comp time", as he or she could not be paid overtime. [Three Rivers] credited KEAN with comp time for periods where her weekly recorded time exceeded forty hours. It would then apply the comp time where she failed to work forty hours in a week. If KEAN failed to work the requisite hours during a pay period, she suffered a reduction in her pay where she did not have available comp time.

Doc. 1 at 3 ¶ 8.

[1]  As recently explained:
> The FLSA requires employers to pay employees "engaged in commerce or in the production of commerce" overtime when an employee works more than 40 hours in a week. 29 U.S.C. § 207(a)(1). But an exemption from the overtime pay requirement exists for employees in a "bona fide executive, administrative, or professional capacity," as defined by regulations of the Secretary of Labor. 29 U.S.C. § 213(a)(1).
>
> *Knight v. Beall's Outlet Stores, Inc.*, 2017 WL 149810 at *2 (S.D. Ga. Jan. 13, 2017). Three Rivers insists that Kean worked in an "exempt" position. Doc. 5 at 2 ¶ 6.

Despite its comp time policy, defendant "unlawfully failed and refused to give [plaintiff] comp time credit for all overtime hours worked in violation of the FLSA ...." Doc. 1 at 8 ¶ 25. "Other similarly situated employees in the past, including the former director, were paid for their unused comp time when they terminated their position." Doc. 11 at 1 (citing doc. 1 ¶¶ 6–8, 20). She wants "damages in the amount of her respective unpaid overtime compensation plus liquidated damages as provided by the FLSA 29 U.S.C. § 216(b)." Doc. 1, ¶ 26. She also seeks damages for contract-breach, retaliation,[2] and Three Rivers' failure to provide a health-insurance continuation notice. *Id.* at 9–13.

[2]  In a later filing she explains:
> During her tenure, Plaintiff spoke out publicly about a Board member for a number of issues, including

apparent financial irregularities, mistreatment of staff and failure to adhere to Open Meetings requirements. (Doc 1 ¶ 9). Later when she proposed resignation and payment of her unused time per the company's own course or business and the law, Three Rivers resisted and ultimately blocked these payments because the accused Board member was angry with her for speaking out against him. (Doc 1 ¶¶ 10–20). She filed suit against Three Rivers arising from its retaliatory termination of her and refusal to pay accrued comp time and annual leave in accordance with the law. (Doc 1 ¶¶ 1–41).

Doc. 11 at 1–2.

# II. ANALYSIS

### A. Nomenclature

In its Motion to Dismiss, Three Rivers argues that Kean sued an entity incapable of being sued (*i.e.*, she misnamed the defendant) and that her FLSA, overtime, and other claims are time-barred. Doc. 4 at 2. It also raises other defenses (*e.g.*, she was an exempt FLSA employee and her contract claim is facially flawed). *Id.* at 3–22.

[1] [2] [3]Kean opposes that motion, but for good measure moves to amend her Complaint[3] so she can clear up any confusion about defendant's name. Doc. 11. Defendant says its proper name is "the Board of Trustees of the Three Rivers Regional Library System." Doc. 12 at 2. This Court has called it the "Three Rivers Regional Library System" in the past. *Haven v. Regional Library System Board of Trustees*, 69 F.Supp.3d 1359, 1361 (S.D. Ga. 2014). Keen cites that case and other examples to show that Three Rivers has never been confused about such "name-slippage." In any event, she wants her Amended Complaint's claims to relate back to the date of her Complaint—as noted above, she filed this case two years to the day of her resignation, though Three Rivers nevertheless contends that she is too late.[4] Doc. 12 at 3.

[3]  As another court explains:
> Although leave to amend should be granted liberally, there are some limitations. For example, leave to amend need not be granted if it "constitutes an exercise in futility." Additional factors that weigh against granting leave to amend include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of

allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *In Re Kim*, 2016 WL 7385721 at *9 (D. Guam Dec. 16, 2016) (quotes and cites omitted).

[4]    It is either two or three years:

Under 29 U.S.C. § 255(a), FLSA claims—including claims for unpaid overtime compensation—must ordinarily be brought "within two years after the cause of action accrued." However, if a plaintiff's cause of action arises out of a defendant's "willful" violation of FLSA, the plaintiff may commence suit within three years after his cause of action accrued. An employer "willfully" violates FLSA when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Mere negligence will not suffice—if an employer acts unreasonably, but not recklessly, in determining its obligations to an employee under FLSA, its conduct is not "willful" and the default two-year statute of limitations will apply. *Id.* at 135 n. 13, 108 S.Ct. 1677.

*Kirkland–Brown v. Amelia Island Care Center*, 2012 WL 2178854 at *2 (M.D. Fla. June 13, 2012).

**\*451** Defendant opposes: "Despite being the Director for nearly five (5) years, and actually reporting to the Board of Trustees, the Plaintiff wrongfully named Three Rivers Regional Library System instead of the Board of Trustees of the Three Rivers Regional Library System as the party Defendant." Doc. 12 at 2. It doesn't want to lose its limitations defense over the misnaming (*i.e.*, it reasons that if the Court agrees that Kean named the wrong defendant, she'll be too late with her claims, due to the statute of limitations, with the "right" defendant). *Id.* at 2–3.

[4]This Court does not cotton to "namesmanship." *Willis v. Mayor & Alderman of the City of Savannah*, 770 F.Supp.2d 1349, 1351 (S.D. Ga. 2011) (civil rights plaintiffs were entitled to amend their complaint to denominate city as defendant in its proper corporate name, where city had history of using its cumbersome, archaic name to trip-up litigants, and there was no evidence of prejudice), cited in *Ga. Prac. & Proc. § 4:3* n. 4 (2016–2017 ed.). Here the defendant exploits the same sort of name-clunkiness in an obvious trip-up attempt. It does *not* claim any sort of identity confusion, only that Kean failed to call it "*the Board of Trustees* of the Three Rivers Regional Library System," rather than "The Three Rivers Regional Library System." *See also* doc. 14 at 2–4 (citing past examples where no such confusion arose).

[5]In that respect, Kean has moved to amend early enough in this litigation to correct her misstep,[5] and has shown that it was not the function of a deliberate attempt to sow (much less exploit) identity confusion. Nor is there any hint that the defendant will suffer prejudice; not being able to exploit a limitations defense due to misnomer is not recognized as legal prejudice in this context. *See Jones v. Waters*, 97 F.R.D. 543, 544 (E.D. Pa. 1983) (civil rights case defendant permitted to amend answer to add limitations defense, although a year had elapsed since the original answer had been filed; plaintiff had failed to allege any specific prejudice, and "the proceedings [had] not progressed beyond the pleading stage and no discovery [had] been taken.").

[5]    Correcting the defendant's name, for example, cannot reasonably be imagined to incur new discovery quests and obligations. Nor will a slumbering entity be shockingly awakened to the fact that it's just been sued.

The Court thus **GRANTS** plaintiff's motion to amend. Doc. 11. *Willis*, 770 F.Supp.2d at 1351; *Mahdy v. Mason City School District*, 2017 WL 25504 at *2 (S.D. Ohio Jan. 3, 2017) (granting plaintiff who sued the "Mason City School District" leave, under *Fed. R. Civ. P. 15(a)*, to instead name the district's Board of Education); *Moody v. Co II Shoults*, 2016 WL 4443172 at *1 (M.D. Ga. Aug. 19, 2016). The above caption has been amended, the Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.

### B. Kean's Deposition

[6]Defendant wants to take Kean's deposition in Georgia; she now lives and works in Pennsylvania. Doc. 17 at 1. The parties fought over what she called a short-timed deposition notice requiring her to miss work, drive through potential snow and ice, and have her holiday season squeezed (ultimately for a December 20, 2016 deposition in Savannah, Georgia, formally noticed by Three Rivers). Doc. 17; doc. 18 at 9. They conferred but Three Rivers refused to consider a video deposition, so it noticed the December 20th deposition (triggering Kean's December 19, 2016 Motion for a Protective Order, doc. 17), noted Kean's no-show and eve-of-deposition protective order motion, and now seek costs. Doc. 18 at 1–3. Three Rivers correctly notes that Kean did not move the Court for an **\*452** Order directing a remote-means deposition, doc. 18 at 3 (citing *Fed. R. Civ. P. 30(b)(4)*), though she seeks one now. Doc. 17 at 8–9.

"[A] plaintiff generally is subject to deposition in the district in which the suit was brought, even if he or she resides elsewhere. The deposition of a defendant generally will be taken at his or her place of residence or, for corporate parties or witnesses, at the corporation's principal place of business. But these are just general guidelines, and the court may enter a protective order designating a different location (or allowing the witness to testify by remote transmission) in order to protect against undue burden or expense." 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 30 (footnotes omitted).

The Court has been down this road before. *See, e.g.,* Hernandez v. Hendrix Produce, Inc., 297 F.R.D. 538, 539 (S.D. Ga. 2014) (depositions of Mexican migrant workers requested by produce company in migrant workers' FLSA action against produce company would be held over internet communication service, rather than in person in Georgia, which was forum for action and residence of produce company, where it would cost migrant workers about $15,000 to travel from Mexico to attend depositions, migrant workers were economically disadvantaged, and, according to produce company, the language barrier between parties would have made written or telephone depositions difficult). Kean is no migrant worker, suffers no language barrier, and in fact "works for [a] school system." Doc. 17 at 1.

But there is no dispute that, though she filed this case in this district, she now lives in Pennsylvania, the demanded deposition fell within the holiday season, and that it would have cost her lost-work time, travel expense and other problems (missed medical appointments, etc.). Doc. 17 at 2–4. Courts use terms like "substantially justified" in evaluating failures to appear for a properly noticed deposition. *Marcelle v. American Nat. Delivery, Inc.,* 2009 WL 4349985 at *3 (M.D. Fla. Nov. 24, 2009); *Functional Products Trading, S.A. v. JITC, LLC,* 2013 WL 4482507 at *3 (N.D. Ga. Aug. 20, 2013). Compared to other cases, Kean's reasons do *not* meet the substantial justification threshold.

Still, plaintiff's last-minute motion for a protective order put Three Rivers on notice *not* to incur a stenographer expense the next day (doc. 18 at 3), in that she made it clear she would not attend. *Compare Alvarado v. Rainbow Inn, Inc.,* 312 F.R.D. 23, 33–34 (D.D.C. 2015) (vague request to reschedule that failed to affirmatively declare no-show intent was not enough to avoid non-appearance sanction). It does not matter that such a motion does not excuse non-attendance.[6] When Three Rivers received her protective-order motion (informing it that Kean "has communicated her inability to appear

personally for a [deposition] in Savannah during December, 2016," doc. 17 at 3), it had all it needed to move this Court to compel her deposition and seek fees/costs for doing so. It did not need to run up expenses at that point (it seeks "fees *and costs* associated with the preparation for and attendance at the December 20, 2016 deposition that [Kean] failed to attend," doc. 18 at 12 (emphasis added)).

> 6    See *Kelly v. Old Dominion Freight Line, Inc.,* 376 Fed.Appx. 909, 913 (11th Cir. 2010) ("The district court's inaction on a party's motion for a protective order to postpone the taking of his deposition does not relieve the party of the duty to appear for the deposition.") (citing *Hepperle v. Johnston,* 590 F.2d 609, 613 (5th Cir. 1979)).

Three Rivers partially prevails here because Kean failed to timely move this Court for a protective order, much less one requesting a remote deposition protocol. But she can ask now. Three Rivers objects:

> While a remote deposition may make sense where the only information sought are recollections from the witness' mind—they are logistically cumbersome and difficult in cases where—as is the case here—Counsel intends to examine Ms. Kean about documents relevant to the case.
>
> This is so because it is difficult, remotely, to ensure that every party to the deposition is focused on the same document at the same time because it is hard to see what a witness is looking at without being physically present in the same room. Also, there is nothing prohibiting the witness from failing to select and view the proper **\*453** document at the proper time without the direction of interrogating counsel. Further, should Three Rivers request that Ms. Kean mark documents, it would be difficult to see such markings via remote means. A remote deposition offers no guarantees or safeguards against improper conduct by the witness such as crib notes or signaled answers. Lastly, a remote deposition does not as easily allow Counsel or Three Rivers' representative to evaluate the demeanor and mannerisms of Ms. Kean.

Doc. 18 at 10–11.

These objections are joined by other articulated shortcomings:

> Business litigation is typically document-intensive, and the use of multiple documents at a remote deposition requires the questioner to decide on all the documents he will use (and their order) well in advance of the deposition. This is very limiting, as a good questioner

will not adhere to a rigid outline, but will adjust his questions and their order to the responses of the deponent. Further, experienced questioners find that witnesses (and particularly adverse or hostile witnesses) will more readily yield admissions to a live questioner. Most practitioners agree that remote depositions are best suited for shorter depositions and depositions of less important witnesses. Where a deposition is taken remotely, the Rule specifies that the deposition is deemed to be taken in the locality where the deponent gives the answers. This would apparently require the reporter to be at the site of the deponent, although this may be modified by agreement.

3 Bus. & Com. Litig. Fed. Cts. § 24:13 (4th ed. 2016) (footnotes omitted).

And there are good counter-arguments,[7] especially since witnesses typically are not intellectually impaired, and thus can be directed to mark an exhibit and show it to the web cam on their PC or laptop.[8] *See Lopez v. CIT Bank, N.A.*, 2015 WL 10374104 at *2 (N.D. Cal. Dec. 18, 2015) ("Modern videoconference software permits participants to quickly and conveniently share documents and images with each other. For instance, Google's Hangouts software permits a conference call participant to broadcast a live video feed of a digital document while she reviews that document on her computer, which allows for the convenient joint review of specific pages contained within complicated documents."); *see also Carrico v. Samsung Electronics Co., Ltd.*, 2016 WL 1265854 at *1 (N.D. Cal. Apr. 1, 2016) ("courts have noted that leave to conduct depositions by telephone should be liberally granted and that a desire to save money constitutes good cause to depose out-of-state witnesses through remote means. The burden is on the opposing party to show how they would be prejudiced.") (cites omitted).

[7] For example, cameras and video-streaming are now so inexpensive that multiple cameras can be used to video side angles and thus capture signaling, "crib-note-coaching," etc. To that end, the parties are encouraged to stipulate to informal (thus cost-saving) video methods. *See Fed. R. Civ. P. 29(a)* ("a deposition may be taken before any person, at any time and place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition....").

[8] "Skype is now used to facilitate many a human interaction," including parent-child visitation orders, marriages and depositions where travel cost is prohibitive. *Hernandez*, 297 F.R.D. at 540–41 (citing *Young v. Young*, 2013 Ark. App. 707, 2013 WL 6281669 (Ark App. 2013), *Tshiani v. Tshiani*, 208 Md.App. 43, 56 A.3d 311, 321–22 (Md. App. 2012)

and *Yu Hui Chen v. Chen Li Zhi*, 109 A.D.3d 815, 971 N.Y.S.2d 139, 140 (N.Y.A.D. Sept. 11, 2013)).

But this is not an extraordinary case like *Hernandez*. And, as noted *supra*, there are enough issues (retaliation, exempt-employee status, timeliness) in play to expect a fairly comprehensive (if not document-heavy) deposition of a *party*, as opposed to a "less important witness." To rule for Kean, then, is to advance something neither the national rules drafters nor this Court's local rules committee[9] have yet entertained: A general policy presuming remote depositions to be the norm, and "in person" only upon a good **\*454** cause showing. Kean must come to this district for her deposition.

[9] *See Lopez*, 2015 WL 10374104 at *2 ("The court is persuaded that Defendants have violated the undersigned's standing order by refusing Plaintiffs' request to hold a face-to-face discussion about whether all future depositions should be taken by remote means.").

Meanwhile, plaintiff offers no reason for failing to timely move for a protective order. On the other hand, there is no evidence of bad faith (much less recklessness or dismissiveness) and undue-expense-causing conduct on Kean's part—Three Rivers surely knew that she would not appear for the deposition that it had formally noticed, so it was pointless and wasteful to bring in a stenographer and run up that expense. Three Rivers therefore is entitled to half of its attorney fees and (non-stenographer) costs for responding to Kean's protective-order motion and, in effect, moving to compel her deposition. *See Fed. R. Civ. P. 37(d)(3)* (permitting the Court to deny an award of fees where the award would be unjust); *Atkinson v. Volusia County School Board*, 2016 WL 6524410 at *3 (M.D. Fla. Nov. 3, 2016).[10]

[10] On motions to compel
[p]ayment of expenses (including attorney's fees), typically, is mandatory when, "after giving an opportunity to be heard," courts grant motions to compel. *Fed. R. Civ. P. 37(a)(5)(A)*. Only if (1) "the movant filed the motion before attempting in good faith to obtain the ... discovery without court action;" (2) the failure to respond was justified; or (3) "other circumstances make an award of expenses unjust, may a court decline to award expenses to a prevailing party." *Id.*
*Ajibade v. Wilcher*, 2017 WL 119474 at *3 (S.D. Ga. Jan. 10, 2017). The motion here is for a protective order, but the same standard and result applies because there is no doubt that Three Rivers would have moved to compel Kean's deposition.

The parties shall, within 14 days of the date this Order is served: (1) confer again and agree on a remote deposition at 100% Kean's expense (otherwise, she must travel to this venue, before the February 27, 2017, close of discovery, doc. 20, and the parties shall bear the normal deposition expenses); and (2) attempt informal resolution of the just-awarded, Three Rivers' Rule 37(d)(3) expenses, short of which they may return here for judicial resolution (in which case, Three Rivers must then file an itemized list of expenses and fees so the Court can evaluate their reasonableness and issue an expense award, *see Alvarado*, 312 F.R.D. at 34 (cost computation methodology)).

