UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-21113-LENARD/Elfenbein

**WILLIE STANLEY**, *et al.*,

    Plaintiffs,

v.

**LOOMIS ARMORED US, LLC**,

    Defendant.

_____/

## ORDER AFTER DISCOVERY HEARING

**THIS CAUSE** is before the Court on Defendant Loomis Armored US, LLC's ("Defendant") Notice of Hearing (the "Notice"), in which Defendant alerted the Court to the following discovery disputes:

1. The parties dispute the propriety of an Order compelling Plaintiff Leonatrae Edwards ("Edwards") to appear for an in-person deposition within the next 30 calendar days.
2. The parties dispute the propriety of an Order sanctioning Edwards for failing to appear for his October 23, 2025 deposition, where Defendant Loomis Armored US, LLC ("Loomis") lawfully served Edwards' counsel with a notice of the deposition on June 11, 2025.

*See* ECF No. [43] at ¶¶1–2.

The Court held a hearing on those discovery disputes on November 12, 2025 (the "Hearing"). *See* ECF No. [44]; ECF No. [45]. At the Hearing, Defendant made two Oral Motions: (1) an Oral Motion to Compel Edwards to Attend His Deposition Scheduled for November 14, 2025 (the "Motion to Compel"), ECF No. [46]; and (2) an Oral Motion for Sanctions Under Federal Rule of Civil Procedure 37 (the "Rule 37 Motion"), ECF No. [47]. During the Hearing, the Court ruled on the Oral Motions. Specifically, the Court **GRANTED** the Motion to Compel, **ECF No.**

**[46]**; and **GRANTED in part and DENIED in part** the Rule 37 Motion, **ECF No. [47]**. The Court stated on the record its reasons for those rulings, but it briefly memorializes them below.

### The Motion to Compel

At the Hearing, Defendant explained it served the Notice of Taking Edwards's Deposition on June 11, 2025, scheduling the deposition for October 23, 2025. Despite the almost four-and-one-half months' notice, Plaintiff waited until the afternoon before his deposition to inform Defendant that he would not appear. The reasons Plaintiff offered for his failure to attend were not substantially justified as he simply forgot about the deposition and failed to make arrangements to take off from work and travel to Miami. Accordingly, the Motion to Compel **ECF No. [46]**, was **GRANTED** and Edwards **WAS ORDERED** to appear for his deposition **on November 14, 2025** in Miami, Florida. The Court notes that Edwards confirmed his availability for this date.

### The Rule 37 Motion

Defendant also asked the Court to award sanctions against Edwards under Federal Rule of Civil Procedure 37. Rule 37 provides that if a party moves to compel discovery and the motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A). The language of Rule 37(a)(5)(A) is mandatory, not permissive, so the Court is required to grant the movant its reasonable expenses unless one of three exceptions applies. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). More specifically, "the court must not order this payment if" the "movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; the "opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." *See* Fed.

R. Civ. P. 37(a)(5)(A)(i)–(iii).

Because the Court granted the Motion to Compel, Rule 37 requires the entry of an award for Defendant's "reasonable expenses" in making the Motion to Compel unless one of those three exceptions applies. The Court found that no exception applies here. The failure to appear at the deposition lies entirely with Edwards. With ample notice of his deposition, he simply waited until the afternoon before his deposition to inform his own counsel (who then informed Defendant's counsel) that he would not be appearing at his deposition scheduled for the next day. Finding that Edwards's actions were not substantially justified, the Court concludes that Defendant should not be required to bear the expenses associated with the missed deposition. *See* Fed. R. Civ. P. 37(d)(3). As a result, and for the reasons stated on the record at the Hearing, the Court found an award of attorney's fees under Rule 37 is warranted, so Defendant's Rule 37 Motion, **ECF No. [47]**, was **GRANTED in part and DENIED in part**. *See* Fed. R. Civ. P. 37(a)(5)(A).

The Court found it appropriate to award Defendant its reasonable expenses caused by Edwards's failure to appear, including the court reporter's fee for the missed deposition and attorneys' fees incurred in connection with preparing for and attending the Hearing — such as meeting and conferring, contacting chambers, researching and preparing materials for the Hearing, and Defendant's counsel's preparation time and attendance at the Hearing. The Court, however, will not award fees for time spent preparing for the deposition itself. *See Baylis v. Northrop Grumman Corp.*, No. 18-CV-18-Orl-40TBS, 2019 WL 13261477, at *2 (M.D. Fla. Feb. 20, 2019); *Betancourt v. Gen. Servs. of VA, Inc.*, No. 2015 WL 13792037, 2015 WL 13792037, at *2 (M.D. Fla. May 22, 2015). Although Defendant's counsel prepared for Edwards's deposition, which has now been rescheduled to November 14, 2025, Defendant would have incurred those deposition preparation expenses regardless of whether the deposition took place on October 23, 2025 or

CASE NO. 25-CV-21113-LENARD/Elfenbein

November 14, 2025. Defendant's decision to substitute which attorney at the firm will now take the deposition does not convert ordinary litigation costs into expenses Edwards must bear. Accordingly, Defendant's Motion for Sanctions, **ECF No. [47]**, was **GRANTED** as to the court reporter expenses and attorney's fees associated with the Hearing and **DENIED** as to the preparation for Edwards's deposition.

Before the Court can award attorney's fees, however, it needs additional information. For that reason, the Court ordered that Defendant's counsel prepare an affidavit detailing: (1) Defendant's counsel's hourly rate and any necessary information to compute the lodestar amount; (2) the amount of attorney time required to confer with Plaintiffs' counsel, prepare the Notice of Hearing, and prepare for the Hearing; (3) the amount of attorney time required to attend the Hearing; and (4) court reporter costs. The Court noted that, if after conferring with Plaintiff's counsel, there is no dispute about the amount of attorney's fees due, the affidavit will be sufficient, and Defendant **SHALL FILE** the affidavit attached to a notice that states there is no dispute over the amount of attorney's fees and costs requested. If there is a dispute about the amount of attorney's fees due, however, Defendant **SHALL FILE** a motion in support of the claimed fee amount that includes his billing entries for the work included in addition to the required affidavit. Defendant **SHALL FILE** either the notice or the motion **by December 5, 2025**.

**DONE AND ORDERED** in Chambers in Miami, Florida on November 13, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record