UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21113-JAL

WILLIE STANLEY, LEONATRAE
EDWARDS, and JAJUAN SMITH,

     Plaintiffs,

v.

LOOMIS ARMORED US, LLC

     Defendant.

                                   /

## DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES IN FURTHERANCE OF THE COURT'S ORDER AFTER DISCOVERY HEARING, ECF NO. 48

Defendant, Loomis Armored US, LLC ("Loomis"), moves for costs and attorneys' fees against Plaintiff, Leonatrae Edwards ("Edwards"), in furtherance of the Court's November 13, 2025 Order After Discovery Hearing, ECF No. 48, and states:

### INTRODUCTION

The Court should award Loomis $6,769.25 in court report costs and attorneys' fees in light of Edwards' failure to appear for his in-person deposition on October 23, 2025. The Court has already found that Loomis is entitled to fees and costs on this issue, ECF No. 48 at 3, and this Motion addresses the only remaining issue: reasonability of costs and fees. *Id.* at 4. At each step, the record bears out the reasonability of the costs and fees requested.

As a threshold matter, the Court should award Loomis $343.00 in court reporter costs for the Certificate of Non-Appearance obtained by Loomis for Edwards' failure to appear at his deposition because the Court has already recognized such fees are proper, the cost was non-discretionary, and the amount falls well within the range of comparable costs for such documents

4869-9760-1511.1 / 077095-1088

in this District.

Beyond that, the Court should adopt the lodestar approach to find that awarding $6,426.25 in attorneys' fees is reasonable for 13.25 hours of work incurred in preparing for and attending a November 12, 2025 hearing on Loomis' Motion to Compel Edwards' Deposition and for Discovery Sanctions.  Underlying that finding, the Court should first find that Loomis' counsel, Ryan P. Forrest ("Mr. Forrest"), charges a reasonable rate of $485 per hour.  Mr. Forrest has been practicing law for over a decade, has two-years of experience as a federal district court clerk, is barred in multiple states, and concentrates his practice on federal litigation.  Those qualifications render his $485 rate in this matter objectively reasonable. *See, e.g. Romspen Investment LP v. Dibert*, 2025 WL 3297849, at *6 (S.D. Fla. Oct. 7, 2025) ($700 per hour for lawyer with 10 years of experience was reasonable).

And beyond that, the Court should find that the 13.25 hours that Loomis incurred for Mr. Forrest's preparation and attendance at the November 12, 2025 hearing was reasonable.  This effort falls squarely within the realm of reasonability in other awards within the Eleventh Circuit.  *See Lineworks Eng'g, LLC v. Aerial Surveying, Inc.*, 2016 WL 11622151, at *4 (N.D. Ala. Oct. 21, 2016) (finding that, among other things, 23.4 hours to prepare a motion to compel and motion for sanctions was reasonable).

Pursuant to the Court's November 13, 2025 Order, ECF No. 48 at 4, Loomis has conferred with Plaintiff's counsel about these costs and fees. Unfortunately, it did not result in an agreement about the relief requested.  Thus, the Court should grant Loomis $6,769.25 in court report costs and attorney's fees because they are reasonable under the facts and law.

**BACKGROUND**

I.      **Substantive Background**

On November 12, 2025, after a properly noticed discovery hearing, the Court granted Loomis' Motion to Compel and Motion for Sanctions in part, based on Plaintiff Edwards' failure to attend his October 23, 2025 deposition, scheduled four months earlier. ECF No. 48.

The Court specifically found that "it [is] appropriate to award [Loomis] its reasonable expenses caused by Edwards's failure to appear, including the court reporter's fee for the missed deposition and attorneys' fees incurred in connection with preparing for and attending [the November 12, 2025 hearing on Loomis' Motion to Compel and For Discovery Sanctions]." *Id*. at 3. Thereafter, the Court Ordered Loomis' counsel to prepare an affidavit detailing Loomis' costs and fees, and to confer with Plaintiff about same. *Id*. at 4. The Court further Ordered that if the parties were able to reach an agreement about the reasonability of the costs and fees, that Loomis' counsel could merely file the affidavit. *Id*. But the Court also Ordered that if the parties were not able to agree about the reasonability of the costs and fees, Loomis should prepare a motion such that the Court should resolve the issue. *Id*.

On November 20, 2025 and November 21, 2025, Loomis' counsel conferred with Plaintiff about the reasonability of the fees incurred. Unfortunately, the parties were not able to reach an agreement. Thus, as Ordered by the Court, *id*., Loomis now files this motion.