### III. CONCLUSION

To summarize, the Court **GRANTS** plaintiff Linda Kean's Motion to Amend, doc. 11, **DENIES** her Motion

for Protective Order, doc. 17, and awards the defendant partial fees and costs. The above caption has been amended to reflect the defendant's full name, the Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.

Finally, the Court is informed by the Clerk that this case was erroneously set-up in the Savannah Division of this Court (as denoted by the above caption), when it should have originated and stayed in the Brunswick Division—as correctly noted by the caption in the parties' pleadings. Accordingly, the Clerk shall **TRANSFER** this case to that Division.

**SO ORDERED**, this 26th day of January, 2017.

### All Citations

321 F.R.D. 448

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Melvin v. United States of America
2024 WL 167258

**H** KeyCite history available

2024 WL 167258
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Ocala Division.

Pilar MELVIN, Plaintiff,
v.
UNITED STATES of America, Defendant.

Case No: 5:22-cv-393-GAP-PRL
|
Signed January 16, 2024

**Attorneys and Law Firms**

Bryan E. Busch, Pro Hac Vice, Busch Mills & Slomka, LLP, Milton, GA, Christopher Young Mills, Law Offices of Christopher Y. Mills dba MILLS, West Palm Beach, FL, for Plaintiff.

Robert Sowell, United States Attorney's Office, Shawn P. Napier, US Attorney's Office - FLM, Orlando, FL, for Defendant.

**Order**

Philip R. Lammens, United States Magistrate Judge

**\*1** This matter is before the Court on the United States' motion to compel Plaintiff's deposition and for sanctions. (Doc. 29). Plaintiff filed a response. (Doc. 30), and the Court conducted a virtual hearing on January 12, 2024. (Docs. 33, 34).[1] For the reasons discussed below, the government's motion is **GRANTED.**

1    On January 8, 2024, the Court noticed the hearing for January 12, 2024, at 10:00 a.m. via Zoom Video Conference. (Doc. 31). Participants were subsequently emailed a Zoom invitation that reminded them to "dress appropriately." Notably, Plaintiff's counsel, Bryan Busch, appeared to attend the hearing from a golf course in casual sports attire and was noticeably distracted by his surroundings. While Mr. Busch claims that he was not given sufficient notice to rearrange his participation in a charity event, he did not seek a continuance of the hearing. The Court expects the same level of decorum from attorneys even if a hearing is conducted virtually.

**I. Background**

In September 2022, Plaintiff filed this action under the Federal Tort Claims Act alleging that she was sexually assaulted by a corrections officer while incarcerated at FCI Coleman in Wildwood, Florida. Plaintiff subsequently was released from prison and placed on probation in the Southern District of Florida.[2]

2    According to Plaintiff, a mandatory condition of her probation is that she maintain a steady job and she is currently employed at Doctor's United Group in Miami working Monday to Friday from 8:00 a.m. to 5:00 p.m.

Starting in late October 2023, the government began its efforts to schedule Plaintiff's deposition during the weeks of December 11 and December 18, 2023. Despite repeated emails and phone calls, Plaintiff's counsel, Bryan Busch, never agreed to a date for Plaintiff's deposition. Indeed, the attached email chain reflects that Mr. Busch either did not respond or took the position—without any legal authority—that Plaintiff's deposition would need to be scheduled after work hours or on a weekend because of her work obligations. (Docs. 29-3, 29-4). Given Mr. Busch's failure to cooperate in the scheduling process, on November 14, 2023, the government unilaterally noticed Plaintiff's deposition for December 20, 2023, to begin at 9:30 a.m. at the U.S. Attorney's office in Orlando, Florida. (Doc. 29-1).

One week later—on November 21, 2023—Mr. Busch advised that the time, date and location would not work for Plaintiff given her probation conditions, work schedule and child-care issues. He proposed that her deposition begin at 1:00 p.m. at some location within her South Florida probation area at an agreeable date in January 2024. Counsel went back and forth via email, with Mr. Busch continuing to offer no legal support for his position and apparently failing to contact Plaintiff's probation officer to authorize her attendance at her deposition. The government ultimately contacted Plaintiff's probation officer and received approval for her attendance. (Doc. 29-4 at 2). While the government advised that the deposition would proceed on December 20 as noticed, counsel nevertheless, in efforts to be reasonable, stated that the government would consider a

specific date in early January with a morning start time. (Doc. 29-4 at 2, Doc. 29-5 at 5). In response, Mr. Busch offered only one date—Saturday, January 6, 2023, in Orlando, Florida. (Doc. 29-5 at 4-5). The government did not agree to this date (which did not appear to be made in good faith) and advised Mr. Busch that the deposition would go forward on December 20 and that he would need to file and obtain a protective order for Plaintiff to be excused. Despite this warning, Mr. Busch did not seek a protective order and Plaintiff did not appear at her deposition. (Doc. 29-2). The instant motion followed.

## II. Discussion

**\*2** The government requests that the Court compel Plaintiff to appear for her deposition for a date certain (weekday during the weeks of January 15, 22, or 29) at the U.S. Attorney's Office in Orlando, Florida. The government also asks the Court to sanction Mr. Busch pursuant to Fed.R.Civ.P. 37(d) and require payment of the government's reasonable expenses related to the deposition and the filing of this motion.

Pursuant to Rule 37(d), a district court may grant a motion for sanctions if a party fails to attend her own deposition after being properly served with notice of the deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). A party's failure to appear for her deposition, "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Rule 37(d)(2). As for sanctions, "the Court **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

A deposition is properly noticed, when the party seeking to depose a person by oral questions, provides such person with a reasonable written notice stating, "the time and place of the deposition and, if known, the deponent's name and address." Fed R. Civ. P. 30(b)(l). Per the Local Rules, the written notice must be provided to the deponent at least fourteen days before the date of the noticed deposition. See M.D. Fla. Local Rule 3.04. Here, the government's deposition notice to Plaintiff was served on November 14, 2023, setting Plaintiff's deposition for December 20, 2023, and stating the place of the deposition. Contrary to Plaintiff's contention, it was appropriate for the government to unilaterally set the deposition, given the government's diligent efforts, Mr.

Busch's lack of cooperation, and the government's willingness to coordinate alternate dates in December (and even consider a specific date in January). See M.D. Fla. Handbook on Civil Discovery Practice § II.A.1 (noting that, where necessary, "counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling"). Therefore, there is no dispute that Plaintiff's deposition was properly noticed.

Nevertheless, Mr. Busch argues that the government acted in bad faith by refusing to conduct the deposition after work hours or on weekends or in the Southern District.[3] However, there is simply no authority to support these requests. While having her deposition taken in Orlando may not be convenient, Plaintiff filed this personal injury action in the Middle District of Florida, and thus, she is expected to make herself available for examination in this District. See M.D. Fla. Handbook on Civil Discovery Practice § II.A.3 ("A non-resident plaintiff may reasonably expect to be deposed at least once in this district."); see also Otto Candies, LLC v. Citigroup, LLC, 963 F.3d 1331, 1344-45 (11th Cir. 2020) (noting general rule that plaintiffs are required to make themselves available for examination in the district in which they bring suit).[4] Moreover, Mr. Busch has failed to cite any legal authority for his repeated demands that the deposition be taken on the weekend or after normal business hours. Plaintiff filed this lawsuit and is required to participate in it. The proceedings in this case—including trial, depositions, or hearings—will necessarily occur during the workweek. Plaintiff's claims of blanket unavailability are patently unreasonable.

3    In the motion, Plaintiff contends that the government also refuse to conduct the deposition by video. At the hearing, counsel for the government represented that the possibility of a video deposition was never discussed, but that the government would not have agreed to it anyway.

4    Notably, Plaintiff could be compelled to attend a deposition in the Ocala Division, which is where this case is filed and is further North than Orlando. Orlando, however, is closer to the Plaintiff and appears to be a good faith effort on the part of the government to set it in a location more convenient to the Plaintiff *and* still within the Middle District.

**\*3** Given that Plaintiff failed to appear for her properly noticed deposition (and that she was not excused by filing a motion for protective order), the Government's motion is due to be **GRANTED** and Plaintiff is compelled to

appear for her in-person deposition at the U.S. Attorney's Office in Orlando, Florida on **January 23, 2024,** during normal business hours. **See e.g.,** *Pinkston v. Univ. S. Fla. Bd. Trs.,* No. 8:18- cv-2651-SPF, 2019 WL 4254471, at *4 (M.D. Fla. Sept. 9, 2019) (compelling deposition for date certain).[5]

[5]    At the hearing on December 12, 2024, the Court advised that it would be setting Plaintiff's deposition for a date certain and afforded the parties an opportunity to file an agreed upon date by 5:00 p.m. that day. On December 12, 2024 at 4:58 p.m., the government filed a notice at stating that it had proposed by email to Mr. Busch at 11:02 a.m. the following dates: January 19, 23, 25, and 26, but that Mr. Busch had not yet responded. (Doc. 35). Mr. Busch filed a separate notice at 6:17 p.m. advising that Plaintiff requested that the deposition occur on January 23, 2024. (Doc. 36).

As for the government's request for sanctions against Mr. Busch, the Court finds that an award is mandated by Rule 37(d)(3)). Where, as here, the motion to compel is granted, and is caused by the failure of a party to attend her properly noticed deposition, the Court is required to award the reasonable expenses, including attorney's fees and expenses caused by the failure. Only if the Court determines that the failure to attend the deposition was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. Neither of those exceptions are presented here.

As an initial matter, Mr. Busch's decision to not appear at the deposition without seeking a protective order as contemplated by the Federal Rules, forecloses a finding of substantial justification. See Rule 37(d)(2) ("[a] party's failure to appear for her deposition, "is not excused on the ground that the discovery sought was objectionable,

unless the party failing to act has a pending motion for a protective order under Rule 26(c))." Moreover, Mr. Busch's suggestion that his conduct was substantially justified because it resulted from a genuine dispute about scheduling, is dubious at best. As detailed above, Mr. Busch repeatedly demanded scheduling accommodations that are not supported by the law. Mr. Busch had no lawful basis to demand that Plaintiff's deposition be taken in the Southern District, after work hours, or on the weekend. The Court agrees that it is appropriate to sanction Mr. Busch—and not his client because he repeatedly took legally unsupported positions and engaged in unprofessional gamesmanship.

For these reasons, the government is entitled to reimbursement for its reasonable expenses, including attorney's fees, caused by Plaintiff's failure to attend her deposition. Accordingly, Mr. Busch is hereby ordered to pay to the government the reasonable expenses including attorney's fees related to the deposition and the instant motion. The government shall submit within ten (10) days of the date of this Order an affidavit detailing the reasonable expenses and fees incurred for the deposition and the instant motion. To the extent that Mr. Busch objects to the amount of expenses and fees claimed by the government, he shall file a response within ten (10) days of service of the government's affidavit. Upon receipt of the government's affidavit and any objections by Mr. Busch, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**\*4 DONE** and **ORDERED** in Ocala, Florida on January 16, 2024. Copies furnished to:

### All Citations

Not Reported in Fed. Supp., 2024 WL 167258

---

    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Miller v. Dyadic Intern., Inc.
2008 WL 2116590

Miller v. Dyadic Intern., Inc., Not Reported in F.Supp.2d (2008)

H KeyCite history available

2008 WL 2116590
Only the Westlaw citation is currently available.
United States District Court,
S.D. Florida.

Michael MILLER, individually and on
behalf of all others similarly situated,
Plaintiff,
v.

DYADIC INTERNATIONAL, INC., Mark
A. Emalfarb, Stephen J. Warner, Harry Z.
Rosengart, Richard J. Berman, Robert B.
Shapiro, and Glenn E. Nedwin,
Defendants.

No. 07-80948-CIV.
|
May 20, 2008.

**Attorneys and Law Firms**

Julie Prag Vianale, Kenneth J. Vianale, Vianale &
Vianale, Boca Raton, FL, Glenn L. Hara, Matthew T.
Heffner, Susman Heffner & Hurst LLP, Chicago, IL,
Adam M. Moskowitz, Kozyak Tropin & Throckmorton,
Coral Gables, FL, Laurence Matthew Rosen, The Rosen
Law Firm, New York, NY, for Plaintiffs.

Raquel M. Fernandez, Cozen O'Connor, Tracy Ann
Nichols, Louise McAlpin, Holland & Knight, Miami, FL,
John Simmons Trimper, Jones Foster Johnston & Stubbs,
West Palm Beach, FL, Andrew D. Lazerow, Arthur A.
Impastato, Peter Unger, Howrey LLP, Washington, DC,
for Defendants.

***ORDER GRANTING, IN PART, CAPITAL MAX'S
MOTION FOR SANCTIONS AGAINST SAXENA
WHITE P.A.***

WILLIAM P. DIMITROULEAS, District Judge.

**\*1** THIS CAUSE is before the Court upon Capital Max,

Inc.'s Motion for Sanctions Against Saxena White P.A.
[DE 51]. The Court has carefully considered the Motion
and Capital Max, Inc.'s Memorandum in Support [DE
52], Proposed Lead Plaintiff Olav C. Holst's Response
[DE 62], Capital Max's Reply [DE 64], and is otherwise
fully advised in the premises.

*I. BACKGROUND*

On December 14, 2007 the Court appointed the Arab
Banking Corporation. ("ABC") as Lead Plaintiff in this
action. Subsequent to this appointment, however, two
other potential lead plaintiffs requested, and were granted,
discovery into the adequacy of the court appointed Lead
Plaintiff. In the mean time, Capital Max and ABC filed a
Motion to be Appointed Co-Lead Plaintiffs. Accordingly,
the Court had three individual applicants and one group
application to choose from.

The Parties then attempted to engage in discovery. In
addition to paper discovery the parties noticed
depositions, although none were ultimately taken. On
February 1, 2008, Capital Max noticed the deposition of
Olav C. Holst for February 13, 2008 at 9:00 a.m. in the
offices of Kozyak Tropin & Throckmorton. On February
8, 2008, Counsel for Mr. Holst noticed the depositions of
Frank Prissert and "Banque Palatine" for February 15,
2008 at 2:47 p.m. During this period, ABC refused to
produce witnesses for depositions. ABC later withdrew as
Lead Plaintiff, leaving only Mr. Holst and Capital Max as
potential Lead Plaintiffs.

On February 12, 2008, the day before his scheduled
deposition, Mr. Holst's counsel stated that Mr. Holst
would not appear for his deposition. Mr. Holst's counsel,
however, did not seek a protective order. On February 13,
2008, Mr. Holst and his counsel failed to appear for Mr.
Holst's deposition. Also on February 13, 2008, counsel
for Mr. Holst sent an email to Mr. Heffner, counsel for
Capital Max at 9:48 p.m. purporting to cancel the
deposition of Mr. Prissert scheduled for early morning on
February 15, 2008. Mr. Heffner did not receive the email
message. On February 15, 2008, Mr. Prissert and his
counsel attended the noticed deposition of Mr. Prissert,
but no one from Saxena White appeared. The instant
Motion for Sanctions followed.

Miller v. Dyadic Intern., Inc., Not Reported in F.Supp.2d (2008)

II. *DISCUSSION*

Capital Max argues that Saxena White should be sanctioned for (1) violating Fed.R.Civ.P. 30 and 37(d) by failing to produce Olav C. Holst for his properly noticed deposition; (2) violating Fed.R.Civ.P. 30(g)(1) and 37(d) by noticing the deposition of Frank Prissert and then failing to attend; (3) noticing depositions solely with the intent to harass and retaliate against other lead plaintiff movants; and (4) violating Local Rule 7.1.A.3 by filing a Motion to Compel Discovery [DE 45] without first conferring or attempting to confer with Capital Max's attorneys.

Rule 37(d) (1)(A) of the Federal Rules of Civil Procedure states:

> The Court ... may, on motion, order sanctions if: (a) a party or a party's officer, director, or managing agent-or a person designated under Rule 30(b)(6) or 31(a)(4)-fails, after being served with proper notice, to appear for that person's deposition ...

**\*2** The Rule further provides that:

> (2) A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Rule 30(g) (1) of the Federal Rules of Civil Procedure further provides:

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition.

Mr. Holst does not deny any of Capital Max's underlying allegations, but rather simply argues that it was justified in doing so because ABC was also being uncooperative during discovery. However, the Court agrees with Capital Max that at that point in the proceedings, Capital Max and ABC were individual Lead Plaintiff applicants as well as group applicants, as each had their own Motion for Appointment as Lead Plaintiff pending. Further, "[i]t is not up to an individual party to decide which discovery is appropriate and when." *Kilby v. Ilgen (In re Kilby),* 196 B.R. 627, 631 (Bankr.M.D.Fla.1996). If counsel for Mr. Holst did not want to produce him for his deposition the proper course of action would be to file a motion for protective order with the Court, as provided in Rule 37(d)(2).

She further argues that it was reasonable notice to cancel a deposition *by email* less than 36 hours before the deposition where opposing counsel needed to fly in from out of state. However, the Court cannot find this is reasonable notice where it would be reasonable to assume that Mr. Heffner would be preparing to travel to Florida for the deposition at the time she sent the email. Other Courts have also held this kind of last minute notification to be unreasonable. *See Root Bros. Farms v. Mak,* 2007 WL 2789481, \*8 (S.D.N.Y. Sept.25, 2007) (holding that a voicemail to plaintiff's counsel over the weekend to cancel a deposition scheduled for the following Monday was insufficient notice); *Barrett v. Brian Bemis Auto World,* 230 F.R.D. 535, 536 (N.D.Ill.2005) (holding that canceling the deposition of plaintiff's expert witness warranted sanctions because defense counsel should have alerted plaintiff, in the two-week period prior to the deposition, that defense counsel intended to cancel). Accordingly, the Court finds that sanctions are warranted and that counsel for Mr. Holst shall pay for Capital Max's attorney's fees and costs in preparing for, traveling to, and attending Mr. Prissert and Mr. Holst's depositions. The Court also finds that Capital Max should recover attorneys fees for the time spent preparing and filing the instant Motion.