II.     **Costs and Fees**

Loomis incurred $343.00 in court reporter costs to obtain a Certificate of Non-Appearance in connection with Edwards' failure to appear for his October 23, 2025 deposition. Ex. 1 at ¶ 16. Loomis also incurred $6,426.25 in attorneys' fees as the result of 13.25 hours of work done by Mr. Forrest. *Id*. at ¶¶ 9-15. Mr. Forrest's rate is $485 per hour. *Id*. at ¶ 8. The specific fees Loomis

incurred can be broken down as follows:

| Attorney | Rate | Hours Billed | Fees Incurred | Description |
|---|---|---|---|---|
| Ryan P. Forrest | $485 | 2.5 | $1,212.50 | Legal Research |
| Ryan P. Forrest | $485 | 3.25 | $1,576.25 | Draft Notice of Hearing and Prepare Exhibits |
| Ryan P. Forrest | $485 | .75 | $363.75 | Correspondence with the Court regarding Discovery Hearing |
| Ryan P. Forrest | $485 | 2.75 | $1,333.75 | Confer with Plaintiffs' counsel about discovery hearing scheduling, materials for the discovery hearing, and relief requested |
| Ryan P. Forrest | $485 | 3.25 | $1,576.25 | Outline issues and review caselaw in preparation for discovery hearing |
| Ryan P. Forrest | $485 | .75 | $363.75 | Attend discovery hearing |

*Id*. at ¶¶ 10-15.

### III.   Ryan P. Forrest's Qualifications

Ryan P. Forrest is a Senior Associate at Littler Mendelson, P.C.  *Id*. at ¶ 3.  He earned his law degree from the University of Miami School of Law in 2014. *Id*. at ¶ 4. He clerked for United States District Judge Sherri Polster Chappell in the Middle District of Florida from August 2016 to August 2018. *Id*. at ¶ 5. He is licensed to practice in Florida, California, and the District of Columbia, and is admitted to practice in the Northern, Middle, and Southern Districts of Florida, the Northern, Central, and Southern Districts of California, the United States Court of Appeals for the Ninth and Eleventh Circuits, and the Supreme Court of the United States. *Id*. at ¶ 6. He has a strong background in employment law, and focuses his practice on federal litigation.  *Id*. at ¶ 7. Moreover, he is a Vice Chair of the Florida Bar's Federal Court Practice Committee, *id*., which focuses on federal litigation.

### ARGUMENT

### I.   The Court Should Grant Loomis $343.00 in Court Reporter Costs.

To begin, the Court should grant Loomis $343.00 in court reporter costs.  The Court has

already recognized this award is proper and did not require it to be included in the Motion. ECF

No. 48. Even putting that to the side, this fee was non-discretionary and therefore beyond Loomis'

control. Moreover, it falls well within the range of fees for certificates of non-appearance in the

Southern District of Florida. Thus, the Court should award Loomis $343.00 in court reporter costs.

**II.    The Court Should Grant Loomis $6,426.25 in Reasonable Attorneys' Fees Incurred to Prepare for and Attend the November 12, 2025 Discovery Hearing.**

The Court should also grant Loomis $6,426.25 in reasonable attorneys' fees incurred to

prepare for and attend the November 12, 2025 discovery hearing. "Courts utilize the lodestar

approach to determine whether a requested amount of fees is reasonable." *Frank v. Paddy's*

*Inheritance, Inc.*, 2015 WL 7720568, at *4 (S.D. Fla. Nov. 30, 2015). Under the lodestar analysis,

the Court calculates reasonable attorneys' fees by multiplying the hours reasonably expended on

the litigation by the customary fee charged in the community for similar services. *See, e.g. Ass'n*

*of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). "[T]here is a

'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Boom Funded,*

*LLC v. Aeva, LLC*, 2025 WL 276268, at *1 (S.D. Fla. Jan. 23, 2025) (Elfenbein, M.J.).

**A.  The Court Should Find Loomis' Counsel's Rates are Reasonable.**

The Cour should find that that Loomis' counsel's fees are reasonable. The "general rule is

that the relevant market for purposes of determining the reasonable hourly rate for an attorney's

services is the place where the case is filed." *ACLU v. Barnes,* 168 F.3d 423, 437 (11th Cir.1999)

(internal punctuation omitted). A reasonable hourly rate is the prevailing market rate in the relevant

legal community for similar services by lawyers of reasonably comparable skills, experience, and

reputation. *See Blum v. Stenson,* 465 U.S. at 895–96 n. 11 (1984). "Of course, the court 'is itself

an expert on the question and may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without the aid

5

of witnesses as to value.'" *Boom Funded, LLC*, 2025 WL 276268, at *2.  (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Here, Mr. Forrest's rate of $485.00 per hour is well within the realm of reasonability in comparison to other similar members of the legal community – which would include those with over a decade of experience as a barred attorney, two-years of experience as a federal district court clerk, licenses to practice law in multiple jurisdictions,  and active contributions to the Florida bar regarding federal practice. *See Romspen Investment LP,* 2025 WL 3297849, at *6; *see also Boom Funded, LLC v. Aeva, LLC*, 2025 WL 2959048, at *2 (S.D. Fla. Oct. 20, 2025) ($845 per hour was reasonable for attorney with around 15 years of experience, prior clerkship experience, and active bar participation/contribution); *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023) ($700 for a ninth year associate and $500 for a fourth year associate was reasonable); [1] *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, 2022 WL 17718802, at **3-4 (S.D. Fla. Nov. 30, 2022) ($700 per hour rate for senior associate was reasonable);[2] *All Web Leads, Inc. v. D'Amico*, 2019 WL 2051970, at *2 (S.D. Fla. May 2, 2019) ($400 for seventh year associate was reasonable);[3] *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. May 14, 2007) ($450.00 was a reasonable hourly rate for attorneys with over 10 and 25 years of experience in employment law, but departing downward

---

[1] When factoring in inflation, this hourly rate increased from $700.00 per hour in July 2023 to $743.76 per hour as of September 2025 (potentially due to the 2025 government shutdown, no data is available from October-December 2025). CPI Inflation Calculator, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last accessed Dec. 1, 2025).