Capital Max seeks to recover for two (2) hours of work by Associate Kurt Zaner at $225.00 an hour and for one hour of work by Partner Adam Moskowitz at $325.00 an hour.[1] The Court finds this to be reasonable and fully recoverable. Capital Max further seeks to recover for 6.75 hours of work for attorney Glenn L. Hara at $300.00 an hour and for 26.50 hours of time preparing for the depositions, traveling to and attending the Prissert deposition, and also preparing and the instant Motion for Sanctions at the hourly rate of $375.00.[2] Once again the Court finds the rates and hours to be reasonable and fully recoverable.[3]

[1]   These hours were billed by Liaison Counsel.

[2]   These hours were billed by Lead Counsel.

[3]   The Court notes that counsel for Mr. Holst has not objected to the rates or hours as claimed by Capital Max and its counsel, she only argues that sanctions are not warranted in any respect.

**\*3** Capital Max also seeks to recover the costs incurred by Mr. Heffner while traveling to Florida for Mr. Prissert's deposition. He seek to recover $321.89 in hotel costs, $943.59 in transportation (including plane fare), $28.07

for Meals and $15.78 for phone charges. The Court finds that all of these charges should be recoverable with the exception of the $15.78 for phone charges. Capital Max has included no description of how this charge relates to the lawsuit, Mr. Prissert's deposition, or the filing of this Motion for Sanctions.

Capital Max further argues that Mr. Holst noticed the depositions solely with the intent to harass and retaliate against the other Lead Plaintiff movants. The Court finds insufficient support for these allegations. The Court further disagrees with Capital Max that Mr. Holst's discovery violations are of such a serious nature as would remove him from consideration for appointment as Lead Plaintiff. Finally, the court declines to impose sanctions for Mr. Holst's counsel's failure to confer prior to filing its discovery motion.

### III. *CONCLUSION*

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Capital Max, Inc.'s Motion for Sanctions Against Saxena White P.A. [DE 51] is hereby **GRANTED, in part;**

2. Capital Max shall recover $12,737.50 in attorneys fees, and $1293.55 in costs from counsel for Mr. Holst, Saxena White P.A.

**DONE AND ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 2116590

---

   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Morgan v. Ferguson
2022 WL 17736227

Morgan v. Ferguson, Not Reported in Fed. Supp. (2022)

C KeyCite citing references available
2022 WL 17736227
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida,
Key West Division.

William R. MORGAN, Plaintiff,
v.
Thomas C. FERGUSON, Jr., Defendant.

Case No. 22-cv-10035-KING/DAMIAN
|
Signed December 16, 2022

**Attorneys and Law Firms**

Mark Gabriel DiCowden, Mark G. DiCowden PA,
Hollywood, FL, for Plaintiff.

Tyler Jon Tanner, Richard James McAlpin, McAlpin
Tanner Marcotte, PA, Miami, FL, for Defendant.

**ORDER FOLLOWING DISCOVERY HEARING**

MELISSA DAMIAN, UNITED STATES
MAGISTRATE JUDGE

**\*1** THIS CAUSE is before the Court on Defendant,
Thomas C. Ferguson Jr.'s ("Defendant"), Discovery
Memorandum Regarding the In-Person Deposition of
Plaintiff ("Memorandum"), filed December 5, 2022. [ECF
No. 17]. This matter was referred to the undersigned by
the Honorable James Lawrence King, United States
District Judge, to take all necessary and proper action as
required by law with respect to all pretrial discovery
matters. [ECF No. 8]. See 28 U.S.C. § 636(b)(1).

THE COURT has reviewed the parties' Memoranda [ECF
Nos. 17 and 19] and the pertinent portions of the record
and is otherwise fully advised in the premises. The Court
also heard from the parties, through their counsel, at a
Zoom Discovery Hearing held December 15, 2022. Upon
consideration of the Memoranda and all relevant
authorities, and for the reasons stated on the record at the

discovery hearing, the Court finds as follows:

Background And Relevant Proceedings

On February 27, 2022, Plaintiff, William R. Morgan
("Plaintiff"), filed this action in the Circuit Court of the
Sixteenth Judicial Circuit in and for Monroe County,
alleging that Defendant negligently operated a vessel that
crashed into Plaintiff's vessel causing Plaintiff to suffer
severe and permanent injuries. [ECF No. 1-1 at ¶¶ 5–7].
On April 14, 2022, Defendant removed the state court
action to this Court based on diversity of citizenship.
[ECF No. 1]. See 28 U.S.C. § 1441(b).

On April 19, 2022, Plaintiff filed a Motion to Transfer the
case to the District Court's Key West Division. [ECF No.
3]. Defendant did not oppose the requested transfer. [ECF
No. 4]. Therefore, on May 4, 2022, the District Court
granted the unopposed Motion to Transfer the case to the
Court's Key West Division. [ECF No. 6].

Pursuant to the Court's Scheduling Order, this matter is
set for trial during the two-week period commencing
August 14, 2023, and the deadline for conducting all
discovery is March 29, 2023. [ECF No. 8].

Defendant's Memorandum and Plaintiff's Response

Defendant seeks to compel Plaintiff to appear in person
for his deposition in South Florida. [ECF No. 17 at 4].
According to Defendant's Memorandum, Plaintiff will
not suffer financial harm because Plaintiff, who currently
resides in North Carolina, already made arrangements to
travel to South Florida for his scheduled Rule 35 medical
examinations in December. *Id.* at 2. More specifically,
and as stated on the record during the December 15, 2022
hearing, Plaintiff already traveled to South Florida on
December 8, 2022 for his first medical examination and
plans on returning for his second medical examination on
December 22, 2022. *Id.*

In his Responsive Memorandum, Plaintiff seeks a
protective order from having to appear for his deposition
in South Florida. [ECF No. 19 at 2]. Plaintiff asserts that
requiring him to travel to South Florida is a great hardship
and undue burden because of his "inability to obtain
meaningful employment" to pay for such additional travel
expenses. *Id.* Plaintiff also claims that he is the caretaker

for his 82-year-old landlord and that Plaintiff would be unable to make further arrangements to travel to South Florida without losing his current housing arrangements. *Id.* at 3. Therefore, Plaintiff requests the Court permit his deposition to be taken through video-teleconference or Zoom and order Defendant to pay attorney's fees and costs as a discovery sanction for allegedly failing to appear for the Plaintiff's previously scheduled deposition by remote means. *Id.* at 5.

Applicable Legal Standards

**\*2** "The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005). In accordance with this general rule, "a plaintiff must make herself available for deposition in the judicial district in which she filed suit." *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485, 2020 WL 97782, at \*2 (M.D. Fla. Jan. 8, 2020); *see also Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) (Snow, J.) ("[T]he Plaintiff in an action should expect to be deposed in the forum where the action is pending"). Likewise, a plaintiff must be available for a medical, physical, or mental examination in the district where the action is pending. *See Levick*, 228 F.R.D. at 672 (medical and physical examinations); *Sarac*, 2020 WL 97782, at \*2 (mental examinations). This helps "ensure[ ] that the examining doctor is available as a witness at trial." *Levick*, 228 F.R.D. at 672.

Nevertheless, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition [or examination]." *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV, 1988 WL 113346, at \*1 (S.D. Fla. May 23, 1988). "Rule 26 authorizes the Court to order that a plaintiff's deposition [or examination] be taken in a different location, or by alternative means, if he demonstrates the requisite good cause." *Hogue v. McHugh*, No. 11-22405-CIV, 2012 WL 13064092, at \*2 (S.D. Fla. Dec. 3, 2012) (McAliley, J.) (citing Fed. R. Civ. P. 26(c)(1)). In other words, "[i]f a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition [or examination] in the forum may yield to the exigencies of the particular case.' " *Dude v. Congress Plaza, LLC*, No. 17-80852-CIV, 2018 WL 1009263, at \*1 (S.D. Fla. Feb. 20, 2018) (Matthewman, J.) (quoting *Trims v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008)). Absent a showing of good cause, the Court will apply the general rule, and the plaintiff will be deposed in the forum where the action is pending. *Hogue*, 2012 WL 13064092, at \*2.

In determining whether the plaintiff has demonstrated good cause sufficient for the general rule to "yield to the exigencies of the particular case," the Court may consider the amount of a plaintiff's requested damages, the cost of traveling to the location of the deposition or examination relative to the size of the plaintiff's claim, and the risk of a plaintiff losing his or her job in order to appear for any deposition or examination, among other relevant inquiries. *See Dude*, 2018 WL 1009263, at \*2; *Sarac*, 2020 WL 97782, at \*3. However, the burden of things like childcare responsibilities and limited finances on a plaintiff, standing alone, "are not good cause to deviate from the general rule[.]" *See Triple7vaping.com, LLC v. Shipping & Transit LLC*, No. 16-cv-80855, 2017 WL 1395509, at \*1 (S.D. Fla. Apr. 6, 2017) (Middlebrooks, J.).

Discussion

For the reasons stated on the record at the December 15, 2022 hearing, the Court finds that Plaintiff has not shown the requisite good cause to deviate from the general rule that Plaintiff must make himself available for deposition in the jurisdiction in which he filed suit. While the Court is sympathetic to Plaintiff's current financial circumstances and living arrangements, this alone is not sufficient good cause for the general rule to "yield to the exigencies of the particular case." Indeed, Plaintiff has already made arrangements to travel to South Florida twice for his medical examinations—including on December 22, 2022 for his second medical examination.

**\*3** At the hearing before the undersigned, Plaintiff's counsel stated that he is not available on December 22, 2022 to schedule Plaintiff's deposition that same date after Plaintiff's medical examination. However, Plaintiff's counsel's unavailability is not good cause to preclude Plaintiff's in-person deposition from taking place in South Florida at a later scheduled date.[1]

---

[1]   At the hearing, counsel agreed to work together to find a mutually agreeable date for the taking of Plaintiff's deposition in early January 2023, and Plaintiff's counsel agreed to postpone the taking of Defendant's deposition, which is currently scheduled for early January 2023, until after Plaintiff's deposition is taken.

Conclusion

Accordingly, based on the foregoing, and as stated on the record, it is hereby ORDERED AND ADJUDGED as

Morgan v. Ferguson, Not Reported in Fed. Supp. (2022)

follows:

1. The relief requested in Defendant's Discovery Memorandum [ECF No. 17] is **GRANTED.** Plaintiff shall appear for his deposition in South Florida on a date agreed to by the parties and, based on the agreement of the parties, Plaintiff's deposition shall be conducted before Defendant's deposition.

2. The relief requested in Plaintiff's Responsive Memorandum [ECF No. 19] for an award of attorney's fees and costs as a discovery sanction is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of December 2022.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 17736227

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Torres v. Nike, Inc.
2021 WL 8894349

H KeyCite history available

2021 WL 8894349
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

Noel Rodriguez TORRES and Angela
Torres, Plaintiffs,
v.
NIKE, INC. Defendant.

Case No. 6:20-cv-350-CEM-LRH
|
Signed 11/17/2021

**Attorneys and Law Firms**

David Papa, Papa & Gipe, PA, Clearwater, FL, for Plaintiffs.

Max Deitchler, Pro Hac Vice, Kutak Rock LLP, Fayetteville, AR, Michael J. Drahos, Gray Robinson, P.A., West Palm Beach, FL, for Defendant.

**Order**

LESLIE R. HOFFMAN, UNITED STATES MAGISTRATE JUDGE

**\*1** This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: DEFENDANT'S MOTION FOR SANCTIONS TO COMPEL PLAINTIFF TO PAY COURT REPORTER FEES INCURRED DUE TO HIS FAILURE TO ATTEND DEPOSITION ON AGREED UPON DATE (Doc. 38)**
>
> **FILED: August 19, 2021**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiffs Noel Torres Rodriguez and Angela Torres

brought suit against Defendant Nike, Inc., alleging state law claims for negligence stemming from Noel Torres Rodriguez falling in Defendant's store. (Doc. 1-1). Discovery opened in May 2020 and closed on August 30, 2021. (Docs. 17-18). Defendant filed a motion for summary judgment on September 22, 2021, to which neither Plaintiff filed a response. (Doc. 39). The motion for summary judgment remains pending, and the case is scheduled for jury trial for the term commencing March 7, 2022. (Doc. 18).

The case is presently before the undersigned on Defendant's Motion for Sanctions to Compel Plaintiff Noel Torres Rodriguez to Pay Court Reporter Fees Incurred Due to His Failure to Attend Deposition on Agreed Upon Date. (Doc. 38). Defendant represents that it properly served Mr. Rodriguez with a notice of deposition on March 3, 2021. (Id., at 1; see also Doc. 38-1). The notice scheduled Mr. Rodriguez's videotaped deposition for March 15, 2021, at 1:30 p.m. (Doc. 38-1; see also Doc. 38-2 (email correspondence between counsel whereby the parties agreed to the March 15, 2021 date)). However, on March 15, 2021, while counsel for both sides appeared as scheduled, Mr. Rodriguez did not. (Doc. 38-3). Defendant was ultimately charged $1,206.95 for court reporting services for the March 15, 2021 deposition (Docs. 38-4, 38-5), and now seeks reimbursement from Mr. Rodriguez in this amount, along with attorneys' fees and costs incurred in preparing for and attending the deposition, and for drafting the present motion, as sanctions under Federal Rule of Civil Procedure 37(d)(3). (Doc. 38, at 2-3).

Although the Local Rule 3.01(g) certification states that the motion is opposed, see id., at 3, Plaintiff has not filed a response, and the time for doing so has long since expired. Local Rule 3.01(c). Accordingly, the Court considers the motion to be unopposed. See id. Upon review of the motion, and in the absence of opposition by Plaintiff, Defendant's requests are due to be **GRANTED**.

A court may, on motion, order sanctions if a party, "after being served with proper notice," fails to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). "A deposition is properly noticed, when the party seeking to depose a person by oral questions, provides such person with a reasonable written notice stating, 'the time and place of the deposition and, if known, the deponent's name and address.' " Pinkston v. Univ. of S. Fla. Bd. of Trustees, No. 8:18-cv-2651-T-33SPF, 2019 WL 4254471, at \*4 (M.D. Fla. Sept. 9, 2019) (citing Fed R. Civ. P. 30(b)(l)). The notice of deposition attached to Defendant's motion clearly states the time and place of the deposition, and

*Torres v. Nike, Inc., Not Reported in Fed. Supp. (2021)*

also contains a certificate of service stating that Defendant served counsel for Plaintiff with the notice on March 3, 2021. (Doc. 38-1). Moreover, given the lack of opposition, Plaintiff does not dispute that he was properly served with the notice of deposition; and the transcript from the canceled deposition shows that counsel for Plaintiff reminded Plaintiff about the deposition on at least two prior occasions. *See* Doc. 38-3, at 4. Thus, the Court finds that Defendant has satisfied the "proper notice" requirement of Rule 37(d)(1)(A)(i). *See Pinkston*, 2019 WL 4254471, at *4.

**\*2** To determine an appropriate sanction, the Court looks to Rule 37(d)(3), which states that:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The burden of establishing substantial justification under the Rule is on the party being sanctioned. *Jeanis v. Waste Pro USA, Inc.*, No. 2:11-cv-165-FTM-29SPC, 2012 WL 5834146, at *1 (M.D. Fla. Nov. 16, 2012). By failing to respond to the present motion, Plaintiff has also failed to establish that his nonappearance at the March 15, 2021

scheduled deposition was substantially justified, and the Court is not aware of any other circumstances which would make an award of expenses unjust.

Based on the foregoing, Defendant's Motion for Sanctions (Doc. 38) is **GRANTED**, and it is **ORDERED** as follows:

1. On or before **December 1, 2021**, Plaintiff Noel Torres Rodriguez shall deliver to Defendant the sum of $1,206.95 for the expenses Defendant incurred for court reporting services in connection with the canceled March 15, 2021 deposition.

2. Further, on or before **December 1, 2021**, counsel for Defendant shall file a motion, supported by appropriate documentation, for its reasonable fees incurred in preparing for and attending the deposition, and for preparing and filing the present motion. Plaintiff shall have until **December 15, 2021** to file a response in opposition.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2021.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 8894349

---

**End of Document**                          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

United Parcel Service Inc. v. Williamson
2025 WL 2622081

United Parcel Service Inc. v. Williamson, Slip Copy (2025)

H KeyCite history available

2025 WL 2622081
Only the Westlaw citation is currently available.
United States District Court, N.D. Georgia, Atlanta
Division.

UNITED PARCEL SERVICE INC.,
Plaintiff,
v.
Andy T. WILLIAMSON, Defendant.

Case No. 1:22-cv-480-MLB
|
Signed March 19, 2025

**Attorneys and Law Firms**

Daniel P. Johnson, Pro Hac Vice, Ogletree Deakins,
Kansas City, MO, Nathan Joseph Allen, Ogletree,
Deakins, Nash, Smoak & Stewart, P.C. - Atl, Atlanta,
GA, Kristyn Hardy, Matthew Dempsey Treco, Martenson,
Hasbrouck & Simon LLP, Atlanta, GA, Kelly Elisabeth
Eisenlohr-Moul, Kelly Eisenlohr-Moul, Shelby, MI, for
Plaintiff.