[2] When factoring in inflation, this hourly rate increased from $700.00 per hour in November 2022 to $763.69 per hour as of September 2025. CPI Inflation Calculator, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last accessed Dec. 1, 2025).

[3] When factoring in inflation, this hourly rate increased from $400.00 per hour in May 2019 to $507.32 per hour as of September 2025. CPI Inflation Calculator, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last accessed Dec. 1, 2025).

due to unique conduct in that case). [4]

Even putting aside that the definition of "reasonability" must necessarily rise along with inflation over the last two decades, Loomis' counsel's rates are also reasonable in light of the fact that "the South Florida has changed drastically in the last several years. Miami in particular has developed into a national legal market. That top-end firms will be able to charge national hourly rates in South Florida, now, is an inevitable consequence of that development." *United States Sugar Corp. v. Com. & Indus. Ins. Co.*, 2023 WL 4953191, at *7 (S.D. Fla. Aug. 3, 2023) (approving hourly rates of $1,058, $995, and $932). Thus, the definition of reasonability must rise along with the new prevailing rates in South Florida that occur as a result of the unique transformation in South Florida's legal community.  And so it is here that the Court should find that Loomis' counsel's rates are reasonable as well.

### B.  The Court Should Find Lomis' Counsel's Hours are Reasonable.

The Court should also find that Loomis' counsel's hours were reasonable.  Here, Loomis' counsel incurred 2.5 hours in legal research to prepare for the hearing, 3.25 hours to draft the Notice of Hearing and assemble the exhibits for the hearing, .75 hours corresponding with the Court about the discovery hearing, 2.75 hours conferring with Plaintiff's counsel about the issues raised in the hearing, 3.25 hours preparing for the hearing, and .75 hours attending the hearing itself.  That is also well within the realm of reasonability, especially given the need for pertinent and thorough caselaw, the differing positions of the parties, and the burden on Loomis' counsel to prepare the Notice of Hearing – the process for which necessarily includes soliciting materials from Plaintiff's counsel, organizing same, and filing them with the Court. *See Lineworks Eng'g,*

---

[4] When factoring in inflation, this hourly rate increased to from $450.00 per hour in May 2007 to $702.86 per hour as of September 2025. CPI Inflation Calculator, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last accessed Dec. 1, 2025).

*LLC*, 2016 WL 11622151, at *4; *see also Matter of Lingerfelt*, 2019 WL 1028505, at *2 (Bankr. N.D. Ga. Mar. 4, 2019) (11.21 hours drafting a motion for sanctions was reasonable); *Romspen Inv. LP v. Dibert*, 2025 WL 2427708, at *5 (S.D. Fla. May 15, 2025) (finding reasonable an award for sanctions of $7,230 for conferring about a motion, preparing a joint discovery memo, and then handling a discovery hearing based on 10.2 hours of combined attorney hours); *Alan v. Paxson Commc'ns Corp.*, 239 F. App'x 475, 476–77 (11th Cir. 2007) (affirming court's award for fees based on 8.3 attorney hours spent preparing, researching, and litigating the motion for sanctions). Thus, the Court should also find that Loomis' counsel's expenditure of 13.25 hours to prepare for, confer about, and attend the hearing is also reasonable.

## CONCLUSION

For the reasons more fully outlined above, the Court should award Loomis $6,769.25 for Edwards' failure to appear for his in-person deposition on October 23, 2025, and grant Loomis such other and further relief as is just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

On November 19, 2025, November 20, 2025 and December 1, 2025, Defendant's counsel conferred with Edwards' counsel via email in a good faith effort to resolve the issues raised in this Motion.  Defendant's counsel also attempted to arrange a teleconference during the week of December 1, 2025, but Edwards' counsel stated that he could not attend same. On December 1, 2025, Edwards' counsel advised he does not oppose a sanction of $1,125, comprised of 4.5 hours of work at $250.00 per hour.

/s/ *Ryan P. Forrest*              .
Ryan P. Forrest, Esq.

8

Dated: December 5, 2025.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone:   305.400.7500
Facsimile:   305.675.8497


*/s/ Ryan P. Forrest*
Philip R. Marchion, Esq.
Florida Bar No.: 23773
pmarchion@littler.com
Kelly M. Peña, Esq.
Florida Bar No.: 106575
kpena@littler.com
Ryan P. Forrest, Esq.
Florida Bar No. 111487
rforrest@littler.com

*Attorneys for Defendant*