Andy T. Williamson, Kansas City, KS, Pro Se.

**ORDER**

MICHAEL L. BROWN, UNITED STATES DISTRICT
JUDGE

**\*1** This omnibus Order addresses several motions. First, it
grants Plaintiff's Motion for Attorneys' Fees, Motion to
Transfer (in part), and Motion for Sanctions. (Dkts. 58,
55, 70.) Second, it denies Defendant's Application to
Appeal in forma pauperis ("IFP"). (Dkt. 67.)

**I. Motion for Attorneys' Fees**
After granting Plaintiff's motion for sanctions, the Court

ordered Defendant to "pay the reasonable expenses and
attorneys' fees Plaintiff incurred in scheduling and
preparing for his [first] missed deposition." (Dkt. 54 at
11.) The Court further ordered Plaintiff to submit a
petition detailing these costs. (Id. at 12.) Plaintiff now
moves for those expenses. (Dkt. 58.) Federal of Civil
Procedure 37(d)(3) obligates "the party failing to act ... to
pay the reasonable expenses, including attorney's fees,
caused by the failure." Fed. R. Civ. P. 37(d)(3). And the
Court has already found Defendant's first refusal to sit for
his deposition was not "substantially justified" and such
award was not "unjust." (Dkt. 54 at 10–11.)

Plaintiff's counsel requests $3,352.50 in attorneys' fees
and $600 in stenographic fees. (Dkt. 58.) Defendant never
responded. The Court awards such well-supported sums
as each figure directly relates to Defendant's failure to
appear at his deposition. To start, counsel's affidavit,
along with supporting invoices, shows the number of
hours expended, including an hourly rate multiplier for an
associate attorney (a reasonable hourly rate for similarly
situated lawyers in counsel's practice area), and explains
how the activities relate to the deposition. (Dkt. 58-1.)
The Court also awards expenses associated with drafting
the prior sanctions motion. *See, e.g., Girard v. Aztec RV
Resort, Inc.,* 2011 WL 7946120, at *6 (S.D. Fla. Oct. 6,
2011) (awarding such fees). As also supported by an
invoice (Dkt. 58-1 at 11), the Court awards the $600
stenographic fee as a "reasonable expense" connected to
his failure to appear at his deposition. *Harris v. Atlanta
Indep. Sch. Sys.,* 2008 WL 11322933, at *4–5 (N.D. Ga.
June 3, 2008) (awarding fees and costs associated with
drafting a motion for sanctions, dealing with deponent's
non-appearance, and paying the court reporter). The Court
grants counsel's motion and awards $3,952.50, which
includes $3,352.50 in attorneys' fees and $600 in
stenographic fees. (Dkt. 58.)

**II. Motion for Sanctions**
In late June 2024, the Court sanctioned Defendant for his
misconduct, including "his simpl[e] refus[al] to comply
until he gets what he wants from Plaintiff" and "outright
refusal to sit for a deposition." (Dkt. 54 at 5, 10.) That
included his refusal to sit for a video deposition that
Plaintiff had properly noticed. (Id.) The Court ordered
Defendant "to schedule a deposition with Plaintiff's
counsel ... no later than July 22, 2024." (Id. at 12.) The
Court admonished Defendant that "it is his responsibility
to work with Plaintiff's counsel [and] make alternative
arrangements." (Id. at 10.) It also warned Defendant that

United Parcel Service Inc. v. Williamson, Slip Copy (2025)

his failure to schedule and sit for a deposition "*will* result in additional and increasingly serious consequences." (*Id.* at 11 (emphasis in original).) And the Court threatened, among other sanctions, contempt should he fail to appear and a default judgment should he not comply with another mandate. (Dkt. 54 at 12.) Plaintiff noticed his in-person deposition for July 24, 2024, but Defendant never appeared. (Dkt. 65.)

**\*2** Now, Plaintiff says the Court should strike Defendant's answer, enter a default *judgment*, and award attorneys' fees for his non-compliance. (Dkt. 70 at 1.) The Court agrees in part. While Plaintiff requests a default *judgment* as a sanction, the Court has not yet entered a default. So the Court construes Plaintiff's motion as requesting an *entry of default* and grants that relief.

### A. Striking Answer and Entering Default

Rule 37 of the Federal Rules of Civil Procedure allows the Court to "strik[e] pleadings in whole" and "render[ ] a default judgment" if a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Courts impose "the severe sanction of a ... default judgment ... only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Accordingly, "a default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Id.* "Violation of a discovery order is deemed willful if" the violating party "consciously or intentionally fail[ed] to comply with the terms of the order." *Arbor Int'l Foods v. Reco Sales Corp.*, 2006 WL 2927518, at \*3 (N.D. Ga. June 16, 2006) (citing *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)). But "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default[.]" *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997). "The district court must also determine that lesser sanctions would not serve the interests of justice." *United States v. Varnado*, 447 F. App'x 48, 51 (11th Cir. 2011).[1]

[1]     The Court recognizes *Varnado* is unpublished and not binding. The Court cites it and other cases nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

The Court concludes it is appropriate to strike

Defendant's answer and enter default. Defendant has a record of willfully disregarding his discovery obligations in this case. His most recent non-appearance is another example of his refusal to follow court orders. (*See* Dkt. 54 (chronicling Defendant's multi-year willful evasion of discovery).) Despite Defendant's uncooperative or nonresponsive conduct in trying to schedule his first attempted deposition, Plaintiff accommodated Defendant for months and noticed his deposition via Zoom. (Dkt. 46-1 ¶ 15.) Days before the deposition, Defendant emailed Plaintiff, "I will not be participating in a deposition. I do not have means to participate online or in person." (*Id.* ¶ 20.) Nevermind the fact he replied with an email (showing he has some internet access), he never showed up. (*Id.* ¶¶ 23–26.) In the current instance, Defendant properly noticed an in-person deposition. Defendant understood the consequences of not sitting for that deposition, and refused to do so. (*See* Dkt. 57-1 (Plaintiff's counsel's affidavit confirming service of the order).) His actions have prevented Plaintiff from conducting meaningful discovery.

The Court also concludes a lesser sanction would not suffice or "serve the interests of justice." *Varnado*, 447 F. App'x at 51. At this point, the Court cannot fathom how else to express the importance of complying with its orders. Indeed, it has already imposed one of the most severe sanction in dismissing with prejudice his counterclaims. (Dkts. 37, 54.) That failed to deter Defendant's behavior. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (emphasizing Rule 37's punishment and deterrence purposes). Because Defendant has already ignored similar orders from the Court, the Court concludes no other sanction would incentivize him to participate in the discovery process, and striking his answer and entering default is the only available option. *Reed v. Fulton Cnty.*, 170 F. App'x 674, 676 (11th Cir. 2006).

**\*3** Defendant insists Plaintiff's motion "is nothing more than a stunt to waste the court's time while acting unethically" by "continuing to use Defendant's financial status against him." (Dkt. 74 at 1.) Arguing against the willfulness of his actions, he says, "Plaintiff knew Defendant could not attend in-person for financial reason[s]," and Defendant "offered to participate numerous times via Zoom but [ ] Plaintiff absolutely refused." (*Id.* at 2.) He also contends—without any evidence—he booked a flight that was ultimately cancelled by "the Global Tech Outage" on July 19, 2024, and he could not timely rebook the flight. (*Id.*)

These excuses do not justify his "clear history of bad faith stonewalling." *In re Sunshine Jr. Stores*, 456 F.3d 1291, 1306 (11th Cir. 2006). Even if the Court never ordered an

United Parcel Service Inc. v. Williamson, Slip Copy (2025)

in-person deposition, as Defendant argues, it did implicitly require his cooperation in scheduling the deposition, and Plaintiff properly noticed an in-person deposition. (*See* Dkt. 54 at 12.) It really is surprising that Defendant now insists on *virtual* depositions, despite refusing to attend that way and saying he does not "have means to participate online." (Dkt. 46-1 ¶ 20.)[2] On July 5, 2024, Defendant received Plaintiff's email notice of an in-person deposition and replied, "I will NOT be attending a deposition in person ... unless your client pays costs for me to appear," and suggested he could do a "deposition via phone" on July 22. (Dkt. 70-2 at 2 (capitalization in original).) Plaintiff offered to move his in-person deposition to July 22, and Defendant reaffirmed his demand that Plaintiff pay his costs, noting his lack of "money to buy airline tickets." (Dkt. 70-3 at 2.) He concluded, "I will not entertain any further stupidity. Make it work." (*Id.*) Then, a few weeks later, Plaintiff's counsel allegedly called Defendant to get his estimated arrival time. (Dkt. 70 at 4.) Defendant supposedly answered, said he would not attend in person, and hung up. (*Id.*) He had no authority to do that. Absent relief from the Court, Plaintiff's properly noticed deposition compelled his attendance. Fed. R. Civ. P. 30(a)(1), (b)(1).

> 2   Defendant also frames Plaintiff's attempts to depose him in person as an effort to use his "financial status against him to cause further damages." (Dkt. 74 at 1.) Nothing suggests that.

Although not dispositive, the Court doubts the sincerity of his excuses. Defendant argues he could not afford to attend but also admits he *booked* a flight for the deposition. (Dkt. 74 at 2.) He also claims his flight was cancelled by the worldwide cyber-attack on airlines last summer. (*Id.*) But he presents no evidence of that, like a receipt for the flight or hotel booking. So Defendant's pleas walk and talk like after-the-fact excuses. Most importantly, Defendant never tried contacting the Court or Plaintiff to show some good-faith effort to comply. If Defendant truly could not afford a plane ticket (or if his flight really was cancelled), he should have alerted the Court and opposing counsel. He knew how since, a few weeks before his current non-appearance, he successfully moved in a Kansas court to permit depositions by phone or video. (Dkt. 55-4.)[3]

> 3   He blames the Local Rules for not doing so. (Dkt. 74 at 2) ("Defendant could not notify this Court do [sic] to him not having access to file electronically[.]") That misses the point. He had plenty of time before the deposition to seek protection and plenty of time after to request forgiveness. Instead, he chose to ignore another Court order and valid deposition notice, offering excuses only after Plaintiff requested sanctions.

**\*4** Defendant's pro se status also does not excuse compliance with the Federal Rules. *See Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989). ("[O]nce a pro se [ ] litigant is in court, he is subject to the relevant law and rules of court, including the Federal rules of Civil Procedure."). So the Court grants Plaintiff's motion, strikes Defendant's answer, and enters default against Defendant. *See Mene v. Marriott Int'l, Inc.*, 238 F. App'x 579, 582 (11th Cir. 2007) (noting "the district court was plainly within its discretion to [impose a harsh sanction] after [plaintiff] had *twice* disobeyed orders by the court to appear for depositions," among other violations (emphasis in original)); *Reed*, 170 F. App'x at 676 (affirming court's dismissal of the complaint as a sanction when defendant tried several times to schedule a deposition, the court ordered defendant's attendance, and defendant never attended). Plaintiff may move for default judgment on the pending claim in a separate motion.

### B. Attorneys' Fees

Again, when a party fails to appear for his deposition, the Court must award all "reasonable expenses, including attorney's fees," unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court must award these fees for several reasons. Defendant's refusal to sit for a properly noticed deposition shows his failure was not substantially justified. As already said, the Court concludes Defendant's insistence on a video deposition because of financial constraints and his unfounded claim that his flight was cancelled do not justify his conduct in the light of the surrounding circumstances and Defendant's repeated misconduct. The Court also finds the imposition of attorneys' fees just. Though Defendant mentions financial hardship (again, without evidence) in his IFP application and response to this motion, that does not outweigh "[his] frequent failure to comply with discovery or the Court's orders." *Lawshe v. Baber's, Inc.*, 2020 WL 8085175, at *3 (S.D. Ala. Dec. 8, 2020). So the Court will require Defendant to pay the reasonable expenses and attorneys' fees Plaintiff's counsel incurred. *See Lewis v. Leonard*, 716 F. App'x 910, 913 (11th Cir. 2017) (affirming district court's award of attorneys' fees when pro se party failed to attend his properly noticed deposition without substantial justification).

Because this marks Defendant's second failure to attend

United Parcel Service Inc. v. Williamson, Slip Copy (2025)

the same deposition, the Court hopes the expenses will not amount to much. The Court, for instance, hopes counsel needed little preparation for a rescheduled deposition. And the Court hopes drafting a materially similar sanctions motion required little, if any, time. Plaintiff's counsel must take care to tailor the expenses to this deposition alone, carefully considering whether the cited expenses amount to double counting of already compensated efforts. But the fees and expenses are what they are. The Court grants Plaintiff's motion for sanctions. (Dkt. 70.)

### III. Motion to Transfer Related Case

In 2019, Defendant sued Plaintiff for employment discrimination in a Kansas district court. (Dkt. 23 at 1.) At that court's urging, Plaintiff sought a declaratory judgment in this Court in 2022 that a release provision in a severance agreement bars Defendant's discrimination claims. (*Id.*) In 2023, Defendant sued Plaintiff again in a Kansas district court for discrimination, claiming that, because Defendant had filed the initial discrimination lawsuit, Plaintiff failed to tender payments required under the severance agreement. (Dkt. 55-3.) Now, Plaintiff says the Court should "transfer" the parallel Kansas action here under the so-called "first-filed rule." (Dkt. 55-1 at 1.)

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The court presiding over the first-filed action typically decides the outcome of the second-filed action. *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule ... also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated."). Courts evaluating a motion under the first-filed rule generally consider "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." *Goldstein v. Beliv, LLC*, 2022 WL 16540185, at *2 (S.D. Fla. Oct. 28, 2022). Of course, substantial similarity, not precise parallelism, of parties and issues is the standard. *See Daugherty v. Adams*, 2017 WL 5484699, at *12 (N.D. Ga. Mar. 22, 2017). So notwithstanding the fact that the cases may involve distinct issues, the first-filed rule warrants relief so long as the resolution of those issues "turn on similar determinations of fact." *Id.* This is because the first-filed rule "is not meant to be rigid, mechanical, or inflexible, but is to be applied in a manner that best serves the interests of justice." *Vital Pharms., Inc. v. Derek Andrew Inc.*, 2007 WL 9710943, at *3 (S.D. Fla. Dec. 18, 2007). At bottom, the first-filed rule "rests on principles of comity and sound judicial administration." *Woo v. Nike, Inc.*, 2010 WL 1565526, at *2 (N.D. Ga. April 19, 2010) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). And litigants hoping to avoid the first-filed rule must "prov[e] 'compelling circumstances' to warrant an exception." *Manuel*, 430 F.3d at 1135.

**\*5** This case is the first-filed for several reasons. First, it appears the initial 2019 Kansas case has been closed and neither party contests that conclusion. Second, this case was filed before the only remaining Kansas case. Third, these actions have identical parties. *DermaMed Techs. Corp. v. Passmore Labs*, 2011 WL 1753196, at *8 (S.D. Ala. Apr. 21, 2011) (finding substantial similarity among the parties when they occupy different roles as plaintiff or defendant across both suits). Fourth, while the cases include different claims, both involve Defendant's employment with Plaintiff, his termination, and the severance agreement. *Graessle v. Nationwide Credit Inc.*, 2007 WL 894837, at *4 (S.D. Ohio Mar. 22, 2007) (finding a fraudulent inducement action substantially overlapped with a previously filed action Title VII, Age Discrimination and Employment Act, and breach of contract/promissory estoppel claims because both actions arose out of the same employment situation). And the complained discriminatory conduct in the Kansas case (withholding severance funds because of his initial discrimination claim) bears a tight nexus to the severance agreement's release provision in this action.

To be sure, the Kansas action involves Plaintiff's alleged conduct after it terminated Defendant. (Dkt. 55-3 ¶¶ 3, 8.) Nevertheless, if enforceable, the release provision appears to preclude "all known and unknown claims" Defendant had as of late March 2021. (*Id.* ¶ 34.) Defendant claims the discrimination at issue in the Kansas case began in January 2021, meaning it might be subject to the release. (Dkt. 55-3 at 2.) Two courts should not have to consider the same issue. *See Marietta Draper & Window Coverings Co. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1369 (N.D. Ga. 2007) ("The rule ... serves to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court."). And, even if an enforceable release would not bar all his claims in the Kansas, he still challenges in Kansas conduct allegedly required by the severance agreement that contains the release at issue here. As another point of connection, Defendant alleges in this case (as a defense to the enforceability of the severance agreement) that Plaintiff

United Parcel Service Inc. v. Williamson, Slip Copy (2025)

wrongfully kept his severance benefits (the core assertion in the Kansas action). (Dkt 1-1 at 2.) The connection between the cases is strong.

Defendant has not proven "compelling circumstances" to avoid the first-filed rule. *Manuel*, 430 F.3d at 1135. Defendant's main argument is the Kansas court has considered and rejected Plaintiff's argument. As evidence of this, he points to an order from that court refusing to stay discovery in the Kansas case because (among other reasons) Plaintiff failed to show sufficient overlap between the cases. But things have changed. The Kansas court—recently and sua sponte—issued a show-cause order outlining overlapping issues between these cases and requiring the parties to explain why it should not transfer its action here. *See Williamson v. United Parcel Serv., Inc.*, Case No. 2:23-cv-2392-JWB-ADM (D. Kan. Jan. 10, 2025). Next, Defendant attaches a docket entry order from another Kansas case interpreting the severance agreement. (Dkt. 62 at 5–6.) This argument has nothing to do with the first-filed inquiry. Indeed, it appears Defendant is trying to assert merits-based arguments or a preclusion position. The Court is not sure.

In all, the Court finds it is the first-filed forum.[4] Knowing this, the Court orders Plaintiff to file a proposed order outlining the appropriate remedy to effectuate this finding, particularly in the light of the Kansas court's recent show cause order. *See, e.g., Collegiate Licensing Co.*, 713 F.3d at 78 (The first-filed "court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated."). If Plaintiff believes the Court lacks personal jurisdiction, it should consider a stay of the Kansas action the proper remedy. The proposed order should focus *only* on the appropriate relief and should not, as done in Plaintiff's prior proposed order (Dkt. 55-5), include findings.

[4]     The Court acknowledges the parties raised, but did not sufficiently brief, a personal jurisdiction issue. (Dkts. 55-1 at 8–9; 62 at 3.) At this point, the Court believes it could have jurisdiction over both cases. In the severance agreement, Defendant consented to "personal jurisdiction and venue" in Georgia federal court. (Dkt. 23 at 25 § 6(d).) The clause seems to cover Defendant's employment discrimination claims in the Kansas action. *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330–31 (11th Cir. 2011) (finding plaintiff's

Title VII claim focused on defendant violating employment obligations "by discriminating and retaliating" her fell within a forum-selection clause covering "all claims or causes of action relating to or arising from [the] Agreement"). And under applicable Georgia law, forum-selection clauses enjoy a presumption of validity and enforceability. *See Geggestad v. Kerzner Int'l Bah. Ltd.*, 843 F.3d 915, 918 (11th Cir. 2016). To the extent either party challenges jurisdiction now or in the future, they must file a separate motion addressing this issue. Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").

**IV. Conclusion**

**\*6** The Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and Motion for Sanctions (Dkts. 58 and 70). The Court **DIRECTS** the Clerk to enter default as to Defendant for only the declaratory judgment claim underlying this suit. The Court further **ORDERS** Defendant to pay the reasonable expenses and attorneys' fees Plaintiff incurred in scheduling and preparing for his second missed deposition. Plaintiff must submit, within fourteen (14) days from the date of this Order, a petition for said attorneys' fees along with a proposed order.

The Court also **GRANTS IN PART** Plaintiff's Motion to Transfer Related Case (Dkt. 55). The Court **ORDERS** Plaintiff to file a proposed order describing the appropriate relief to effectuate this finding within thirty (30) days from the date of this Order.

Finally, because the Eleventh Circuit dismissed Defendant's appeal, the Court **DENIES AS MOOT** Defendant's Application to Appeal IFP. (Dkt. 67.)

**SO ORDERED** this 19th day of March, 2025.

**All Citations**

Slip Copy, 2025 WL 2622081

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Rule 37 - Failure to Make Disclosures or to Cooperate
in Discovery; Sanctions

KeyCite citing references available

| United States Code Annotated |
| Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos) |
| Title V. Disclosures and Discovery (Refs & Annos) |

Federal Rules of Civil Procedure Rule 37

# Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

Currentness

**(a) Motion for an Order Compelling Disclosure or Discovery.**

**(1)** *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

**(2)** *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

**(3)** *Specific Motions.*

**(A)** *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

**(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

**(i)** a deponent fails to answer a question asked under Rule 30 or 31;

**(ii)** a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

**(iii)** a party fails to answer an interrogatory submitted under Rule 33; or

**(iv)** a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

**(C)** *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

**(4)** *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

**(5)** *Payment of Expenses; Protective Orders.*

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

**(B)** *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

**(b) Failure to Comply with a Court Order.**

**(1)** *Sanctions Sought in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

**(2)** *Sanctions Sought in the District Where the Action Is Pending.*

**(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part;

**(iv)** staying further proceedings until the order is obeyed;

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; or

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

**(B)** *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

**(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

**(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

**(B)** may inform the jury of the party's failure; and

**(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

**(2)** *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

**(A)** the request was held objectionable under Rule 36(a);

**(B)** the admission sought was of no substantial importance;

**(C)** the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

**(D)** there was other good reason for the failure to admit.

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

**(1)** *In General.*

**(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

**(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

**(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

**(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**(2)** *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

**(3)** *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

**(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

**(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

**(A)** presume that the lost information was unfavorable to the party;

**(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or

**(C)** dismiss the action or enter a default judgment.

**(f) Failure to Participate in Framing a Discovery Plan.** If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

**CREDIT(S)**

(Amended December 29, 1948, effective October 20, 1949; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; amended by Pub.L. 96-481, Title II, § 205(a), October 21, 1980, 94 Stat. 2330, effective October 1, 1981; amended March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 16, 2013, effective December 1, 2013; April 29, 2015, effective December 1, 2015.)

**<Amendments received through April 1, 2025>**

**ADVISORY COMMITTEE NOTES**

**1937 Adoption**

The provisions of this rule authorizing orders establishing facts or excluding evidence or striking pleadings, or authorizing judgments of dismissal or default, for refusal to answer questions or permit inspection or otherwise make discovery, are in accord with *Hammond Packing Co. v. Arkansas,* 1909, 29 S.Ct. 370, 212 U.S. 322, 53 L.Ed. 530, 15 Ann.Cas. 645, which distinguishes between the justifiable use of such measures as a means of compelling the production of evidence, and their unjustifiable use, as in *Hovey v. Elliott,* 1897, 17 S.Ct. 841, 167 U.S. 409, 42 L.Ed. 215, for the mere purpose of punishing for contempt.

**1948 Amendment**

The amendment substitutes the present statutory reference.

**1970 Amendment**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

       Plaintiffs,                       CASE NO.: 1:25-cv-21113-JAL

v.

LOOMIS ARMORED US, LLC,

       Defendant.

_____/

**EXHIBIT D - PLAINTIFF'S LIST OF AUTHORITIES**

      Plaintiffs, WILLIE STANLEY, LEONATRAE EDWARDS, and JAJUAN SMITH (collectively the "Plaintiffs"), by and through their undersigned counsel, hereby submit their List of Authorities in support of their positions with copies attached, marked as Exhibit D.

      Dated this 5th day of November, 2025.

                              **DEREK SMITH LAW GROUP, PLLC**
                              *Counsel for Plaintiffs*

                              /s/ Daniel J. Barroukh
                              Daniel J. Barroukh, Esq.
                              Florida Bar No. 1049271
                              Derek Smith Law Group, PLLC
                              520 Brickell Key Drive, Suite O-301
                              Miami, FL 33131
                              Tel: (305) 946-1884
                              Fax: (305) 503-6741
                              danielb@dereksmithlaw.com

## <u>PLAINTIFFS' LIST OF AUTHORITIES</u>

*CFTC v. Gibraltar Monetary Corp.*,
     2005 U.S. Dist. LEXIS 62663 (S.D. Fla. June 29, 2005)…..………………………..D-1

*Great Lakes Reinsurance (UK) PLC v. Arbos,*
     2008 U.S. Dist. LEXIS 92787 (S.D. Fla. Nov. 7, 2008)……………………………D-2

*Karakis v. Foreva Jens Inc.*,
     2009 U.S. Dist. LEXIS 6356 (S.D. Fla. Jan. 19, 2009)……………………………...D-3

## *CFTC v. Gibraltar Monetary Corp.*

United States District Court for the Southern District of Florida

June 29, 2005, Decided; June 29, 2005, , Filed; June 30, 2005, Entered on Docket

CASE NO. 04-80132-CIV-DIMITROULEAS/JOHNSON

**Reporter**

2005 U.S. Dist. LEXIS 62663 *

COMMODITY FUTURES TRADING COMMISSION, Plaintiff, vs. GIBRALTAR MONETARY CORP., INC., JAYSON S. KLINE, et al., Defendants.

**Prior History:** *Cftc v. Gib. Monetary Corp., 2004 U.S. Dist. LEXIS 34941 (S.D. Fla., Mar. 31, 2004)*

## Core Terms

discovery order, deposition, default, undersigned, discovery, recommend, failure to comply, bad faith, non-moving

**Counsel:** **[*1]** For Commodity Futures Trading Commission, Plaintiff: Ava M. Gould, Cliff Histed, Rocell Cyrus, Rosemary Hollinger, LEAD ATTORNEYS, Commodity Futures Trading Commission, Chicago, IL.

For Charles I. Fremer, Thomas J. Clancy, Edward T. Johnson, Defendants: Carl Allen Schmitt, LEAD ATTORNEY, Carl A Schmitt PA, Parkland, FL.

For Forex Capital Markets, LLC, Defendant: Joanne M. O'Connor, LEAD ATTORNEY, Jones Foster Johnston & Stubbs, West Palm Beach, FL; Lloyd Kadish, LEAD ATTORNEY, Lloyd Hoskins & Pierce, Fort Pierce, FL.

**Judges:** LINNEA R. JOHNSON, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** LINNEA R. JOHNSON

## Opinion

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Sanctions against Defendant Jayson S. Kline (D.E. # 173) and Plaintiff's Application for Certification of Default Against Defendant Jayson S. Kline (D.E. #177). These matters have been referred to the undersigned United States Magistrate Judge by the Honorable William P.

Dimitrouleas, United States District Judge for the Southern District of Florida and are now ripe for judicial review. For the following reasons, the afore-referenced motions are, at this time and until further briefing consistent with this order, denied without prejudice **[*2]** and with leave to renew said motions should circumstances warrant.

Plaintiff moves pursuant to *Rule 37(b)(2) of the Federal Rules of Civil Procedure*, for an order striking Defendant Jayson S. Kline's ("Kline") Answer and entering a certificate of default against him for his failure to comply with this Court's Order directing him to appear for deposition.

*Rule 37(b)(2)* provides that a court may issue sanctions for failure to obey a court order to provide or permit discovery, including an order compelling discovery issued under *Rule 37(a)*. *Rule 37(b)(2)* specifically authorizes the following sanctions:

> (a) an order that the matters regarding the order or any other designated facts be taken to be established for the purposes of the action;
> (b) an order refusing the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence;
> (c) an order striking the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action, or rendering a judgment by default against the disobedient party;
> (d) an order of contempt against the party for failing to obey a court order; and
> (e) in certain cases, an order requiring a party to produce another person for examination.

In **[*3]** addition, *Rule 37(b)(2)* provides that courts shall require the party and/or the attorney advising the party that failed to comply with the court's discovery order to pay all reasonable expenses, including attorney fees, unless substantial justification is shown for failure to comply.

The sanctions listed in *Rule 37(b)(2)* are not mutually

**EXHIBIT D-1**

2005 U.S. Dist. LEXIS 62663, *3

exclusive. Courts are not limited to these sanctions and have broad discretion in imposing sanctions under *Rule 37*. See *National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)*; *Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981), cert. denied, *454 U.S. 818 (1982)*; *Dorey v. Dorey, 609 F.2d 1128, 1135 (5th Cir. 1980)*.

The extensive sanctions available to courts under *Rule 37* for failure to comply with discovery orders are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process.[1] Thus, it is important that the non-offending party be compensated by parties, and their counsel alike if the circumstances warrant, for the added expenses caused by the violation of discovery orders.[2]

---

[1] As stated by the Supreme Court, even the "most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction but to deter those who might be tempted to such conduct in the absence of such deterrent." *National Hockey League, 427 U.S. at 643.* Accord *Gatton v. Great American Communications, 178 F.3d 1373, 1374-75 (11th Cir. 1999)*("*Rule 37* sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."); *BankAtlantic v. Blythe Eastman Paine Webber, Inc., 130 F.R.D. 153,154 (S.D. Fla. 1990)* ("Enforcement of the sanctions order is necessary to serve the punishment and deterrence goals of the rule and to vindicate the integrity of the Court and discovery process"). Furthermore, sanctions should insure that the party complying with discovery is not prejudiced. See *Black Panther Party v. Smith, 661 F.2d 1243, 1255, 213 U.S. App. D.C. 67 (D.C. Cir. 1981)*, vacated and remanded on other grounds, *458 U.S. 1118 (1982)*.

Similarly, the Eleventh Circuit recognizes the purposes sanctions should serve. They include: "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." See *Carlucci v. Piper Aircraft Coro., 775 F.2d 1440, 1453 (11th Cir. 1985)*.

[2] See *In re Southeast Banking Corp., 204 F.3d 1322, 1335 (11th Cir. 2000)*("No litigant and no attorney ... may be permitted to exhibit ... contumacious conduct without risk of sanctions under *Rule 37*."); *Pesaplastic v. Cincinnati Milacron Co., 799 F.2d 1410 (11th Cir. 1986)* (court ordered defendant and defense counsel to pay costs incurred in applying for relief for violation of discovery orders); *Carlucci, 775 F.2d 1440* (court ordered $10,000 sanction payable to court registry for

Moreover, it is appropriate to strike pleadings and enter default judgment against parties who violate discovery orders.[3] Finally, parties can be held in contempt for refusing to comply with discovery orders. See *Pesaplastic v. Cincinnati Milacron Co., 799 F.2d 1510 (11th Cir. 1986)*; *Securities and Exchange Commission v. First Fin. Group of Texas, 659 F.2d 660 (5th Cir. 1981)*. As stated by the Supreme Court in *Gompers v. Buck's Stove & Range, 221 U.S. 418, 450, 31 S. Ct. 492, 55 L. Ed. 797 (1911)*, "the power of courts to punish for contempt is a necessary and integral part of the independence **[*4]** of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." See *Roadway Express v. Piper, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)*.

Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. *In re Chase & Sanborn Corp. et al, 872 F.2d 397, 400 (11th Cir. 1989)*. Moreover, the non-moving party must show that all reasonable efforts were made to comply with the court's order. *United States v. Rizzo, 539 F.2d 458, 465 (5th Cir. 1976)*. The non-moving party cannot prove impossibility to comply with the discovery order through mere assertions. *United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984)*; see *In re Chase & Sanborn Corp., 872 F.2d at 400* (respondent failed to meet burden of production of impossibility to comply in merely asserting that compliance with discovery order would violate its domestic laws).

This action was instituted by the Commodity Futures Trading Commission (the "Commission") on February 10, 2004. The Complaint alleges that Gibraltar Monetary Corporation ("Gibraltar"), Jayson Kline ("Kline"), Charles Fremer ("Fremer"), Thomas Clancy ("Clancy"), and Edward Johnson ("Johnson") violated the Commodity Exchange Act (the "Act"), *7 U.S.C. § 1 et seq. (2001)* and Commission regulations, 17 C.F.R. § 1 *et seq.* (2003), by engaging in a boiler room operation that

---

defense counsel's noncompliance with court's discovery orders); BankAtlantic, 130 F.R.D. at 154 (discovery abuses of prior counsel and defendants warranted sanctions despite present trial counsel's professional conduct).

[3] *Adolph Coors Co. v Movement Against Racism, 777 F.2d 1538 (11th Cir. 1985)*(court ordered default judgment because defendants refused to comply with discovery order); see *Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987)* (court struck answer and issued default judgment for failing to comply with court order compelling discovery).

2005 U.S. Dist. LEXIS 62663, *4

advised **[*5]** investors who were unfamiliar with trading foreign currency option contracts. According to the Complaint Defendants fraudulently solicited the investors through aggressive, high-pressure sales tactics, including promises of large profits and material omissions about the inherent risks associated with trading foreign currency options and the disciplinary history of Kline, its president and one of its controlling persons.

After a preliminary injunction hearing the undersigned issued a Report and Recommendation recommending that the Commission's request for preliminary injunction be granted and recommending a freeze of Defendants' assets, including the assets of Jayson Kline. On June 29, 2004, the Honorable William P. Dimitrouleas entered an order approving and adopting the undersigned's Report and Recommendation and issued a Scheduling Order which in relevant part set a deadline for discovery of June 3, 2005.

Since August 3, 2004 the Commission has been attempting to depose Kline. On February 17, 2005, after numerous unsuccessful attempts to depose Kline, the Commission filed a Motion to Compel seeking an order compelling Kline's deposition. On March 15, 2005, the undersigned granted the **[*6]** Commission's Motion to Compel and ordered Kline to make himself available for deposition within thirty days of the Court's Order. The Commission made arrangements to depose Kline in Florida on April 18, 2005, and advised Kline of that fact in writing. Kline did not appear for the deposition scheduled on April 18, 2005, and it is this failure to appear which has prompted the Commission's motions.

Kline concedes that he had notice of the deposition scheduled for April 18, 2005, and was aware of this Court's Order directing him to appear. He further admits that he failed to appear for his deposition as scheduled. The Commission has thus easily satisfied its burden of making a prima facie showing that Kline violated the court's discovery order.[4] The burden now shifts to Kline

---

[4] The Record reflects that Kline filed a Motion for Protective Order on April 15, 2005, three days before the scheduled deposition, asking that his appearance from the deposition be excused due to failure to obtain counsel. Unfortunately for Kline, this fact does little to advance his cause. A deponent is relieved from appearing for deposition only if the order excusing his appearance is entered before the deposition. *In re Hollar, 184 Bankr. 243, 246 (Bankr. M.D. N.C. 1995)*("It is well settled that the filing of a motion for protective order does not automatically operate to stay a deposition or other

to prove that it was impossible to comply with the Court's Order in order to avoid sanctions. *In re Chase & Sanborn Corp., 872 F.2d 397*. According to Kline his failure to appear was not done in bad faith and was in no way an attempt by him to ignore or in any way circumvent the Court's Order or the discovery process. Kline's Resp. Memo, p.1. Instead, Kline claims it is "impossible for [him] to pay for a flight from Barcelona back to the United States for the **[*7]** purposes of giving a deposition due to the asset freeze or borrow funds to accomplish same. ..." *Id.*, p.2.

Kline's bald self-serving statement that he is without funds to pay for his travel unaccompanied by any evidentiary or other documentary support is insufficient. Eleventh Circuit law is clear that the non-moving party cannot prove impossibility to comply with a discovery order through mere assertions. *United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984)*. Notwithstanding the foregoing, the undersigned is reluctant at this time to recommend the harsh sanction of default. This most draconian of remedies should be utilized only in extreme circumstances and only when it is clear that the non-movant's failure to comply with the Court's order was done willfully or in bad faith. See Societe Internationale pour Participations Industrielles et *Commerciales v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958)* (the finding of a willful or bad faith disregard of a court order is required to justify a *Rule 37* default judgment or dismissal).

Accordingly, and for purposes of determining whether Kline's failure to appear was done willfully or in bad faith, the undersigned orders Kline to file within twenty (20) days from the date hereof a financial affidavit under oath detailing his income, assets, and liabilities. The Commission **[*8]** shall have fifteen (15) days from receipt of such affidavit in which to file any challenges to the information provided. Should the affidavit provided be deemed sufficient to credit the assertion made by Kline that he is without resources to pay for his travel, the undersigned shall give the Commission the option of paying for Kline's travel to Florida to be deposed, taking Kline's deposition in Barcelona, or taking Kline's deposition telephonically. While the Commission shall be initially responsible for the expenses incurred under any of these options, said expenses shall be ordered

---

discovery."). In this case the motion was denied as moot on April 20, 2005 as it was not received in chambers until after the date of the scheduled deposition. Accordingly, Kline was not relieved of his obligation to appear for his deposition as scheduled.

2005 U.S. Dist. LEXIS 62663, *8

taxed against Kline in the event of a judgment against him.

Should Kline fail to provide the affidavit ordered or fail to provide a sufficiently detailed and reliable affidavit, this Court shall assume that Kline's failure to appear was done willfully or in bad faith, and that despite having been provided ample opportunities to comply with the Federal Rules of Civil Procedure and the express Order of this Court Kline chose instead to repeatedly flout this Court's authority and completely ignore Plaintiff's requests for discovery. Kline should be cautioned that in that instance his total disregard of the **[*9]** Federal Rules of Civil Procedure and his willful, continuous and repeated failure to comply with the Orders of this Court may result in this Court recommending the severe sanction of default. In accordance with the above and foregoing, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions against Defendant Jayson S. Kline (D.E. # 173) and Plaintiff's Application for Certification of Default Against Defendant Jayson S. Kline (D.E. #177) are, at this time and until further briefing consistent with this order, denied without prejudice and with leave to renew said motions should circumstances warrant.

**DONE AND ORDERED** this June 29, 2005, in Chambers, at Ft. Pierce, Florida.

/s/ Linnea R. Johnson

LINNEA R. JOHNSON

UNITED STATES MAGISTRATE JUDGE

---

**End of Document**

## *Great Lakes Reinsurance (UK) PLC v. Arbos*

United States District Court for the Southern District of Florida

November 7, 2008, Decided; November 7, 2008, Entered

CASE NO. 08-20439-CIV-UNGARO/SIMONTON

**Reporter**
2008 U.S. Dist. LEXIS 92787 *

GREAT LAKES REINSURANCE (UK) PLC, Plaintiff, v. MARIA ARBOS, et al., Defendants.

**Subsequent History:** Summary judgment granted by, Claim dismissed by, Motion denied by *Great Lakes Reinsurance PLC v. Arbos, 2008 U.S. Dist. LEXIS 109472 (S.D. Fla., 2008)*

## Core Terms

interrogatory, deposition, lake, discovery, undersigned, file a reply, discovery response, failure to appear, complete answer, privilege log, discovery request, coverage, default, failure to comply, fail to provide, claim file, vessel

**Counsel:** **[*1]** For Great Lakes Reinsurance (UK) PLC, Plaintiff, Counter Defendant: Steven Eric Goldman, LEAD ATTORNEY, Goldman & Hellman, Fort Lauderdale, FL.

For Maria Arbos, Defendant, ThirdParty Plaintiff, Counter Claimant, Cross Defendant: George Adam David, LEAD ATTORNEY, Coral Gables, FL.

For Roberto Quevedo, Defendant: Ira Steven Silver, Silver & Silver, Miami, FL.

For Key Bank, Defendant: Eric Lowell Ray, LEAD ATTORNEY, Holland & Knight, Miami, FL.

For Rickenbacker Marina, Inc., ThirdParty Defendant: Ana C. Francolin, Michael Joseph Bradford, Michael A. Zuppa, Jr., Hamilton Miller & Birthisel, LLP, Tampa, FL.

For Key Bank, Cross Claimant: Barbara Ehrich Locke, LEAD ATTORNEY, Holland & Knight, Miami, FL.

**Judges:** ANDREA M. SIMONTON, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** ANDREA M. SIMONTON

## Opinion

OMNIBUS ORDER ON PARTIES' DISCOVERY MOTIONS

Presently pending before the Court are several discovery related Motions, as set forth below.

I. BACKGROUND

This declaratory judgment admiralty action, brought pursuant to *28 U.S.C. § 2201, et seq.*, arises out of a claim for insurance coverage for a sea vessel that was purportedly stolen from a marina. According to the Complaint, the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, ("Great Lakes") **[*2]** is an insurance company that issued an insurance policy to cover a 2004 50 ft. Sea Ray Motor vessel, named "Havana Day Dream", on behalf of the Defendant Maria Arbos [D.E. 1]. The Complaint alleges that the Policy for the vessel was issued on or about January 10, 2007, and the vessel disappeared on or about December 22, 2007. After the insured, Ms. Arbos, sent a notice of loss to the Plaintiff, Plaintiff investigated the claim and allegedly determined:

1. Ms. Arbos failed to disclose on the insurance application her experience (or lack of experience) with marine vessels and ownership thereof;

2. Ms. Arbos and Mr. Quevedo failed to disclose a prior history of marine losses; and,

3. The Defendants failed to disclose a prior history of criminal arrests.

Plaintiff Great Lakes Reinsurance Company asserts that these misrepresentations render the Policy void pursuant to the terms of the contract related to non-disclosure or misrepresentations.

Defendant Arbos has filed an Answer, a counter claim and a third party complaint against Rickenbacker Marina, Inc., for negligence [D.E. 5]. In the Answer and Counter Claim Arbos asserts that Plaintiff has acted in bad faith by failing to pay the amounts **[*3]** due under

**EXHIBIT D-2**

the insurance policy despite her payments of the insurance premiums. Defendant Roberto Quevedo has also filed an Answer [D.E. 6], and Defendant Key Bank has filed an Answer and a Cross Claim against Maria Arbos claiming that she is in default on a loan that was secured by an interest in a 2004 Sea Ray 500DA [D.E. 13]. Key Bank seeks over $ 300,000 from Ms. Arbos for the default under the note. Defendant Arbos has responded to the Cross Claim.

Third Party Defendant Rickenbacker Marina has filed an Answer denying liability and also raising the economic loss rule in defense of the negligence tort action by Arbos [D.E. 14].

This matter is set for trial February 2, 2009 and a pretrial conference is scheduled for January 9, 2009. The discovery cut-off was October 24, 2008 and Motions for Summary Judgment are due on November 21, 2008.

II. <u>PENDING MOTIONS</u>

The following discovery Motions were referred to the undersigned Magistrate Judge by Orders of Reference [D.E. 88, 92, 93, 95, 101, 104, 107]. The undersigned will address each Motion, in turn.

1. Third Party Defendant Rickenbacker Marina Inc.'s Motion to Compel Third Party Plaintiff Maria Arbos' Discovery Responses [D.E. 86] and Defendant **[*4]** Maria Arbos' [Motion for] Out of Time Enlargement of Time to Respond to Third Party Defendant, Rickenbacker Marina, Inc.'s Discovery Responses [D.E. 89]

Third Party Defendant Rickenbacker Marina Inc., ("Rickenbacker") has filed a Motion to Compel discovery responses to Interrogatories and Requests for Production that were propounded upon Defendant Maria Arbos on August 6, 2008 [D.E. 86]. According to the Motion, Rickenbacker previously granted Arbos two of extensions of time and extended the time for Arbos to respond until October 3, 2008. Rickenbacker filed the instant Motion to Compel on October 7, 2008 indicating that Arbos still had not provided responses to the discovery requests. On October 8, 2008, Arbos filed a Motion seeking an additional five (5) days time to respond to Rickenbacker's discovery requests [D.E. 89]. In that Request, counsel for Arbos asserted that Rickenbacker failed to contact Arbos prior to filing the Motion to Compel, and further that counsel for Arbos did not receive the discovery requests until September 16, 2008, when present counsel assumed representation of Ms. Arbos. According to Arbos' counsel, the deadline

date for the responses was mis-calendared **[*5]** and thus counsel was in need of five additional days to complete the responses. On October 29, 2008, Rickenbacker filed a Motion to Strike Pleadings [D.E. 103], indicating, *inter alia,* that Arbos still had not provided discovery responses to Rickenbacker's discovery requests. Thus, even if Ms. Arbos' counsel were given the five day extension of time to respond, said time would have expired on October 15, 2008.

Accordingly, based upon the foregoing and the record as a whole, the undersigned makes the following rulings:

i) Third Party Plaintiff Maria Arbos' [Motion for] Out of Time Enlargement of Time to Respond to Third Party Defendant, Rickenbacker Marina, Inc.'s Discovery Responses [D.E. 89] is GRANTED, nunc pro tunc, through October 15, 2008.

ii) Third Party Defendant Rickenbacker Marina Inc.'s Motion to Compel Third Party Plaintiff Maria Arbos' Discovery Responses [D.E. 86] is GRANTED. Third Party Plaintiff Maria Arbos shall provide responses to Rickenbacker's Interrogatories and Requests for Production by November 12, 2008.

2. Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Failure to Comply with Discovery Order [D.E. 90]

Plaintiff Great **[*6]** Lakes Reinsurance (UK) PLC, ("Great Lakes") has filed a Motion to Strike the Pleadings of Defendant Maria Arbos for failure to comply with this Court's September 26, 2008, discovery Order directing her to file a full and complete answer to Plaintiff Great Lakes' Interrogatory # 13. Defendant Arbos has filed a Response to the Motion [D.E. 97], and Plaintiff has filed a Reply [D.E. 99].

In its Motion to Strike, Great Lakes asserts that Defendant Arbos has failed to provide a full and complete answer to Interrogatory # 13 which inquires about Arbos' experience in the operation of pleasure boats. On September 8, 2008, Plaintiff filed a Motion for Order Overruling Arbos' Objection to Interrogatory # 13 [D.E. 67]. On September 26, 2008, the Court granted the Plaintiff's Motion by default, overruled Arbos' objections to the Interrogatory and directed her to provide a full and complete answer to Interrogatory 13, as Arbos failed to file a response to the Plaintiff's Motion to Overrule the Objection [D.E. 81].

In addition, previously, on September 5, 2008, Plaintiff filed a Motion to Compel Answer to Interrogatory 13

2008 U.S. Dist. LEXIS 92787, *6

[D.E. 63], which this Court denied as Moot on September 24, 2008, as Defendant [*7] Arbos provided an amended answer to the Interrogatory [D.E. 65, 76]. On that same date, the Court also issued an Order denying the Plaintiff's Renewed Motion to Strike Pleading filed on August 28, 2008 related to Arbos' failure to respond to Plaintiff's discovery requests, as Arbos indicated that she had responded to the Requests, and Plaintiff did not dispute her assertion. [D.E. 78].

Arbos therefore argues that the Court's September 26, 2008 Order is moot as Arbos has already amended her initial answer to Interrogatory 13 on September 5, 2008 [D.E. 65]. Also, Defendant Arbos argues, in the alternative, that the Court should vacate its September 26, 2008 Order asserting that the Court improperly rephrased the original Interrogatory # 13, which Arbos maintains inquired about her experience relevant to the Plaintiff's underwriter's decision concerning issuance of the Insurance Policy. Arbos argues that she has no idea what is in the mind of the Great Lakes underwriter, and thus is unable to answer beyond what she already has.

Plaintiff has filed a Reply [D.E. 99] asserting that Arbos has still failed to comply with the Court's September 26, 2008 Order by failing to provide the information [*8] ordered by the Court.

Based upon the foregoing and the record as a whole, the undersigned finds that the Court's September 26, 2008 Order [D.E. 81] that directed Defendant Arbos to provide a full and complete answer to Great Lake's Interrogatory 13, remains in effect and is not mooted by any previous filing by Defendant Arbos. In addition, the Court's September 26, 2008 Order will not be vacated as it appropriately directs Defendant Arbos to provide the information sought by the Plaintiff in its Interrogatory 13 and does not improperly alter that request. Simply put, Interrogatory 13 seeks information regarding Defendant Arbos' prior experience in operating pleasure boats. Accordingly, the undersigned makes the following rulings:

i) Defendant Maria Arbos shall comply with this Court's September 26, 2008 Order [D.E. 81] and provide a full and complete answer to Plaintiff's Interrogatory 13 as stated in this Court's September 26, 2008 Order by Wednesday, November 12, 2008.

ii) Plaintiff Great Lake's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Failure to Comply with Discovery Order [D.E. 90] is DENIED without Prejudice. Plaintiff may renew this Motion [*9] if Defendant Arbos fails to comply with this Order and fails to provide a full and complete answer to Interrogatory # 13 by November 12, 2008.

3. Defendant Maria Arbos' Motion to Preclude Plaintiff's Investigative File Including Any Documents and Witnesses Relating to Said Investigation by Nautilus Investigations and Its Agents Including But Not Limited to Documents and Witnesses Listed on Plaintiff's *F.R.C.P. 26 (a)(1)* Disclosures [D.E. 91], and Defendant Maria Arbos' Motion for Extension of Time to file Reply to Motion to Preclude Plaintiff's Investigatory File [D.E. 106].

Defendant Arbos has filed this Motion seeking to preclude Plaintiff Great Lakes from using any portion of its investigation file and witnesses related to that investigation at trial, or in its summary judgment motion. According to the Motion, after Defendant Arbos made claim for policy benefits to the Plaintiff, Plaintiff engaged Nautilus Investigations to conduct an investigation into the claim. Defendant Arbos asserts that during that investigation, Nautilus Investigations created an investigative file which includes transcriptions of statements made by Defendants Maria Arbos and Roberto Quevedo.

After Great Lakes [*10] made its *Rule 26* disclosures in this litigation, which included statements of the Defendants made during the course of Great Lakes' investigation, Arbos sought to obtain the entire investigative file through a subpoena duces tecum, which was quashed by this Court after Arbos failed to file a response to Plaintiff's Motion to Quash. *See,* [D.E. 61, 77]. In its Motion to Quash, Great Lakes asserted that Arbos was improperly attempting to obtain Plaintiff's claim file even though it is not discoverable, and trying to avoid privilege and work product objections by not serving a Request for Production on Plaintiff seeking the documents.

Defendant Arbos now seeks to preclude the use of Nautilus Investigations' file and Great Lake's claims file and any witnesses related thereto, as according to Arbos, Great Lakes asserted work product privilege and argued that the documents were irrelevant and refused to produce them.

Plaintiff Great Lakes has filed a Response [D.E. 96] wherein it asserts that it provided the Defendant with transcripts of the statements made by Defendants Arbos and Quevedo and the entire Underwriting file pursuant to *FRCP 26(a)* on April 25, 2008. Plaintiff maintains that it [*11] should not have to turn over its claim file as the

investigation of the claim is not relevant to issue of coverage under the marine insurance policy. Great Lakes asserts that under Florida law, an insurer cannot be compelled to produce its Claim File until it is shown that the claimant is entitled to coverage and the claim was wrongfully denied. Plaintiff also asserts that it will not seek to introduce the information from Nautilus, at summary judgment or at trial, so long as the Plaintiff does not alter her statements allegedly made during the course of the investigation.

In response, Arbos has filed a Motion seeking additional time to file a Reply to Great Lakes' Opposition as counsel is in the process of obtaining affidavits necessary for the Reply and his law office is short-staffed [D.E. 106]. Arbos requests twenty (20) days from the date of an order to file a Reply.

Based upon the foregoing and the record as a whole, the undersigned makes the following ruling:

i) Defendant Arbos' Motion for Enlargement of Time to Reply to Plaintiff's Response to Defendant Maria Arbos' Motion to Preclude Plaintiff's Investigative File [D.E. 106] is GRANTED, in part. Defendant Arbos may file a Reply **[*12]** to its Motion to Preclude Plaintiff's Investigative File [D.E. 91] on or before November 20, 2008. The undersigned will make a determination on the merits of the Motion after Defendant Arbos' Reply is received, or the time for filing the Reply has elapsed.

4. Defendant Maria Arbos' Motion to Compel Great Lakes Reinsurer's Privilege Log [D.E. 94]

Defendant Arbos has filed the Motion to Compel Great Lake's privilege log seeking to have Plaintiff produce a privilege log for its investigative and claim file. Arbos asserts that when a party withholds information otherwise discoverable by claiming that the information is privileged, the party must provide a privilege log. The Plaintiff has filed a Response to the Defendant's Motion asserting that the Motion lacks merit as the materials that Defendant seeks are not discoverable as they are "strictly off limits in a first party coverage litigation, until the insured has first prevailed in the coverage action and has demonstrated that coverage exists." [D.E. 108 at 3]. Defendant Arbos has not filed a Reply to Plaintiff's Response.

However, for purposes of resolving this Motion, the Court need not reach the issue of whether an insured's claim file **[*13]** is discoverable in a first party insurance action, as this Court granted by default Plaintiff's Motion to Quash Defendant Arbos' Subpoena Duces Tecum seeking to obtain Plaintiff's investigative and claim file

[D.E. 77]. Thus, procedurally, Plaintiff is not obligated to produce a privilege log as this Court's Order quashing the Defendant's Subpoena, effectively discharged the Plaintiff from having to produce any documents or assert any privileges responsive to that Subpoena. Accordingly, Defendant Arbos' Motion to Compel Privilege Log [D.E. 94] is DENIED.

5. Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear at Deposition [D.E. 100], and Third Party Defendant Rickenbacker's Cross Motion to Strike Pleadings of Defendant Maria Arbos of for Other Sanctions for Her Failure to Appear for Deposition and Failure to Provide Discovery [D.E. 103].

Plaintiff Great Lakes has filed a Motion to Strike Defendant Arbos' pleadings asserting that Defendant Arbos failed to appear for her deposition that was scheduled for October 21, 2008, the same day that Defendant Roberto Quevedo's deposition was scheduled. According to the Motion, Mr. **[*14]** Quevedo appeared for his deposition but Ms. Arbos' attorneys informed Plaintiff's counsel that Ms. Arbos was complaining of a headache and therefore was unable to attend her deposition. Plaintiff states that Counsel for Plaintiff traveled from Boston to attend the deposition.

In addition, Third Party Defendant Rickenbacker has also filed a Motion seeking to strike Maria Arbos' pleadings for her failure to appear at her deposition and for failing to provide discovery responses to Rickenbacker's Discovery Requests [D.E. 103]. Rickenbacker states that its counsel traveled from Tampa for the deposition. Rickenbacker has also filed a Certificate of Non-Attendance indicating that Ms. Arbos failed to attend her October 21, 2008 deposition [D.E. 110].

Defendant Arbos' response to the Motions to Strike Pleadings, is not yet due, however given the looming dispositive motion deadline date of November 21, 2008, the undersigned will resolve the Motions to facilitate the completion of discovery.

First, although both Plaintiff Great Lakes and Third Party Defendant Rickenbacker seek to strike Defendant Arbos' Pleadings for her failure to comply with this Court's Orders and for failing to participate **[*15]** in discovery pursuant to *Federal Rule of Civil Procedure 37*, the Court finds that such a remedy is not appropriate at this time. The Eleventh Circuit has held that when assessing *Rule 37* sanctions, the severe sanction of a

dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir.1993).* Thus, in this case while the Court does not condone Defendant Arbos' failure to appear for her deposition, at this point, it has not been demonstrated that the only way to ensure her compliance with the Court's orders, including attending her deposition, is through striking her pleadings. In addition, Plaintiff's claim that it no longer has time to depose Defendant Ms. Arbos is unpersuasive. The undersigned notes, however, that Plaintiff and Rickenbacker may be able to establish the need for this drastic sanction, or other sanctions, following Ms. Arbos' deposition and the receipt (or non-receipt) of the discovery which is the subject of this Order. In determining whether sanctions are appropriate, the nature, severity and medical documentation of Ms. **[*16]** Arbos' headache may be taken into account. Therefore, the undersigned rules as follows:

i) Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear at Deposition [D.E. 100] is DENIED, without prejudice;

ii) Third Party Defendant Rickenbacker's Cross Motion to Strike Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear for Deposition and Failure to Provide Discovery [D.E. 103] is DENIED, without prejudice;

iii) Defendant Maria Arbos shall appear for her deposition at a mutually convenient time for all Parties, on or before November 14, 2008, unless Plaintiff Great Lakes and Third Party Defendant Rickenbacker agree to a later date.

The Defendant Maria Arbos is cautioned and is hereby placed on notice that her failure to timely comply with any portion of this Order or any other Orders related to discovery issued by the undersigned may result in an entry of default against her and/or the striking of her pleadings, or other sanctions.

III. CONCLUSION

Based upon the foregoing analysis, and a review of the record as a whole, it is hereby

ORDERED AND ADJUDGED that:

1. Third Party Plaintiff Maria Arbos' [Motion **[*17]** for] Out of Time Enlargement of Time to Respond to Third

Party Defendant, Rickenbacker Marina, Inc.'s Discovery Responses [D.E. 89] is **GRANTED,** nunc pro tunc, through October 15, 2008.

2. Third Party Defendant Rickenbacker Marina Inc.'s Motion to Compel Third Party Plaintiff Maria Arbos' Discovery Responses [D.E. 86] is **GRANTED.** Third Party Plaintiff Maria Arbos shall provide responses to Rickenbacker's Interrogatories and Requests for Production by November 12, 2008.

3. Plaintiff Great Lake's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Failure to Comply with Discovery Order [D.E. 90] is **DENIED without prejudice.** Defendant Maria Arbos shall comply with this Court's September 26, 2008 Order [D.E. 81] and provide a full and complete answer to Plaintiff's Interrogatory 13 as stated in this Court's September 26, 2008 Order by Wednesday, November 12, 2008. Plaintiff may renew this Motion if Defendant Arbos fails to comply with this Order and fails to provide a full and complete answer to Interrogatory # 13 by November 12, 2008.

4. Defendant Arbos' Motion for Enlargement of Time to Reply to Plaintiff's Response to Defendant Maria Arbos' Motion to Preclude **[*18]** Plaintiff's Investigative File [D.E. 106] is **GRANTED, in part.** Defendant Arbos may file a Reply to its Motion to Preclude Plaintiff's Investigative File [D.E. 91] on or before November 20, 2008.

5. Defendant Arbos' Motion to Compel Privilege Log [D.E. 94] is **DENIED.**

6. Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear at Deposition [D.E. 100] is **DENIED, without prejudice.**

7. Third Party Defendant Rickenbacker's Cross Motion to Strike Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear for Deposition and Failure to Provide Discovery [D.E. 103] is **DENIED, without prejudice.**

8. Defendant Maria Arbos shall appear for her deposition at a mutually convenient time for all Parties, on or before November 14, 2008, unless Plaintiff Great Lakes and Third Party Defendant Rickenbacker agree to a later date.

**DONE AND ORDERED** in chambers at Miami, Florida, on November 7, 2008.

2008 U.S. Dist. LEXIS 92787, *18

/s/ Andrea M. Simonton

ANDREA M. SIMONTON

UNITED STATES MAGISTRATE JUDGE

**End of Document**

# *Karakis v. Foreva Jens Inc.*

United States District Court for the Southern District of Florida

January 19, 2009, Decided; January 19, 2009, Entered

CASE NO. 08-61470-CIV-COHN/SELTZER

**Reporter**

2009 U.S. Dist. LEXIS 6356 *

STEPHEN A. KARAKIS, Plaintiff, vs. FOREVA JENS INC., a Florida corporation, d/b/a GINGER BAY CAFE, and ZAHARA HALPREN RESIDUARY TRUST and ARON HALPERN, and/or SARAH N. BAXT, CO-TRUSTEE, et al., Defendants.

**Subsequent History:** Motion granted by, Summary judgment denied by *Karakis v. Foreva Jens, Inc., 2009 U.S. Dist. LEXIS 7027 (S.D. Fla., Feb. 2, 2009)*

## Core Terms

deposition, notice, defense counsel, subpoena, motion for sanctions, expert witness, managing agent, corporate representative, unilaterally, counsel's, non-party, mutually, good faith effort, attorney's fees, convenient, movant, unjust, e-mail, substantial justification, opposing counsel, instant motion, attend, depose

**Counsel:** **[*1]** For Stephen A. Karakis, Plaintiff: B. Bradley Weitz, Esq., LEAD ATTORNEY, The Weitz Law Firm, P.A., Aventura, FL; Matt Weinstein, Miami, FL.

For Foreva Jens, Inc., a Florida corporation doing business as Ginger Bay Cafe, Halpern, Zahave Residuary Tr, Defendants: Matt Weinstein, LEAD ATTORNEY, Miami, FL.

For Foreva Jens, Inc., a Florida corporation, Halpern, Zahave Residuary Tr, Counter Claimants: Matt Weinstein, LEAD ATTORNEY, Miami, FL.

For Stephen A. Karakis, Counter Defendant: B. Bradley Weitz, Esq., LEAD ATTORNEY, The Weitz Law Firm, P.A., Aventura, FL.

**Judges:** BARRY S. SELTZER, United States Magistrate Judge.

**Opinion by:** BARRY S. SELTZER

## Opinion

*ORDER ON VARIOUS MOTIONS FOR SANCTIONS AND TO COMPEL AND MOTIONS FOR SANCTIONS AND TO STRIKE EXPERT WITNESS*

THIS CAUSE is before the Court on two Motions for Sanctions and to Strike Defendant's Expert Witness (DE 23 and 24) filed by Plaintiff and six Motions for Sanctions and to Compel Depositions (DE 19, 21, 31, 32, 33, and 34) also filed by Plaintiff. [1] Defendants have responded to the Motions, but Plaintiff has not filed a reply to any of the Responses.

This is an action under the Americans with Disabilities Act. Plaintiff Stephen A. Karakis, an individual with a disability, alleges that he has been discriminated against due to architectural barriers at Defendant Foreva Jens Inc.'s restaurant, the Ginger Bay Cafe, located in Hollywood, Florida. Plaintiff additionally identifies Defendants Zahava Halpern Residuary Trust, Aron Halpern, Co-Trustee, and Sarah Baxt, Co-Trustee, as the owners and lessors of the real property where the restaurant is located.

Plaintiff has served on Defendants' counsel eight Notices of Depositions; Plaintiff's counsel set the dates for all these depositions without first consulting with Defendants' counsel. When none of the eight deponents appeared for deposition (or moved for a protective order), **[*3]** Plaintiff filed the instant Motions for Sanctions and to Compel, the resolution of which turns primarily on the status of the persons to be examined.

---

[1] Plaintiff also filed two additional Motions for Sanctions and to Compel Depositions (DE 20 and 22), but he subsequently **[*2]** filed Notices "striking" these motions (DE 25 and 26). Both motions, however, still appear as pending on the docket. Accordingly, Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant's Corporate Representative, Treasurer of Foreva Jens, Inc. (DE 20) and Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant, Zahava Halpern Residuary Trust's Treasurer (DE 22) are DENIED as moot.

Daniel Barroukh

EXHIBIT

D-3

2009 U.S. Dist. LEXIS 6356, *2

Only a party to the litigation may be compelled to give deposition testimony pursuant to a notice of deposition. If the party is a corporation, it may be noticed pursuant to *Federal Rule of Procedure 30(b)(6)*, in which case the corporation must designate an individual to testify as the corporate representative. Alternatively, the party seeking a corporate deposition may identify a specific officer, director, or managing agent to be deposed and notice that individual under *Federal Rule of Civil Procedure 30(b)(1)*. A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to *Federal Rule of Civil Procedure 45*. *Schindler Elevator Corp. v. Otis Elevator Co., No. 06 Civ. 5377(CM)(THK), 2007 U.S. Dist. LEXIS 44200, 2007 WL 1771509, at *2 (S.D.N.Y June 18, 2007)*; *EEOC v. Honda of America Mfg., Inc., No. 2:06-cv-0233, 2007 U.S. Dist. LEXIS 14496, 2007 WL 682088, at *2 (S.D. Ohio Feb. 28, 2007)*; *McMahon v. Presidential Airways, Inc., No. 6:05-cv-1002-Orl-28JGG, 2006 U.S. Dist. LEXIS 4909, 2006 WL 5359797, at *1 (M.D. Fla. Jan. 18, 2006)* [*4] ; *Cleveland v. Palmby, 75 F.R.D. 654, 656 (W.D. Okla. 1977)*; 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure:* Civil 2d §2107 (2d ed.1994). The party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined. *Schindler, 2007 U.S. Dist. LEXIS 44200, 2007 WL 1771509, at *3*; *Honda of America, 2007 U.S. Dist. LEXIS 14496, 2007 WL 682088, at *2*; *Boss Mfg. Co v. Hugo Boss AG, No. 97CIV.8495(SHS)(MHD), 1999 U.S. Dist. LEXIS 133, 1999 WL 20828, at *4 (S.D.N.Y. Jan. 13, 1999)*; *Palmby, 75 F.R.D. at 656*.

The parties herein have requested that the court award sanctions against the opposing party. Plaintiff has not identified the authority under which he seeks sanctions. However, under *Federal Rule of Civil Procedure 37(d)(1)(A)(i)*, if "a party or a party's officer, director or managing agent . . . fails, after being served with proper notice, to appear before for that person's deposition" the Court may impose sanctions against the non-appearing party. In such instances, in addition to other discretionary types of sanctions (identified in *Rule 37(b)(2)(A)(i)-(iv)*), "the court [*5] must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 37(d)(3)*.

Defendants seek sanctions under *Rule 37(a)(5)(B)*, which provides that where a court denies a motion to compel discovery, it "must, after an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was "substantially justified or other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 37(a)(5)(B)*.

1. *Unnamed Expert Witnesses*

Plaintiff unilaterally noticed the depositions of unnamed expert witnesses of Defendant Foreva Jens and Defendant Zahava Halpern Residuary Trust; the notices were served on Defendants' counsel. Neither expert witness appeared at the deposition. Plaintiff now moves for an order prohibiting Defendants' expert witnesses from testifying at trial and requests that the Court award him costs, [*6] attorney's fees, and court reporter fees.

The Court first notes that Plaintiff's attempt to depose these expert witnesses was premature. *Federal Rule of Civil Procedure 26(b)(4)(A)* provides: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If *Rule 26(a)(2)(B)* requires a report from the expert [as here], *the deposition may be conducted only after the report is provided.*" *F.R. Civ. P. 26(b)(4)(A)* (emphasis added). Similarly, Local Rule 26.1.F.1 (quoted by Plaintiff in the instant motions) provides: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. *The deposition shall not be conducted until after the expert summary or report required by Local Rule 16.1.K. is provided.*" S.D. Fla. L.R. 26.1.F.1.b (emphasis added). In their initial disclosures, Defendants identified their expert witnesses; however, they have not yet furnished the experts' reports to Plaintiff. Until Defendants have done so, Plaintiff may not take these depositions.

More importantly, Plaintiff has not alleged, much less demonstrated, that these unnamed expert witnesses are parties or officers, directors, [*7] or managing agents of a party. Therefore, unless the witnesses had consented to appear, Plaintiff was required to have served a subpoena on them and tendered to each a witness fee for one day's attendance and the mileage allowed by law. *Fed. R. Civ. P. 45(b)*. [2] Moreover, Plaintiff's counsel

---

[2] In addition, *Federal Rule of Civil Procedure 26(b)(4)(C)(i)* provides: "Unless manifest injustice would result, the court

was aware at the time he served these notices that he was required to serve a subpoena on the expert witnesses and tender to each a witness fee. In another recent case in this District, the same counsel that represents Plaintiff here set the deposition of a party's expert witness by sending the notice to the defendant's counsel. When the expert did not appear for the deposition, Plaintiff's counsel moved the court to prohibit the defendant's expert from testifying at trial and for other sanctions (as here). The district judge denied the motion because the non-party expert witness had not been "served with a subpoena and was not paid the expert witness fee prior to the deposition . . . as required by the Federal Rules." Order at 3 (DE 71), *Stephen Karakis v. Mangostine, Inc., No. 08-60655, 2008 U.S. Dist. LEXIS 106831 (S.D. Fla. Oct. 9, 2008).* 3 Accordingly, Plaintiff's Motions for Sanctions and to Strike Defendant's Expert Witnesses **[*8]** (DE 23 and 24) are DENIED. The Court has seriously considered imposing sanctions against Plaintiff's counsel for filing these meritless motions. However, *Rule 37(a)(5)(B)* does not appear to apply as Plaintiff has not moved to compel these depositions. 4

2. *Sarah N. Baxt and Aron Halpern*

_____

must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery. . . ."

3 The district judge entered her order on October 9, 2008. Notwithstanding this Order, one month later -- on November 10, 2008 -- Plaintiff noticed the depositions of the expert witnesses in this case, again without serving subpoenas or tendering witness fees.

4 Courts, however, always have the inherent power to control the proceedings and conduct of the parties and counsel involved. The Supreme Court has stated that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).* "Before a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1251 (11th Cir. 2007)* **[*9]** (quoting *Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 918 (11th Cir. 1982)).* Given that Plaintiff's attorney noticed these depositions and filed these motions a mere month after the district judge's order alerted him that he must subpoena an expert witness and tender a witness fee, Plaintiff's counsel had to have known that the instant motions were without merit. However, the record is not sufficiently developed for the Court to find that his conduct rises to the level of "bad faith."

The Complaint names "Sarah Baxt, Co-Trustee" 5 and "Aron Halpern, Co-Trustee" as defendants. The record does not reflect that a summons has been issued in Sarah Baxt's name, and Defendant represents that she has not been served with a subpoena. Indeed, Defendant's counsel repeatedly made this lack of service known to Plaintiff's counsel, as well as the fact that Defendant's counsel did not represent Baxt. *See* October 5, 2008, December 1, 2008, and December 5th, 2008 e-mails from Defendant's counsel to Plaintiff's counsel, Ex. 2, 3, and 4 (DE 35). Plaintiff has not disputed that he failed to service process on Baxt. An individual is not a party to a lawsuit until **[*10]** time as she is served with process. *See Saucier v. Katz, 533 U.S. 194, 211 n.1, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)* (Ginsburg, J., concurring) ("Though named as a defendant, Parker was never served with the complaint, and therefore did not become a party to this litigation."); *Loman Dev. Co., Inc. v. Daytona Hotel and Motel Suppliers, Inc., 817 F.2d 1533, 1536 (11th Cir. 1987)* (noting that those defendants not yet served with process were not parties to the litigation). Moreover, absent valid service of process (or waiver thereof), a court does not have personal jurisdiction over the unserved individual (or entity). *See Attwell v. LaSalle Nat'l Bank, 607 F.2d 1157, 1159 (5th Cir. 1979)* ("It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process."). Defendant argues that as a non-party Sarah Baxt cannot be compelled to appear for deposition on a mere notice; a subpoena is required.

Aron Halpern was served with process only in his representative capacity as a co-trustee of the Zahava Halpren Residuary Trust. Defendant argues that because Aron Halpern was not served **[*11]** with process as an individual he is a non-party, and, therefore, he cannot be compelled to appear for deposition absent a subpoena.

Defendant's arguments are correct if Baxt and Halpern in their individual capacity were simply provided notices of depositions. The deposition notices here were addressed to "Sarah Baxt, Co-Trustee of Zahara Halpren Residuary Trust" and "Aron Halpern, Co-Trustee of Halpern Zahara Residuary Trust [sic]". Defendant's argument, therefore, begs the question of whether Defendant Zahava Halpren Residuary Trust was required to produce Baxt and Halpren as representatives of the Trust. Neither party has

_____

5 According to Defendants, Sarah Baxt is an elderly lady living in retirement in the state of New York.

addressed the issue, and the Court's research has not found any case or other authority addressing whether a defendant trust is required to produce a trustee for deposition (on mere notice) if the trustee qualifies as a managing agent. However, in *Nat'l Council on Compensation Ins. Inc. v. Am. Int'l Group, Inc., No. 07 C 2898, 2007 U.S. Dist. LEXIS 91518, 2007 WL 436571, at \*8 (N.D. Ill. Dec. 11, 2007)*, the court ruled that the plaintiff could depose by notice alone -- no subpoena required -- the managing agent of an unincorporated association (an insurance pool). The court noted that "the managing **[\*12]** agent concept applies both to "a corporation or other organization that is a party to the suit." *Id.* (quoting Wright, Miller & Marcus, *Federal Practice and Procedure; Civil 2d § 2103 at 37 (2007)*). Nonetheless, Plaintiff has failed to demonstrate that either Sarah Baxt or Aron Halpren is a managing agent of the Trust. Accordingly, Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant's Corporate Representative, Sarah N. Baxt, Co-Trustee (DE 31) and Plaintiff's Motion to Compel the Deposition of Defendant's Corporate Representative, Aron Halpren, Co-Trustee (DE 21) are DENIED. The Court additionally declines to award sanctions to the Defendant Trust as it is not clear that a subpoena was required for these witnesses.

### 3. *Stuart Baxt*

Stuart Baxt, a resident of New York, is not a party. Although the title of Plaintiff's Motion refers to him as a "corporate representative," Plaintiff has not alleged nor demonstrated that Baxt is a managing agent of the Trust. Therefore, as a non-party, (Stuart) Baxt may not be compelled to appear for deposition on mere notice; rather, he must be subpoenaed unless he voluntarily agrees to appear.

Defendants have informed Plaintiff that **[\*13]** Stuart Baxt was the person with the most knowledge of the interest of the Trust and that the Trust would make him available, if needed, in New York or by telephone. Instead of seeking a mutually agreeable date, Plaintiff's counsel unilaterally noticed Baxt's deposition for December 9, 2008, in the Aventura, Florida office of Plaintiff's counsel. As soon as Defendants' counsel returned from the Thanksgiving holiday on December 1, 2008, he informed Plaintiff's counsel that he had a conflict on the scheduled deposition date. Plaintiff's counsel made no effort to reschedule the deposition for a mutually convenient date; instead he filed the instant motion, requesting that the Court impose sanctions against Defendant Zahava Halpren Residuary Trust and to compel Baxt to appear for deposition. Although

Defendant had agreed to make Baxt available for deposition, it only had agreed to do so in New York or by telephone. Plaintiff, nonetheless, noticed the deposition in Florida.

The Court finds that Plaintiff was required to serve Stuart Baxt with a subpoena; Plaintiff failed to do so. Accordingly, Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant's Corporate Representative, **[\*14]** Stuart Baxt (DE 32) is DENIED. Because Plaintiff did not file a Reply explaining why he failed either to notice the deposition for New York (or by telephone) or, alternatively, to subpoena Baxt, the Court cannot find that the filing of this Motion was substantially justified or that the circumstances make an award of sanctions unjust. Under *Rule 37(a)(5)(B)*, therefore, the Court is required to award sanctions. [6] Accordingly, it is ORDERED that within thirty (30) days of the date of this Order Plaintiff's attorney (not Plaintiff) shall pay to Defendant Zahava Halpren Residuary Trust $ 200 for attorney's fees incurred in responding to the Motion.

### 4. *Noel Jones*

Noel Jones is not a party, and, according to Defendant Foreva Jens, Inc., he is not an officer, director, or managing agent of the corporate party. Plaintiff has not alleged otherwise, and he has failed to refute Defendant's statement. Therefore, Jones cannot be compelled to attend a deposition **[\*15]** by notice to Defendant's counsel; Plaintiff was required to subpoena Jones. *See Faro Techs. Inc. v. Romer, Inc., No. 06-cv-13, 2007 U.S. Dist. LEXIS 9792, 2007 WL 496615, at \*3 (M.D. Fla. Feb. 12, 2007)* ("A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice.") (quoting *JSC Foreign Econ.Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc., 220 F.R.D. 235, 238 (S.D.N.Y. 2004))*. Plaintiff's attorney was aware at the time he noticed this deposition that he was required to subpoena a non-party. As noted, *supra,* at 5, he represented the same plaintiff in another case in which he filed five Motions for Sanctions and to Compel after the witnesses failed to appear for depositions that had been set by serving notice on the defendant's counsel. The district judge made clear that the deposition notices were improper because the witnesses were neither parties nor corporate officers, directors, or managing

---

[6] As an alternate ground, sanctions are warranted against Plaintiff's counsel for violation of Local Rule 7.1.A.3; he failed to make a good faith effort to confer with opposing counsel before filing the motion. *See* discussion, *infra,* at 15-16.

2009 U.S. Dist. LEXIS 6356, *15

agents. October 9, 2008 Order at 1-2 (DE 71). Moreover, in this case, Defendant's counsel specifically informed Plaintiff's counsel before the scheduled deposition date that Jones must be subpoenaed to appear. *See* December 5 e-mail from **[*16]** Defendant's counsel to Plaintiff's counsel, Ex. 1 (DE 37). Accordingly, Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant's Corporate Representative, Noel Jones (DE 33) is DENIED. Because Plaintiff did not file a Reply, the Court cannot find that the filing of this Motion was substantially justified or that the circumstances make an award of sanctions unjust. Under *Rule 37(a)(5)(B)*, therefore, the Court is required to award sanctions. [7] Accordingly, it is ORDERED that within thirty (30) days of the date of this Order Plaintiff's attorney (not Plaintiff) shall pay to Foreva Jens, Inc. $ 200 for attorney's fees incurred in responding to the Motion.

5. *Sharon Jones*

According to Defendant, Sharon Jones is a managing agent of Foreva Jens. Defendant states that it has repeatedly offered to make Jones available as the corporate representative with the most knowledge of the issues in this case. Instead of conferring with Defendant's **[*17]** counsel to ascertain a date mutually convenient to Jones, all parties, and their counsel, Plaintiff unilaterally set the deposition for December 9, 2008, by noticing Defendant's counsel. On December 1, 2008, after returning from the Thanksgiving holiday, Defendant's counsel notified Plaintiff's counsel by e-mail that he was not available to attend a deposition on December 9; he was required to attend a previously set deposition in another case. According to Defendant's counsel, he expected that Plaintiff's counsel would voluntarily re-set the deposition; by e-mails of November 10, 2008, December 1, 2008, and December 5, 2008, Defendant's counsel provided several dates that Jones would be available for deposition (none of which were the date set). According to Defendant's counsel, he received no response from Plaintiff's counsel. Plaintiff's counsel's assistant did call him late on the afternoon of Thursday, December 11, 2008, and inquired whether he would oppose unspecified motions for sanctions. Defendant's counsel initially stated that he would oppose the motions, but he called the assistant back and informed her that he believed both Sharon Jones

and Jazmine Jones would be available **[*18]** on Monday, December 15 or Wednesday, December 17, 2008. The assistant advised him to confirm their availability and indicated that she would confirm those dates with her employer, Plaintiff's attorney. Defendant's counsel did promptly confirm those dates; he then called the assistant's number and twice left voice messages informing her that both he and Sharon Jones would be available on either date. Defendant's counsel received no return call; instead, that night he received the instant Motion, via CM/ECF.

As Defendant has acknowledged that Sharon Jones is a managing agent of Foreva Jens, Inc., Plaintiff's notice of the deposition served on Defendant's counsel was proper under *Rule 30*. Accordingly, the Motion to Compel the Deposition of Defendant's Corporate Representative, Sharon Jones (DE 34) is GRANTED. Plaintiff may reset the deposition for a date, time, and location mutually convenient to the witness, all parties, and opposing counsel; Plaintiff's counsel SHALL PERSONALLY CONFER with Defendant's counsel and make a GOOD FAITH effort to agree on a suitable date and location.

The question of whether sanctions are warranted is a closer question. *Rule 37(d)(3)* provides that the where **[*19]** a witness fails to appear for a deposition, the Court must order the payment of the movant's reasonable expenses in bringing the motions, including reasonable attorney's fees, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, Defendant's counsel had a legitimate conflict for the date unilaterally set by Plaintiff's counsel, and he communicated that conflict to Plaintiff's counsel in sufficient time for him to re-schedule the deposition for a mutually convenient date. The Court appreciates Defendant's counsel's expectation that Plaintiff's counsel would reschedule the deposition, as most attorney's do cooperate in accommodating scheduling conflicts. [8] *See* Discovery Practices Handbook, Appendix A to Local Rules, § I.A (2) ("A lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling

---

[7] As an alternate ground, sanctions are warranted against Plaintiff's counsel for violation of Local Rule 7.1.A.3; he failed to make a good faith effort to confer with opposing counsel before filing the motion. *See* discussion, *infra,* at 15-16.

[8] The Court, however, notes that Defendant's counsel's expectation may not have been justified. Defendant's counsel states that "[t]his is not the first time that Plaintiff's counsel has refused the most basic courtesy described in the Local Rules. In case # 08-60655 undersigned counsel was compelled to seek an emergency protective order when Plaintiff's counsel refused to re-set a deposition due to a [p]re-existing scheduling conflict." Response at 2 (DE 28).

discovery) and § II.A (1) ("A courteous lawyer is normally expected to accommodate the schedules of opposing lawyers."). However, when Defendant's counsel did not receive a response from Plaintiff's counsel, he should have filed a motion for protective order, and he failed to do so. That said, the totality of **[*20]** the circumstances here, including Plaintiff's counsel's disregard of this District's Discovery Practices Handbook, makes an award of expenses to Plaintiff unjust. Accordingly, the Motion for Sanctions (DE 34) is DENIED.

### 6. *Jazmine Jones*

On November 10, 2008, Plaintiff unilaterally set the deposition of Jazmine Jones for November 17, 2008. The deposition notice was served on Defendant's counsel by fax on November 10, 2008 (less than the five working day notice required by Local Rule 26.1.J.); [9] the mailed notice was received the following day. Jazmine Jones is not a party, but she is an officer and director of Defendant Foreva Jens, Inc. The day Defendant's counsel received the faxed notice, he notified Plaintiff's counsel by e-mail **[*21]** that he was required to attend both a court hearing and a previously scheduled deposition on the date set for Jazmine Jones' deposition. Three days later, Plaintiff's counsel inquired by e-mail of opposing counsel's availability for the deposition, and he was informed by Defendant's counsel that he still had conflicts. Instead of attempting to reset the deposition for a mutually convenient date, Plaintiff filed the instant Motion for Sanctions without further notice. As Defendant has acknowledged that Jazmine Jones is an officer and director of Foreva Jens, Inc., a subpoena for her appearance was not required. Accordingly, the Motion to Compel the Deposition of Defendant's Corporate Representative, Jazmine Jones (DE 19) is GRANTED. Plaintiff may reset the deposition for a date, time, and location mutually convenient to the witness, all parties, and opposing counsel; Plaintiff's counsel SHALL PERSONALLY CONFER with Defendant's counsel and make a GOOD FAITH effort to agree on a suitable date and location. The Court, however, finds that sanctions are not warranted because Plaintiff failed to give notice at least five working days before the deposition date. Unlike the deposition of Sharon **[*22]** Jones, Defendant was not required to file a Motion for Protective Order. *See* S.D. Fla. L.R. 26.1.J ("Failure by the party taking the oral deposition to comply with [this rule requiring five days

notice] obviates the need for protective order."). Further, the Court finds that the totality of the circumstances here, including Plaintiff's counsel's disregard of this District's Discovery Practices Handbook, makes an award of expenses unjust. Accordingly, the Motion for Sanctions (DE 19) is DENIED.

Two other matters need to be addressed. First, it appears that Plaintiff's counsel's routine practice is to unilaterally schedule depositions, not only in this case, but in others as well. The Court views with concern the unilateral scheduling of depositions absent the inability of the parties, after a good faith effort, to agree on mutually convenient dates. The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case. Such motions are a waste of the parties' time **[*23]** and money, as well as a waste of scare judicial resources. Accordingly, it is hereby ORDERED that Plaintiff's counsel shall not unilaterally set any further depositions in this case without leave of court.

Finally, Plaintiff's counsel has failed to comply with Local Rule 7.1.A.3. This Local Rule provides in pertinent part:

> Prior to filing any motion in a civil case [except for certain motions not applicable here], counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the time of filing the motion, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that **[*24]** counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so.

S.D. Fla. L.R. 7.1.A.3. [10] Here, for each motion,

---

[9] The Court notes that Tuesday, November 11, 2008, was not a working day; it was a legal holiday.

[10] *Rule 37(a)(1)* and *Rule 37(d)(1)(B)* also impose an obligation on a movant's counsel to confer (or attempt to

2009 U.S. Dist. LEXIS 6356, *24

Plaintiff's counsel merely stated that "Plaintiff's counsel's office conferred with counsel for Defendants and said counsel opposed the filing of this motion." According to Defendants, a secretary or assistant of Plaintiff's counsel called Defendant's counsel late one afternoon and inquired whether he opposed unidentified motions for sanctions. To reiterate, for two of the depositions, Defendant's counsel informed Plaintiff's counsel's assistant that he would make the witnesses available on either of two specified dates. The assistant agreed to check with Plaintiff's counsel about these dates. Defendant's counsel then left two voice messages for the assistant confirming that the witnesses would be available either of those dates. Neither Plaintiff's counsel nor the assistant communicated with Defendant's counsel again. Instead, that night Plaintiff's counsel filed Motions for Sanctions and **[*25]** to Compel, notwithstanding that the witnesses would be available for deposition within two to four working days.

Merely having an assistant call to check whether opposing counsel objects to a motion, complies with neither the letter or spirit of Local Rule 7.1.A.3. The Rule requires the movant's COUNSEL to confer (or make a reasonable attempt to confer) -- not counsel's secretary -- and it requires COUNSEL to make a GOOD FAITH EFFORT TO RESOLVE THE ISSUES raised by the motion -- not to merely inquire whether opposing counsel objects to the motion. [11]

Local Rule 7.1.A.3 also provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on

_____

confer) in good faith with opposing counsel to resolve discovery disputes without court intervention.

[11] This is not the first time that Plaintiff's counsel has violated Local Rule 7.1.A.3. In another recent case, he filed a Motion for Sanctions and to Compel. The magistrate judge denied that motion without prejudice for non-compliance with the Local Rule, noting that Plaintiff's counsel's "purported effort fails miserably to comply with the spirit or intent of the Local Rule." Plaintiff's counsel then waited one day and re-filed the **[*26]** same motion. In summarily denying the second motion, the magistrate judge pointed out that Plaintiff's counsel "is not trying in 'good faith' to speak with counsel, he is 'going through the motions' before filing his motion for sanctions (and also, by the way, to compel)." The magistrate judge further stated that "[a]pparently plaintiff's counsel does not appreciate the meaning of the words 'good faith' in Local Rule 7.1.A.3." *See* Order at 1-2 (DE 49), *Stephen A. Karakis v. Crepes of Aventura, Inc., No. 08-20999-Civ-Martinez/Brown, 2008 U.S. Dist. LEXIS 106850 (S.D. Fla. Dec. 9th, 2008)*.

counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Rather than deny Plaintiff's motions for violation of the Local Rule, the Court has consider them on the merits because of the approaching discovery deadline. After serious consideration, the Court declines to award further sanctions (other than those noted above) against Plaintiff's counsel. **[*27]** However, the Court will not hesitate in the future to summarily deny any motion filed by Plaintiff and impose sanctions without his counsel first having conferred PERSONALLY with opposing counsel and making a GOOD FAITH EFFORT TO RESOLVE THE ISSUES raised by the motion. Plaintiff's counsel shall also include with every motion the required certification in the form set forth in Local Rule 7.1.A.3.

DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of January 2009.

/s/ Barry S. Seltzer

BARRY S. SELTZER

United States Magistrate Judge

_____

**End of Document**